B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Marc S. Kirschner, as Litigation Trustee of the Litigation Sub-Trust | **DEFENDANTS**<br>See Attachment A |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Sidley Austin LLP, 2021 McKinney Ave., Suite 2000, Dallas, TX 75201, (214) 981-3300; Quinn Emanuel Urquhart & Sullivan LLP, 51 Madison Ave., 22nd Floor, New York, NY 10010, (212) 849-7000 | **ATTORNEYS** (If Known)<br>See Attachment B |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☑ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☑ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Avoidance and recovery of transfers and distributions as constructive and intentional fraudulent transfers under 11 U.S.C. Sections 544, 548, and 550, 26 U.S.C. Section 6502, and other applicable law; illegal distributions under Delaware Uniform Limited Partnership Act; breach of fiduciary duty; declaratory judgment for general partnership liability; declaratory judgment for alter ego liability; successor liability; aiding and abetting breach of fiduciary duty; knowing participation in breach of fiduciary duty; civil conspiracy to breach fiduciary duties; tortious interference with prospective business relations; breach of contract; conversion; unjust enrichment; avoidance and recovery of the one-year transfers as preferential transfers under 11 U.S.C. Sections 547 and 550; disallowance of claims under Section 502(b), 502(d), and 502(e) of the Bankruptcy Code; subordination of claims under Sections 502 and 510 of the Bankruptcy Code

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
[2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
[5] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[3] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
[4] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ In excess of $369,000,000 |

**Other Relief Sought**
Disgorgement, restitution, disallowance of claims, pre- and post-judgment interest; attorneys' fees; and such other and further relief as the Court deems just and proper.

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Highland Capital Management. L.P. | BANKRUPTCY CASE NO.<br>19-34054-sgj11 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas | DIVISION OFFICE<br>Dallas | | NAME OF JUDGE<br>Honrable Judge Jernigan |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Paige Holden Montgomery | | | |
| DATE<br>10/15/2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Paige Holden Montgomery | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**Attachment A: Defendants**

JAMES D. DONDERO; MARK A. OKADA; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; FRANK WATERHOUSE; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP.; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; SAS ASSET RECOVERY, LTD.; AND CPCM, LLC.

**Attachment B: Known Attorneys for Defendants**

| Defendants | Attorney |
|---|---|
| James D. Dondero | Bonds Ellis Eppich Schafer Jones LLP<br>420 Throckmorton St., Suite 1000<br>Fort Worth, TX 76102<br>(817) 405-6900 |
| Mark A. Okada; Mark & Pamela Okada Family Trust – Exempt Trust 1 and Lawrence Tonomura as Trustee of Mark & Pamela Okada Family Trust – Exempt Trust 1; Mark & Pamela Okada Family Trust – Exempt Trust 2 and Lawrence Tonomura as Trustee of Mark & Pamela Okada Family Trust – Exempt Trust 2 | Sullivan Cromwell LLP<br>125 Broad Street<br>New York, New York 10004<br>(212) 558-4000 |
| Scott Ellington, Isaac Leventon, Frank Waterhouse | Baker & McKenzie<br>452 Fifth Avenue<br>New York, NY 10018<br>(212) 626-4100 |
| Grant James Scott III | Kane Russell Coleman Logan PC<br>Bank of America Plaza<br>901 Main Street, Suite 5200<br>Dallas, Texas 75202<br>(214) 777-4200 |
| NexPoint Advisors, LP | Munsch Hardt Kopf & Harr P.C.<br>3800 Ross Tower<br>500 N. Akard Street<br>Dallas, TX 75202-2790<br>(214) 855-7500 |
| Highland Capital Management Fund Advisors, LP | Wick Phillips Gould & Martin, LLP<br>3131 McKinney Avenue, Suite 500<br>Dallas, Texas 75204<br>(214) 692-6200 |
| Dugaboy Investment Trust and Nancy Dondero, as Trustee of Dugaboy Investment Trust; Get Good Trust and Grant James Scott III, as Trustee of Get Good Trust | Heller, Draper, and Horn<br>650 Poydras Street, Suite 2500<br>New Orleans, LA 70130<br>(504) 299-3300 |
| Hunter Mountain Investment Trust; Rand PE Fund I, LP, Series 1 | Rochelle McCullough, LLP<br>325 North St. Paul Street, Suite 4500<br>Dallas, Texas 75201<br>214) 953-0182 |

| Defendants | Attorney |
|---|---|
| CLO Holdco, Ltd.; Charitable DAF Holdco, Ltd.; Charitable DAF Fund, LP; Highland Dallas Foundation | Kelly Hart Pitre<br>One American Place<br>301 Main Street, Suite 1600<br>Baton Rouge, LA 70801-1916<br>(225) 381-9643 |
| Massand Capital, LLC | Vanacour Perkins<br>14675 Midway Road, Suite 100<br>Addison, TX 75001<br>(972) 646-3999 |