Michelle Hartmann
State Bar No. 24032402
BAKER & MCKENZIE LLP
1900 North Pearl, Suite 1500
Dallas, Texas 75201
Telephone: 214-978-3000
Email: michelle.hartmann@bakermckenzie.com

Debra A. Dandeneau
Blaire Cahn
BAKER & MCKENZIE LLP
452 Fifth Ave
New York, NY 10018
Telephone: 212-626-4875
Email: debra.dandeneau@bakermckenzie.com
Email: blaire.cahn@bakermckenzie.com
(*Admitted pro hac vice*)

*Counsel for the Former Employee Defendants*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| MARC S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. DONDERO; MARK A. OKADA; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; FRANK WATERHOUSE; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; MARK & | Adv. Pro. No. 21-03076-sgj |

MOTION TO STAY THE ADVERSARY PROCEEDING

| |
|---|
| PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP.; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; SAS ASSET RECOVERY, LTD.; AND CPCM, LLC, |
| Defendants. |

## MOTION TO STAY THE ADVERSARY PROCEEDING PENDING RESOLUTION OF THE MOTION TO WITHDRAW THE REFERENCE

Scott Ellington, Isaac Leventon, Frank Waterhouse, and CPCM, LLC (collectively, the "**Former Employee Defendants**") file this *Motion to Stay the Adversary Proceeding Pending Resolution of the Motion to Withdraw the Reference* (the "**Motion**"),[1] which is being filed concurrently with the *Motion to Withdraw the Reference for the Causes of Action in the Complaint Asserted Against the Former Employee Defendants* [Dkt. No. 27] (the "**Motion to Withdraw**") and the brief filed in support thereof [Dkt. No. 28] (the "**Brief**").[2] In support of this Motion, the Former Employee Defendants respectfully state as follows:

### JURISDICTION AND VENUE

1. This Adversary Proceeding was automatically referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and District Court Miscellaneous Order 33, *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc.* "The district court may withdraw, in whole

---

[1] A proposed order granting the Motion is attached and marked as **Exhibit A** hereto.

[2] Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to them in the Motion to Withdraw or Brief.

MOTION TO STAY THE ADVERSARY PROCEEDING - Page 2

or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." *See* 28 U.S.C. § 157(d). Section 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011(c) provide the legal predicate for the relief sought.

2. Venue is proper in the Northern District of Texas under 28 U.S.C § 1409.

## RELEVANT FACTUAL BACKGROUND

3. On October 15, 2021, the Litigation Trustee commenced the Adversary Proceeding.

4. Concurrently with this Motion, the Former Employee Defendants are filing the Motion to Withdraw.

5. As established in the Motion to Withdraw, the withdrawal of the reference to the Bankruptcy Court of certain Causes of Action (Counts XXII and XXIII) is mandatory. Further, the Motion to Withdraw requests that the District Court immediately withdraw the reference to the Bankruptcy Court of all the Causes of Action because: (1) the Bankruptcy Court does not hold post-confirmation jurisdiction to adjudicate the Non-Core Causes of Action; (2) the Non-Core Causes of Action include jury trial rights; and (3) judicial economy dictates that the District Court withdraw the reference of all the Causes of Action rather than wasting judicial resources by having two different courts adjudicating the Adversary Proceeding.

## ARGUMENTS

6. Consistent with this Court's standard practice, the Adversary Proceeding should be stayed, pending the District Court's consideration of the Motion to Withdraw. As this Court has previously made clear in other adversary proceedings filed in the Bankruptcy Case, where there is a pending motion to withdraw the reference, the practice of this Court is to stay the lawsuit out of deference to the District Court. *See Official Committee of Unsecured Creditors v. CLO Holdco Ltd., et al.*, Adv. No. 20-03195, May 20, 2021 Trans. re: Hrg. on Committee's Motion to Stay, p. 50:8-16 ("That is always 100 percent of the time my practice, and I think the other bankruptcy

judges here. It's out of deference to the District Court. If the District Court ends up withdrawing the reference, they may want to say, 'I want to withdraw the whole darn thing. We don't even want you doing pretrial matters,' so we don't want to get ahead of them by considering a pretrial matter…"). *See also Order Granting Motion to Stay Pending Resolution of Motion to Withdraw the Reference of Adversary Proceeding*, Adv. Proc. No. 3:21-ap-03006 [Dkt. No. 61] (Aug. 18, 2021) (Jernigan, J.); *Order Granting Motion to Stay Pending Resolution of Motion to Withdraw the Reference of Adversary Proceeding*, Adv. Proc. No. 3:21-ap-03007 [Dkt. No. 56] (Aug. 18, 2021) (Jernigan, J.); *Order Granting in Part James Dondero's Motion to Stay Pending the Motion to Withdraw the Reference of Plaintiff's Complaint*, Adv. Proc. No. 3:21-ap-03003 [Dkt. No. 64] (June 4, 2021) (Jernigan, J.). Therefore, the Adversary Proceeding should be stayed pending resolution of the Motion to Withdraw.

7. Additionally, pursuant to Federal Rule of Bankruptcy Procedure 5011(c), "the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the [motion to withdraw the reference]." *See* Fed. R. Bankr. P. 5011(c). In order to succeed on a stay motion, a movant must demonstrate that: (1) [the movant] is likely to succeed on the merits; (2) [the movant] will suffer irreparable injury unless the stay is granted; (3) no substantial harm will come to other interested parties if the stay is imposed; and (4) the stay will do no harm to the public interest. *Matter of Interco, Inc.*, 135 B.R. 359, 361 (Bankr. E.D. Mo. 1991). Although the Fifth Circuit does not have a prevailing standard for motions to stay proceedings, courts in this circuit have applied a similar test in the context of comparable motions, such as motions for a stay pending appeal or requests for injunctions. *See, e.g.*, *Arnold v. Garlock, Inc.*, 278 F.3d 426, 439 (5th Cir. 2001) (applying the same test in the context of a motion for stay pending appeal); *Harris-Nutall v. Nationstar Mortg., LLC* (*In re Harris-Nutall*), Nos. 14-35300-

BJH, 3:15-cv-03846-B, 15-3114-BJH, 10, 2016 Bankr. LEXIS 4623, at *19-*20 (Bankr. N.D. Tex. May 19, 2016) (applying a similar test in considering whether to impose an injunction); *Saldana v. Saldana*, Civil Action No. 3:15-CV-1918-L, 2015 U.S. Dist. LEXIS 112164, at *5-*6 (N.D. Tex. Aug. 25, 2015) (applying the same test in the context of a motion for stay pending appeal).

8. As set forth below, this Adversary Proceeding should be stayed pending adjudication of the Motion to Withdraw. A short stay of these proceedings is in the interests of the Former Employee Defendants, the other parties to this Adversary Proceeding, and the public.

I. **The Former Employee Defendants Have Demonstrated that They Are Likely to Succeed on the Merits and Prevail in their Motion to Withdraw.**

9. The Former Employee Defendants are likely to prevail on their Motion to Withdraw given that withdrawal of the reference is mandatory with respect to certain Causes of Action. Moreover, although the Former Employee Defendants assert that the Bankruptcy Court has no post-confirmation jurisdiction to preside over the Non-Core Causes of Action, it is also clear that, at best, the Bankruptcy Court only would have "related to" jurisdiction, and the Former Employee Defendants have jury trial rights.[3] Therefore, the only real issue in dispute in connection with the Motion to Withdraw is not whether the District Court should withdraw, but when.

10. As established in the Motion to Withdraw, Counts XXII and XXIII require substantial and material consideration of 26 U.S.C § 6502, thereby mandating that the District Court withdraw the reference to the Bankruptcy Court of those Causes of Action. *See Tex. United House. Program, Inc. v. Wolverine Motg. Partner Ret.*, No. 3:17-cv-977-L, 2017 U.S. Dist. LEXIS 140992, at *17-*18 (N.D. Tex. July 18, 2017) (noting that withdrawal of the reference is

---

[3] As noted in the Brief, the Former Employee Defendants believe that certain of the Non-Core Causes of Action may be subject to mandatory arbitration, and the Motion to Withdraw is without prejudice to, and not a waiver of, the right of the Former Employee Defendants to move to compel arbitration with respect to such causes of action.

mandatory where an action requires "substantial and material consideration" of "laws of the United States [other than title 11] regulating organizations or activities affecting interstate commerce.").

11. Additionally, the Former Employee Defendants will likely succeed in having the District Court withdraw the reference to the Bankruptcy Court of all the Causes of Action pursuant to 28 U.S.C. § 157(d) for cause. The Former Employee Defendants assert that the Bankruptcy Court does not have post-confirmation jurisdiction to adjudicate the Non-Core Causes of Action, but they acknowledge that the Litigation Trustee may disagree with that position. It should be beyond dispute, though, that the Non-Core Causes of Action not only are at best, "related to" matters, but also include jury trial rights, and Ellington and Leventon do not consent to the Bankruptcy Court presiding over a jury trial, or making final findings of fact and conclusions of law, on such claims. Therefore, given that the Motion to Withdraw is likely to be granted, this factor heavily weighs in favor of staying the Adversary Proceeding.

**II. The Former Employee Defendants May Suffer Irreparable Injury if the Adversary Proceeding Is Not Stayed.**

12. The Former Employee Defendants have filed the Motion to Withdraw at the earliest possible stage of this proceeding, so it is difficult to say at this juncture whether, and how, the Former Employee Defendants may suffer injury if the Adversary Proceeding is not stayed. Given, however, that the Former Employee Defendants assert in the Motion to Withdraw that the Bankruptcy Court lacks any jurisdiction over the Non-Core Causes of Action, failure to stay the Adversary Proceeding may lead to parties filing motions requesting relief from the Bankruptcy Court only to have the District Court later determine that the Bankruptcy Court has no jurisdiction to entertain such motions. That could cause all parties to waste financial resources, not to mention judicial resources. Notably, the Fifth Circuit has found that "a substantial financial injury may be sufficient to satisfy the irreparable injury prong of the stay test . . . [and] other circuits categorize

financial losses as irreparable injury where no adequate compensatory or other corrective relief will be available at a later date . . . " *Texas v. United States EPA*, 829 F.3d 405, 433-434 (5th Cir. 2016).

### III. A Short Stay of the Adversary Proceeding Causes No Harm or Prejudice to the Other Parties.

13. A short stay of this Adversary Proceeding will not result in any harm or prejudice to the other parties. Indeed, as noted above, all parties will benefit from having the certainty of the District Court's decision on the Motion to Withdraw, particularly with respect to any motions that might have to be brought if the Adversary Proceeding is not otherwise stayed. This Adversary Proceeding was filed less than three months ago. No discovery has occurred, and no motions have been considered.

### IV. A Stay of the Adversary Proceedings Favors the Public Interest by Preventing Waste of Bankruptcy Court Resources.

14. Finally, a stay of the Adversary Proceeding pending resolution of the Motion to Withdraw favors the public interest because it conserves the Bankruptcy Court's finite resources. *See Energy Dev. Corp. v. St. Martin*, Case No. 98-3395, 2005 U.S. Dist. LEXIS 994, at *28 (E.D. La. Jan. 24, 2005) ("an injunction would not disserve the public interest because it spares the unnecessary expenditure of judicial resources. "). As the Bankruptcy Court itself has noted, it also affords due respect to the District Court, which may agree to withdraw the reference immediately and may have different views on pre-trial matters. Especially given the early stage of this Adversary Proceeding, there is no pressing need for the Bankruptcy Court to weigh in on pre-trial matters before the District Court is able to consider the Motion to Withdraw. Thus, a short stay of this Adversary Proceeding would serve the public interest.

## CONCLUSION

WHEREFORE, the Former Employee Defendants respectfully request that this Court enter an order granting the Motion, immediately stay the Adversary Proceeding pending the District Court's adjudication of the Motion to Withdraw, and grant the Former Employee Defendants such other and further relief as is just.

Dated: January 18, 2022

By: */s/ Michelle Hartmann*
Michelle Hartmann
State Bar No. 24032402
**BAKER & MCKENZIE LLP**
1900 North Pearl, Suite 1500
Dallas, Texas 75201
Telephone: 214-978-3000
Facsimile: 214-978-3099
Email: michelle.hartmann@bakermckenzie.com

Debra A. Dandeneau
Blaire Cahn
**BAKER & MCKENZIE LLP**
452 Fifth Ave
New York, NY 10018
Telephone: 212-626-4875
Email: debra.dandeneau@bakermckenzie.com
Email: blaire.cahn@bakermckenzie.com
(*Admitted pro hac vice*)

*Counsel for the Former Employee Defendants*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that she communicated with Deborah Newman from Quinn Emanuel Urquhart & Sullivan, LLP, counsel of record for the above-named plaintiff in the Adversary Proceeding, on January 18, 2022 with respect to the relief requested herein. Ms. Newman informed the undersigned that the plaintiff requires additional time to consider the relief sought herein, and that the Former Employee Defendants should file the Motion. The undersigned will update this Certificate of Conference once the plaintiff makes a determination on the relief requested.

/s/ *Debra A. Dandeneau*
Debra A. Dandeneau

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on January 18, 2022, a true and correct copy of this document was served via the Court's CM/ECF system on counsel for the Plaintiff.

/s/ *Michelle Hartmann*
Michelle Hartmann

**EXHIBIT A**

**Proposed Order**

Case 21-03076-sgj Doc 30 Filed 01/18/22 Entered 01/19/22 09:20:38 Page 10 of 13

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| MARC S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. DONDERO; MARK A. OKADA; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; FRANK WATERHOUSE; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA | Adv. Pro. No. 21-03076-sgj |

FAMILY TRUST – EXEMPT TRUST #2; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP.; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; SAS ASSET RECOVERY, LTD.; AND CPCM, LLC,

        Defendants.

## ORDER GRANTING MOTION TO STAY THE ADVERSARY PROCEEDING PENDING RESOLUTION OF THE MOTION TO WITHDRAW THE REFERENCE

Upon consideration of the *Motion to Stay the Adversary Proceeding Pending Resolution of the Motion to Withdraw the Reference* [Adv. Docket No. __] (the "***Motion***"), any response thereto, the pleadings, the record of the above-captioned adversary proceeding, and the arguments presented by the parties before this Court, the Court hereby finds that the Motion should be GRANTED as set forth below. Accordingly,

**IT IS HEREBY ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The above-referenced adversary proceeding, including any response, pre-trial, or trial deadlines established therein are hereby indefinitely stayed, pending resolution of the *Motion to Withdraw the Reference for the Causes of Action in the Complaint Asserted Against the Former Employee Defendants* [Adv. Docket No. 27].

**## END OF ORDER ##**

Proposed form of order prepared by:

Michelle Hartmann
State Bar No. 24032402
**BAKER & MCKENZIE LLP**
1900 North Pearl, Suite 1500
Dallas, Texas 75201
Telephone: 214-978-3000
Facsimile: 214-978-3099
Email: michelle.hartmann@bakermckenzie.com

Debra A. Dandeneau
Blaire Cahn
**BAKER & MCKENZIE LLP**
452 Fifth Ave
New York, NY 10018
Telephone: 212-626-4875
Email: debra.dandeneau@bakermckenzie.com
Email: blaire.cahn@bakermckenzie.com
(*Admitted pro hac vice*)

*Counsel for the Former Employee Defendants*