John J. Kane (State Bar No. 24066794)
Brian W. Clark (State Bar No. 24032075)
**KANE RUSSELL COLEMAN LOGAN PC**
901 Main Street, Suite 5200
Dallas, Texas 75202-3705
Telephone: (214) 777-4200
Telecopy: (214) 777-4299

**COUNSEL TO DEFENDANT GRANT
JAMES SCOTT III, INDIVIDUALLY**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: § | | Case No. 19-34054-sgj11 |
| §  | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § § § | | Chapter 11 |
| § | | |
| Debtor § | | |

| | | |
|---|---|---|
| **MARC S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST,** § § § § | | |
| § | | |
| Plaintiff, § | | Adversary No. 21-03076-sgj |
| § | | |
| vs. § | | |
| § | | |
| **JAMES D. DONDERO; MARK A. OKADA; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; FRANK WATERHOUSE; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA** § § § § § § § § § § § § § § § § § § § § § § | | |

| | |
|---|---|
| **FAMILY TRUST – EXEMPT TRUST #2; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP.; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; SAS ASSET RECOVERY, LTD.; AND CPCM, LLC**, | § § § § § § § § § § § § § |
| Defendants. | |

# DEFENDANT GRANT JAMES SCOTT'S BRIEF IN SUPPORT OF MOTION TO WITHDRAW REFERENCE

**TABLE OF CONTENTS**

I. BACKGROUND ...................................................................................................................1

II. ARGUMENTS AND AUTHORITIES.................................................................................2

    A.     The Claims Against Mr. Scott are Non-Core Claims Which Weighs Heavily in Favor of Withdrawal of the Reference................................................................................3

    B.     Mr. Scott is Entitled to Trial by Jury on All of the Claims and Does Not Consent to Judgment in the Bankruptcy Court........................................................................7

    C.     There is No Evidence of Forum Shopping................................................................9

    D.     Withdrawal Supports Resource Economy................................................................10

    E.     The Final *Holland* Factors Weigh in Favor of Withdrawal....................................11

    F.     Bankruptcy Court Lacks Jurisdiction........................................................................12

III. CONCLUSION.....................................................................................................................13

## TABLE OF AUTHORITIES

**Cases**

*Auto. Fin. Corp. v. Ray Huffines Chevrolet, Inc. (In re Parkway Sales & Leasing, Inc.)*,
   411 B.R. 337 (Bankr. E.D. Tex. 2009) ................................................................................. 8
*Curriden v. Middleton*,
   232 U.S. 633 (1914) .............................................................................................................. 8
*Exec. Benefits Ins. Agency v. Arkison*,
   573 U.S. 25 (2014) ................................................................................................................ 8
*Feltner v. Columbia Pictures Television, Inc.*,
   523 U.S. 340 (1998) .............................................................................................................. 8
*GenOn Mid-Atl. Dev., LLC v. Natixis Funding Corp.*,
   2020 WL 429880, at *4 (S.D. Tex. Jan. 28, 2020) ................................................................ 3
*Granfinanciera, S.A. v. Norberg*,
   492 U.S. 33 (1989) ................................................................................................................ 8
*Guffy v. Brown (In re Brown Med. Ctr., Inc.)*,
   578 B.R. 590 (Bankr. S.D. Tex. 2016) .................................................................................. 6
*Holland Am. Ins. Co. v. Succession of Roy*,
   777 F.2d 992 (5th Cir. 1985) ......................................................................................... passim
*In re Align Strategic Partners LLC*,
   2019 WL 2524938 (Bankr. S.D. Tex. March 5, 2019) .................................................... 6, 10
*In re Clay*,
   35 F.3d 190 196-97 (5th Cir. 1994) ...................................................................................... 9
*In re Galaz*,
   765 F.3d 426 (5th Cir. 2014) ............................................................................................. 6, 7
*In re Gulf States Long Term Acute Care of Covington, L.L.C.*,
   455 B.R. 869 (E.D. La. 2011) ....................................................................................... 4, 7, 9
*In re Harrah's Entm't, Inc. Sec. Litig.*,
   1996 WL 684463 (E.D. La. Nov. 26, 1996) ......................................................................... 9
*In re Jensen*,
   946 F.2d 369 (5th Cir. 1991) ................................................................................................. 8
*In re The Heritage Organization, L.L.C.*,
   454 B.R. 353 (Bankr. N.D. Tex. 2011) ................................................................................. 6
*In re White*,
   172 B.R. 841 (S.D. Miss. March 21, 1994) .......................................................................... 9
*Jenkins v. Heritage Org., L.L.C. (In re Heritage Org., L.L.C.)*,
   No. 04-35574-BJH-11, 2008 Bankr. LEXIS 2071 (Bankr. N.D. Tex. July 23, 2008) ......... 9
*Johnson v. Williamson (In re Brit. Am. Props. III, Ltd.)*,
   369 B.R. 322 (Bankr. S.D. Tex. 2007) ................................................................................ 12
*McFarland v. Leyh (In re Tex. Gen. Petroleum Corp.)*,
   52 F.3d 1330 (5th Cir. 1995) ................................................................................................. 9
*Mirant Corp. v. The S. Co.*,
   337 B.R. 107 (N.D. Tex. 2006) ..................................................................................... passim
*Mobley v. Quality Lease & Rental Holdings, LLC (In re Quality Lease & Rental Holdings, LLC)*,
   2016 WL 416961 (Bankr. S.D. Tex. Feb. 1, 2016) ............................................................. 11

*Morrison v. Amway Corp. (In re Morrison)*,
  409 B.R. 384 (S.D. Tex. 2009) ................................................................................................ 5
*Smith v. Lucent Techs., Inc.*,
  2004 WL 515769 (E.D. La. March 16, 2004) ......................................................................... 9
*Tow v. Speer (In re Royce Homes, L.P.)*,
  2011 WL 13340482 (Bankr. S.D. Tex. Oct. 13, 2011) ........................................................... 5
*Veldekens v. GE HFS Holdings, Inc.*,
  362 B.R. 762 (Bankr. S.D. Tex. 2007) ............................................................................... 9, 10
*Waldron v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. (In re EbaseOne Corp.)*,
  2006 WL 2405732 (Bankr. S.D. Tex. June 14, 2006) ........................................................... 10
*Wood v. Wood (In re Wood)*,
  825 F.2d 90 (5th Cir. 1987) ............................................................................................ 4, 5, 7
*Yaquinto v. JGB Collateral, LLC*,
  2021 WL 2386143 (N.D. Tex. Jan. 26, 2021) (affirming R&R of Jernigan, J.) .............. 5, 6, 7
*Yaquinto v. Mid-Continent Cas. Co. (In re Bella Vita Custom Homes)*,
  No. 16-34790-BJH, 2018 WL 2966838 (Bankr. N.D. Tex. May 27, 2018) ................... passim

## Other Authorities

11 U.S.C. § 544 .............................................................................................................................. 5
11 U.S.C. §§ 544 and 550 .............................................................................................................. 1
28 U.S.C. § 157(d) ..................................................................................................................... 1, 2

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Grant James Scott ("Mr. Scott"), a Defendant in the above styled Adversary Proceeding,[1] hereby submits this *Brief in Support* (the "Brief") of his *Motion to Withdraw Reference* (the "Motion"), joins the legal arguments set forth by other Defendants in any of their motions to withdraw the reference under 28 U.S.C. § 157(d), to the extent applicable, and respectfully states as follows:

## I.
## BACKGROUND

1. As set forth in the Motion, Plaintiff asserts 36 causes of actions against various Defendants, but only four against Mr. Scott:

    a. Count XV: Aiding and Abetting Breach of Fiduciary Duty Under Delaware Law or Knowing Participation in Breach of Fiduciary Duty under Texas Law. COMPLAINT, p. 90.

    b. Count XVI: Civil Conspiracy to Breach Fiduciary Duties Under Texas Law. COMPLAINT, p. 92.

    c. Count XVIII: Avoidance of CLO Holdco Transfer and Recovery of Transferred CLO Holdco Assets as Constructive Fraudulent Transfers Under 11 U.S.C. §§ 544 and 550 and Applicable State Law. COMPLAINT, p. 96.

    d. Count XIX: Avoidance of CLO Holdco Transfer and Recovery of Transferred CLO Holdco Assets as Intentionally Fraudulent Transfers Under 11 U.S.C. §§ 544 and 550 and Applicable State Law. COMPLAINT, p. 98.

As set forth below, all four causes of action (the "Claims") asserted against Mr. Scott are non-core. Even if certain of the Claims are core, other factors militate heavily in favor of withdrawal.

2. On October 16, 2019, the Debtor filed for bankruptcy relief, commencing the case now administered by the Bankruptcy Court under Case No. 19-34054 (the "Bankruptcy Case"). On February 22, 2021, the Bankruptcy Court entered its *Order (I) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (As Modified) and (II) Granting Related Relief* (the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

"Confirmation Order" confirming the "Plan") [Dkt. No. 1943]. The Plan went effective on August 11, 2021 (the "Effective Date") [Dkt. No. 2700].

3. Mr. Scott did not file a proof of claim in the Bankruptcy Case. Mr. Scott did not even file a pleading in the Bankruptcy Case in his individual capacity at any time prior to the Effective Date. Mr. Scott's only submission to the Bankruptcy Court took place on August 16, 2021, at which time he filed a *Limited Objection to the Official Committee of Unsecured Creditors' Emergency Motion for 2004 Examination* [Dkt. No. 2726] in an effort to quash discovery sought by Plaintiff in the Bankruptcy Case.

4. All of the Claims asserted by Plaintiff against Mr. Scott are non-core claims subject to trial by jury. While Mr. Scott has not yet filed a jury demand, Mr. Scott contemplates doing so and reserves all rights to do so. Regardless, Mr. Scott does not consent to the Bankruptcy Court's entry of a final order on any of the Claims. Accordingly, Mr. Scott requests that this Court enter an order withdrawing the reference so that the Claims are adjudicated to a final judgment before the District Court in a civil proceeding.

## II.
## ARGUMENTS AND AUTHORITIES

5. Under applicable Fifth Circuit law, courts determining whether to withdraw the reference under the permissive withdrawal provisions of 28 U.S.C. § 157(d) must weigh whether: (i) the proceeding involves core or non-core issues; (ii) a party has demanded a jury trial; (iii) the withdrawal reduces forum shopping; (iv) withdrawal would foster the economical use of the debtors' and creditors' resources while reducing confusion; (v) the withdrawal would expedite the bankruptcy process; and (vi) the withdrawal would further uniformity in bankruptcy administration. *See Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985). Courts may weigh some factors more heavily than others and may withdraw the reference even when only two or three factors weigh in favor of withdrawal. *See, e.g., Yaquinto v. Mid-Continent Cas. Co. (In re Bella Vita Custom Homes)*, No.

16-34790-BJH, 2018 WL 2966838, at *2 (Bankr. N.D. Tex. May 27, 2018) (recommending withdrawal of the reference when four of what Judge Houser listed as seven Holland factors favored withdrawal and the others were neutral); and *GenOn Mid-Atl. Dev., LLC v. Natixis Funding Corp.*, 2020 WL 429880, at *4 (S.D. Tex. Jan. 28, 2020) (withdrawing reference to adjudicate non-core causes of action despite other factors weighing against withdrawal).

6. Here, the factors weigh heavily in favor with withdrawal. All of the Claims are non-core and should not be adjudicated by the Bankruptcy Court. All of the Claims are subject to jury trial, and Mr. Scott intends to issue a jury demand in this Adversary Proceeding. There is no forum shopping taking place in this case; the Bankruptcy Court simply cannot adjudicate the Claims to final judgment without Mr. Scott's consent, and he does not consent. Withdrawal will foster the economical use of the parties' resources; trial before the District Court alleviates the need for a report and recommendation, responses to same, and a *de novo* review of the proceedings by the District Court and any supplemental legal work arising as a result. Further, by reducing an entire layer judicial administration, the Claims will be resolved sooner which will expedite the bankruptcy process. With that said, the Bankruptcy Case is now post-confirmation. Accordingly, the bankruptcy process is all but concluded, eliminating the need for the Bankruptcy Court's continued involvement. The final factor, uniformity in bankruptcy administration, is a neutral factor, as the facts of this matter due not tip the scale in either direction. Even so, the other factors overwhelmingly support immediate withdrawal of the reference.

A. **THE CLAIMS AGAINST MR. SCOTT ARE NON-CORE CLAIMS WHICH WEIGHS HEAVILY IN FAVOR OF WITHDRAWAL OF THE REFERENCE**

7. In its Complaint, Plaintiff alleges four Claims against Mr. Scott: (i) Count XV, aiding, abetting, or knowing participation in a breach of fiduciary duty under state law (the "Abetting Fiduciary Duty Claim"); (ii) Count XVI, civil conspiracy to a breach of fiduciary duties under state law

(the "Conspiracy Fiduciary Duty Claim"); (iii) Count XVIII, avoidance and recovery of constructive fraudulent transfers under applicable state law through 544 and 550 of the Bankruptcy Code[2] (the "Constructive TUFTA[3] Claim"); and (iv) Count XIX, avoidance and recovery of intentionally fraudulent transfers under applicable state law through 544 and 550 of the Bankruptcy Code (the "Intentional TUFTA Claim"). COMPLAINT, p. 90-98.

8. Claims that do "not invoke a substantive right created by the federal bankruptcy law and … could exist outside of bankruptcy" are non-core claims. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987); *Mirant Corp. v. The S. Co.*, 337 B.R. 107, 116 (N.D. Tex. 2006). The Fifth Circuit explained its analysis when determining whether a cause of action was core:

> The plaintiff's suit is not based on any right created by the federal bankruptcy law. It is based on state created rights. Moreover, this suit is not a proceeding that could arise only in the context of a bankruptcy. It is simply a state contract action that, had there been no bankruptcy, could have proceeded in state court….
>
> The substance of this action does not support a finding of core status. The essential issue in the proceeding is whether the defendants are liable to the plaintiff under state law. The suit does not raise as primary issues such matters as dischargeability, allowance of the claim, or other bankruptcy matters.

*Wood*, 825 F.2d at 97-98 (footnotes omitted). A court analyzing whether a matter is core must therefore review not only the form of the cause of action, but the substance of the cause of action. *Mirant*, 337 B.R. at 117 (citing *Wood*, 825 F.2d at 97).

9. The Abetting Fiduciary Duty Claim and Conspiracy Fiduciary Duty Claim are both non-core causes of action. *See Mirant*, 337 B.R. at 118 (breach of fiduciary duty claims are non-core); and *In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 455 B.R. 869, 875-76 (E.D. La. 2011)

---

[2] The term "Bankruptcy Code" refers to Title 11 of the United States Code.

[3] For the sake of this Brief, TUFTA refers to the Texas Uniform Fraudulent Transfer Act, though it is unclear from the Complaint precisely which State's laws Plaintiff believes are applicable here.

(conspiracy claims arise out of state law and are non-core). Both claims arise exclusively out of state law, and are not based on any right created by the Bankruptcy Code. A hypothetical plaintiff could assert each of those two claims exclusive of bankruptcy. By form and substance, each of the fiduciary duty Claims is non-core. Courts within the Fifth Circuit concur. *See, e.g., Tow v. Speer (In re Royce Homes, L.P.)*, 2011 WL 13340482, at *2 (Bankr. S.D. Tex. Oct. 13, 2011); and *Morrison v. Amway Corp. (In re Morrison)*, 409 B.R. 384, 390 (S.D. Tex. 2009).

10. Similarly, the Plaintiff's Constructive and Intentional TUFTA Claims are non-core, arise entirely out of state law, and could be asserted outside of a bankruptcy case without invoking the Bankruptcy Code. *See Wood*, 825 F.2d at 97-98; and COMPLAINT, ¶¶ 292, 300 (seeking avoidance and recovery under Texas or Delaware law, as applicable). Section 544 of the Bankruptcy Code merely provides Plaintiff standing to assert *purely state law claims* as a creditor of Mr. Scott. 11 U.S.C. § 544. When determining whether a cause of action is core or non-core, the Fifth Circuit notes that the "essential issue in the proceeding is whether the defendants are liable to the plaintiff under state law." *Wood*, 825 F.2d at 98. To succeed on an avoidance action under section 544 of the Bankrutpcy Code, Plaintiff must satisfy all elements of a purely state law cause of action under Texas or Delaware law, as applicable. Given the Fifth Circuit's test in *Wood*, the Constructive TUFTA Claim and Intentional TUFTA Claim are both non-core causes of action. If all claims against a defendant are non-core, immediate withdrawal of the reference is warranted. *Bella Vita Custom Homes*, 2018 WL 2966838 at *2.

11. Mr. Scott recognizes that Judge Jernigan and at least one other court within the Northern District of Texas have held that claims under section 544 of the Bankruptcy Code are core. *See, e.g., Yaquinto v. JGB Collateral, LLC*, 2021 WL 2386143 (N.D. Tex. Jan. 26, 2021) (affirming R&R of Jernigan, J.). Even so, other courts within the Fifth Circuit disagree, ruling that claims under section 544 of the Bankruptcy Code are non-core. *Guffy v. Brown (In re Brown Med. Ctr., Inc.)*, 578 B.R. 590, 597

(Bankr. S.D. Tex. 2016) (analyzing court split on § 544 and determining claim under § 544 is non-core); *In re The Heritage Organization, L.L.C.,* 454 B.R. 353, 360–61 (Bankr. N.D. Tex. 2011) (claim under TUFTA involves purely state law questions of law and is non-core); *In re Align Strategic Partners LLC*, 2019 WL 2524938 at *2 (Bankr. S.D. Tex. March 5, 2019) (TUFTA claim asserted under § 544 is non-core); *Mirant Corp. v. The Southern Co.*, 337 B.R. at 119 (calling into question jurisdiction of bankruptcy court to finally adjudicate § 544 TUFTA claim given non-core attributes of claim).

12. Judge Bohm's decision in *Brown* is educational because it addresses the court split on whether state avoidance actions asserted under section 544 are core or non-core. In reaching his ultimate decision that they are non-core, Bohm relies on Fifth Circuit jurisprudence:

> The Court is persuaded by those courts who have held that a fraudulent transfer claim under state law, even though brought pursuant to § 544, is nevertheless a "related to" proceeding, not a core proceeding. Indeed, although not in the context of an analysis regarding a motion to withdraw reference, the Fifth Circuit has stated that: "The district court treated [the debtor's] TUFTA claim as being 'related to' the bankruptcy rather than a core bankruptcy claim. *We agree with this characterization.*"

*Brown*, 578 B.R. at 597 (quoting *In re Galaz*, 765 F.3d 426, 431 (5th Cir. 2014)).

13. Judge Bohm's citation to Fifth Circuit case law addressing whether a TUFTA claim asserted under section 544 of the Bankruptcy Code is critically important. In *Galaz*, the Fifth Circuit addressed whether the district court made an error in treating the debtor's section 544 "TUFTA claim as being 'related to' the bankruptcy rather than a core bankruptcy claim." *Galaz*, 765 F.3d at 431. On review, the Fifth Circuit determined that the district court's characterization of the Debtor's TUFTA claim as a non-core claim, despite its assertion under section 544 of the Bankruptcy Code, was appropriate. *Id.*

14. In *Yaquinto v. JGB Collateral, LLC*, the court determined that a TUFTA claim asserted under section 544 was a core proceeding, ignoring pre-existing Fifth Circuit precedent from *Galaz*. *JGB Collateral*, 2021 WL 2386143 at *3. That court found it important that the TUFTA claim in

question in *Galaz* involved an attempt by the debtor not to recover assets transferred by the debtor to a third party, but assets of a third party in which the debtor owned a material interest, which were transferred to another entity. *Id.* The court in *JGB Collateral* appears to have drawn a distinction solely because the assets the debtor in *JGB Collateral* sought to recover were property of the debtor's estate. *Id.* In each instance, however, the outcome of a successful cause of action under TUFTA would be the same: "judgment…could, at least conceivably, increase the size of [debtor's] bankruptcy estate." *Galaz*, 765 F.3d at 430. The *JGB Collateral* "distinction" should be set aside in favor of the Fifth Circuit's *Wood* test and *Galaz* ruling. Under both, Plaintiff's Constructive and Intentional TUFTA Claims are non-core.

15. Even if this Court determines that the Constructive and Intentional TUFTA Claims are core proceedings, the first Holland factor still weighs heavily in favor of withdrawal. *Bella Vita Custom Homes*, 2018 WL 2966838 at *2. As one federal district court noted, "the presence of non-core claims in [a] case weighs in favor of withdrawal of the reference." *Gulf States*, 455 B.R. at 876. Here, there are unequivocally non-core Claims. The Claims that the Plaintiff will undoubtedly argue are core claims involve pure state law and, as noted by Judge McBride "have non-core characteristics (such as being predicated in whole or in part on state law) that would raise *Marathon* concerns if they were to be submitted to the adjudicatory jurisdiction of the bankruptcy court over the objection of [the defendant]." *Mirant Corp.*, 337 B.R. at 119. Given the predominance of non-core Claims and focus on state law issues, the first *Holland* factor weighs heavily in favor of withdrawal.

### B. MR. SCOTT IS ENTITLED TO TRIAL BY JURY ON ALL OF THE CLAIMS AND DOES NOT CONSENT TO JUDGMENT IN THE BANKRUPTCY COURT

16. Next, this Court must consider whether Mr. Scott is entitled to a jury trial. If he is entitled to a trial by jury on the Claims, the factor weighs heavily in favor of withdrawal of the reference because the Bankruptcy Court lacks jurisdiction to conduct a jury trial without the express consent of

the parties to the action. 28 U.S.C. § 157(e). Mr. Scott does not consent to a jury trial before the Bankruptcy Court. Accordingly, if Mr. Scott is entitled to try the Claims before a jury, this *Holland* factor weighs heavily in favor of immediate withdrawal of the reference.

17. The Seventh Amendment provides the right to a jury trial in cases in which the amount in controversy exceeds twenty dollars and the cause of action was brought to determine legal rights, as opposed to equitable rights. *Granfinanciera, S.A. v. Norberg*, 492 U.S. 33, 41 (1989); *In re Jensen*, 946 F.2d 369, 371 (5th Cir. 1991). As a general rule, where a party seeks monetary relief on a claim, the claim is legal and subject to a jury trial. *Feltner v. Columbia Pictures Television, Inc.,* 523 U.S. 340, 352 (1998). As Judge McBride noted, quoting *Jensen*, "the right to a jury trial is secured if the claims asserted include 'at least some legal as opposed to equitable elements' and monetary relief is sought." *Mirant*, 337 B.R. at 120 (quoting *Jensen*, 946 F.2d at 371).

18. In each Claim, Plaintiff seeks money damages against Mr. Scott. COMPLAINT, p. 90-100. While the Claims involving fraudulent transfers and purported breaches of fiduciary duty may have some grounds in equity, numerous courts rule that a demand for money damages renders the claims legal in nature and subject to trial by jury. *See, e.g., Jensen*, 946 F.2d at 371-72 (breach of fiduciary duty); *Pereira v. Farace*, 413 F.3d 330, 341 (2d Cir. 2005) (breach of fiduciary duty); and *Mirant*, 337 B.R. at 120 (specifically addressing breach of fiduciary duty and fraudulent transfer claims and ruling each were legal claims subject to jury trial); *Curriden v. Middleton*, 232 U.S. 633, 635-36 (1914) (civil conspiracy); *Auto. Fin. Corp. v. Ray Huffines Chevrolet, Inc. (In re Parkway Sales & Leasing, Inc.)*, 411 B.R. 337, 351 (Bankr. E.D. Tex. 2009) (civil conspiracy); *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 30 n.3 (2014) ("*Granfinanciera* held that a fraudulent conveyance claim under Title 11 is not a matter of 'public right' for purposes of Article III, and that the defendant to such a claim is entitled to a jury demand under the Seventh Amendment"); *Granfinanciera*, 492 U.S. at 64 (holding that petitioner entitled to jury trial for fraudulent transfer claim under Bankruptcy Code); *see also McFarland v. Leyh (In*

*re Tex. Gen. Petroleum Corp.)*, 52 F.3d 1330 (5th Cir. 1995) ("[L]itigants in a fraudulent conveyance action have a Seventh Amendment right to a jury trial.").

19. The reference should be withdrawn because the Bankruptcy Court lacks authority to conduct a jury trial without the consent of the parties, and Mr. Scott respectfully does not consent to trial by jury before the Bankruptcy Court. *See, e.g., In re Clay*, 35 F.3d 190, 196-97 (5th Cir. 1994). While Mr. Scott has not yet served a jury demand, he does intend to do so and reserves his rights to do so. Courts within the Fifth Circuit have ruled on multiple occasions that a claimant's obvious right to a jury trial, and purported intent to assert that right, weighs heavily in favor of withdrawal of the reference. *See, e.g., Gulf States*, 455 B.R. at 877; *Smith v. Lucent Techs., Inc.*, 2004 WL 515769 at *29 (E.D. La. March 16, 2004); *In re Harrah's Entm't, Inc. Sec. Litig.*, 1996 WL 684463, at *3 (E.D. La. Nov. 26, 1996); *In re White,* 172 B.R. 841, 844 (S.D. Miss. March 21, 1994). Accordingly, the second factor also weighs in favor of withdrawal of the reference.

C. **THERE IS NO EVIDENCE OF FORUM SHOPPING**

20. The third *Holland* factor that this Court must consider is whether withdrawal promotes forum shopping. While a motion to withdraw the reference inherently seeks to move suit to another court, it is well-established law that "[a] good faith claim of right, even when motivated (at least in part) by a desire for a more favorable decision maker, should not on that basis alone be denied as forum shopping." *Veldekens v. GE HFS Holdings, Inc.*, 362 B.R. 762, 769 (Bankr. S.D. Tex. 2007); *see also Jenkins v. Heritage Org., L.L.C. (In re Heritage Org., L.L.C.)*, No. 04-35574-BJH-11, 2008 Bankr. LEXIS 2071, at *32-33 (Bankr. N.D. Tex. July 23, 2008) (no improper ulterior motive in forum shopping where the parties wanted to withdraw the reference in order to have a jury trial). To the contrary, it " does not constitute forum shopping" where, in a case such as this involving non-core claims, "[the Bankruptcy] Court would simply submit recommended findings of fact and conclusions of law to the District Court, and the District Court would then enter its final judgment after a de novo

review." *Waldron v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. (In re EbaseOne Corp.)*, 2006 WL 2405732, at *4 (Bankr. S.D. Tex. June 14, 2006).

21. When assessing this *Holland* factor, courts focus more on whether a litigant is seeking a "second bite at the litigation apple" by delaying for an extensive period of time before springing a trap on the plaintiff, or succumbing to multiple adverse rulings before demanding withdrawal of the reference. *See Veldekens*, 362 B.R. at 769. Forum shopping does not exist where, as in this case, a defendant quickly moves to withdraw the reference before the presiding judge issues adverse rulings against a defendant that would lead it to seek a different forum. *Align Strategic Partners*, 2019 WL 2527221 at *4. As noted above, Mr. Scott has not personally had any matter adjudicated by the Bankruptcy Court, but is a Defendant against whom four non-core claims have been asserted and for which Mr. Scott intends to seek a jury trial. Mr. Scott has a good faith right to adjudication of the Claims in federal district court. Mr. Scott is not forum shopping and so this *Holland* factor does not weigh against withdrawal of the reference.

D. **WITHDRAWAL SUPPORTS RESOURCE ECONOMY**

22. Under the next *Holland* factor, this Court must determine whether withdrawal will preserve the parties' resources and promote judicial economy. Here, judicial economy and the preservation of the parties' resources heavily favor withdrawal. While all of the Claims against Mr. Scott are non-core, even if some were core, when "an adversary proceeding encompasses both core and non-core claims, withdrawal of the reference is appropriate because it promotes judicial efficiency." *Byman v. Horwood Marcus & Berk Charteres (In re Align Strategic Partners LLC)*, 2019 WL 2527221 at *2 (Bankr. S.D. Tex. Mar. 5, 2019).

23. Even if the Bankruptcy Court could adjudicate core claims against other Defendants, the reference should be withdrawn so that *all* claims asserted in the Adversary Proceeding can be

resolved in one court proceeding. Courts are clear that "the creation of two sets of proceedings . . . should be avoided" and the need to split claims between courts "weighs in favor of withdrawal in whole." *Id.; see also Mirant Corp.*, 337 B.R. at 122-23 (ordering withdrawal of both core and non-core claims). Keeping the Adversary Proceeding before the Bankruptcy Court will undoubtedly add unnecessary costs, duplicative lawyers of proceedings, and unnecessary delays as any ruling made by the Bankruptcy Court on non-core claims will remain subject to *de novo* review by the District Court. *See Bella Vita Custom Homes*, 2018 WL 2966838, at *2 (supporting immediate withdrawal of reference in part adjudication of claims would require duplicative lawyer of judicial review), *report and recommendation adopted*, 2018 WL 2926149.

E.  **THE FINAL *HOLLAND* FACTORS WEIGH IN FAVOR OF WITHDRAWAL**

24. Next, this Court must assess whether withdrawal of the reference will expedite the bankruptcy process or affect the uniformity of the bankruptcy administration. Both of these factors are largely irrelevant to whether withdrawal of the reference is appropriate in this case because the Debtor's Plan is confirmed, the Effective Date has passed, and this Adversary Proceeding is in its most infant stages.

25. Withdrawal of the reference will not affect the bankruptcy process since Plaintiff commenced the Adversary Proceeding *after* the Effective Date of the Debtor's Plan. *Jenkins*, 2008 Bankr. LEXIS 2071, at *16; *see also Mirant*, 337 B.R. at 123 ("[T]he expediting-the-bankruptcy-process factor is not relevant . . . now that [the bankruptcy judge] has confirmed the plan."); *Mobley v. Quality Lease & Rental Holdings, LLC (In re Quality Lease & Rental Holdings, LLC)*, 2016 WL 416961, at *6 (Bankr. S.D. Tex. Feb. 1, 2016) (withdrawal appropriate, in part, because the debtor had confirmed a liquidating chapter 11 plan), report and recommendation adopted, 2016 WL 11644051 (S.D. Tex. Feb. 29, 2016).

26. Further, withdrawal of the reference will not disrupt the uniformity of the bankruptcy administration because the Debtor's estate has been administered, and this Adversary Proceeding is in its earliest stages. Courts analyzing this factor consider whether the bankruptcy court has focused on procedural or substantive issues raised in the adversary proceeding, and whether switching forums would affect consistency in the administration of the Debtor's bankruptcy case. *EbaseOne*, 2006 WL 2405732, at *4 (finding that withdrawal was appropriate where the "[c]ourt has not focused on any procedural or substantive issues in this [a]dversary [p]roceeding other than" the motion to withdraw the reference); *see also Johnson v. Williamson (In re Brit. Am. Props. III, Ltd.)*, 369 B.R. 322, 327 (Bankr. S.D. Tex. 2007) (favoring withdrawal because the "[c]ourt ha[d] not spent any significant time becoming familiar with the facts of the underlying complaint" and only two motions had been filed).

27. Here, the Bankruptcy Court has not ruled on any substantive pleading or procedural issue. Defendants still have weeks before they must file pleadings responsive to the Complaint. Aside from exchanging initial disclosures, the parties to the Adversary Proceeding have not conducted any fact discovery. Withdrawing the reference will not disrupt the uniformity of the bankruptcy administration. Accordingly, this factor weighs in favor of withdrawal of the reference.

### F.    BANKRUPTCY COURT LACKS JURISDICTION

28. To the extent applicable, Mr. Scott joins and incorporates by reference all arguments regarding the Bankruptcy Court's lack of jurisdiction to adjudicate core and non-core matters in this Adversary Proceeding asserted by the Okada Parties and Former Employee Defendants, as set forth in their *Memorandum of Law in Support of the Okada Parties' Motion to Withdraw the Reference* [Adv. Dkt. No. 37] and *Brief in Support of Motion to Withdraw the Reference for the Causes of Action in the Complaint Asserted Against the Former Employee Defendants* [Adv. Dkt. No. 28] respectively.

## III.
## CONCLUSION

29. As provided above, substantially all of the *Holland* factors weigh in favor of withdrawing the reference as to the Claims asserted by Plaintiff against Mr. Scott. Accordingly, immediate withdrawal is appropriate.

WHEREFORE, Mr. Scott prays that this Court grant its Motion and enter an order withdrawing the reference to the District Court.

DATED: January 26, 2022

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ John J. Kane*
      John J. Kane
      State Bar No. 24066794
      Brian W. Clark
      State Bar No. 24032075
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone - (214) 777-4200
Telecopier - (214) 777-4299
E-mail: jkane@krcl.com
E-mail: bclark@krcl.com

**ATTORNEYS FOR DEFENDANT
GRANT JAMES SCOTT**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on January 26, 2022, I discussed the relief requested in this motion with Plaintiff's counsel, Quinn Emanuel Urquhart & Sullivan, LLP. Counsel informed me that Plaintiff opposes to relief requested in the Motion.

                                                 */s/ John J. Kane*
                                                 John J. Kane

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2022, a true and correct copy of the foregoing document was served via the Court's electronic case filing system (ECF) upon all parties receiving such service in this adversary proceeding.

                                                 */s/ John J. Kane*
                                                 John J. Kane