Deborah Deitsch-Perez
Michael P. Aigen
**STINSON LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Facsimile: (214) 560-2203

*Counsel for Defendant NexPoint Advisors, L.P.
and Highland Capital Management Fund Advisors, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **In re:** <br><br> **HIGHLAND CAPITAL MANAGEMENT, L.P.,** <br><br> **Reorganized Debtor.** | **Chapter 11** <br><br> **Case No. 19-34054-sgj11** |
| **MARC S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST,** <br><br> **Plaintiff,** <br><br> v. <br><br> **JAMES D. DONDERO; MARK A. OKADA; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; FRANK WATERHOUSE; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP.; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; SAS ASSET RECOVERY, LTD.; AND CPCM, LLC,** <br><br> **Defendants.** | **Adv. Pro. No. 21-03076-sgj** |

**TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT ........................... 1

II. ARGUMENT ................................................................................................................. 2

    A. Defendants Have Demonstrated That This Adversary Proceeding Requires Substantial Consideration Of Federal Securities Law Triggering Mandatory Withdrawal. ........................................................................................................... 2

    B. Defendants Have Demonstrated That This Adversary Proceeding Requires Substantial Consideration Of Federal Tax Law Triggering Mandatory Withdrawal. ........................................................................................................... 5

    C. Immediate Permissive Withdrawal Should Occur Where, As Here, Plaintiff Concedes That Defendants Have Jury Trial Rights. ............................................. 6

    D. The Bankruptcy Court Lacks Subject Matter Jurisdiction Over the Non-Core Causes of Action. ................................................................................................... 8

III. CONCLUSION .............................................................................................................. 9

CORE/3522697.0002/173117187.6

# TABLE OF AUTHORITIES

                                                                                                 **Page(s)**

**Cases**

*In re Align Strategic Partners LLC*,
   2019 WL 2527221 (Bankr. S.D. Tex. Mar. 5, 2019) .............................................................. 7, 8

*GenOn Mid-Atl. Dev., LLC v. Natixis Funding Corp.*,
   No. 4:19-CV-3078, 2020 WL 429880 (S.D. Tex. Jan. 28, 2020) ............................................. 7

*In re Clay*,
   35 F.3d 190 (5th Cir. 1994) ....................................................................................................... 7

*In re Contemporary Lithographers, Inc.*,
   127 B.R. 122 (M.D. N. Car. 1991) ....................................................................................... 3, 4

*In re Dallas Roadster, Ltd.*,
   Adv. N. 13-4033, 2013 WL 5758632 (Bankr. E.D. Tex. Sept. 27, 2013) ................................ 6

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*,
   439 F.Supp.2d 692 (S.D. Tex. 2006) ........................................................................................ 2

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
   No. CIV.A. H-01-3624, 2006 WL 6892915 (S.D. Tex. Dec. 4, 2006) ..................................... 2

*Holtz v. JPMorgan Chase Bank, N.A.*,
   846 F.3d 928 (7th Cir. 2017) ..................................................................................................... 4

*Lifemark Hospitals of Louisiana, Inc. v. Liljeberg Enterprises, Inc.*,
   161 B.R. 21 (E.D. La. 1993) .................................................................................................. 4, 5

*Mirant Corp. v. Southern Co.*,
   337 B.R. 107 (N.D. Tex. 2006) ................................................................................................ 6

*In re MPF Holding US LLC*,
   2013 WL 12146958 (Bankr. S.D. Tex. Apr. 26, 2013) ............................................................ 7

*In re National Gypsum Co.*,
   145 B.R. 539 (N.D. Tex. 1992) ............................................................................................ 4, 6

*In re Orion Pictures Corp.*,
   4 F.3d 1095 (2d Cir. 1993) ........................................................................................................ 7

*Picard v. Flinn Investments, L.C.*,
   463 B.R. 280 (S.D.N.Y. 2011) .................................................................................................. 5

*In re Quality Lease & Rental Holdings, LLC*,
    No. 14-60074, 2016 WL 416961 (Bankr. S.D. Tex. Feb. 1, 2016) ........................................7, 8

*In re Sherwin Alumina Co., LLC*,
    No. 16-20012, 2016 WL 11188458 (Bankr. S.D. Tex. Dec. 21, 2016) ......................................6

*Tex. United Hous. Program, Inc.* v. *Wolverine Mortg. Partner Ret.*,
    2017 WL 3822754 (N.D. Tex. Jul. 18, 2017) ............................................................................6

**Rules and Statutes**

26 U.S.C. § 6502 ..............................................................................................................................1, 5

26 U.S.C. § 6901 .................................................................................................................................1

28 U.S.C. § 157(d) ..............................................................................................................................1

28 U.S.C. § 157(e) ...............................................................................................................................1

N. D. Tex. Bankr. Local R. 5011-1(a)(8)(C) ......................................................................................7

**Other Authorities**

SEC Investment Company Act of 1940, Release No. 28908 .............................................................3

## REPLY IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE

Pursuant to 28 U.S.C. §§ 157(d) and (e), Federal Rule of Bankruptcy Procedure 5011 and Local Rule 5011-1, Defendants NexPoint and HCMFA hereby file this reply in response to *The Litigation Trustee's Response in Opposition to Defendants' Motion* [the "Motion"] *to Withdraw the Reference* [Dkt. No. 95] (the "Response") filed by Marc S. Kirschner, as Litigation Trustee of the Litigation Sub-Trust, and in further support of their Motion, Defendants respectfully state as follows:[1]

### I. PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT[2]

1. Contrary to Plaintiff's argument, Defendants have established that mandatory withdrawal is required because determination of the claims against them require substantial consideration of federal securities law and federal tax law. Whether Plaintiff can avoid these transfers will include the determination of whether the creation and funding of NexPoint and HCMFA were fraudulent, which will necessarily include determining whether the challenged transactions fall within an exemption *expressly granted* by the U.S. Securities and Exchange Commission, a substantial and disputed federal securities question. Whether Plaintiff can avoid transfers that occurred nearly a decade prior to the Complaint will also require material and substantial interpretation of at least two federal tax statutes—26 U.S.C. § 6502 and 26 U.S.C. § 6901.

---

[1] Defendants use the same abbreviations as they used in their Motion.

[2] Defendants also join in the *Reply in Support of Motion to Withdraw the Reference of the Causes of Action in the Complaint Asserted Against the Former Employee Defendants*, the *Reply in Support of the Okada Parties' Motion to Withdraw the Reference*, and the replies of the other defendants in this Adversary Proceeding. To the extent the arguments of other defendants, including specifically the Former Employee Defendants and the Okada parties are applicable to the arguments asserted with respect to Defendants, Defendants incorporate them by reference as though fully set forth herein.

2. In addition, withdrawal is appropriate because Plaintiff has asserted non-core claims against Defendants for which Defendants have jury trial rights that the Bankruptcy Court cannot constitutionally provide. The existence of non-core claims and Defendants' jury trial rights have been conceded by Plaintiff. Accordingly, the question of whether the District Court must hear these proceedings is not a question of "if" but rather of "when."

3. Given that the District Court must ultimately decide the matters presented in the Complaint, considerations of judicial economy and uniformity of decisions are strong reasons that the reference should be withdrawn for all purposes, and not merely for trial as Plaintiff proposes.

## II.    ARGUMENT

### A. Defendants Have Demonstrated That This Adversary Proceeding Requires Substantial Consideration Of Federal Securities Law Triggering Mandatory Withdrawal.

As detailed in the Motion, Plaintiff's claims implicate serious, novel and complex questions of federal securities laws that require withdrawal of the reference. Plaintiff does not dispute that NexPoint and HCMFA were both *created* pursuant to federal securities laws and from creation to the present are closely regulated by the SEC. Nor does the Trustee dispute that the Debtor is an affiliated person of NexPoint and HCMFA as defined in the federal securities laws. Since Plaintiff is alleging that the *creation* of these entities (the subject of a public filing and an SEC order) was fraudulent and is seeking to avoid the SEC-approved transfers among these entities as fraudulent, the resolution of the claims in this belated challenge to the creation and funding of NexPoint and HCMFA will implicate novel and complex questions of federal securities laws, requiring withdrawal of the reference.[3]

---

[3] *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 439 F.Supp.2d 692, 717 (S.D. Tex. 2006), on reconsideration sub nom. *In re Enron Corp. Sec., Derivative & ERISA Litig.*, No. CIV.A. H-01-3624, 2006 WL 6892915 (S.D. Tex. Dec. 4, 2006) (securities laws are implicated by allegations relating to the creation and financing of sham entities).

4. The primary alleged "fraudulent transfers" that Plaintiff claims represented a breach of fiduciary duties were the creation and funding of NexPoint and HCMFA. Plaintiff does not dispute that some or all of these challenged transactions between Highland Capital Partners and Highland Funds Asset Management, L.P. (n/k/a HCMFA) were expressly reviewed and approved by the SEC in connection with transactions between these related entities.[4] As explicitly stated in the Motion, and unrebutted in the Response, whether and to what extent the SEC approval of these transactions operates as a complete defense to the allegations is a complex and novel securities question at the center of the claims against NexPoint and HCMFA. It is impossible to resolve any allegation that the creation and funding of NexPoint and HCMFA were fraudulent without considering *at the very same time* whether the challenged transactions fall within an exemption *expressly granted* by the SEC. At a minimum, the right to relief depends upon the resolution of a substantial and disputed federal securities question.

5. In light of the SEC's grant of an exemption in connection with the challenged transfers, Plaintiff's reliance on *In re Contemporary Lithographers*, *Inc.* (Response at 20) is both surprising and disingenuous. The quotation that Plaintiff provides indicates that mandatory withdrawal is not required when "no federal regulation applies to the dispute at hand."[5] Here, as in *In re Contemporary Lithographers, Inc.*, Plaintiff seeks to challenge conduct that is *directly regulated* by the SEC and at least in some instances the subject of a *specific* grant of exemption by the SEC as a violation of state common law principles. Indeed, in the very case Plaintiff cites as a reason to reject withdrawal of the reference, the court reached the correct – and noncontroversial – conclusion that where a "federal question will affect the outcome of the

---

[4] *See, e.g.,* SEC Investment Company Act of 1940 Release No. 28908 (granting exemptions for related entity transactions) (available at https://www.sec.gov/rules/ic/2009/ic-28908.pdf).

[5] *In re Contemporary Lithographers, Inc.*, 127 B.R. 122, 125 (M.D. N. Car. 1991).

proceeding mandatory withdrawal applies."[6] Since Plaintiff's allegations, if accepted, would run directly contrary to an exemption conferred by the SEC, this federal securities law question requires withdrawal of the reference.

6. Plaintiff then erects a strawman, contending that NexPoint and HCMFA are seeking to exempt all federally registered investment companies from being pursued in bankruptcy. (Response at 20.) Plaintiff is incorrect. NexPoint and HCMFA are advocating for application of a simple, well-supported premise of federal bankruptcy law: where the proceeding involves a substantial question of non-bankruptcy code federal law that has more than a *de minimis* effect on interstate commerce,[7] withdrawal of the reference is required. All of the cases cited by Plaintiff in opposition support this principle and, in fact, granted the motion to withdraw the reference at issue.[8]

7. Additionally, the fact that Plaintiff asserts only state law claims does not warrant denial of the motion to withdraw the reference. Indeed, such inartful attempts to disguise federal securities law issues as state law claims are commonplace. The core of these state law claims "in which one party to a contract [allegedly] conceals the fact that it planned all along to favor its own interests- is a staple of federal securities law."[9]

8. Finally, there is nothing "speculative" about the securities law questions that will be at the center of the claims against NexPoint and HCMFA. The transfers that Plaintiff is

---

[6] *Id.*, at 127.

[7] Plaintiff does not suggest that the transactions fail to implicate interstate commerce. Therefore, this requirement has been conceded.

[8] *See Lifemark Hospitals of Louisiana, Inc. v. Liljeberg Enterprises, Inc.*, 161 B.R. 21, 25 (E.D. La. 1993) (granting motion to withdraw the reference because "'substantial and material' consideration of non-bankruptcy federal law is needed"); *In re National Gypsum Co.*, 145 B.R. 539, 542 (N.D. Tex. 1992) (same).

[9] *Holtz v. JPMorgan Chase Bank, N.A.*, 846 F.3d 928, 932 (7th Cir. 2017).

challenging were made and disclosed pursuant to the federal securities laws. As in *Picard v. Flinn Investments, L.C.*, 463 B.R. 280, 285 (S.D.N.Y. 2011), whether these transfers can be avoided in bankruptcy "requires 'significant interpretation' of the securities laws." And although Plaintiff claims in response that "Bankruptcy courts routinely consider these types of [securities] issues" (Response at 21), the Response contains no citations to any bankruptcy court anywhere considering these or similar federal securities issues. Even in the case that Plaintiff cites to oppose withdrawal on the basis that it is speculative, *Lifemark Hospitals of Louisiana,* the Bankruptcy Court granted the motion to withdraw the reference.[10]

9. This Court should reach the same conclusion reached in every decision cited by the parties and withdraw the reference. As the Court in *Picard* concluded, withdrawal of the reference to the bankruptcy court is mandatory "in order to undertake the 'significant interpretation' of securities laws necessary" to resolve these questions."[11]

**B.  Defendants Have Demonstrated That This Adversary Proceeding Requires Substantial Consideration Of Federal Tax Law Triggering Mandatory Withdrawal.**

10. As well-explained in the replies of the Former Employee Defendants and the Okada Defendants, among others, Plaintiff misunderstands Defendants' argument concerning the tax issue that requires mandatory withdrawal. It is not whether and how section 544(b) of the Bankruptcy Code may or may not apply here. Rather the question is whether under section 6502 the IRS itself would have had the authority to avoid transfers that occurred ***before any tax assessment against HCMLP***. The latter is a complex and open question of federal tax law that requires "substantial and material consideration," necessitating immediate mandatory withdrawal

---

[10] *Lifemark Hospitals of Louisiana, Inc.*, 161 B.R. at 25 (granting motion to withdraw the reference because "substantial and material consideration of non-bankruptcy federal law" is needed).

[11] *Picard v. Flinn Investments, L.C.*, 463 B.R. at 285.

CORE/3522697.0002/173117187.6

of the reference.¹² In the interests of efficiency, Defendants adopt in full as if set forth herein the replies of the Former Employee Defendants and the Okada Defendants, which amply detail the arguments and authorities establishing why mandatory withdrawal is required as a result of the tax issues present in this Adversary Proceeding.

**C.  Immediate Permissive Withdrawal Should Occur Where, As Here, Plaintiff Concedes That Defendants Have Jury Trial Rights.**

11.  Plaintiff concedes that there are at least "*some* non-core claims and claims on which Defendants have a right to a jury trial." (Response at 33 n.40). Because Plaintiff has admitted that Defendants are entitled to a jury trial that the Bankruptcy Court cannot conduct, this Court must recommend withdrawal of the reference to the District Court.¹³ Moreover, "[w]hen core and non-core matters are raised in an adversary proceeding, withdrawal of the reference promotes the most efficient use of judicial resources."¹⁴

12.  The existence of non-core claims and Defendants' entitlement to a jury trial, means that the Bankruptcy Court cannot fully adjudicate all matters arising out of the Complaint. At the very least, the District Court must conduct a jury trial at some point in these proceedings. Given the early stages of these proceedings, immediate withdrawal of the reference would promote judicial economy and the uniformity of decisions. Plaintiff objects, contending that Defendants are forum shopping and that the "usual protocol" should be followed – *i.e.*, while the reference should

---

¹² *U.S. Gypsum Co.* v. *Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 145 B.R. 539, 541 (N.D. Tex. 1992); *Tex. United Hous. Program, Inc.* v. *Wolverine Mortg. Partner Ret.*, 2017 WL 3822754, at *7 (N.D. Tex. Jul. 18, 2017).

¹³ *In re Sherwin Alumina Co., LLC*, No. 16-20012, 2016 WL 11188458, at *2 (Bankr. S.D. Tex. Dec. 21, 2016) (holding where legal and equitable relief pled, legal claims predominate, jury trial right exists, withdrawal is necessary).

¹⁴ *In re Dallas Roadster, Ltd.*, Adv. N. 13-4033, 2013 WL 5758632 at *2 (Bankr. E.D. Tex. Sept. 27, 2013) (citing *Mirant Corp. v. Southern Co.*, 337 B.R. 107, 122 (N.D. Tex. 2006) (holding that judicial economy would be served by the district court adjudicating both core and non-core claims because this: (1) eliminated the prospect of a bankruptcy appeal regarding the core claims and (2) dispensed with the need for the district court to conduct *de novo* review regarding non-core claims).

be withdrawn, the case should be remanded back to the Bankruptcy Court to handle pre-trial matters until such time as the case is trial-ready.[15]

13. But it is not "forum shopping" as plaintiff contends, to seek to have the District Court preside over a proceeding it will eventually be required to preside over in any event. Plaintiff's discussion of forum shopping is just an excuse to recount irrelevant instances in which the Bankruptcy Court has previously expressed negative opinions about Defendants (and various affiliates of Defendants), demonstrating that it is Plaintiff who is forum shopping, going so far as to bring claims over which the Bankruptcy Court's jurisdiction is questionable,[16] at the risk of having those claims dismissed, rather than litigate in a forum other than the one he wants. These circumstances make this case a poster child for immediate withdrawal of the reference ***without a remand back***, justifying a departure from the "usual protocol," which, in any event, is not a hard and fast rule.

14. Courts in the Fifth Circuit and elsewhere do recommend immediate withdrawal for all purposes in these circumstances.[17] As in *Quality Lease*, the reference should be withdrawn here immediately, not just for trial. An "immediate withdrawal of the entire adversary proceeding"

---

[15] Response, p. 23, ¶ 35 (citing, *inter alia,* N. D. Tex. Bankr. Local R. 5011-1(a)(8)(C) and quoting "the motion be granted but that pre-trial matters be referred to the bankruptcy judge.").

[16] *See* Section II.D *infra*.

[17] *In re Align Strategic Partners LLC*, 2019 WL 2527221, at *5 (Bankr. S.D. Tex. Mar. 5, 2019) (recommending that the reference be immediately withdrawn based on defendant's right to a jury trial); *In re Quality Lease & Rental Holdings, LLC*, No. 14-60074, 2016 WL 416961, at *5-6 (Bankr. S.D. Tex. Feb. 1, 2016) (report and recommendation adopted) (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1099-1101 (2d Cir. 1993) and *In re Clay,* 35 F.3d 190, 196–97 (5th Cir. 1994)); *In re MPF Holding US LLC*, 2013 WL 12146958, at *3 (Bankr. S.D. Tex. Apr. 26, 2013) (recommending immediate withdrawal to "allow the District Court to gain familiarity with the facts of the Adversary Proceeding before trial"); *c.f.*, *GenOn Mid-Atl. Dev., LLC v. Natixis Funding Corp.*, No. 4:19-CV-3078, 2020 WL 429880, at *4 (S.D. Tex. Jan. 28, 2020) (even when jury right not at stake, where non-core claims predominate, withdrawal appropriate). As in *Quality Lease*, the reference should be withdrawn here immediately, not just for trial. "If the bankruptcy court were to try the case and then enter a judgment on core claims and a report and recommendation to the district court on the non-core claims, the ultimate resolution would be complex and time-consuming." 2016 WL 416961, at *6.

for all purposes is the "most efficient course of action" when only the district court can try all of the claims.[18] Immediate withdrawal for all purposes is obviously all the more appropriate, when, as addressed below, not only is the district court the only court that could try the entire case, it is the only court that has jurisdiction over the entire case.

15. Where, as here, an adversary proceeding encompasses both core and non-core claims and jury trial rights, immediate withdrawal of the reference is appropriate because it promotes judicial efficiency by enabling the District Court to "to gain familiarity with the facts of the Adversary Proceeding before trial, and then hold a jury trial on all of the Avoidance [and other] Claims."[19] In a case of this complexity, it is all the more important for the District Court to control the development of the case.

### D. The Bankruptcy Court Lacks Subject Matter Jurisdiction Over the Non-Core Causes of Action.

16. As well-explained in the replies of Former Employee Defendants and the Okada Defendants, among others, the Bankruptcy Court lacks jurisdiction over the post-confirmation non-core claims against the Defendants. In the interests of efficiency, Defendants adopt in full as if set forth herein the replies of the Former Employee Defendants and the Okada Defendants, which amply detail the arguments and authorities demonstrating that the Bankruptcy Court lacks subject matter jurisdiction and establishing why immediate withdrawal of the reference is appropriate in such circumstances.

---

[18] *In re Quality Lease & Rental Holdings, LLC*, 2016 WL 416961, at *6 (Bankr. S.D. Tex. Feb. 1, 2016) ("If the bankruptcy court were to try the case and then enter a judgment on core claims and a report and recommendation to the district court on the non-core claims, the ultimate resolution would be complex and time-consuming.").

[19] *Align*, 2019 WL 2524938 at *4.

### III. CONCLUSION

WHEREFORE, Defendants respectfully request that the District Court grant the Motion, immediately withdraw the reference of the Adversary Proceeding to the District Court, and grant Defendants such further and relief to which they are entitled.

Dated: March 14, 2022

Respectfully submitted,

**STINSON LLP**

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
Texas State Bar No. 24036072
Michael P. Aigen
Texas State Bar No. 24012196
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

**ATTORNEYS FOR DEFENDANTS
NEXPOINT ADVISORS, L.P. AND
HIGHLAND CAPITAL MANAGEMENT
FUND ADVISORS, L.P.**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that, on the 14th day of March, 2022, a true and correct copy of this document was served electronically via the Court's CM/ECF system.

                                               */s/Deborah Deitsch-Perez*
                                               Deborah Deitsch-Perez