# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.<br><br>Debtor. | Case No. 19-34054 (SGJ) |
| MARC S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST,<br><br>*Plaintiff*<br><br>v.<br><br>JAMES D. DONDERO; MARK A. OKADA; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; FRANK WATERHOUSE; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP.; HIGHLAND | Adv. Pro. No. 21-03076-sgj<br><br>THE DONDERO DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO WITHDRAW THE REFERENCE |

DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; SAS ASSET RECOVERY, LTD.; AND CPCM, LLC,

*Defendants.*

**THE DONDERO DEFENDANTS' REPLY IN SUPPORT OF**
**MOTION TO WITHDRAW THE REFERENCE**

James Dondero, Dugaboy Investment Trust, Get Good Trust, and Strand Advisors, Inc. (collectively, the "Dondero Defendants") hereby file this Reply in Support of the Motion to Withdraw the Reference (the "***Reply***"), and respectfully state as follows:

**PRELIMINARY STATEMENT**

Nothing in the Litigation Trustee's Response in Opposition to Defendants' Motions to Withdraw the Reference (the "***Opposition***") [Dkt. No. 95] changes that the reference must be withdrawn to the District Court. For the reasons set forth in the Motion, this Reply, and the replies of all other defendants in this Adversary Proceeding, the reference should be immediately withdrawn.[1]

**ARGUMENT AND AUTHORITIES**

**I. The Litigation Trustee Concedes The Reference Must Be Withdrawn.**

Critically, the Litigation Trustee's Opposition concedes that there are at least "some non-core claims and claims on which Defendants have a right to a jury trial." *See* Opposition, Dkt. No.

---

[1] For the convenience of the Court and the parties, the Dondero Defendants hereby join in and adopt the points and authorities offered in the Reply in Support of Motion to Withdraw the Reference of the Causes of Action in the Complaint Asserted Against the Former Employee Defendants, the Reply in Support of the Okada Parties' Motion to Withdraw the Reference, and the replies of the other defendants in this Adversary Proceeding. To the extent the arguments set forth in the other defendants' replies—which respond to the Litigation Trustee's single Opposition to all pending motions to withdraw the reference—also apply with respect to the Dondero Defendants, those arguments are hereby incorporated by reference as if fully set forth herein.

2

95, ¶ 45 n.40. The Dondero Defendants have not waived their jury trial rights and, as a result, the Bankruptcy Court cannot finally adjudicate the majority of the claims asserted against the Dondero Defendants. *See* Dkt. 45 at 11-14. Immediate withdrawal of the reference is warranted for this reason alone. *See In re Align Strategic Partners LLC*, 2019 WL 2527221, at *5 (Bankr. S.D. Tex. Mar. 5, 2019) (recommending that the reference be immediately withdrawn based on defendant's right to a jury trial). Further, where, as here, an adversary proceeding encompasses both core and non-core claims and jury trial rights, immediate withdrawal of the reference promotes judicial efficiency by enabling the District Court to "to gain familiarity with the facts of the Adversary Proceeding before trial." *See In re Quality Lease & Rental Holdings, LLC*, 2016 WL 416961, at *6 (Bankr. S.D. Tex. Feb. 1, 2016) ("If the bankruptcy court were to try the case and then enter a judgment on core claims and a report and recommendation to the district court on the non-core claims, the ultimate resolution would be complex and time-consuming.").

Mandatory withdrawal is also required because the claims asserted against the Dondero Defendants involve substantial and material consideration of federal tax and securities laws. *See* Dkt. No. 45 at 10 n.2; *see also* NexPoint Advisors, L.P. and HCMFA's Motion to Withdraw the Reference, Dkt No. 40 at 5-13.

II.    **Immediate Withdrawal Is Warranted.**

The Litigation Trustee's Opposition completely ignores that under binding Fifth Circuit precedent, the Bankruptcy Court has no jurisdiction to adjudicate the numerous state law-based claims asserted against the Dondero Defendants. The Litigation Trustee does not even address that *Craig's Stores* narrowed the Bankruptcy Court's post-confirmation jurisdiction and rejected the argument that jurisdiction continues to exist if a dispute is "related to" the bankruptcy in satisfaction of 28 U.S.C. § 1334(b). *See Bank of La.* v. *Craig's Stores of Tex., Inc.* (*In re Craig's*

*Stores of Tex., Inc.*), 266 F.3d 388, 390 (5th Cir. 2001). As set forth in the replies of the Former Employee Defendants, the Okada Parties, and NexPoint and HCMFA, the Litigation Trustee does not provide any basis for the Court to find that any of the *Craig's Stores* factors have been satisfied. Under binding Fifth Circuit precedent, the Bankruptcy Court lacks post-confirmation jurisdiction over the non-core claims set forth in the Kirschner Complaint and the reference must therefore be withdrawn. *See* Dkt. No. 45 at 7-10.

## **CONCLUSION**

For all of these reasons, and set forth fully in the Dondero Motion and in the Replies, the Dondero Defendants respectfully request that the Court immediately withdraw the reference of the Kirchner Complaint from the United States Bankruptcy Court for the Northern District of Texas to the United States District Court for the Northern District of Texas.

Dated: March 14, 2022

Respectfully submitted,

DLA PIPER LLP (US)

*/s/ Amy L. Ruhland*
Amy L. Ruhland (Rudd)
Texas Bar No. 24043561
Amy.Ruhland@us.dlapiper.com
303 Colorado Street, Suite 3000
Austin, TX 78701
Tele: 512.457.7000

Jason M. Hopkins
Texas Bar No.24059969
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Tel: 214-743-4500/Fax: 214-743-4545
Email: jason.hopkins@us.dlapiper.com

*Attorneys for Defendants James Dondero, Dugaboy Investment Trust, Get Good Trust, and Strand Advisors, Inc.*