# EXHIBIT 9

SIDLEY AUSTIN LLP
Penny P. Reid
Paige Holden Montgomery
Juliana L. Hoffman
2021 McKinney Avenue
Suite 2000
Dallas, Texas 74201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

Matthew A. Clemente (admitted *pro hac vice*)
Dennis M. Twomey (admitted *pro hac vice*)
Alyssa Russell (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Susheel Kirpalani (*pro hac vice* pending)
Deborah J. Newman (*pro hac vice* pending)
Benjamin I. Finestone (*pro hac vice* pending)
Jordan Harap (*pro hac vice* pending*)
51 Madison Avenue
Floor 22
New York, NY 10010
Telephone: (212) 849-7000

*Counsel for Marc S. Kirschner, as Litigation Trustee of the Highland Capital Management, L.P. Litigation Sub-Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) ) | Case No. 19-34054-sgj11 |
| Debtor. | ) ) ) | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

1

**OMNIBUS REPLY OF THE LITIGATION TRUSTEE IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE EXAMINATION OF RULE 2004 PARTIES PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE[2]**

Marc S. Kirschner, as trustee (the "Litigation Trustee") of the Litigation Sub-Trust[3] established pursuant to the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.*, files this omnibus reply (the "Reply") to the objections of certain Rule 2004 Parties.[4] In support of this Reply, the Litigation Trustee respectfully states as follows:

1. The Committee filed the Rule 2004 Motion to ensure that the Litigation Trustee is able to obtain documentary and testimonial evidence relating to potential estate causes of action

---

[2] Capitalized terms not defined in this Reply have the meaning ascribed to them in the Rule 2004 Motion (Dkt. 2620).

[3] The Effective Date of the Plan occurred on August 11, 2021. *See* Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (Dkt. 2700). As such, the Litigation Trustee has substituted for the Committee and Litigation Advisor as Movant in connection with the Rule 2004 Motion. The Litigation Sub-Trust was created to investigate and litigate all Estate Claims and Causes of Action. Any argument that the Litigation Trustee does not have standing to pursue Rule 2004 discovery is contrary to the express language of the Plan and clearly without merit.

[4] *See* Limited Objection of James Dondero to the Motion of the Official Committee of Unsecured Creditors and the Litigation Advisor for Entry of an Order Authorizing the Examination of Rule 2004 Parties Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Dondero Objection") (Dkt. 2714); Limited Objection to the Motion of the Official Committee of Unsecured Creditors and the Litigation Advisor for Entry of an Order Authorizing the Examination of Rule 2004 Parties Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Trusts' Objection") (Dkt. 2715); Objection of the Advisors to the Committee's Motion for Rule 2004 Examination (the "Advisors' Objection") (Dkt. 2716); Limited Objection of NexPoint Strategic Opportunities Fund to Committee's Rule 2004 Motion for Examination of Various Entities (the "NSOF Objection") (Dkt. 2717); Objection to the Motion of the Official Committee of Unsecured Creditors and the Litigation Advisor for Entry of an Order Authorizing the Examination of Rule 2004 Parties Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Charities' Objection") (Dkt. 2718); Limited Objection and Reservation of Rights of Mark Okada and Certain Affiliated Entities to Motion of the Official Committee of Unsecured Creditors and the Litigation Advisor for Entry of an Order Authorizing the Examination of Rule 2004 Parties Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Okada Objection") (Dkt. 2721); NexPoint Re Entities' Joinder to Objections to the Committee's and Litigation Advisor's Rule 2004 Motion (the "Joinder") (Dkt. 2722); the Reservation of Rights and Limited Objection of Nancy Dondero to Motion of the Official Committee of Unsecured Creditors and the Litigation Advisor for Entry of an Order Authorizing the Examination of Rule 2004 Parties Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Nancy Dondero Objection") (Dkt. 2723); Objection to the Motion of the Official Committee of Unsecured Creditors and the Litigation Advisor for Entry of an Order (the "Foundations' Objection") (Dkt. 2724); the Reservation of Rights Regarding Motion of the Official Committee of Unsecured Creditors and the Litigation Advisor for Entry of an Order Authorizing the Examination of Rule 2004 Parties Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Former Employees' Objection") (Dkt. 2725); Grant Scott's Limited Objection to the Official Committee of Unsecured Creditors' Emergency Motion for Rule 2004 Examination (the "Scott Objection") (Dkt. 2726).

that are not currently in the Debtor's or Litigation Trustee's possession, custody, or control. The Litigation Trustee submits this Reply in response to the Dondero Objection, the Trusts' Objection, the Advisors' Objection, the NSOF Objection, the Charities' Objection, the Okada Objection, the Nancy Dondero Objection, the Foundations' Objection, the Former Employees' Objection, and the Scott Objection (collectively, the "<u>Objections</u>," and the parties on whose behalf the Objections were filed, the "<u>Objectors</u>").

2. ***First***, as counsel for the Litigation Trustee has clarified numerous times to counsel for the Objectors, through the Rule 2004 Motion, the Litigation Trustee requests only that the Court authorize service of subpoenas on the Rule 2004 Parties pursuant to Rule 2004. The Litigation Trustee does not request that the Court (i) compel the production of any particular documents; (ii) determine the permissible scope of any depositions; or (iii) limit the ability of any Rule 2004 Party to object to any forthcoming subpoena's relevance or scope. Rather, if the Litigation Trustee's Motion is granted, the Litigation Trustee intends to meet and confer with counsel for the Rule 2004 Parties in order to understand the materials that each of their clients currently have within their possession, custody, or control; to address any objections as to scope or relevance; and to address any other topics that will facilitate efficiency in the discovery process and the Litigation Trustee's investigation. In the event that all objections are not so resolved, then the Rule 2004 Parties' right to quash and/or limit the scope of the subpoenas (and the Litigation Trustee's right to move to compel production) will be preserved. For the avoidance of doubt, the Trustee submits as **<u>Exhibit A</u>** to this Reply a revised proposed order granting the Rule 2004 Motion, specifically stating that "[a]ll rights of any party to object in accordance with the applicable rules to scope, timing, or logistics of the subpoenas or to seek to compel production of

3

documents or attendance at deposition are reserved until such time as such objections or motions would be due after service of the subpoenas."

3. **Second**, the Litigation Trustee does not seek any documents or other evidence that he already has or is able to access from the Debtor. Indeed, as stated repeatedly throughout the Rule 2004 Motion, the Litigation Trustee seeks only "documents that are not currently in the Debtor's possession." *See* Rule 2004 Motion ¶¶ 24, 29, 39, 40; *see also id.* ¶ 65 ("Disclosure on these examination topics solely from the Debtor is insufficient because the matters at issue … involve suspicions of misconduct that may hinder voluntary and full disclosure by knowledgeable persons and entities currently affiliated with the Debtor. ***The examination will seek information that is not currently in the Debtor's possession.***") (emphasis added). While the Litigation Trustee has gained access to information in the Debtors' possession—some of which was produced pursuant to the Committee's *Emergency Motion to Compel Production by the Debtor* (Dkt. No. 808) (the "<u>Motion to Compel</u>") or other discovery requests, and some of which became available to the Litigation Trustee only recently upon the Effective Date)—it has become clear to the Litigation Trustee that certain Debtor transactions cannot be fully understood absent additional information from other parties. Accordingly, the Litigation Trustee seeks authority to propound discovery under Rule 2004 to obtain information that cannot be obtained from the Debtor. To the extent any recipient of any Rule 2004 discovery certifies that it does not have within its (or his or her) possession, custody, or control requested information that is not also (or exclusively) maintained by the Debtor, the Litigation Trustee does not intend to continue to pursue Rule 2004 discovery from that party.

4. **Third**, many Objectors point to the length of time since the Estate Claims were allocated to the Committee as a basis to deny discovery under Rule 2004. However, the

investigation conducted prior to the engagement of the Litigation Advisor was limited to a high level review of specific transactions and an investigation into the facts set forth in the CLO Holdco Adversary Proceeding. The Committee never filed a motion for production under Rule 2004 before the filing of this Motion, because it was always the Committee's intention that the claims would be investigated primarily by the Litigation Trustee upon his engagement. Prior to the Effective Date, the Committee's access to data was largely limited to portions of certain custodial files maintained by the Debtor, information produced by the Debtor in connection with the Committee's Motion to Compel, and certain documents produced by CLO Holdco. The Committee never took a Rule 2004 deposition, or otherwise engaged in any discovery from the Rule 2004 Parties. As a result, the Objectors' position that the Rule 2004 discovery is unnecessary, because the Committee has already conducted an expansive investigation of estate causes of action, is simply inaccurate.

5.     *Fourth*, the Charities' Objection alleges that the Litigation Trustee seeks "to use Rule 2004 to evade the application of the Federal Rules of Procedure to a pending proceeding." (Charities' Objection ¶ 3). This is untrue. The Litigation Trustee enters this case cognizant of its peculiar procedural posture, wherein the Committee has commenced one action (the "CLO Holdco Action") focused on a small subset of the potential estate causes of action that the Litigation Trustee may assert in furtherance of his mandate to monetize estate claims for the benefit of the beneficiaries of the Litigation Sub-Trust. In recognition of the need to separate the matters that are currently pending from the much broader set of topics that the Litigation Trustee is investigating, the Committee noted in the Rule 2004 Motion that "[t]o the extent any of the Rule 2004 Parties overlap with any defendants in [the CLO Holdco Action], the Committee and the Litigation Advisor have attempted to craft requests that will not touch upon topics properly

5

reserved for discovery through the adversary proceeding." Likewise, the Requests themselves include an instruction omitting any such material, and the individual requests have also been crafted to avoid overlap. The Litigation Trustee intends to meet and confer on the proper scope of discovery with all Rule 2004 Parties, and recognizes that discovery requests directed at certain defendants in the ongoing adversary proceeding may need to be narrower than Rule 2004 would otherwise permit. The pendency of the claims asserted in the CLO Holdco Action, however, is not a valid basis for precluding the Litigation Trustee from investigating other potential estate causes of action, and the impact of the pending proceeding on the parameters of the Litigation Trustee's subpoenas will only ever ripen into a dispute before this Court if the parties are unable to reach agreement following entry of the Rule 2004 order.

6.      *Fifth*, several Objectors incorrectly assert that the Litigation Trustee is not permitted to pursue Rule 2004 discovery because of this Court's order in *In re ADPT DFW Holdings LLC,* No. 17-31432-sgj11 (Mar. 27, 2018). However, in *ADPT*, the Court denied Rule 2004 discovery due to the "unique facts" present in that case, including the significant investigation of claims and causes of action that had already occurred during the bankruptcy case and led to the identification of specific claims, and the fact that there were no deadlines for filing complaints. (*See* Dondero Objection, Ex. A at 65:21-25, 66:11, 94:10-25, 95:1-6). Here, pursuant to the terms of the Plan, the Litigation Trustee is tasked with *investigating* and prosecuting claims and causes of action for the benefit of the Debtor's creditors. (Plan at 10). The Litigation Trustee is seeking Rule 2004 discovery to assist with that investigation. As explained above, the Committee's investigation to date has been limited. Further, while the Committee (and the Litigation Trustee) have identified certain suspicious transactions through their review of documents produced by the Debtor, their understanding of these transactions is limited to the Debtor's perspective only.

Discovery from non-Debtor entities and individuals will allow the Litigation Trustee to better understand the purpose and impact of these transactions, and to fill in gaps in the Debtor's information before he is required to prosecute claims.[5] Finally, as this Court knows, the Litigation Trustee is facing the fast-approaching end of the two-year tolling of statutes of limitations for many potential claims. Rule 2004 discovery will allow the Litigation Trustee to continue a targeted investigation to bring as many potential causes of action as possible within applicable time constraints and to maximize recoveries for the Debtor's creditors. *See In re Mirant Corp.*, 326 B.R. 354, 357 (Bankr. N.D. Tex. 2005) (granting Rule 2004 discovery, noting that "[d]iscovery now, not later, may be critical to ensure that no viable cause of action is lost"); *UBS Securities, LLC, et. al. v. Highland Capital Management, L.P.*, Adv. Pro. No. 213020-SGJ, Hr. Tr. dated June 24, 2021, at 60:10-25 (THE COURT: "[N]owhere in [Rule 2004] is there a reference to it has to be aimed towards maximizing assets. … [I]t can relate to the acts of the debtor, financial condition of the debtor, conduct, property. I mean, it's pretty broad. And I've looked at this before, and I don't think it's limited to pre-confirmation.").

7.    **Sixth**, the Trusts' Objection incorrectly alleges that the Reorganized Debtor, rather than the Claimant Trust, possesses breach of fiduciary duty claims. This reading contradicts the plain text of the Plan. Pursuant to the Plan, the Claimant Trust Assets transferred to the Claimant Trust include all "Causes of Action," (*see* Plan § I.B at ¶ 26) which are defined broadly to include "any action, claim … cause of action … of any kind whatsoever … (including, without limitation,

---

[5] For example, the Charities appear to object to Rule 2004 discovery against the Dallas Foundation, the Kansas City Community Foundation, and the Santa Barbara Foundation because they "have storied histories of giving completely unrelated to the Debtor[.]" The fact that these foundations are Rule 2004 Parties does not mean they are the targets of the Litigation Trustee's investigation or any future lawsuit. Rather, the Litigation Trustee seeks Rule 2004 discovery because they received transfers that were made by the Debtor and/or its affiliates that fall within the scope of the Litigation Trustee's investigation. *See* Rule 2004 Motion ¶ 45 ("The relationship of these Highland Charities and Trusts to the Debtor is unclear at this time, but there appear to have been tens of millions of dollars of distributions of funds from the Debtor to certain of the Highland Charities and Trusts, either directly or indirectly, that need to be assessed for their propriety and reasonableness.").

under alter ego theories), whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity … include[ing], without limitation … any claims under any state or foreign law." (Plan § I.B. at ¶ 19). Moreover, "[t]he Causes of Action include, without limitation, the Causes of Action belonging to the Debtor's Estate listed on the schedule of Causes of Action to be filed with the Plan Supplement." (*Id.*). The very first causes of action set forth on the schedule of Causes of Action filed with the Plan Supplement are those based on "breach of fiduciary duties, breach of duty of care, breach of duty of loyalty, [and] usurpation of corporate opportunities." (*See* Ex. DD (Schedule of Causes of Action at Dkt. 1875-3)). Although they do not say so explicitly, the Trusts appear to argue that a parenthetical clause—which operates to ensure that claims that cannot be transferred are nevertheless preserved—in fact operates to nullify an express transfer made pursuant to the terms of the Plan and Plan Supplement. That argument misreads the Plan.

8.    Moreover, because the transferred "Causes of Action" include all claims and causes of action "whether arising before, on, or after the Petition Date" (Plan § I.B at ¶ 19), the Court should deny Nancy Dondero's request to limit "[t]he requested time period for requested documents … to the prepetition period." (*See* Nancy Dondero Objection at n. 5).

9.    Finally, the Charities' concern that the Movants are seeking a "Section 546 extension" (*See* Charities' Objection ¶ 81) is misplaced; nowhere in the Rule 2004 Motion does the Litigation Trustee seek such relief.

## CONCLUSION AND REQUESTED RELIEF

WHEREFORE, for these reasons, the Litigation Trustee respectfully requests that the Court grant the Rule 2004 Motion and enter an order in a form that is substantially similar to **Exhibit A** to this Reply.

8

Dated: August 18, 2021
   Dallas, Texas

Respectfully submitted,

SIDLEY AUSTIN LLP
/s/ *Paige Holden Montgomery*
Paige Holden Montgomery
Penny P. Reid
Juliana L. Hoffman
2021 McKinney Avenue
Suite 2000
Dallas, Texas 74201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

   -and-

Matthew A. Clemente (admitted *pro hac vice*)
Dennis M. Twomey (admitted *pro hac vice*)
Alyssa Russell (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

   -and-

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Susheel Kirpalani (*pro hac vice* pending)
Deborah J. Newman (*pro hac vice* pending)
Benjamin I. Finestone (*pro hac vice* pending)
51 Madison Avenue
Floor 22
New York, NY 10010
Telephone: (212) 849-7000

*Counsel for Marc S. Kirschner, as Litigation Trustee of the Highland Capital Management, L.P. Litigation Sub-Trust*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was sent via electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case on August 18, 2021.

/s/ *Paige Holden Montgomery*
Paige Holden Montgomery

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) ) | Case No. 19-34054-sgj11 |
| Debtor. | ) ) ) | |

**ORDER GRANTING THE MOTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS AND THE LITIGATION ADVISOR FOR ENTRY OF AN
ORDER AUTHORIZING THE EXAMINATION OF RULE 2004 PARTIES PURSUANT
TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Upon the consideration of the *Motion of the Official Committee of Unsecured Creditors*

*and the Litigation Advisor for Entry of an Order Authorizing the Examination of Rule 2004 Parties*

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

*Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* (the "Motion"),[1] it is hereby **ORDERED** that:

1. The Rule 2004 Motion[2] is **GRANTED** as set forth herein.

2. The Litigation Sub-Trust is authorized, pursuant to Bankruptcy Rules 2004 and 9016, to issue subpoenas for the Requests substantially in the forms attached as Exhibits 2-14 to the Motion and for attendance at oral examination on the Examination Topics.

3. All rights of any party to object in accordance with the applicable rules to scope, timing, or logistics of the subpoenas or to seek to compel production of documents or attendance at deposition are reserved until such time as such objections or motions would be due after service of the subpoenas.

4. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # End of Order # # #

---

[1] On August 11, 2021, the Debtor's *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1472] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan") went effective (the "Effective Date"). On the Effective Date, the official committee of unsecured creditors in the above-referenced bankruptcy case was dissolved pursuant to the terms of the Plan. (Plan at 47.) Pursuant to the terms of the Plan, the Litigation Sub-Trust (as defined in the Plan) was formed and the Litigation Trustee is now tasked with investigating and prosecuting the Estate Claims. (*See id.* at 26; *Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (with Technical Modifications)* [Docket No. 1811], Exhibit T [Docket No. 1811-4 at Article II, Section 2.2].)

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Respectfully submitted,

SIDLEY AUSTIN LLP
/s/ *Paige Holden Montgomery*
Paige Holden Montgomery
Penny P. Reid
Juliana L. Hoffman
2021 McKinney Avenue
Suite 2000
Dallas, Texas 74201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

    -and-

Matthew A. Clemente (admitted *pro hac vice*)
Dennis M. Twomey (admitted *pro hac vice*)
Alyssa Russell (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Susheel Kirpalani (*pro hac vice* pending)
Deborah J. Newman (*pro hac vice* pending)
Benjamin I. Finestone (*pro hac vice* pending)
51 Madison Avenue
Floor 22
New York, NY 10010
Telephone:  (212) 849-7000

*Counsel for Marc S. Kirschner, as Litigation Trustee of the Highland Capital Management, L.P. Litigation Sub-Trust*