Michelle Hartmann
State Bar No. 24032402
BAKER & MCKENZIE LLP
1900 North Pearl, Suite 1500
Dallas, Texas 75201
Telephone: 214-978-3000
michelle.hartmann@bakermckenzie.com

Debra A. Dandeneau (*Admitted pro hac vice*)
Blaire Cahn (*Admitted pro hac vice*)
BAKER & MCKENZIE LLP
452 Fifth Ave
New York, NY 10018
Telephone: 212-626-4875
debra.dandeneau@bakermckenzie.com
blaire.cahn@bakermckenzie.com

*Counsel for the Former Employee Defendants*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| MARC S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. DONDERO; MARK A. OKADA; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; FRANK WATERHOUSE; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP.; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; SAS ASSET RECOVERY, LTD.; AND CPCM, LLC,<br><br>Defendants. | Adv. Pro. No. 21-03076-sgj |

## THE FORMER EMPLOYEE DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO WITHDRAW THE REFERENCE

The Former Employee Defendants[1] hereby file this Reply in Support of the Motion to Withdraw the Reference (the "***Reply***"), and respectfully state as follows:

### PRELIMINARY STATEMENT

1. In his *Response in Opposition to Defendants' Motions to Withdraw the Reference* (the "***Response***") [Adv. Proc. Dkt. 95], the Litigation Trustee does not contest that the Defendants, including the Former Employee Defendants, have jury trial rights with respect to nearly all the pertinent counts of the Complaint and that, at best, the Bankruptcy Court has "related to" jurisdiction with respect to the various state law claims asserted by the Litigation Trustee. As a result, the Litigation Trustee effectively has conceded that the reference must be withdrawn to the District Court.

2. The crux of the dispute, therefore, is not ***whether*** the reference will be withdrawn, but ***when***. What the Litigation Trustee wholly ignores and glosses over is that, under binding Fifth Circuit precedent, the Bankruptcy Court has no jurisdiction to preside over the state law-based claims. Accordingly, this is not an instance in which the supposed standard operating procedure employed by many of the judges in this District — withdraw the reference when an action is trial-ready — can or should apply. If, as the Defendants assert, no Bankruptcy Court jurisdiction exists, then the Bankruptcy Court has ***no authority*** to act as a magistrate in this case. On the other hand, immediate withdrawal of the reference will enable the District Court to exercise federal

---

[1] Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to them in the *Brief in Support of Motion to Withdraw the Reference for the Causes of Action in the Complaint Asserted Against the Former Employee Defendants* [Adv. Proc. Dkt. 28] (the "***Former Employee Defendants' Brief***") or in the Complaint [Adv. Proc. Dkt. 1]. Unless otherwise stated herein, docket number identifications refer to this Adversary Proceeding No. 21-03076-sgj (the "***Adversary Proceeding***").

jurisdiction over this case, which it undoubtedly has, and avoid the issue of the scope of the Bankruptcy Court's post-confirmation jurisdiction.

3.  Accordingly, this Court should recommend to the District Court that it immediately withdraw the reference as to all counts of the Complaint and for all purposes.

## ARGUMENT

### I. The Bankruptcy Court Lacks Subject Matter Jurisdiction Over the Non-Core Causes of Action.

4.  The Litigation Trustee does not even attempt to address the analysis contained in the Former Employee Defendants' Brief of the jurisprudence of the Fifth Circuit and Northern District of Texas on post-confirmation jurisdiction. Instead, relying principally on bankruptcy court decisions or decisions outside this District, the Litigation Trustee simply states that a bankruptcy court has post-confirmation jurisdiction if "a trustee of a litigation trust created under a confirmed plan of reorganization for the benefit of creditors pursues postconfirmation causes of action predicated on pre-confirmation conduct for creditors' benefit." Response ¶ 14. This reductive view is nothing more than a retreat into the comforting arms of "related to" jurisdiction, which is exactly what the Fifth Circuit warned us about in *Craig's Stores. See Bank of La. v. Craig's Stores of Texas, Inc. (In re Craig's Stores of Tex., Inc.)*, 266 F.3d 388, 390 (5th Cir. 2001) (noting that reorganization provisions of the former Bankruptcy Act envisaged reorganized debtors emerging from proceedings and "sailing forth in the cold, cruel business world with no longer the protective wraps of the federal Bankruptcy Court"); *see* Former Employee Defendants' Brief ¶ 19.

5.  The Litigation Trustee's argument is based upon two faulty premises: (1) vesting the right to pursue causes of action in the Litigation Trustee renders an action asserting any cause of action "implementation of the plan," and (2) "antagonism" exists against defendants whenever pre-confirmation causes of action are asserted.

3

    **A.    The Mere Establishment of a Litigation Trust Does Not Require Interpretation or Enforcement of the Plan.**

6.    As the Former Employee Defendants' Brief lays out in detail, whether a post- confirmation action affects the "interpretation or execution" of a confirmed chapter 11 plan requires a showing that the action is being taken in violation of the plan or would undermine or interfere with the implementation of the plan. *See* Former Employee Defendants' Brief ¶¶ 23-25. Indeed, if mere authorization to take an action were sufficient to satisfy the "interpretation or execution" prong of *Craig's Stores*, then all post-confirmation lawsuits would be covered as it is ***necessary*** for a chapter 11 plan to retain specifically the right to pursue causes of action (either in a litigation trustee or the reorganized debtor) to preserve such right post-confirmation. *See Craig's Stores*, 266 F.3d at 391 (noting that "[t]he fact that the account management contract existed throughout the reorganization and was, by implication, assumed as part of the plan is of no special significance."). *Craig's Stores* itself makes it clear that such a broad interpretation is unwarranted. *Craig's Stores*, 266 F.3d at 391 ("while Craig's insists that the status of its contract with the Bank will affect its distribution to creditors under the plan, ***the same could be said of any other post-confirmation contractual relations in which Craig's is engaged***.") (emphasis added).

7.    Nor can *First Am. Title Ins. Co. v. First Trust Nat'l Ass'n (In re Biloxi Casino Belle Inc.)*, 368 F.3d 491, 496 (5th Cir. 2004), support this flawed interpretation as *Biloxi Casino Belle* involved an adversary proceeding that was commenced ***pre-confirmation***. *Id*. at 495-96. As such, in accordance with the Fifth Circuit's later reasoning in *Newby v. Enron Corp. (In re Enron Corp. Sec.)*, 535 F.3d 325 (5th Cir. 2008), the bankruptcy court in *Biloxi Casino Belle* was not divested of jurisdiction over a pre-confirmation lawsuit as a result of confirmation of the chapter 11 plan.

    **B.    The Litigation Trustee's Interpretation of "Antagonism" Is Belied by Binding Fifth Circuit Precedent.**

8.    The Litigation Trustee also distorts the notion of "antagonism," arguing that it is

present whenever the claims at issue *accrued* prior to confirmation. In addition to having no basis in binding precedent, such "accrual test" simply makes no sense. The effect would be to give the bankruptcy court jurisdiction any time litigation of pre-confirmation claims is preserved under a plan. Such a test would be no different than the "related to" test rejected by the Fifth Circuit. Moreover, such a test would render the Fifth Circuit's requirement of pre-confirmation antagonism superfluous. *See Craig's Stores*, 266 F.3d at 391. Not surprisingly, the Litigation Trustee does not cite a single case from the District Court or the Fifth Circuit to support this proposition.

9. In the cases the Litigation Trustee does cite — all of which are bankruptcy cases or cases outside this District — the courts found pre-confirmation "antagonism" simply because parties were alleged to be the principal antagonists in the chapter 11 case or the parties' pre-petition conduct allegedly led to the bankruptcy filing. *See, e.g., Faulkner v. Lane Gorman Trubitt, LLC (In re Reagor-Dykes Motors, LP),* 2021 Bankr. LEXIS 2891, at *8-9 (Bankr. N.D. Tex. Oct. 14, 2021). The actual binding precedent in this District, however, requires some form of pre-confirmation litigation related to the post-confirmation causes of action, and not post-confirmation finger pointing, to support a finding of "antagonism." *See* Former Employee Defendants' Brief ¶ 29. For the same reason, it also is not relevant that the 23 Defendants listed in the Complaint are among the over 1,000 "potential targets" of any Estate "Causes of Action" listed in HCMLP's Plan Supplement (*see* Ex. DD, Plan Supplement [Dkt. 1875]). This hardly rises to the level of demonstrating specific "antagonism" directed at the Defendants.

10. Other than the action that was brought against CLO Holdco, Ltd. and certain other of the Defendants, *Official Comm. of Unsecured Creditors v. CLO Holdco, Ltd.*, Adv. Proc. No. 20-03195, no form of pre-confirmation litigation relating to the allegations in the Complaint occurred. In any event, this is irrelevant because the Former Employee Defendants are not party

5

to the CLO Holdco action. The only other action on which the Litigation Trustee relies was the 2004 Motion, and that matter *was filed five months after the Plan was confirmed*. *See* Former Employee Defendants' Brief ¶ 31.

**II.    Both the Mandatory and Permissive Withdrawal Standards under 28 U.S.C. § 157 Are Satisfied.**

    **A.    Mandatory Withdrawal Is Necessary Because Counts I, II, XI, XII, XXII and XXIII[2] Require Substantial and Material Consideration of Federal Tax Law.**

11.    The Litigation Trustee's focus on whether 26 U.S.C. § 6502 constitutes "applicable law" under section 544(b) of the Bankruptcy Code is entirely misplaced and ignores the far more complex and unsettled issue of whether section 6502 is a "look forward" or "look back" provision. The Former Employee Defendants acknowledge that the issue of whether the Internal Revenue Service ("**IRS**") can be considered a "golden creditor" under section 544(b) of the Bankruptcy Code is a matter of bankruptcy law. The other issue raised by the Complaint is whether the IRS, *under applicable federal tax law*, could bring an action to recover a transfer that occurred prior to the IRS becoming a creditor of HCMLP. This question requires "substantial and material" consideration of the Internal Revenue Code and the policies of the IRS.

12.    Whether section 6502 is a "look forward" or "look back" provision is relevant here because, under the counts in which the Litigation Trustee seeks to use the IRS as the golden creditor,[3] the IRS's claims, according to the proofs of claims filed,[4] arose *after* certain of the allegedly fraudulent transfers that the Litigation Trustee seeks to avoid.

13.    HCMLP is different from many other chapter 11 debtors because HCMLP is not, and never was, an entity that paid federal income taxes. The IRS only allegedly became a creditor

---

[2] Counts XX and XXI also require consideration of the federal tax laws, but the Defendants against which these counts have been asserted have not filed a motion to withdraw the reference.
[3] Only Counts XXII and XXIII apply to Scott Ellington, one of the Former Employee Defendants.
[4] *See* Proofs of Claim Nos. 32, 173, 179, 195, 248, 250, and 252, *In re Highland Capital Mgmt. L.P.*, Case No. 19-34054 (Bankr. N.D. Tex. Feb. 13, 2020).

of HCMLP in 2015, apparently with respect to federal excise taxes. No cases in the Fifth Circuit have directly addressed whether federal tax law would allow the IRS to seek to recover transfers by a non-taxpayer company made before the IRS became a creditor of such company. Importantly, this issue and the body of case law that exists outside of the Fifth Circuit is inconsistent. *Compare Gordon v. Webster (In re Webster)*, 629 B.R. 654, 675-77 (Bankr. N.D. Ga. 2021) (collecting cases showing inconsistency among courts) (declining to find that section 6502 operates to avoid transfers up to ten years prior to the petition date irrespective of the status of tax liability or assessment), *and Luria v. Thunderflower, LLC (In re Taylor, Bean & Whitaker Mortg. Corp.)*, No. 3:09-bk-07047-JAF, Adv. Proc. No. 3:11-ap-0693-JAF, 2018 Bankr. LEXIS 3019, at *18 (Bankr. M.D. Fla. Sept. 28, 2018) (noting that "the ten-year period [referenced in section 6502] appears to be a look-forward period rather than a lookback period" and "[t]he Court is unaware of case law permitting the IRS to avoid transfers made prior to the original taxpayer assessment"), *with Shearer v. Tepsic (In re Emergency Monitoring Techs., Inc.)*, 347 B.R. 17, 18-19 (Bankr. W.D. Pa. 2006) (finding the trustee could prove a set of facts that would allow avoidance of transfer that occurred before the IRS's claim arose under state statute and the 10-year "limitations period [under section 6502] had not passed as of the date of the Debtor's bankruptcy petition").

14. Given the unsettled nature of this issue in the case law and because determining which transfers the Litigation Trustee may avoid requires a substantial and material analysis of the Internal Revenue Code and the policies of the IRS, the standard for mandatory withdrawal is satisfied.

    **B.    Because the Litigation Trustee Concedes that Jury Trial Rights Exist with Respect to Certain Causes of Action, the Permissive Withdrawal Standard Is Satisfied.**

15. The Litigation Trustee does not contest that the Defendants have jury trial rights with respect to certain Causes of Action in the Adversary Proceeding. The existence of these rights

is dispositive when analyzing the permissive withdrawal standard under *Holland*. *See Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985). "When a defendant has a 7th Amendment right to a jury trial and does not consent to a jury trial, no further 'cause' for withdrawal of the reference must be shown." *Levine v. Blake (In re Blake)*, 400 B.R. 200, 206 (Bankr. S.D. Tex. 2008), *adopted by Levine v. M&A Custom Home Builder & Developer, LLC*, 400 B.R. 200 (S.D. Tex. 2008); *see also Mirant Corp. v. S. Co.*, 337 B.R. 107, 122 (N.D. Tex. 2006) ("The conclusions the court has reached that the action contains non-core claims and that Southern is entitled to trial by jury as to certain claims *standing alone* suggest that there should be a withdrawal of the reference") (emphasis added); *In re Align Strategic Partners LLC*, No. 16-35702, Adv. Proc. No. 18-03325, 2019 Bankr. LEXIS 1906, at *13 (Bankr. S.D. Tex. Mar. 5, 2019) ("[S]ome courts have found such demand for jury trial coupled with the lack of consent to a jury trial in bankruptcy court — which are the circumstances here — to be dispositive of the need for withdrawal of the reference."), *reference immediately withdrawn*, Case No. 4:19-cv-00795 (S.D. Tex. Mar. 19, 2019) [Dkt. 5].

### III. In Light of the Concerns About the Bankruptcy Court's Subject Matter Jurisdiction, the Reference Should Be Withdrawn Immediately.

16. If, as the Defendants assert, and the Litigation Trustee has failed to rebut, the Bankruptcy Court lacks subject matter jurisdiction under 28 U.S.C. § 1334, then the Bankruptcy Court has no authority to preside over pre-trial matters as the Bankruptcy Court's authority to function as the "magistrate" stems purely from the Reference Order, which itself requires subject matter jurisdiction under 28 U.S.C. § 1334. If the reference is not withdrawn immediately, then the counts asserting non-core claims will be subject to potential dismissal on jurisdictional grounds, every decision by the Bankruptcy Court would be invalid, and the parties would have to go back to square one (assuming the Litigation Trustee chose to re-file the dismissed causes of

action). On the other hand, if the reference is withdrawn immediately, the District Court can preside over all Causes of Action asserted in the Complaint on the basis of federal diversity jurisdiction. Avoidance of this significant litigation issue — especially when withdrawal of the reference is inevitable — counsels in favor of immediate withdrawal of the reference.

17. Even in cases in which bankruptcy court jurisdiction admittedly exists, many district courts in the Fifth Circuit have determined that it still makes sense to withdraw the reference immediately where, as here, jury trial rights exist. These courts have found that keeping a case before the bankruptcy court until it is trial ready will ***not*** expedite the bankruptcy process but "delay final administration of the bankruptcy case." *Curtis v. Cerner Corporation,* No. 7:19-cv-00417, 2020 U.S. Dist. LEXIS 73227, at *10 (S.D. Tex. Apr. 27, 2020). Indeed, the District Court for the Northern District of Texas found in *Mirant Corporation v. The Southern Company* that immediate and full withdrawal of the reference would promote judicial economy where "adjudicating all of the claims, both core and non-core, in the district court eliminates the prospect of an appeal from the bankruptcy judge's adjudications of core claims, and dispenses with the need for the district court to conduct a de novo review of proposed findings and conclusions of the bankruptcy judge after a trial in the bankruptcy court as to non-core claims." 337 B.R. 107, 122 (N.D. Tex. 2006); *see also In re Align Strategic Partners LLC*, 2019 Bankr. LEXIS 1906, at *12 (finding immediate "withdrawal of the reference will expedite the bankruptcy process because the District Court will hold one trial and issue one judgment and therefore allow the Trustee to administer the estate more quickly than if proceedings were held in both this Court and the District Court.").

18. In addition, court resources will not be preserved, but rather wasted, if the Adversary Proceeding stays with the Bankruptcy Court until it is trial ready. "[I]mmediate

9

withdrawal of reference will serve the interest of judicial economy and conservation of resources because it will allow the District Court to gain familiarity with the facts of the Adversary Proceeding well before trial, and then hold a jury trial on all of the [Causes of Action]." *In re Align Strategic Partners LLC*, 2019 Bankr. LEXIS 1906, at *11; *Yaquinto v. Mid-Continent Cas. Co. (In re Bella Vita Custom Homes)*, Nos. 16-34790-BJH, 3:18-CV-00994-N, 18-3015, 2018 Bankr. LEXIS 1699, at *7 (Bankr. N.D. Tex. 2018) (recommending immediate withdrawal where it would avoid delay and duplication of efforts with the bankruptcy court), *adopted by* No. 3:18-CV-0994-N, 2018 U.S. Dist. LEXIS 96589, at *1 (N.D. Tex. Jun. 7, 2018).

19. In evaluating whether immediate withdrawal of the reference promotes uniformity, the question is not whether the Bankruptcy Court has general familiarity with the chapter 11 case. Instead, the question is whether the Bankruptcy Court has resolved any "substantive issues" or held any hearing concerning the merits of the underlying dispute (*e.g.*, discovery issues or motions for summary judgment). **If not, immediate withdrawal is appropriate.** See *Curtis*, 2020 U.S. Dist. LEXIS 73227, at *8 (in weighing the uniformity prong, the court found that "the Bankruptcy Court is familiar with the debtor and the 'allegations made by the [Plaintiff] Trustee,' but has resolved no substantive issues in the adversary proceeding"); *In re Align Strategic Partners LLC*, 2019 Bankr. LEXIS 1906, at *8-9 (finding the uniformity factor favored withdrawal where the court had not held any hearings in the adversary proceeding relating to the merits of the dispute).

## CONCLUSION

20. For the reasons set forth above and in the Former Employee Defendants' Brief, the reference should be immediately withdrawn.

Dated: March 14, 2022

By: */s/ Debra A. Dandeneau*
Michelle Hartmann
State Bar No. 24032402
BAKER & MCKENZIE LLP
1900 North Pearl, Suite 1500
Dallas, Texas 75201
Telephone: 214-978-3000
Facsimile: 214-978-3099
Email: michelle.hartmann@bakermckenzie.com

Debra A. Dandeneau
Blaire Cahn
BAKER & MCKENZIE LLP
452 Fifth Ave
New York, NY 10018
Telephone: 212-626-4875
Email: debra.dandeneau@bakermckenzie.com
Email: blaire.cahn@bakermckenzie.com
(*Admitted pro hac vice*)

*Counsel for the Former Employee Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 14, 2022, a true and correct copy of the foregoing was served electronically via the Court's CM/ECF notice system to all counsel of record registered to receive notice.

*/s/Debra A. Dandeneau*
Debra A. Dandeneau