E. P. Keiffer
State Bar No. 11181700
ROCHELLE MCCULLOUGH, LLP
325 North Saint Paul St., Suite 4500
Dallas, TX 75201
Tel: (214) 580-2525
Fax: (888) 467-5979
Email: pkeiffer@romclaw.com

COUNSEL FOR DEFENDANTS,
HUNTER MOUNTAIN INVESTMENT
TRUST AND RAND PE FUND I, LP, SERIES 1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| | § | Chapter 11 |
| HIGHLAND CAPITAL | § | |
| MANAGEMENT, L.P., | § | Case No. 19−34054−sgj11 |
| | § | |
| Reorganized Debtor. | § § | |
| | § | |
| MARC S. KIRSCHNER, | § | |
| AS LITIGATION TRUSTEE | § | |
| OF THE LITIGATION SUB-TRUST, | § | |
| | § | Adversary Proceeding |
| Plaintiff, | § | No. 21-03076-sgj |
| v. | § | |
| | § | |
| JAMES D. DONDERO, et al., | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS HUNTER MOUNTAIN INVESTMENT TRUST
### AND RAND PE FUND I, LP, SERIES 1'S: (I) ANSWER
### TO PLAINTIFF'S COMPLAINT AND OBJECTION TO CLAIMS; AND
### (II) CROSS-CLAIMS AGAINST CLASS A LIMITED PARTNERS OF HCMLP

Defendants Hunter Mountain Investment Trust ("**HMIT**") and Rand PE Fund I, LP, Series 1 ("**Rand**" and together with HMIT, **"HMIT Defendants"**) file this their: *(I) Answer to Plaintiff's Complaint and Objection to Claims; and (II) Cross-Claims Against Class A Limited Partners of HCMLP* and would show the Court as follows:

Hunter Mountain Investment Trust and Rand PE Fund I, LP, Series 1's:
(I) Answers to Plaintiff's Complaint and Objection to Claims; and
(II) Cross-Claims Against Class A Limited Partners of HCMLP                                              Page 1 of 14

1.  Per FRBP Rule 7012(b), the HMIT Defendants, consistent with its nominal joinder in multiple pending motions to withdraw the reference filed in this adversary proceeding, do not consent to entry of final orders or judgment by the Bankruptcy Court.

2.  As to the aspirational statements in the Introduction section of the *Plaintiff's Complaint and Objection to Claims* (hereinafter the "**Complaint**"), specifically paragraphs 1- 10 of the Complaint, HMIT Defendants only have sufficient knowledge to admit or deny allegations in the Complaint related to the specific transactions that they participated in and allegations made relative to what HMIT Defendants are asserted to have done or not done per the Complaint. As such, lacking sufficient knowledge to admit or deny what is asserted in the Introduction, the HMIT Defendants must deny the statements/allegations made in the Introduction.

3.  As to the listing of parties in paragraphs 11 - 34 of the Complaint, the HMIT Defendants will respond only to the allegations set forth in paragraphs 29 and 30. As to all other paragraphs just referenced, lacking sufficient knowledge to admit or deny what is asserted in paragraphs 11-28 and 31-34 of the Complaint, HMIT Defendants must deny the statements/allegations made in those listed paragraphs.

4.  As to the allegations set forth in paragraph 29 of the Complaint, HMIT admits that it was formed as a Delaware statutory trust on December 17, 2015, and that HMIT purchased limited partnership interests (Class A)[1] from HCMLP's[2] then existing limited partners, in addition to committing to contribute capital for a 55% limited partnership interest (Class B) in HCMLP (an obligation evidenced, by among other documents, the Hunter Mountain Note). HMIT admits that

---

[1] The sellers of the prior limited partnership interests in HCMLP are: a) Dugaboy Investment Trust; b) Mark & Pamela Okada Family Trust – Exempt Trust #1; c) Mark & Pamela Okada Family Trust – Exempt Trust #2; and d) Mark K. Okada and are sometimes referred to herein as "**Prior Class A Holders**").
[2] All capitalized terms not defined herein are as defined in the Complaint.

**Hunter Mountain Investment Trust and Rand PE Fund I, LP, Series 1's:**
**(I) Answers to Plaintiff's Complaint and Objection to Claims; and**
**(II) Cross-Claims Against Class A Limited Partners of HCMLP**                     Page 2 of 14

the combination of the obligation to contribute capital to HCMLP just referenced and the acquisition of the limited partnership interests of HCMLP's then-existing limited partners as identified in paragraph 29 (collectively, those prior limited partners referenced herein as "**Prior Class A Holders**") of the Complaint made HMIT the owner of 99.5% of the limited partnership interests of HCMLP at the end of 2015, although both purchases were partially for cash and largely otherwise payable on account of notes executed by HMIT, such as the Hunter Mountain Note, to the respective payees. HMIT admits that the obligations to pay the Hunter Mountain Note and other notes due to the Prior LTDs were funded from distributions generally required to be made to HMIT per the agreements that provided for HMIT's acquisition of 55% of the limited partnership interests of HCMLP and HCMLP's then applicable Limited Partnership Agreement. HMIT denies the allegations or any implication that the transfers of funds from HCMLP to the Prior LTDs were made on any other basis than the obligation to pay for the 44.5% limited partnership interests previously held by payees of the Prior LTDs notes. HMIT denies that there were any other means or basis by which HMIT transferred funds to the Prior LTDs. HMIT admits it filed a proof of claim that was amended and which generally noted the points detailed in the last portion of paragraph 29.

5.  Rand admits the allegations set forth in paragraph 30 of the Complaint.

6.  As to the assertions of jurisdiction and venue made in the Complaint at paragraphs 35 and 36, HMIT would note that allegations as to HMIT being the recipient of fraudulent transfers in Counts I and II appear to be core proceedings, but the remaining causes of action related to the Hunter Mountain Note, specifically assertions under Count III and Count XXIV, are clearly not core matters. As to Rand, the only assertion of a cause of action against Rand is in Count XXIV and it regards an alleged breach of a guaranty agreement, which is clearly not a core matter. As to

**Hunter Mountain Investment Trust and Rand PE Fund I, LP, Series 1's:**
**(I) Answers to Plaintiff's Complaint and Objection to Claims; and**
**(II) Cross-Claims Against Class A Limited Partners of HCMLP**                                                         Page 3 of 14

venue, both HMIT Defendants, in various documents, agreed that actions could be brought in any state or federal court in Dallas County, Texas. Such agreements applied to contractual issues as between the HMIT Defendants and HCML. HMIT, as to Counts I and II, does not contest venue in this matter.

7. As to the allegations set forth in paragraph 37 of the Complaint: a) HMIT admits it filed a proof of claim in HCMLP's bankruptcy case; and b) Rand denies that any of the six (6) listed bases for *in personam* jurisdiction apply to it.

8. Regarding the allegations set forth in paragraphs 38 through paragraph 146, the HMIT Defendants do not have sufficient knowledge to determine whether to admit or deny the allegations detailed therein and must therefore deny same.

9. As to the allegations set forth in paragraph 147 of the Complaint, HMIT Defendants admit that a distribution to HMIT, as the owner of all of the Class B (Contribution Agreement Interests) and Class A (Purchased Interests) limited partnership interests, was made by HCMLP in the amount of $1,600,000.00 – of which $1,600,000.00 was promptly paid to the Prior Class A Holders per the note obligations that HMIT owed those entities. HMIT Defendants do not have sufficient knowledge to admit or deny any facts as to the other noted distributions. HMIT Defendants admit that HMIT purchased all of the Class A limited partnership interests from the Prior Class A Holders.  HMIT Defendants admit, that with the acquisition of the Class B limited partnership interests, HMIT owned over 99% of the limited partnership interests in HCMLP.

10. As to the allegations set forth in paragraph 148 of the Complaint, HMIT Defendants admit that a distribution to HMIT, as the owner of all of the Class B (Contribution Agreement Interests) and Class A (Purchased Interests) limited partnership interests, was made by HCMLP in the amount of $4,769,570.00 – of which $4,769,570.00 was promptly paid to the Prior Class A

**Hunter Mountain Investment Trust and Rand PE Fund I, LP, Series 1's:**
**(I) Answers to Plaintiff's Complaint and Objection to Claims; and**
**(II) Cross-Claims Against Class A Limited Partners of HCMLP**    Page 4 of 14

Holders per the note obligations that HMIT owed those entities. HMIT Defendants do not have sufficient knowledge to admit or deny any facts as to the other noted distributions.

11. As to the allegations set forth in paragraph 149 of the Complaint, HMIT Defendants admit that a distribution to HMIT, as the owner of all of the Class B (Contribution Agreement Interests) and Class A (Purchased Interests) limited partnership interests, was made by HCMLP in the amount of $11,034,754.00 – of which $5,413,548.98 was promptly paid to the Prior Class A Holders per the note obligations that HMIT owed those entities and $5,531,205.00 was paid to HCMLP per the note obligations that HMIT owed HCMLP. HMIT Defendants do not have sufficient knowledge to admit or deny any facts as to the other noted distributions.

12. As to the allegations set forth in paragraph 150 of the Complaint, HMIT Defendants admit that a distribution to HMIT, as the owner of all of the Class B (Contribution Agreement Interests) and Class A (Purchased Interests) limited partnership interests, was made by HCMLP in the amount of $7,169,970.00 – of which $7,169,970.00 was promptly paid to the Prior Class A Holders per the note obligations that HMIT owed those entities. HMIT Defendants do not have sufficient knowledge to admit or deny any facts as to the other noted distributions.

13. As to the allegations set forth in paragraph 151 of the Complaint, HMIT Defendants admit that a distribution to HMIT, as the owner of all of the Class B (Contribution Agreement Interests) and Class A (Purchased Interests) limited partnership interests, was made by HCMLP in the amount of $79,600.00. HMIT Defendants do not have sufficient knowledge to admit or deny any facts as to the other noted distributions.

14. As to the allegations set forth in paragraph 152 of the Complaint, HMIT Defendants admit that a distribution to HMIT, as the owner of all of the Class B (Contribution Agreement Interests) and Class A (Purchased Interests) limited partnership interests, was made by HCMLP in

**Hunter Mountain Investment Trust and Rand PE Fund I, LP, Series 1's:**
**(I) Answers to Plaintiff's Complaint and Objection to Claims; and**
**(II) Cross-Claims Against Class A Limited Partners of HCMLP**                                             Page 5 of 14

the amount of $2,651,675.00 – of which $2,648,474.56 was promptly paid to the Prior Class A Holders per the note obligations that HMIT owed those entities. HMIT Defendants do not have sufficient knowledge to admit or deny any facts as to the other noted distributions.

15. As to the allegations set forth in paragraph 153 of the Complaint, HMIT Defendants admit that a distribution to HMIT, as the owner of all of the Class B (Contribution Agreement Interests) and Class A (Purchased Interests) limited partnership interests, was made by HCMLP in the amount of $84,575.00. HMIT Defendants do not have sufficient knowledge to admit or deny any facts as to the other noted distributions.

16. As to the allegations set forth in paragraph 154 of the Complaint, HMIT Defendants admit that a distribution to HMIT, as the owner of all of the Class B (Contribution Agreement Interests) and Class A (Purchased Interests) limited partnership interests, was made by HCMLP in the amount of $4,930,722.50 – of which $2,776,315.00 was promptly paid to the Prior Class A Holders per the note obligations that HMIT owed those entities and $2,079,406.00 was paid to HCMLP per the note obligations that HMIT owed HCMLP. HMIT Defendants do not have sufficient knowledge to admit or deny any facts as to the other noted distributions.

17. As to the allegations set forth in paragraph 155 of the Complaint, HMIT Defendants admit that a distribution to HMIT, as the owner of all of the Class B (Contribution Agreement Interests) and Class A (Purchased Interests) limited partnership interests, was made by HCMLP in the amount of $3,711,456.47 – of which $3,711,456.47 was paid to HCMLP per the note obligations that HMIT owed HCMLP. HMIT Defendants do not have sufficient knowledge to admit or deny any facts as to the other noted distributions.

**Hunter Mountain Investment Trust and Rand PE Fund I, LP, Series 1's:**
**(I) Answers to Plaintiff's Complaint and Objection to Claims; and**
**(II) Cross-Claims Against Class A Limited Partners of HCMLP**                    Page 6 of 14

18. HMIT Defendants do not have sufficient information upon which to admit or deny the allegations set forth in paragraphs 156 through 167 of the Complaint and therefore must deny same.

19. Paragraph 168 of the Complaint is a reincorporating and realleging paragraph that makes no specific allegations and does not require a response from the HMIT Defendants.

20. Paragraph 169 of the Complaint restates, in a chart format, the asserted distributions or transfers to multiple parties by HCMLP. As to those transfers to HMIT detailed therein, the HMIT Defendants incorporate the replies made in paragraphs 9-17 above, as well as paragraph 8 above as to distributions or transfers to other parties.

21. HMIT Defendants do not have sufficient information upon which to admit or deny the allegations set forth in paragraphs 170 and 171 of the Complaint and therefore must deny same.

22. HMIT Defendants deny all of the allegations set forth in paragraph 172 of the Complaint as they relate to HMIT. The HMIT Defendants do not have sufficient information upon which to admit or deny the remaining allegations set forth in paragraph 172 of the Complaint as to other parties and therefore must deny same.

23. HMIT Defendants incorporate the replies made in paragraphs 9-17 above to deny the allegations in paragraph 173 of the Complaint insofar as not all distributions or transfers to HMIT were made to the transferee parties listed in paragraph 173 of the Complaint.

24. HMIT Defendants deny the assertions set forth in paragraph 174 of the Complaint.

25. Paragraph 175 of the Complaint is a reincorporating and realleging paragraph that makes no specific allegations and does not require a response from the HMIT Defendants.

26. Paragraph 176 of the Complaint restates, in a chart format, the asserted distributions or transfers to multiple parties by HCMLP. As to those transfer to HMIT detailed therein, the

**Hunter Mountain Investment Trust and Rand PE Fund I, LP, Series 1's:**
**(I) Answers to Plaintiff's Complaint and Objection to Claims; and**
**(II) Cross-Claims Against Class A Limited Partners of HCMLP**                    Page 7 of 14

HMIT Defendants incorporate the replies made in paragraphs 9-17 above, as well as paragraph 8 above as to distributions or transfers to other parties.

27. HMIT Defendants incorporate the replies made in paragraphs 9-17 above, as not all distributions or transfers to HMIT were made to the transferee parties, directly or indirectly, listed in paragraph 177 of the Complaint.

28. HMIT Defendants deny the allegations set forth in paragraph 178 of the Complaint as they relate to HMIT. HMIT Defendants do not have sufficient information upon which to admit or deny the balance of allegations set forth in balance of paragraph 178 of the Complaint as to other parties and therefore must deny same.

29. HMIT Defendants incorporate the replies made in paragraphs 9-17 above, as not all distributions or transfers to HMIT were made to the transferee parties, directly or indirectly, as referenced in paragraph 179 of the Complaint.

30. HMIT Defendants deny the assertions set forth in paragraph 180 of the Complaint.

31. Paragraph 181 of the Complaint is a reincorporating and realleging paragraph that makes no specific allegations and does not require a response from the HMIT Defendants.

32. HMIT Defendants do not contest that the DRULPA are of potentially relevant to any distribution or transfer made by a Delaware limited partnership to its limited partners, as detailed in paragraphs 182-183 of the Complaint.

33. Paragraph 184 of the Complaint restates, in a chart format, the asserted distributions or transfers to multiple parties by HCMLP. As to those detailed therein to the HMIT, the HMIT Defendants incorporate the replies made in paragraphs 9-17 above, as well as paragraph 8 above as to distributions or transfers to other parties.

**Hunter Mountain Investment Trust and Rand PE Fund I, LP, Series 1's:**
**(I) Answers to Plaintiff's Complaint and Objection to Claims; and**
**(II) Cross-Claims Against Class A Limited Partners of HCMLP**                    Page 8 of 14

34. HMIT Defendants deny the allegations set forth in paragraph 185 of the Complaint as they relate to HMIT. HMIT Defendants do not have sufficient information upon which to admit or deny the balance of allegations set forth in balance of paragraph 185 of the Complaint as to other parties and therefore must deny same.

35. HMIT Defendants deny the conclusions set forth in paragraph 186 of the Complaint as they relate to HMIT. HMIT Defendants do not have sufficient information upon which to admit or deny the balance of the conclusions set forth in balance of paragraph 186 of the Complaint as to other parties and therefore must deny same.

36. HMIT Defendants do not have sufficient information upon which to admit or deny the allegations set forth in paragraphs 187 through 320 of the Complaint and therefore must deny same. Various of those paragraphs are reincorporating and realleging paragraphs that make no specific allegations and do not require a response from the HMIT Defendants.

37. Paragraph 321 of the Complaint is a reincorporating and realleging paragraph that makes no specific allegations and does not require a response from the HMIT Defendants.

38. HMIT Defendants admit the allegations set forth in paragraphs 322-325 of the Complaint.

39. HMIT Defendants admit certain of the allegations set forth in paragraphs 326 of the Complaint, but do not have sufficient information upon which to admit or deny the asserted amount due and therefore must deny same.

40. HMIT Defendants, subject to its later plead affirmative defenses, admits that the Hunter Mountain Note is facially in default, as set forth in paragraph 327 of the Complaint, but deny that HCMLP is entitled to the relief asserted in the balance of that paragraph.

**Hunter Mountain Investment Trust and Rand PE Fund I, LP, Series 1's:**
**(I) Answers to Plaintiff's Complaint and Objection to Claims; and**
**(II) Cross-Claims Against Class A Limited Partners of HCMLP**          Page 9 of 14

41. HMIT Defendants do not have sufficient information upon which to admit or deny the allegations set forth in paragraphs 328 through 394 of the Complaint and therefore must deny same. Various of those paragraphs are reincorporating and realleging paragraphs that make no specific allegations and do not require a response from the HMIT Defendants.

42. HMIT Defendants admit the allegations and agree that the superseded proof of claim as described in paragraph 395 of the Complaint should be disallowed.

43. HMIT Defendants need not respond to the reservation relative to Plaintiff's ability to object to claims as detailed in paragraph 396 of the Complaint.

44. HMIT Defendants do not have sufficient information upon which to admit or deny the allegations set forth in paragraphs 397 through 400 of the Complaint and therefore must deny same. Various of those paragraphs are reincorporating and realleging paragraphs that make no specific allegations and do not require a response from the HMIT Defendants.

## AFFIRMATIVE DEFENSES

### *In Pari Delicto*

45. Regarding Plaintiff's claims against HMIT Defendants detailed in Count III (paragraphs 181- 186) and Count XXIV (paragraphs 321-327), the HMIT Defendants assert that the Plaintiff – Marc S. Kirschner as Litigation Trustee of the Litigation Sub-Trust established pursuant to the Fifth Amended Plan of Reorganization of HCMLP – as the Section 1123(b)(3)(B) representative of the HCMLP estate, with regard to those pre-petition non bankruptcy causes of action, stands in the sullied shoes of HCMLP and thus is subject to all defenses available to the HMIT Defendants, specifically including the equitable defense of *in pari delicto*. The causes of action and the breaches asserted are all stated to have occurred pre-petition and such causes of action against the HMIT Defendants detailed therein existed on HCMLP's petition date. HCMLP

**Hunter Mountain Investment Trust and Rand PE Fund I, LP, Series 1's:**
**(I) Answers to Plaintiff's Complaint and Objection to Claims; and**
**(II) Cross-Claims Against Class A Limited Partners of HCMLP**                    Page 10 of 14

and its actions were instrumental in all aspects of the events that generated the asserted causes of action against the HMIT Defendants. The recoveries sought by HCMLP in those Counts are based upon contract law generally relative to a promissory note executed by HMIT and a guaranty of payment executed by Rand.

46. Combining and considering the Plaintiff's assertions that: (i) Dondero is the alter ego of Strand and (ii) that Dondero and Strand are the alter egos of HCMLP (see Count's VII and VIII) with (iii) the intricately detailed description of the asserted inappropriate control that Dondero and Strand and other confederates had over HCMLP and (iv) HCMLP's asserted active complicity in allegedly setting up multiple means to strip assets from HCMLP for the benefit of Dondero and other affiliated defendants detailed therein, including but not limited to (v) the allegation that the sale of the limited partnership interests (Class B) to HMIT for a relatively small amount of cash and a promissory note to be paid by HMIT (the repayment of which was to be funded by HCMLP distributions pursuant to the terms of the limited partnership agreement(s) that ostensibly controlled the operations of HCMLP at the time) and the guarantee of same by Rand, was part of said asserted grand scheme, that HCMLP significantly participated in, to siphon off funds to Dondero and those affiliate defendants.[3]

47. These assertions, if true, subject the Plaintiff's claims regarding the noted Counts III and XXIV to the equitable affirmative defense of *in pari delicto* with regard to Plaintiff seeking to recover sums from the HMIT Defendants based upon asserted breaches of the promissory note and guaranty; Plaintiff stands in the shoes of HCMLP, pre-petition, and because HCMLP was part

---

[3] To be sure, the sale of the then existing limited partnership interests of the Prior Class A Holders to HMIT is asserted to be an integral part of the asserted scheme to denude HCMLP and is the asserted principal means to siphon funds away from HCMLP via distributions to HMIT as the 99% limited partner of HCMLP. The payments by HMIT back to HCMLP on the promissory note for the acquisition of the Class B limited partnership interests just returned funds sent by HCMLP right back to HCMLP. HCMLP was involved in each of these acquisition sequences relative to the Class A and Class B limited partnership interests.

**Hunter Mountain Investment Trust and Rand PE Fund I, LP, Series 1's:**
**(I) Answers to Plaintiff's Complaint and Objection to Claims; and**
**(II) Cross-Claims Against Class A Limited Partners of HCMLP**                                     Page 11 of 14

– and a substantially larger part than HMIT Defendants – of the asserted grand scheme that Dondero, Strand and others, including HCMLP are alleged to have concocted and skillfully carried out.

## CROSS-CLAIM

### *Prior Class A Holders' Scheme to Defraud HMIT Defendants*

48. Incorporating relevant aspects of the Complaint and if same are proved to be true, entitling Plaintiff to recover from the HMIT Defendants on account of any funds transferred to the Prior Class A Holders by HMIT on any basis where the solvency of HCMLP is a constituent part of such cause of action or avoidance power, then HMIT asserts that the Prior Class A Holders, shown as being in concert with Dondero and Strand and knowing the purpose and the rationale for the Hunter Mountain Transaction was to fraudulently siphon off funds from HCMLP, fraudulently induced HMIT to enter into the Partnership Interest Purchase Agreement ("**PIPA**") and associated documents to acquire the Class A Limited Partnership Interests from the Prior Class A Holders: (a) Dugaboy Investment Trust; (b) Mark & Pamela Okada Family Trust – Exempt Trust #1; (c) Mark & Pamela Okada Family Trust – Exempt Trust #2; and (d) Mark K. Okada, and fraudulently induced Rand to execute a guaranty of such obligation.

49. The Prior Class A Holders, assertedly knowing that the Class A interests had no value due to the known significant insolvency of HCMLP at the time of the entry into the PIPA, made fraudulent representations as to the asserted excellent financial health of HCMLP in the context of the sale of those interests to HMIT for $93,000,000.00, despite knowing such representations to be false when made.

50. The Prior Class A Holders thus knew that HCMLP was insolvent, participated in or acquiesced in the provision of materials which falsely asserted that HCMLP was significantly

**Hunter Mountain Investment Trust and Rand PE Fund I, LP, Series 1's:**
**(I) Answers to Plaintiff's Complaint and Objection to Claims; and**
**(II) Cross-Claims Against Class A Limited Partners of HCMLP**                                    Page 12 of 14

solvent, when in fact such was not the case and the Prior Class A Holders knew that the HMIT Defendants would rely upon such representations to justify entering into the PIPA which required HMIT to transfer funds from HCMLP distributions to pay the notes executed as part of the PIPA, which notes were held by the Prior Class A Holders.

51. The HMIT Defendants assert that had the HMIT Defendants known these concealed facts, it would not have entered into the PIPA or any affiliated documents and would not have entered into the Contribution Agreement with HCMLP to acquire the Class B limited partnership interests for $70,000,000.00 or to guarantee said obligation.

52. On account of the asserted fraud that the Prior Class A Holders are asserted to have committed vis-à-vis HCMLP, the HMIT Defendants were also damaged by being induced to participate unknowingly and unwittingly in this asserted elaborate scheme to denude HCMLP. As such, the HMIT Defendants assert that the Prior Class A Holders are liable to the HMIT Defendants for any and all damages that HMIT Defendants may be required to pay to HCMLP on account of the Complaint.

**PRAYER**

HMIT Defendants pray this Court deny Plaintiff any relief sought against them in the Complaint and, in the alternative, if the HMIT Defendants are determined to be liable hereunder, grant HMIT Defendants equivalent damages from the Prior Class A Holders for any amounts that the HMIT Defendants are required to pay Plaintiff and for such other and further relief to which the HMIT Defendants may show themselves to be justly entitled to at law or in equity.

**Hunter Mountain Investment Trust and Rand PE Fund I, LP, Series 1's:**
**(I) Answers to Plaintiff's Complaint and Objection to Claims; and**
**(II) Cross-Claims Against Class A Limited Partners of HCMLP**     Page 13 of 14

Dated: March 23, 2022.

Respectfully submitted,

*/s/ E. P. Keiffer*
E. P. Keiffer
State Bar No. 11181700
**ROCHELLE MCCULLOUGH, LLP**
325 North Saint Paul St., Suite 4500
Dallas, TX 75201
Tel: (214) 580-2525
Fax: (888) 467-5979
Email: pkeiffer@romclaw.com

**ATTORNEYS FOR DEFENDANTS
HUNTER MOUNTAIN INVESTMENT
TRUST AND RAND PE FUND I, LP,
SERIES 1**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 23, 2022, a true and correct copy of the foregoing document was electronically filed and served via electronic mail on the parties appearing in this adversary proceeding.

*/s/ E. P. Keiffer*
E. P. Keiffer

**Hunter Mountain Investment Trust and Rand PE Fund I, LP, Series 1's:**
**(I) Answers to Plaintiff's Complaint and Objection to Claims; and**
**(II) Cross-Claims Against Class A Limited Partners of HCMLP**    **Page 14 of 14**