Michelle Hartmann
State Bar No. 24032402
BAKER & MCKENZIE LLP
1900 North Pearl, Suite 1500
Dallas, Texas 75201
Telephone: 214-978-3000
Email: michelle.hartmann@bakermckenzie.com

Debra A. Dandeneau (Admitted *pro hac vice*)
Blaire Cahn (Admitted *pro hac vice*)
BAKER & MCKENZIE LLP
452 Fifth Ave
New York, NY 10018
Telephone: 212-626-4875
Email: debra.dandeneau@bakermckenzie.com
Email: blaire.cahn@bakermckenzie.com
(*Admitted pro hac vice*)

*Counsel for the Former Employee Defendants*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| MARC S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. DONDERO; MARK A. OKADA; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; FRANK WATERHOUSE; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER | Adv. Pro. No. 21-03076-sgj |

NOTICE OF SUPPLEMENTAL AUTHORITY FOR THE FORMER EMPLOYEE
DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE

|  |
|---|
| MOUNTAIN INVESTMENT TRUST; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP.; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; SAS ASSET RECOVERY, LTD.; AND CPCM, LLC, <br><br>                     Defendants. |

## NOTICE OF SUPPLEMENTAL AUTHORITY FOR THE FORMER EMPLOYEE DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE

**PLEASE TAKE NOTICE** of the following:

1. On March 17, 2022, this Court held a status conference (the "**Status Conference**") on the *Motion to Withdraw the Reference for the Causes of Action in the Complaint Asserted Against the Former Employee Defendants* [Adv. Proc. Dkt. 27] (the "***Motion***").[1]

2. At the Status Conference, the Court inquired whether the test for post-confirmation jurisdiction discussed by the Fifth Circuit Court of Appeals in *Bank of La. v. Craig's Stores of Texas, Inc. (In re Craig's Stores of Tex., Inc.)*, 266 F.3d 388 (5th Cir. 2001), applied to actions commenced after the confirmation date to recover preferences or avoid fraudulent transfers.

3. In response to the Court's inquiry, undersigned counsel to the Former Employee Defendants has reviewed case law applying the *Craig's Stores* test to such actions. With the possible exception of *Colvin v Amegy Mortg Co LLC*, 507 B.R. 169 (W.D. Tex 2014), counsel was

---

[1] Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to them in the Motion.

unable to locate any case law applying *Craig's Stores* in the context of actions commenced after the confirmation date to recover preferences or avoid fraudulent transfers.

4. Attached as **Exhibit A** hereto is a list that contains citations to case law in which the courts suggest that the *Craig's Stores* test only is applicable in the context of determining the extent of the Court's "related to" jurisdiction and does not apply to post-confirmation claims "arising under title 11" or "arising in" a case under title 11 of the United States Code.

Dated: March 25, 2022

By: */s/ Debra A. Dandeneau*
Michelle Hartmann
State Bar No. 24032402
**BAKER & MCKENZIE LLP**
1900 North Pearl, Suite 1500
Dallas, Texas 75201
Telephone: 214-978-3000
Facsimile: 214-978-3099
Email: michelle.hartmann@bakermckenzie.com

Debra A. Dandeneau (Admitted *pro hac vice*)
Blaire Cahn (Admitted *pro hac vice*)
**BAKER & MCKENZIE LLP**
452 Fifth Ave
New York, NY 10018
Telephone: 212-626-4875
Email: debra.dandeneau@bakermckenzie.com
Email: blaire.cahn@bakermckenzie.com
(*Admitted pro hac vice*)

*Counsel for the Former Employee Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on March 25, 2022, a true and correct copy of this document was served via the Court's CM/ECF system on all parties in the case who are registered users of the CM/ECF system.

/s/ *Debra A. Dandeneau*
Debra A. Dandeneau

**EXHIBIT "A"**

**Cases Referring to *Craig's Stores* as Being Limited to "Related To" Jurisdiction**

**District Court Cases**

*Malesovas v. Sanders*, No. H-04-3122, 2005 U.S. Dist. LEXIS 42344, at *9-*10 (S.D. Tex. May 16, 2005) (characterizing *Craig's Stores* test as determining the extent of "related to" jurisdiction)

*Pelican Refining Co. v. Adams and Reese, LLP*, 2007 U.S. Dist. LEXIS 32599, at *4 (S.D. Tex. May 3, 2007) (noting that the *Craig's Stores* test applies in the context of the "related to" jurisdictional test)

*Colvin v Amegy Mortg Co LLC*, 507 B.R. 169, 179 (W.D. Tex 2014) ("In any event, the bankruptcy court may have had subject-matter jurisdiction over the avoidance claim *because there has been some recent suggestion that the 'more exacting theory of post-confirmation bankruptcy jurisdiction' is limited to claims that were merely 'related to' the underlying bankruptcy and not those 'arising under' or 'arising in' title 11.*") (citing *Faulkner v. Eagle View Capital Mmgt. (In re Heritage Org., L.L.C.)*, 454 B.R. 353, 364-65 (Bankr. N.D.Tex. 2011) (emphasis added))

*George West 59 Inv., Inc. v. Williams (In re George West 59 Inv., Inc.)*, 526 B.R. 650, 654 n.10 (N.D. Tex. 2015) (citing *Craig's Stores* in the context of "related to" jurisdiction)

*Schmidt v. Nordlicht*, 2017 U.S. Dist. LEXIS 18374, at *6-*10 (S.D. Tex. Feb. 9 2017) (analyzing *Craig's Stores* in the context of "related to" jurisdiction)

*Brickley v. ScanTech Identification Systems, LLC*, 566 B.R. 815, 829-32 (W.D. Tex. 2017) (discussing *Craig's Stores* in the context of "related to" jurisdiction and separately discussing fraudulent transfer counts brought under sections 544, 548 and 550 as "core" proceedings)

*Burch v. Freedom Mortg Corp.*, 2019 US Dist LEXIS 177188, at *11 (N.D. Tex. July 12, 2019) ("Such matters fall within the Court's 'arising in' and 'arising under' jurisdiction,' and are independent bases of jurisdiction under § 1334.")

*Ridgecountry, Inc. v Wilmington Sav Fund Soc'y FSB*, 2019 US Dist LEXIS 212477, at *15 (N.D. Tex Nov. 5, 2019) (In the context of a closed chapter 7 case, court discusses whether an action is a core proceeding and then states, "*Craig's* is largely devoted to defining the scope of 'related to' jurisdiction, and it is thus not applicable here.")

**Bankruptcy Court Cases**

*In re WRT Energy Corp.*, 402 B.R 717 (Bankr. W.D La 2007) (in a case where the complaint "does not include any claims arising under the Bankruptcy Code," discussing *Craig's Stores* in the context of "related to" jurisdiction)

*Faulkner v. Eagle View Capital Mmgt. (In re Heritage Org., L.L.C.)*, 454 B.R. 353, 364 (Bankr. N.D. Tex. 2011) ("the Court believes that the narrow test for post-confirmation jurisdiction as applied in *Craig's Stores* and its progeny was articulated in the context of proceedings which were merely 'related to' a case under title 11 — *and not in proceedings which either 'arose under' or 'arose in' a case under title 11*. *Craig's Stores* itself — which found jurisdiction lacking — discussed the standard in the context of applying the test for 'related to' jurisdiction.") (emphasis added)

*Frisia Hartley, LLC v. Wells Fargo Bank, N.A. (In re Talsma)*, 509 B.R. 535, 547 (Bankr. N.D. Tex. 2014) ("*Craig's Stores* involved claims that invoked only 'related to' jurisdiction. But core claims will typically

have the connection to bankruptcy that was lacking in *Craig's Stores* because core claims are, by definition, limited to claims 'arising under' title 11 or 'arising in' a case under title 11 . . . ***Thus, courts have treated core proceedings differently post-confirmation than the 'related to' proceedings within the scope of Craig's Stores.***") (emphasis added)

*Lain v. Watt (In re Dune Energy, Inc.*), 575 B.R. 716, 724 (Bankr. W.D. Tex. 2017) (interpreting *Craig's Stores* to have only applied to a post-confirmation reduction of a bankruptcy court's broad "related to" jurisdiction)