John J. Kane (State Bar No. 24066794)
Brian Clark (State Bar No. 24032075)
**KANE RUSSELL COLEMAN LOGAN PC**
901 Main Street, Suite 5200
Dallas, Texas 75202-3705
Telephone: (214) 777-4200
Facsimile: (214) 777-4299

*Counsel for Grant James Scott, Individually*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>        Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| MARC S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST,<br><br>        Plaintiff,<br><br>v.<br><br>JAMES D. DONDERO; MARK A. OKADA; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; | Adv. Pro. No. 21-03076-sgj<br><br>ANSWER TO AMENDED COMPLAINT |

CHARITABLE DAF FUND, LP; HIGHLAND
DALLAS FOUNDATION; RAND PE FUND I,
LP, SERIES 1; MASSAND CAPITAL, LLC;
MASSAND CAPITAL, INC.; AND SAS ASSET
RECOVERY, LTD.,

               Defendants.

## GRANT JAMES SCOTT'S ANSWER TO ADVERSARY AMENDED COMPLAINT

Defendant, Grant James Scott ("Scott") files this Answer (the "Answer") to the Plaintiff's

Adversary Amended Complaint (the "Complaint") [Docket No. 158] filed on May 19, 2022. In

response to the Complaint, Scott asserts the following:

## ANSWER

## I.     INTRODUCTION

1.     Defendant Scott lacks information sufficient to admit or deny the allegations

contained in paragraph 1.

2.     Defendant Scott lacks information sufficient to admit or deny the allegations

contained in paragraph 2.

3.     Defendant Scott lacks information sufficient to admit or deny the allegations

contained in paragraph 3.

4.     Defendant Scott lacks information sufficient to admit or deny the allegations

contained in paragraph 4.

5.     Defendant Scott lacks information sufficient to admit or deny the allegations

contained in paragraph 5.

6.     Defendant Scott lacks information sufficient to admit or deny the allegations

contained in paragraph 6 and its subsets.

7. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 7.

8. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 8.

9. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 9.

10. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 10.

## II.    **PARTIES**

11. Defendant Scott admits that Kirschner is the Litigation Trustee for the Trust as established under HCMLP's Plan.

12. Defendant Scott admits that Dondero resides or has resided in Dallas. Defendant Scott admits that Dondero previously served as the Chief Executive Officer and President of HCMLP. Defendant Scott lacks information sufficient to admit or deny the remaining allegations contained in paragraph 12.

13. Defendant Scott admits that Okada previously served as the Chief Investment Officer of HCMLP. Defendant Scott lacks information sufficient to admit or deny the remaining allegations contained in paragraph 13.

14. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 14.

15. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 15.

16.     Defendant Scott admits that he previously served as a trustee of the Dugaboy Investment Trust. Defendant Scott lacks information sufficient to admit or deny the remaining allegations contained in paragraph 16.

17.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 17.

18.     Defendant Scott admits that he currently resides in North Carolina, and that he had various roles at entities in some way associated with Dondero. Defendant Scott admits that he has a history with Dondero, and has previously testified about the nature of his relationship with Dondero. Defendant Scott admits the he served on multiple boards on which Dondero also served. Defendant Scott admits that he was compensated for his various roles at entities in some way associated with Dondero. Defendant Scott admits that, at times, he agreed follow the advice of Dondero or HCMLP's representatives on behalf of entities at which he was a decision-maker, but denies the accusation that he "rubber-stamped" Dondero's and HCMLP's directives without asking questions or requesting additional information.

19.     Defendant Scott admits that Ellington previously served as HCMLP's in-house attorney. Defendant Scott lacks information sufficient to admit or deny the remaining allegations contained in paragraph 19.

20.     Defendant Scott admits that Leventon previously served as HCMLP's in-house attorney. Defendant Scott lacks information sufficient to admit or deny the remaining allegations contained in paragraph 20.

21.     Defendant Scott admits that Charitable DAF Fund, LP is or was an exempted company incorporated in the Cayman Islands. Defendant Scott does not recall whether Dondero was the initial managing member of DAF GP, and does not recall precisely when or if Dondero transferred all membership interests to Defendant Scott. Defendant Scott admits that he served as

managing member of DAF GP and director of the DAF. Defendant Scott lacks information sufficient to admit or deny HCMLP's role for the DAF prior to his involvement, but admits that HCMLP acted as the formal or informal non-discretionary investment manager for the DAF at all relevant times during Defendant Scott's tenure with the DAF. Defendant Scott admits that HCMLP also provided advisory and back-office services to the DAF and its subsidiaries, including CLO Holdco, Ltd. Defendant Scott lacks information sufficient to admit or deny whether Dondero currently serves as the DAF's investment advisor.

22. Defendant Scott admits that DAF Holdco is or was an exempted company incorporated in the Cayman Islands, and that Defendant Scott served as DAF Holdco's Director. Defendant Scott admits that DAF Holdco is or was the limited partner of the DAF, but lacks information sufficient to admit or deny the remaining factual allegations in this paragraph.

23. Defendant Scott admits that CLO Holdco is a Cayman Islands entity and a wholly owned subsidiary of the DAF. Defendant Scott admits that CLO Holdco filed a proof of claim in HCMLP's bankruptcy case, which was signed by Scott in his capacity as CLO Holdco's sole director, and later amended that claim. Defendant Scott lacks information sufficient to admit or deny whether an amended proof of claim was reasserted in January 2022. Defendant Scott denies that all investment decisions were effectively made by HCMLP through Dondero until Dondero's departure from HCMLP in January, 2020. Defendant Scott denies "rubber-stamping" all investment decisions. Defendant Scott lacks information sufficient to admit or deny whether Dondero currently serves as an investment advisor to CLO Holdco or whether CLO Holdco made such a statement.

24. Defendant Scott currently lacks information sufficient to admit or deny the allegations contained in paragraph 24.

25.     Defendant Scott admits that he previously served as a director and treasurer for Highland Dallas. Defendant Scott lacks information sufficient to admit or deny the remaining allegations contained in paragraph 25.

26.     Defendant Scott admits that he served as trustee of the Get Good Trust for a period of time. Defendant Scott lacks information sufficient to admit or deny the remaining allegations contained in paragraph 26.

27.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 27.

28.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 28.

29.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 29.

30.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 30.

31.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 31.

32.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 32.

### III.     JURISDICTION, VENUE, & STANDING

33.     Paragraph 33 contains only legal conclusions and does not require an admission or denial from Defendant Scott.

34.     Paragraph 34 contains only legal conclusions and does not require an admission or denial from Defendant Scott.

35. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 35.

36. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 36.

37. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 37.

38. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 38.

39. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 39.

## IV. FACTUAL ALLEGATIONS

40. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 40.

41. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 41.

42. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 42.

43. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 43.

44. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 44.

45. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 45.

46. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 46.

47. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 47.

48. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 48.

49. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 49.

50. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 50.

51. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 51.

52. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 52.

53. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 53.

54. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 54.

55. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 55.

56. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 56.

57. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 57.

58. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 58.

59. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 59.

60. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 60.

61. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 61.

62. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 62.

63. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 63.

64. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 64.

65. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 65.

66. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 66.

67. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 67.

68. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 68.

69. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 69.

70.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 70.

71.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 71.

72.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 72.

73.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 73.

74.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 74.

75.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 75.

76.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 76.

77.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 77.

78.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 78.

79.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 79.

80.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 80.

81.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 81.

82.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 82.

83.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 83.

84.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 84.

85.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 85.

86.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 86.

87.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 87.

88.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 88.

89.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 89.

90.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 90.

91.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 91.

92.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 92.

93.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 93.

94.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 94.

95.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 95.

96.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 96.

97.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 97.

98.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 98.

99.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 99.

100.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 100.

101.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 101.

102.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 102.

103.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 103.

104.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 104.

105.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 105.

106.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 106.

107.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 107.

108.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 108.

109.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 109.

110.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 110.

111.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 111.

112.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 112.

113.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 113.

114.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 114.

115.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 115.

116.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 116.

117.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 117.

118.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 118.

119.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 119.

120.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 120.

121.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 121.

122.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 122.

123.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 123.

124.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 124.

125.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 125.

126.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 126.

127.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 127.

128.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 128.

129.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 129.

130. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 130.

131. Defendant Scott admits that HCMLP transferred certain assets for value and that such assets were eventually transferred to CLO Holdco. Defendant Scott denies the remaining allegations contained in paragraph 131.

132. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 132.

133. Defendant Scott admits signing a Purchase and Sale Agreement on behalf of Get Good pursuant to which certain assets were transferred from HCMLP to Get Good in exchange for value. Defendant Scott lacks information sufficient to admit or deny the remaining allegations contained in paragraph 133.

134. Defendant Scott admits that HCMLP transferred assets to Get Good in exchange for the Dugaboy Note. Defendant Scott denies the remaining allegations contained in paragraph 134 of the Complaint.

135. Defendant Scott admits that he executed documents involved in the transfer of the Transferred CLO Holdco Assets to CLO Holdco but denies that he acted solely at Dondero's request.

136. Paragraph 136 contains a graphic. Defendant Scott denies that the graphic is accurate and complete.

137. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 137.

138. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 138.

139. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 139.

140. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 140.

141. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 141.

142. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 142.

143. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 143.

144. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 144.

145. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 145.

146. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 146.

147. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 147.

148. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 148.

149. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 149.

150. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 150.

151. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 151.

152. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 152.

153. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 153.

154. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 154.

155. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 155.

156. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 156.

157. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 157.

158. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 158.

159. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 159.

160. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 160.

161. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 161.

162. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 162.

163.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 163.

164.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 164.

165.      Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 165.

166.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 166.

167.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 167.

168.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 168.

169.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 169.

170.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 170.

171.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 171.

## V.     CAUSES OF ACTION

172.     Paragraph 172 does not require an admission or denial from Defendant Scott.

173.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 173.

174.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 174.

175. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 175.

176. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 176.

177. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 177.

178. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 178.

179. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 179.

180. Paragraph 180 does not require an admission or denial from Defendant Scott.

181. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 181.

182. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 182.

183. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 183.

184. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 184 and 184(a) thru (h).

185. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 185.

186. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 186.

187. Paragraph 187 does not require an admission or denial from Defendant Scott.

188.    Paragraph 188 does not require an admission or denial from Defendant Scott.

189.    Paragraph 189 does not require an admission or denial from Defendant Scott.

190.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 190.

191.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 191.

192.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 192.

193.    Paragraph 193 does not require an admission or denial from Defendant Scott.

194.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 194.

195.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 195.

196.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 196.

197.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 197.

198.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 198.

199.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 199.

200.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 200.

201.    Paragraph 201 does not require an admission or denial from Defendant Scott.

202.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 202.

203.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 203.

204.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 204.

205.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 205.

206.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 206.

207.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 207.

208.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 208.

209.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 209.

210.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 210.

211.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 211.

212.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 212.

213.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 213.

214. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 214.

215. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 215.

216. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 216.

217. Paragraph 217 does not require an admission or denial from Defendant Scott.

218. Paragraph 218 does not require an admission or denial from Defendant Scott.

219. Paragraph 219 does not require an admission or denial from Defendant Scott.

220. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 220.

221. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 221.

222. Paragraph 222 does not require an admission or denial from Defendant Scott.

223. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 223.

224. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 224.

225. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 225.

226. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 226.

227. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 227.

228.     Paragraph 228 does not require an admission or denial from Defendant Scott.

229.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 229.

230.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 230.

231.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 231.

232.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 232.

233.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 233.

234.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 234.

235.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 235.

236.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 236.

237.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 237.

238.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 238.

239.     Paragraph 239 does not require an admission or denial from Defendant Scott.

240. Defendant Scott admits that he served as trustee of Dugaboy for a period of time. Defendant Scott lacks information sufficient to admit or deny the rest of the allegations contained in paragraph 240.

241. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 241.

242. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 242.

243. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 243.

244. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 244.

245. Paragraph 245 does not require an admission or denial from Defendant Scott.

246. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 246.

247. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 247.

248. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 248.

249. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 249.

250. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 250.

251. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 251.

252. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 252.

253. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 253.

254. Paragraph 254 does not require an admission or denial from Defendant Scott.

255. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 255.

256. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 256.

257. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 257.

258. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 258.

259. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 259.

260. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 260.

261. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 261.

262. Paragraph 262 does not require an admission or denial from Defendant Scott.

263. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 263.

264. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 264.

265.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 265.

266.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 266.

267.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 267.

268.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 268.

269.     Paragraph 269 does not require an admission or denial from Defendant Scott.

270.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 270.

271.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 271 and 271(a) thru (f).

272.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 272.

273.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 273.

274.     Paragraph 274 does not require an admission or denial from Defendant Scott.

275.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 275.

276.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 276.

277.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 277.

278.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 278.

279.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 279.

280.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 280.

281.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 281.

282.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 282.

283.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 283.

284.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 284.

285.     Paragraph 285 does not require an admission or denial from Defendant Scott.

286.     Defendant Scott denies the allegations contained in paragraph 286 of the Complaint.

287.     Defendant Scott denies the allegations contained in paragraph 287 of the Complaint.

288.     Defendant Scott denies the allegations contained in paragraph 288 of the Complaint.

289.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 289.

290.     Paragraph 290 does not require an admission or denial from Defendant Scott.

291.     Defendant Scott denies the allegations contained in paragraph 291 of the Complaint.

292.     Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 292.

293.    Defendant Scott denies the allegations contained in paragraph 293 of the Complaint.

294.    Defendant Scott denies the allegations contained in paragraph 294 of the Complaint.

295.    Defendant Scott denies the allegations contained in paragraph 295 of the Complaint and its subsets.

296.    Defendant Scott denies the allegations contained in paragraph 296 of the Complaint.

297.    Paragraph 297 does not require an admission or denial from Defendant Scott.

298.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 298.

299.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 299.

300.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 300.

301.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 301.

302.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 302.

303.    Paragraph 303 does not require an admission or denial from Defendant Scott.

304.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 304.

305.    Defendant Scott admits that HCMLP transferred certain assets to Get Good in December, 2016 in exchange for value pursuant to a Purchase and Sale Agreement executed by Dondero, on behalf of HCMLP, and Defendant Scott, on behalf of Get Good. Defendant Scott denies the remaining allegations contained in paragraph 305 of the Complaint.

306.    Defendant Scott denies the allegations contained in paragraph 306 of the Complaint.

307. Defendant Scott admits the allegations contained in paragraph 307 of the Complaint.

308. Defendant Scott admits the allegations contained in paragraph 308 of the Complaint.

309. Defendant Scott admits that the Transferred CLO Holdco Assets were transferred to CLO Holdco, but denies the remaining factual allegations contained in paragraph 309 of the Complaint.

310. Defendant Scott admits that he was Dondero's friend, former roommate and fellow board member on multiple boards of directors but denies the remaining factual allegations contained in paragraph 310 of the Complaint.

311. Defendant Scott denies the allegations contained in paragraph 311 of the Complaint.

312. Defendant Scott denies the allegations contained in paragraph 312 of the Complaint.

313. Defendant Scott denies the allegations contained in paragraph 313 of the Complaint.

314. Defendant Scott denies the allegations contained in paragraph 314 of the Complaint.

315. Paragraph 315 does not require an admission or denial from Defendant Scott.

316. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 316.

317. Defendant Scott admits that HCMLP transferred certain assets to Get Good in December, 2016 in exchange for value pursuant to a Purchase and Sale Agreement executed by Dondero, on behalf of HCMLP, and Defendant Scott, on behalf of Get Good. Defendant Scott denies the remaining allegations contained in paragraph 317 of the Complaint.

318. Defendant Scott admits that HCMLP received the Dugaboy Note from Get Good. Defendant Scott denies the remaining allegations contained in paragraph 318 of the Complaint.

319. Defendant Scott denies the allegations contained in paragraph 319 of the Complaint.

320. Defendant Scott denies the allegations contained in paragraph 320 of the Complaint and its subsets.

321.    Defendant Scott denies the allegations contained in paragraph 321 of the Complaint.

322.    Defendant Scott denies the allegations contained in paragraph 322 of the Complaint.

323.    Defendant Scott denies the allegations contained in paragraph 323 of the Complaint.

324.    Paragraph 324 does not require an admission or denial from Defendant Scott.

325.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 325.

326.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 326.

327.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 327.

328.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 328.

329.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 329.

330.    Paragraph 330 does not require an admission or denial from Defendant Scott.

331.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 331.

332.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 332.

333.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 333 and 333(a) thru (g).

334.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 334.

335.    Paragraph 335 does not require an admission or denial from Defendant Scott.

336. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 336.

337. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 337.

338. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 338.

339. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 339.

340. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 340.

341. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 341.

342. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 342.

343. Paragraph 343 does not require an admission or denial from Defendant Scott.

344. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 344.

345. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 345.

346. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 346 and 346(a) thru (f).

347. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 347.

348. Paragraph 348 does not require an admission or denial from Defendant Scott.

349. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 349.

350. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 350.

351. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 351.

352. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 352.

353. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 353.

354. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 354.

355. Paragraph 355 does not require an admission or denial from Defendant Scott.

356. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 356.

357. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 357.

358. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 358.

359. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 359.

360. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 360.

361. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 361.

362. Paragraph 362 does not require an admission or denial from Defendant Scott.

363. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 363.

364. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 364.

365. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 365.

366. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 366.

367. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 367.

368. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 368.

369. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 369.

370. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 370.

371. Paragraph 371 does not require an admission or denial from Defendant Scott.

372. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 372.

373. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 373.

374. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 374.

375. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 375.

376. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 376.

377. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 377.

378. Paragraph 378 does not require an admission or denial from Defendant Scott.

379. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 379.

380. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 380.

381. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 381.

382. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 382.

383. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 383.

384. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 384.

385. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 385.

386. Paragraph 386 does not require an admission or denial from Defendant Scott.

387. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 387.

388. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 388.

389. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 389.

390. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 390.

391. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 391.

392. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 392.

393. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 393.

394. Paragraph 394 does not require an admission or denial from Defendant Scott.

395. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 395.

396. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 396.

397. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 397.

398. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 398.

399.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 399.

400.    Paragraph 400 does not require an admission or denial from Defendant Scott.

401.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 401.

402.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 402.

403.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 403.

404.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 404.

405.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 405.

406.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 406.

407.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 407.

408.    Paragraph 408 does not require an admission or denial from Defendant Scott.

409.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 409.

410.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 410.

411.    Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 411.

412. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 412.

413. Paragraph 413 does not require an admission or denial from Defendant Scott.

414. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 414.

415. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 415.

416. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 416 and paragraphs 416 (a) thru (h).

417. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 417.

418. Paragraph 418 does not require an admission or denial from Defendant Scott.

419. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 419.

420. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 420.

421. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 421.

422. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 422.

423. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 423.

424. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 424.

425. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 425.

426. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 426.

427. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 427.

428. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 428.

429. Paragraph 429 does not require an admission or denial from Defendant Scott.

430. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 430.

431. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 431.

432. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 432.

433. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 433.

434. Paragraph 434 does not require an admission or denial from Defendant Scott.

435. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 435.

436. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 436.

437. Defendant Scott lacks information sufficient to admit or deny the allegations contained in paragraph 437.

## **AFFIRMATIVE DEFENSES**

1.      Defendant Scott would show that while he is not a transferee as that term is used under the Texas Uniform Fraudulent Transfer Act, if there is any argument that he should be treated as a transferee, Defendant Scott is entitled to the protections afforded in section 24.009 of the Texas Uniform Fraudulent Transfer Act because at all times Defendant Scott acted in good faith and, to the extent there was any exchange involving Scott, which he denies, Scott provided reasonably equivalent value.

2.      Defendant Scott would show that the imposition of exemplary or punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of Texas in one or more of the following respects:

     a.      Due Process requires proof of gross negligence and punitive damages by a standard greater than the "preponderance of the evidence" standard.  Due process requires proof of such claims by at least a clear and convincing evidence.

     b.      The assessment of punitive damages, a remedy that is essentially criminal in nature, constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States; the Eighth Amendment to the Constitution of the United States, and Article I, Sections 13 and 19 of the Constitution of the State of Texas.

3.      Plaintiffs' claim for punitive damages is controlled and limited by Texas Civil Practice and Remedies Code Section 41.008.

4.      Plaintiffs' claims are barred, in whole or in part, under the doctrine of proportionate responsibility, set forth in Chapter 33 of the Texas Civil Practice and Remedies Code, based on the

negligence, fault or other liability of Plaintiffs and/or other third parties.

      5.     Plaintiffs' claims are barred by the existence of one or more express contracts.

Plaintiffs' claims are barred by legal justification, privilege and/or the business judgment rule.

Dated: July 11, 2022                          Respectfully submitted,

                                        KANE RUSSELL COLEMAN LOGAN PC

                                        By: */s/ John J. Kane*
                                             John J. Kane
                                           State Bar No. 24066794
                                         Brian W. Clark
                                         State Bar No. 24032075

                                        901 Main Street, Suite 5200
                                        Dallas, Texas 75202
                                        Telephone: (214) 777-4200
                                        Facsimile: (214) 777-4299
                                        Email: jkane@krcl.com
                                        Email: bclark@krcl.com

                                        *Attorneys for Grant James Scott, Individually*

## CERTIFICATE OF SERVICE

      This is to certify that on July 11, 2022, a true and correct copy of the foregoing has been served by ECF on all counsel of record as listed below.

*Attorneys for Litigation Trustee Marc Kirschner*

| | |
|---|---|
| Paige Holden Montgomery | Susheel Kirpalani |
| Juliana L. Hoffman | Deborah J. Newman |
| SIDLEY AUSTIN LLP | Robert S. Loigman |
| 2021 McKinney Avenue, Suite 2000 | Benjamin I. Finestone |
| Dallas, TX 75201 | Calli Ray |
| pmontgomery@sidley.com | Alexander J. Tschumi |
| jhoffman@sidley.com | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | 51 Madison Avenue, Floor 22 |
| | New York, NY 10010 |
| | susheelkirpalani@quinnemanuel.com |
| | deborahnewman@quinnemanuel.com |
| | robertloigman@quinnemanuel.com |
| | benjaminfinestone@quinnemanuel.com |
| | calliray@quinnemanuel.com |
| | alexandretschumi@quinnemanuel.com |

*Attorney for James D. Dondero and Strand Advisors, Inc., Dugaboy Investment Trust and Nancy Dondero, as Trustee of Dugaboy Investment Trust, and Get Good Trust and Grant James Scott, as Trustee of Get Good Trust*

| | |
|---|---|
| Jason Michael Hopkins | Amy L. Rhuhland (Rudd) |
| DLA PIPER | DLA PIPER LLP |
| 1717 Main Street, Suite 4600 | 303 Colorado Street, Suite 3000 |
| Dallas, TX 75201 | Austin, TX 78701 |
| Jason.hopkins@us.dlapiper.com | Amy.ruhland@usdlapiper.com |

*Attorneys for CLO Holdco, Ltd., Charitable DAF Holdco, Ltd., Charitable DAF Fund, LP, and Highland Dallas Foundation, Inc.*

| | |
|---|---|
| Louis M. Phillips | Hugh G. Connor II |
| KELLY HART PITRE | Michael D. Anderson |
| One American Place | Katherine T. Hopkins |
| 301 Main Street, Suite 1600 | KELLY HART & HALLMAN |
| Baton Rouge, LA 70801-1916 | 201 Main Street, Suite 2500 |
| Louis.phillips@kellyhart.com | Fort Worth, TX 76102 |
| | Hugh.connor@kellyhart.com |
| Amelia L. Hurt | Michael.anderson@kellyhart.com |
| KELLY HART PITRE | Katherine.hopikins@kellyhart.com |
| 400 Poydras Street, Suite 1812 | |
| New Orleans, LA 70130 | |
| Amelia.hurt@kellyhart.com | |

*Counsel for Mark Okada, Mark & Pamela Okada Family Trust Exempt Trust #1 and Lawrence Tonomura as Trustee of Mark & Pamela Okada Family Trust Exempt Trust #1, and Mark & Pamela Okada Family Trust Exempt Trust #2 and Lawrence Tonomura in his Capacity as Trustee of Mark & Pamela Okada Family Trust Exempt Trust #2*

| | |
|---|---|
| Brian D. Glueckstein | Courtney C. Thomas |
| SULLIVAN & CROMWELL LLP | BROWN FOX PLLC |
| 125 Broad Street | 8111 Preston Road, Suite 300 |
| New York, NY 10004 | Dallas, TX 75225 |
| gluecksteinb@sullcrom.com | cort@brownfoxlaw.com |

*Counsel for Scott Ellington, and Isaac Leventon*

| | |
|---|---|
| Debra A. Dandeneau | Margaret M. Hartmann |
| BAKER MCKENZIE LLP | BAKER MCKENZIE LLP |
| 452 Fifth Avenue | 1900 N. Pearl Street, Suite 1500 |
| New York, NY 10018 | Dallas, TX 75201 |
| Debra.dandeneau@bakermckenzie.com | Michelle.hartmann@bakermckenzie.com |

*Counsel for NexPoint Advisors, LP and Highland Capital Management Fund Advisors, LP*

Deborah Rose Deitsch-Perez
STINSON LEONARD STREET
3102 Oak Lawn Avenue, Suite 777
Dallas, TX 75219
Deborah.dietschperez@stinson.com

*Counsel for Hunter Mountain Investment Trust and Rand PE Fund I, LP, Series 1*
Edwin Paul Keiffer
ROCHELLE MCCULLOUGH, LLP
325 North Saint Paul St., Suite 4500
Dallas, TX 75201
pkeiffer@romclaw.com

*Attorneys for Highland Capital Management, L.P.Z*achery Z. Annable
Melissa S. Hayward
HAYWARD PLLC
10501 N. Central Expressway, Suite 106
Dallas, TX 75231
zannable@haywardfirm.com
mhayward@haywardfirm.com

         _/s/ John J. Kane_____

         John J. Kane