

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 29, 2022**

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | |
| MARC S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 21-03076-sgj |
| JAMES D. DONDERO; MARK A. OKADA; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND | |

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are (8357). The Reorganized Debtor is a Delaware limited partnership. The Reorganized Debtor's headquarters and service address are 100 Crescent Court, Suite 1850, Dallas, TX 75201.

GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP.; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; AND SAS ASSET RECOVERY, LTD.,

Defendants.

## AGREED PROTECTIVE ORDER

This Agreed Protective Order (the "Order") governs any document, information, or other thing that has been or will be produced or received by a Party (as defined below) in the action *Kirschner v. Dondero et al.*, Adv. Pro. No. 21-03076-sgj (the "Action"), pending in the United States Bankruptcy Court for the Northern District of Texas (the "Court") (collectively, the "Discovery Materials").  Discovery Materials include, without limitation, testimony adduced at depositions; responses to interrogatories; responses to requests for admission (and documents produced in connection with such responses); and documents and things produced voluntarily or in response to any type of request.  "Party" or "Parties" means any person or entity that (1) produces, (2) designates, (3) receives, formally or informally, or (4) reviews any Discovery Materials.

## TERMS OF AGREED ORDER

1.    Confidential Information.  As used in this Order, "Confidential Information" means all documents, data, reports, interpretations, forecasts, financial and business projections, records, agreements, contracts, business plans, marketing materials and vendor agreements or

programs (whether in oral or written form, electronically stored, or otherwise) containing or otherwise reflecting information provided by or on behalf of any Party or any of the Parties' respective Representatives (as defined below) before, on, or after the date hereof, and all reproductions of such information (whether in written form, electronically stored, or otherwise or substantially derived from the information described above), that the producing Party reasonably believes in good faith is confidential or sensitive proprietary, personal, commercial, financial, or business information or that is otherwise subject to protection under a pre-existing agreement or applicable law or regulation.   Accordingly, for example, "Confidential Information" does not include information that (a) is or becomes generally available to the public other than as a result of disclosure by a Party or any of the Parties' Representatives in breach of this Order; (b) was lawfully within a Party's possession prior to it being furnished to such Party in the Action; (c) becomes available to a Party from a source other than the producing Party or any of its Representatives, provided that such source is not, to such receiving Party's knowledge, bound by a confidentiality agreement with, or other contractual, legal or fiduciary obligation of confidentiality to, the producing Party with respect to such information; or (d) is independently developed by a receiving Party without reference to or reliance upon any information furnished to such receiving Party by or on behalf of the producing Party.

2.     <u>Use and Disclosure of Confidential Information</u>.  Subject to the terms of this Order, each Party shall (i) keep the Confidential Information confidential in accordance with the terms of this Order; (ii) not disclose any Confidential Information except in accordance with the terms of this Order; (iii) not use any Confidential Information in any way other than in connection with the Action; and (iv) hold and treat all Confidential Information in confidence and with the same degree of care that such Party exercises with regard to its own Confidential Information;

*provided, however*, that each Party may disclose any Confidential Information (A) to a party to the Action and, as applicable, such party's directors, officers, trustees, and employees; (B) counsel and other professionals retained by a party to the Action, including but not limited to experts, and regular or temporary employees and service vendors of such counsel and other professionals; (C) to the extent permitted pursuant to paragraph 9 below; (D) to the United States Bankruptcy Court for the Northern District of Texas and its personnel as long as the information is filed under seal under the procedures set forth in L.B.R. 9077-1; (E) any person who is indicated on the face of a document or its related documents to have been an author, addressee or copy recipient of such document, an actual or intended recipient of such document, or in the case of meeting minutes, an attendee of the meeting; (F) witnesses who have been noticed, subpoenaed, or are on a witness list for hearing or trial, and the witness's counsel, (i) either at a deposition or in court proceedings or (ii) for purposes of witness preparation, in each case to the extent that such disclosure is reasonably necessary for the subject matter of testimony, provided such deponent or witness has agreed to be bound by the terms of this Protective Order and confirmed such agreement by signing Exhibit A hereto; and (G) in the case of a deposition or court hearing, to any court reporter, stenographer, or videographer in attendance. For purposes of this Order, "Representatives" means a Party's parent(s), subsidiaries, affiliates, officers, directors, employees, contractors, attorneys (whether in-house or outside counsel), financial advisors and other professionals engaged by the Party, or its agents and representatives.

3.  <u>Highly Confidential Information</u>. A producing Party may designate information that it reasonably believes in good faith is so personally, economically, or competitively sensitive that (a) disclosure would materially affect or threaten injury to its personal, commercial, or financial interests, and (b) the protections provided to Confidential Information in

this Order are insufficient, as being restricted Highly Confidential Information (the "Highly Confidential Information").

4.    Use and Disclosure of Highly Confidential Information.    Discovery Materials designated as "Highly Confidential" may only be viewed by the people and entities identified in paragraphs 2(iv) (B), (C), (D), (E), (F) or (G).  Discovery Materials designated as "Highly Confidential" may not otherwise be disclosed without the producing Party's prior written consent or further order of the Court.

5.    Designating Confidential and Highly Confidential Information.    Where practicable, the producing Party may designate Discovery Materials as Confidential or Highly Confidential by applying the legend "Confidential" or "Highly Confidential" to the Discovery Materials.  In the case of data stored in electronic form ("ESI"), the legend shall be printed on the cover or container of the disk, tape or other medium in which the electronic data is produced and/or on the ESI itself.  If such measures are not practicable, the producing Party shall designate the Discovery Materials as Confidential or Highly Confidential through other feasible means.

6.    Disputes Over Designation of Confidential Information.  In the event that any Party objects to any designation of Discovery Materials as Confidential Information (the "Objecting Party"), the Objecting Party shall notify the producing or designating Party in writing, stating the grounds of the objection.  The producing or designating Party shall have ten (10) business days following the receipt of an objection from the Objecting Party of any Confidential Information designation to attempt to resolve the objection, at the end of which the Objecting Party may seek a ruling from the Court by written notice and a motion and pursuant to the Court's individual rules and procedures that such information should not be treated as Confidential

Information. For the avoidance of doubt, the burden of establishing that any Discovery Materials are Confidential Information shall be borne by the producing or designating Party.

7. <u>Disputes Over Designation of Highly Confidential Information.</u> In the event that any Party objects to any designation of Discovery Materials as Highly Confidential Information, the Objecting Party shall notify the producing or designating Party in writing, stating the grounds of the objection. The producing or designating Party shall have five (5) business days following receipt of an objection from the Objecting Party of any Highly Confidential Information designation to attempt to resolve the objection, at the end of which, if the dispute is not resolved, the producing or designating Party must seek a ruling from the Court by written notice and a motion and pursuant to the Court's individual rules and procedures that such information should be treated as Highly Confidential Information. In the absence of such a filing within five (5) business days from the receipt of the objection, the information will be deemed Confidential Information (and not Highly Confidential Information) under this Order. For the avoidance of doubt, the burden of establishing that any Discovery Materials are Highly Confidential Information shall be borne by the producing or designating Party.

8. <u>Use of Discovery Material in Open Court.</u> Counsel for parties to the Action shall confer on such procedures as are necessary to protect the confidentiality of Confidential Material or Highly Confidential Material used in the course of any Court proceeding, and in the event counsel cannot agree on such procedures, the question shall be submitted to the Court.

9. <u>Depositions.</u> During any deposition or interview, if counsel for any Party intends to use a document marked "Confidential" or "Highly Confidential," or reasonably believes that any answer to a question will result in the disclosure of Confidential Information or Highly

Confidential Information, counsel may require that all persons other than those entitled to view the Confidential Information or Highly Confidential Information, as the case may be, leave the room during the relevant portion of the deposition or interview. Any Party shall have the right to designate on the record, or within ten (10) business days following receipt of the final transcript of the deposition, any portion of the deposition transcript as Confidential Information or Highly Confidential Information. Deposition transcripts shall be treated as Highly Confidential during the ten-day period following any deposition. Transcripts of testimony or portions thereof designated as containing Confidential Information or Highly Confidential Information during the deposition shall be appropriately marked. Designation or lack of designation of a deposition transcript shall not alter the confidentiality designation of Discovery Materials entered as exhibits at depositions.

10. <u>Legally Required Disclosure</u>. If any Party is requested or required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process, or by applicable law or the rules or regulations of any regulatory authority having jurisdiction over such Parties) to disclose in connection with a matter that is not the Action any of the Confidential Information or Highly Confidential Information, such Party shall provide the Party that produced or designated such information with prompt written notice of any such request or requirement so that the producing or designating Party may seek a protective order or other remedy, and/or waive compliance with the provisions of this Order. In the absence of a protective order or other remedy at the time of the deadline for the production of the Confidential Information or Highly Confidential Information (including any extensions of such deadline), the Party may, without liability hereunder, disclose that portion of

the Confidential Information or Highly Confidential Information which is legally required to be disclosed.

11. <u>No Waiver</u>. The failure to designate any Discovery Materials as Confidential Information or Highly Confidential Information shall not constitute a waiver of such claim. If at any time any of the Parties believes that certain testimony or Discovery Materials that were previously produced should have been designated as Confidential Information or Highly Confidential Information, that Party shall promptly notify in writing all of the other Parties who have received such testimony or Discovery Materials, and such designated testimony or Discovery Materials will thereafter be treated as Confidential Information or Highly Confidential Information under the terms of this Order. If such information has been disclosed by a Party between the time of production or receipt of the transcript containing the testimony and the time at which a Party gives notice that the Discovery Materials are to be designated as Confidential Information or Highly Confidential Information, such disclosure shall not constitute a violation of this Order.

12. <u>Claw Back of Inadvertently Produced Protected Materials</u>. If Discovery Materials protected from disclosure under Federal Rule of Civil Procedure 26(b)(5) ("<u>Protected Materials</u>") are inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information or any other information that may be protected from disclosure by the attorney-client privilege, work-product immunity, or any other legally cognizable privilege or other protection. If the producing Party inadvertently or mistakenly produces Protected Materials, upon written request by the producing Party after the discovery of such inadvertent or mistaken production, the receiving Party shall use all commercially reasonable efforts to return or destroy the Protected Materials and all copies of it, including any work product containing, identifying, or

referencing such information, and the receiving Party shall not use such information for any purpose other than in connection with a motion to compel production of the information. The Parties shall not use any inadvertently produced Protected Materials, or information gleaned exclusively from any inadvertently produced Protected Materials, in connection with the Action, except to the extent that the inadvertently producing Party withdraws its designation of the relevant material as Protected Materials or that the Court determines that the relevant material was not properly designated as Protected Materials.

13.     Limited Waiver of Privilege. The Litigation Trustee agrees to voluntarily waive—solely with respect to the Defendants in this Action and solely for use in this Action—attorney-client privilege and work-product protection belonging to HCMLP as to documents and communications that relate to claims in the Action and were created prior to October 16, 2019 (the "Litigation Trustee's Limited Waiver").[2] Defendants agree, to the extent they claim any attorney-client privilege and work-product protections as to documents and communications that are produced to the Defendants subject to the Litigation Trustee's Limited Waiver, to voluntarily waive any such privileges and protections solely with respect to the Litigation Trustee and other Defendants in this Action and solely for use in this Action (the "Defendants' Limited Waiver" and, together with the Litigation Trustee's Limited Waiver, the "Limited Waivers"), and release the Litigation Trustee from any and all suits, actions, causes of action, damages and claims, known and unknown, that Defendants have or may have in connection with the production of any documents to the Defendants during the course of this Action subject to the Limited Waivers. The

---

[2] The period prior to October 16, 2019 shall be referred to herein as the "Limited Waiver Period," and period from October 16, 2019 through the present shall be referred to as the "Post-Petition Period."

Litigation Trustee and Defendants do not waive any claim of attorney-client privilege, work-product protection, or other privilege or protection over any other document or communication, including, but not limited to, on the basis that any document or communication created during the Post-Petition Period relates to the same subject matter as any document or communication created during the Limited Waiver Period and subject to the Limited Waivers, and all claims of attorney-client privilege, work-product protection, or other privilege or protection over any document or communication created during the Post-Petition Period or not subject to the Limited Waivers are expressly preserved. Defendants (i) shall not assert in this Action or in any other proceeding, and expressly waive any argument, that the Litigation Trustee's voluntary production of any document or communication subject to the Litigation Trustee's Limited Waiver in this Action is the basis of a waiver of attorney-client privilege, work-product protection, or other privilege or protection with respect to a document or communication created during the Post-Petition Period or not subject to the Limited Waivers, and (ii) agree not to seek, and expressly waive the right to seek, the production of any document or communication created during the Post-Petition Period or not subject to the Limited Waivers that is withheld on the grounds of attorney-client privilege, work-product protection, or other privilege or protection, on the basis that any such document or communication relates to the same subject matter as any document or communication subject to the Litigation Trustee's Limited Waiver. For the avoidance of doubt, the Litigation Trustee and Defendants do not waive and expressly preserve all other bases to seek production of any document or communication created during the Post-Petition Period or not subject to the Limited Waivers, including, but not limited to, on the basis of subject matter waiver, if any, arising from disclosures other than those made subject to the Limited Waivers set forth in this paragraph. For all purposes other than other than the prosecution or defense of claims in, or the settlement of, the Action, the

Discovery Materials produced subject to the Limited Waivers shall remain subject to all applicable attorney-client privileges, work-product protections, or other privileges or protections under Federal Rule of Evidence 502(d), as incorporated by Federal Rule of Bankruptcy Procedure 9017, and this Order shall be interpreted to provide the maximum protection to the Litigation Trustee and Defendants allowed by Federal Rule of Evidence 502(d).

14. <u>Notice to Non-Parties Regarding the Limited Waivers</u>. The filing on the above-captioned docket of this Agreed Protective Order and the accompanying Motion shall serve as notice to non-parties to the Agreed Protective Order that the Litigation Trustee and Defendants are waiving certain limited attorney-client privileges and work-product protections. To the extent any non-party to the Agreed Protective Order has concerns that HCMLP has possession of documents or communications from before October 16, 2019, over which the non-party to the Agreed Protective Order asserts a claim of attorney-client privilege, work-product protection, or other privilege or protection, such non-party shall have fourteen (14) days from the date the Court approves the Agreed Protective Order to assert such claims of attorney-client privilege, work-product protection, or other privilege or protection. Upon any such notification, the Litigation Trustee will work with such non-party to the Agreed Protective Order in good faith to evaluate the validity of the assertion and take steps to protect any valid claims of attorney-client privilege, work-product protection, or other privilege or protection over any document or communication that would be subject to the Limited Waivers. Nothing contained herein shall limit any valid protections to any non-party to the Agreed Protective Order allowed by Federal Rule of Evidence 502(d), as incorporated by Federal Rule of Bankruptcy Procedure 9017. To the extent any materials subject to an attorney-client privilege, work-product protection, or other privilege or

protection belonging to a non-party to the Agreed Protective Order is inadvertently produced, such materials shall be subject to the claw back provisions set forth in paragraph 12 herein.

15. <u>No Bar Against Seeking Further Protection</u>. Nothing in this Order shall be construed as preventing any Party from seeking further protection for or disclosure of any Discovery Material.

16. <u>No Admission Regarding Admissibility or Relevancy</u>. Nothing in this Order shall be construed to affect in any way the admissibility or relevance of any Discovery Material or other evidence.

17. <u>Use and Disclosure of Discovery Materials</u>. No Discovery Materials may be used for any reason other than the prosecution or defense of claims in, or the settlement of, the Action.

18. <u>No Bar to Use of Party's Own Discovery Material</u>. This Order shall have no effect on, and shall not apply to, a producing Party's use or disclosure of its own Discovery Materials for any purposes whatsoever.

19. <u>Conclusion of Litigation and Return of Confidential Information</u>. Within sixty (60) calendar days after final judgment in this Action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each Party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing Party all materials and documents containing Confidential Information or Highly Confidential Information, and to certify to the producing Party that this destruction or return has been done. However, outside counsel for any Party is entitled to retain all court papers,

trial transcripts, exhibits, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Agreed Protective Order.

20.    <u>Exclusive Jurisdiction.</u>  This Court retains exclusive jurisdiction for matters arising from or related to this Order.  The Court further reserves the right to amend this Order upon a motion of any party in interest after notice and a hearing.

[*Remainder of Page Intentionally Left Blank*]

Dated: August 24 2022

Respectfully submitted,

**SIDLEY AUSTIN LLP**

/s/ *Paige Holden Montgomery*
Paige Holden Montgomery
Juliana L. Hoffman
2021 McKinney Avenue, Suite 2000
Dallas, Texas 74201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

-and-

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Susheel Kirpalani (admitted *pro hac vice*)
Deborah J. Newman (admitted *pro hac vice*)
Robert Loigman (admitted *pro hac vice*)
Benjamin I. Finestone (admitted *pro hac vice*)
Calli Ray (admitted *pro hac vice*)
Alexandre J. Tschumi (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

*Counsel for the Marc. S. Kirschner, as Litigation Trustee of the Highland Litigation Sub-Trust*

**KANE RUSSELL COLEMAN LOGAN PC**

/s/ *John J. Kane*
John J. Kane
Brian W. Clark
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4200
Facsimile: (214) 777-4299

*Counsel for Defendant Grant James Scott III*

**KELLY HART PITRE**

/s/ *Louis M. Philips*
_____
Louis M. Phillips
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Amelia L. Hurt
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813

and

**KELLY HART & HALLMAN**
Hugh G. Connor II
Michael D. Anderson
Katherine T. Hopkins
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

*Counsel for Defendants CLO Holdco, Ltd.,
Highland Dallas Foundation, Inc., Charitable
DAF Fund, LP, and Charitable DAF Holdco,
Ltd.*

**STINSON L.L.P.**

/s/ *Deborah Deitsch-Perez*
_____
Deborah Deitsch-Perez
3102 Oak Lawn Avenue. Suite 777
Dallas, Texas 75219
Telephone: (214) 560-2201
Facsimile: (214) 560-2203

*Counsel for Defendants NexPoint Advisors,
L.P. and Highland Capital Management Fund
Advisors, L.P.*

**DLA PIPER LLP**

/s/ *Amy L. Ruhland*
Amy L. Ruhland
303 Colorado Street, Suite 3000
Austin, Texas 78701
Telephone: (512) 457-7000
Facsimile: (512) 457-7001

Jason M. Hopkins
Texas Bar No.24059969
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

*Counsel for Defendants James D. Dondero,*
*Strand Advisors, Inc., The Dugaboy*
*Investment Trust, The Get Good Trust,*
*Hunter Mountain Investment Trust and Rand*
*PE Fund I, LP, Series I*

**BAKER & MCKENZIE LLP**

/s/ *Michelle Hartmann*
Michelle Hartmann
1900 North Pearl, Suite 1500
Dallas, Texas 75201
Telephone: 214-978-3000
Facsimile: 214-978-3099

and

Debra A. Dandeneau
452 Fifth Ave
New York, NY 10018
Telephone: 212-626-4875

*Counsel for Scott Ellington and*
*Isaac Leventon*

**SULLIVAN & CROMWELL LLP**

/s/ *Brian D. Glueckstein*
Brian D. Glueckstein
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

and

Cortney C. Thomas
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, Texas 75225
Telephone: (214) 327-5000
Facsimile: (214) 327-5001

*Counsel for Mark Okada, The Mark and
Pamela Okada Family Trust – Exempt Trust
#1, and The Mark and Pamela Okada Family
Trust – Exempt Trust #2*

### End of Order ###

**Exhibit A**

Agreement to Be Bound by Protective Order

I, _____ , of _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order entered by the United States Bankruptcy Court for the Northern District of Texas in *Kirschner v. Dondero et al.*, Adv. Pro. No. 21-03076-sgj (the "Action").

I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Northern District of Texas for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of the Action.

Date: _____

City and State: _____

Printed Name: _____

Signature: _____

United States Bankruptcy Court
Northern District of Texas

Kirschner,

    Plaintiff

Dondero,

    Defendant

Adv. Proc. No. 21-03076-sgj

# CERTIFICATE OF NOTICE

| District/off: 0539-3 | User: admin | Page 1 of 4 |
|---|---|---|
| Date Rcvd: Aug 30, 2022 | Form ID: pdf001 | Total Noticed: 10 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 01, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| aty | + | Amy L. Ruhland, DLA Piper LLP (US), 303 Colorado Street, Ste. 300, Austin, TX 78701-4654 |
| aty | + | Amy L. Ruhland, 303 Colorado Street, Ste. 300, Austin, TX 78701-4653 |
| aty | + | Jason M. Hopkins, DLA Piper LLP (US), 1900 N. Pearl Street., Ste. 2200, Dallas, TX 75201-2482 |
| aty | + | Jeremy A. Root, Stinson LLP, 230 W. McCarty Street, Jefferson City, MO 65101-1553 |
| dft | + | Highland Capital Management Fund Advisors, L.P., K&LGates LLP, c/o Stephen G. Topetzes, 1600 K Street, NW, Washington, DC 20006-2806 |
| dft | + | Hunter Mountain Investment Trust, c/o E. P Keiffer, Rochelle McCullough, LLP, 325 North St. Paul St., Suite 4500, Dallas, TX 75201-3827 |
| dft | + | NexPoint Advisors, L.P., K&L Gates LLP, c/o Stephen G. Topetzes, 1600 K Street, NW, Washington, DC 20006-2806 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| ust | + | Email/Text: ustpregion06.da.ecf@usdoj.gov | Aug 30 2022 21:23:00 | United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-0996 |
| ust | + | Email/Text: ustpregion07.au.ecf@usdoj.gov | Aug 30 2022 21:23:00 | United States Trustee - AU12, United States Trustee, 903 San Jacinto Blvd, Suite 230, Austin, TX 78701-2450 |
| dft | + | Email/Text: neil.orleans@judithwross.com | Aug 30 2022 21:23:00 | CPCM, LLC, c/o Ross & Smith, PC, Attn: Frances A. Smith, 700 N. Pearl Street, Suite 1610, Dallas, TX 75201-7459 |

TOTAL: 3

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| dft | | SAS ASSET RECOVERY, LTD |
| crc | *+ | Hunter Mountain Investment Trust, c/o E. P Keiffer, Rochelle McCullough, LLP, 325 North St. Paul St., Suite 4500, Dallas, TX 75201-3827 |

TOTAL: 1 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains

| | | |
|---|---|---|
| District/off: 0539-3 | User: admin | Page 2 of 4 |
| Date Rcvd: Aug 30, 2022 | Form ID: pdf001 | Total Noticed: 10 |

**the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 01, 2022      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 30, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Brian D. Glueckstein | on behalf of Defendant MARK & PAMELA OKADA FAMILY TRUST EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST EXEMPT TRUST #1 gluecksteinb@sullcrom.com |
| Brian D. Glueckstein | on behalf of Defendant MARK & PAMELA OKADA FAMILY TRUST EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST EXEMPT TRUST #2 gluecksteinb@sullcrom.com |
| Brian D. Glueckstein | on behalf of Defendant Mark Okada gluecksteinb@sullcrom.com |
| Cameron A. Fine | on behalf of Cross-Claimant Hunter Mountain Investment Trust cameron.fine@us.dlapiper.com |
| Cameron A. Fine | on behalf of Defendant DUGABOY INVESTMENT TRUST AND NANCY DONDERO  AS TRUSTEE OF DUGABOY INVESTMENT TRUST cameron.fine@us.dlapiper.com |
| Cameron A. Fine | on behalf of Defendant GET GOOD TRUST AND GRANT JAMES SCOTT III  AS TRUSTEE OF GET GOOD TRUST cameron.fine@us.dlapiper.com |
| Cameron A. Fine | on behalf of Defendant James D. Dondero cameron.fine@us.dlapiper.com |
| Cameron A. Fine | on behalf of Defendant STRAND ADVISORS  INC cameron.fine@us.dlapiper.com |
| Cameron A. Fine | on behalf of Cross-Claimant RAND PE FUND I  LP, SERIES 1 cameron.fine@us.dlapiper.com |
| Cameron A. Fine | on behalf of Defendant RAND PE FUND I  LP, SERIES 1 cameron.fine@us.dlapiper.com |
| Cameron A. Fine | on behalf of Defendant Hunter Mountain Investment Trust cameron.fine@us.dlapiper.com |
| Cameron A. Fine | on behalf of Cross Defendant DUGABOY INVESTMENT TRUST AND NANCY DONDERO  AS TRUSTEE OF DUGABOY INVESTMENT TRUST cameron.fine@us.dlapiper.com |
| Cortney C. Thomas | on behalf of Defendant MARK & PAMELA OKADA FAMILY TRUST EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST EXEMPT TRUST #1 cort@brownfoxlaw.com korourke@brownfoxlaw.com |
| Cortney C. Thomas | on behalf of Defendant Mark Okada cort@brownfoxlaw.com  korourke@brownfoxlaw.com |
| Cortney C. Thomas | on behalf of Defendant MARK & PAMELA OKADA FAMILY TRUST EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST EXEMPT TRUST #2 cort@brownfoxlaw.com  korourke@brownfoxlaw.com |
| Deborah Rose Deitsch-Perez | on behalf of Defendant Highland Capital Management Fund Advisors  L.P. deborah.deitschperez@stinson.com, patricia.tomasky@stinson.com;kinga.mccoy@stinson.com |
| Deborah Rose Deitsch-Perez | on behalf of Defendant NexPoint Advisors  L.P. deborah.deitschperez@stinson.com, patricia.tomasky@stinson.com;kinga.mccoy@stinson.com |
| Debra A Dandeneau | on behalf of Defendant CPCM  LLC debra.dandeneau@bakermckenzie.com, blaire.cahn@bakermckenzie.com |
| Debra A Dandeneau | |

on behalf of Defendant Isaac Leventon debra.dandeneau@bakermckenzie.com  blaire.cahn@bakermckenzie.com

Debra A Dandeneau

on behalf of Defendant Scott Ellington debra.dandeneau@bakermckenzie.com  blaire.cahn@bakermckenzie.com

Debra A Dandeneau

on behalf of Defendant Frank Waterhouse debra.dandeneau@bakermckenzie.com  blaire.cahn@bakermckenzie.com

Jason Michael Hopkins

on behalf of Defendant James D. Dondero jason.hopkins@dlapiper.com
jen.westin@dlapiper.com;jason-hopkins-2248@ecf.pacerpro.com

Jason Michael Hopkins

on behalf of Defendant DUGABOY INVESTMENT TRUST AND NANCY DONDERO  AS TRUSTEE OF DUGABOY
INVESTMENT TRUST jason.hopkins@dlapiper.com, jen.westin@dlapiper.com;jason-hopkins-2248@ecf.pacerpro.com

Jason Michael Hopkins

on behalf of Defendant Hunter Mountain Investment Trust jason.hopkins@dlapiper.com
jen.westin@dlapiper.com;jason-hopkins-2248@ecf.pacerpro.com

Jason Michael Hopkins

on behalf of Defendant GET GOOD TRUST AND GRANT JAMES SCOTT III  AS TRUSTEE OF GET GOOD TRUST
jason.hopkins@dlapiper.com, jen.westin@dlapiper.com;jason-hopkins-2248@ecf.pacerpro.com

Jason Michael Hopkins

on behalf of Defendant RAND PE FUND I  LP, SERIES  1 jason.hopkins@dlapiper.com,
jen.westin@dlapiper.com;jason-hopkins-2248@ecf.pacerpro.com

Jason Michael Hopkins

on behalf of Defendant STRAND ADVISORS  INC jason.hopkins@dlapiper.com,
jen.westin@dlapiper.com;jason-hopkins-2248@ecf.pacerpro.com

John J. Kane

on behalf of Defendant Grant James Scott III jkane@krcl.com  ecf@krcl.com;jkane@ecf.courtdrive.com

Juliana Hoffman

on behalf of Plaintiff Marc Kirschner jhoffman@sidley.com
txefilingnotice@sidley.com;julianna-hoffman-8287@ecf.pacerpro.com

Kevin Perkins

on behalf of Defendant MASSAND CAPITAL  INC. kperkins@vanacourperkins.com

Kevin Perkins

on behalf of Defendant MASSAND CAPITAL  LLC kperkins@vanacourperkins.com

Louis M. Phillips

on behalf of Defendant Charitable DAF Fund  LP louis.phillips@kellyhart.com,
june.alcantara-davis@kellyhart.com;Amelia.Hurt@kellyhart.com

Louis M. Phillips

on behalf of Defendant CLO HOLDCO  LTD.; CHARITABLE DAF HOLDCO, LTD. louis.phillips@kellyhart.com,
june.alcantara-davis@kellyhart.com;Amelia.Hurt@kellyhart.com

Louis M. Phillips

on behalf of Defendant Highland Dallas Foundation  Inc. louis.phillips@kellyhart.com,
june.alcantara-davis@kellyhart.com;Amelia.Hurt@kellyhart.com

Margaret Michelle Hartmann

on behalf of Defendant Frank Waterhouse michelle.hartmann@bakermckenzie.com

Margaret Michelle Hartmann

on behalf of Defendant Scott Ellington michelle.hartmann@bakermckenzie.com

Margaret Michelle Hartmann

on behalf of Defendant CPCM  LLC michelle.hartmann@bakermckenzie.com

Margaret Michelle Hartmann

on behalf of Defendant Isaac Leventon michelle.hartmann@bakermckenzie.com

Melissa S. Hayward

on behalf of Debtor Highland Capital Management  L.P. MHayward@HaywardFirm.com, mholmes@HaywardFirm.com

Michael P. Aigen

on behalf of Defendant Highland Capital Management Fund Advisors  L.P. michael.aigen@stinson.com,
stephanie.gratt@stinson.com

Michael P. Aigen

on behalf of Defendant NexPoint Advisors  L.P. michael.aigen@stinson.com, stephanie.gratt@stinson.com

Paige Holden Montgomery

on behalf of Plaintiff Marc Kirschner pmontgomery@sidley.com
txefilingnotice@sidley.com;paige-montgomery-7756@ecf.pacerpro.com;crognes@sidley.com;ebromagen@sidley.com;efilingnotice@sidley.com

Zachery Z. Annable

on behalf of Debtor Highland Capital Management  L.P. zannable@haywardfirm.com

TOTAL: 43