B2570 (Form 2570 – Subpoena to Produce Documents, Information, Or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern District of Texas

In re: HIGHLAND CAPITAL MANAGEMENT, L.P.,
Debtor

Case No. 19-34054-sgj

Chapter 11

*(Complete if issued in an adversary proceeding)*

Mark S. Kirschner, as Litigation Trustee of the Litigation Sub-Trust,
Plaintiff
v.
James D. Dondero, et al.,
Defendant

Adv. Proc. No. 21-03076-sgj

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Carrington, Coleman, Sloman & Blumenthal, L.L.P.
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| *Baker & McKenzie LLP<br>1900 North Pearl St., Suite 1500<br>Dallas, TX 75201 | February 13, 2023 at 9:00 a.m. |

\* In lieu of delivery of hard-copy documents, you may electronically deliver the documents to counsel listed in Exhibit 1.

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 13, 2023

CLERK OF COURT

OR  /s/ Michelle Hartmann

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*
Michelle Hartmann

The name, address, email address, and telephone number of the attorney representing *(name of party)* See Exhibit 1 attached hereto , who issues or requests this subpoena, are:
See Exhibit 1 attached hereto

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 21-03076-sgj Doc 246 Filed 01/13/23 Entered 01/13/23 11:40:00 Desc Main
Document Page 2 of 9

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 21-03076-sgj    Doc 246    Filed 01/13/23    Entered 01/13/23 11:40:00    Desc Main
Document    Page 3 of 9

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Attachment A

## DEFINITIONS

The following definitions shall apply herein:

1. The terms "*all*," "*any*," and "*each*" shall each be construed as encompassing any and all. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The use of the singular form of any word includes the plural and vice versa.

2. The term "*document*" is defined to be synonymous in meaning and equal scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. "*Document*" shall be construed as a document and all attachments thereto.

3. The terms "*including*" and "*includes*" are used to provide examples of certain types of information and should not be construed as limiting a request in any way. The term "including" shall be construed as if followed by the phrase "but not limited to," irrespective of whether such phrase is explicitly stated or not.

4. "*Acis*" means Acis Capital Management, L.P., Acis Capital Management GP, LLC, and any of their predecessors, successors, parents, subsidiaries, affiliates, agents, and counsel, including, but not limited to, Joshua Terry, and any attorneys at Winstead PC (including attorney Rakhee Patel), Forshey Prostok LLP (including attorney Jeff Prostok), Rogge Dunn Group, PC (including attorney Brian Shaw), and Carrington, Coleman, Sloman & Blumenthal, L.L.P. (including attorney Brian Shaw).

5. "*Acis Litigation*" means *Acis Capital Mgmt., L.P. v. Dondero.*, Adv. Proc. No. 20-03060-sgj (Bankr. N.D. Tex. Apr. 11, 2020); *Highland Capital Mgmt. L.P. v. Phelan*, Adv. Proc. No. 18-03078-sgj (Bankr. N.D. Tex. May 30, 2018); *Acis Capital Mgmt., L.P. v. Cruciani*, Case No. DC-20-05534 (Tex. Dist. Ct. Apr. 10, 2020); and any and all claims or causes of action filed by Acis against HCMLP or any of its affiliates.

6. "*HCMLP*" means Highland Capital Management, L.P.

7. "*Highland Bankruptcy*" means the proceeding captioned, *In re Highland Capital Mgmt., L.P.*, Case No. 19-35054-sgj11 (Bankr. N.D. Tex. Feb. 13, 2020); *In re Highland Capital Mgmt., L.P.*, Case No. 19-12239 (CSS) (Bankr. D. Del. Dec. 4, 2019).

8. "*Highland Party*" means Highland Capital Management, L.P., any of its partners, general partners, subsidiaries, affiliates, managed or advised funds or accounts, employees, or professionals, including, but not limited to, Pachulski Stang Ziehl & Jones LLP, Development Specialists Inc., James Seery, Russel Nelms, and John Dubel.

9. "***Redeemer Committee***" means the Redeemer Committee of the Highland Crusader Fund.

10. "***Terry Arbitration***" means the arbitration filed by Joshua Terry against Acis Capital Management, L.P. and HCMLP in JAMS Ref. No. 310022713.

11. "***Terry Litigation***" means *In re Acis Capital Mgmt., L.P.*, Case No. 18-30264-sgj11 (Bankr. N.D. Tex. Jan. 30, 2018); *In re Acis Capital Mgmt. GP, LLC*, Case No. 18-30265-sgj11 (Bankr. N.D. Tex. Jan. 30, 2018); *Terry v. Acis Capital Mgmt., L.P.*, Case No. DC-16-11396 (Tex. Dist. Ct. Sep. 8, 2016); and *Terry v. Acis Capital Mgmt., L.P.*, Case No. DC-17-15244 (Tex. Dist. Ct. Nov. 6, 2017).

12. "***UCC***" means the Official Committee of Unsecured Creditors in the Highland Bankruptcy.

13. "***UCC Party***" means the Official Committee of Unsecured Creditors in the Highland Bankruptcy including each of its agents, members, and their respective agents.  This specifically includes, but is not limited to, Sidley Austin LLP, FTI Consulting, Inc., any representative of Acis Capital Management, L.P., including Winstead, P.C. (including attorney Rakhee Patel), Forshey Prostok LLP (including attorney Jeff Prostok), Rogge Dunn Group, PC (including attorney Brian Shaw), Carrington, Coleman, Sloman & Blumenthal, L.L.P. (including attorney Brian Shaw), the Redeemer Committee, Jenner & Block LLP (including attorney Terri Mascherin), GCM Grosvenor, Grosvenor Capital Management LP, Eric Felton, Burke Montgomery, Stuart Robertson, UBS AG London Branch and UBS Securities LLC, including its counsel Latham & Watkins LLP (including attorney Andrew Clubok), Meta-e Discovery, LLC, Paul McVoy, and Morrison Cohen LLP.

**REQUESTED DOCUMENTS**

1. All documents and communications exchanged between any Highland Party and any UCC Party including, but not limited to, any documents and communications exchanged between Acis and any Highland Party.

2. All non-privileged documents and communications by and amongst any UCC Party relating to the Highland Bankruptcy, including any communications reflecting any business deliberations, votes, decisions, or resolutions of the UCC.

3. All documents and communications exchanged between Acis and any other UCC Party.

4. All pleadings and motions submitted to the arbitrator(s) in the Terry Arbitration.

5. All hearing and trial exhibits admitted in the Terry Arbitration.

6. All hearing and deposition transcripts from the Terry Arbitration.

7. All correspondence to or from the arbitrator(s) and/or any opposing party in the Terry Arbitration.

8. All non-privileged communications relating to the Terry Arbitration.

9. All non-privileged communications relating to the Terry Litigation.

10. All hearing and trial exhibits admitted in the Terry Litigation.

11. All deposition and hearing transcripts from the Terry Litigation.

12. All documents produced in the *Terry v. Acis Capital Mgmt., L.P.*, Case No. DC-16-11396 (Tex. Dist. Ct. Sep. 8, 2016); and *Terry v. Acis Capital Mgmt., L.P.*, Case No. DC-17-15244 (Tex. Dist. Ct. Nov. 6, 2017) matters.

13. All correspondence to or from the court and/or any opposing party in the Terry Litigation.

14. All non-privileged communications relating to the Acis Litigation.

15. All hearing and trial exhibits admitted in the Acis Litigation.

16. All deposition and hearing transcripts from the Acis Litigation.

17. All correspondence to or from the court and/or any opposing party in the Acis Litigation.

18. All documents and communications relating to any negotiation or settlement of Proof of Claim No. 23 filed in the Highland Bankruptcy.

19. All documents and communications relating to the sale of Proof of Claim No. 23 filed in the Highland Bankruptcy.

3

**Exhibit 1**

The name, address, email address, and telephone number of the attorneys representing the parties who issue or request this subpoena are:

By: /s/ *Michelle Hartmann*
Michelle Hartmann
State Bar No. 24032402
BAKER & MCKENZIE LLP
1900 North Pearl, Suite 1500
Dallas, TX 75201
Telephone: 214-978-3000
michelle.hartmann@bakermckenzie.com

and

Debra A. Dandeneau (*Admitted pro hac vice*)
Blaire Cahn (*Admitted pro hac vice*)
BAKER & MCKENZIE LLP
452 Fifth Ave
New York, NY 10018
Telephone: 212-626-4875
debra.dandeneau@bakermckenzie.com
blaire.cahn@bakermckenzie.com

*Counsel to Scott Ellington and Isaac Leventon*

By: /s/ *Michael Aigen*
Deborah R. Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
Stinson LLP
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
Telephone: 214-560-2201
deborah.deitschperez@stinson.com
michael.aigen@stinson.com

*Counsel to NexPoint Advisors, L.P., and Highland Capital Management Fund Advisors, L.P.*

1

Case 21-03076-sgj    Doc 246    Filed 01/13/23    Entered 01/13/23 11:40:00    Desc Main
Document      Page 8 of 9

By: */s/ Amy L. Ruhland*
    Amy L. Ruhland
    State Bar No. 24043561
    DLA Piper LLP
    303 Colorado Street, Suite 3000
    Austin, TX 78701
    Telephone: 512-457-7000
    Amy.Ruhland@us.dlapiper.com

    and

    Jason M. Hopkins
    State Bar No. 24059969
    1900 N. Pearl Street, Suite 2200
    Dallas, TX 75201
    Telephone: 214-743-4500
    jason.hopkins@us.dlapiper.com

    *Counsel to James D. Dondero, Strand Advisors, Inc., The Dugaboy Investment Trust, The Get Good Trust, Hunter Mountain Investment Trust, and Rand PE Fund I, LP, Series I*


By: */s/ Louis M. Phillips*
    Louis M. Phillips
    Kelly Hart Pitre
    One American Place
    301 Main Street, Suite 1600
    Baton Rouge, LA 70801
    Telephone: 225-381-9643
    louisphillips@kellyhart.com

    and

    Amelia L. Hurt
    (LA #36817, TX #24092553)
    400 Poydras Street, Suite 1812
    New Orleans, LA 70130
    Telephone: (504) 522-1812
    amelia.hurt@kellyhart.com

    and

2

        Hugh G. Connor II
        State Bar No. 00787272
        Michael D. Anderson
        State Bar No. 24031699
        Katherine T. Hopkins
        State Bar No. 24070737
        KELLY HART & HALLMAN
        201 Main Street, Suite 2500
        Fort Worth, TX 76102
        Telephone: (817) 332-2500
        hugh.connor@kellyhart.com
        michael.anderson@kellyhart.com
        katherine.hopkins@kellyhart.com

        *Counsel to CLO Holdco, Ltd., Highland Dallas Foundation, Charitable DAF Fund, LP, and Charitable DAF Holdco, Ltd*


By: */s/ Brian D. Glueckstein*
        Brian D. Glueckstein
        Sullivan & Cromwell LLP
        125 Broad Street
        New York, NY 10004
        Telephone: 212-558-4000
        gluecksteinb@sullcrom.com

        and

        Cortney C. Thomas
        State Bar No. 24075153
        BROWN FOX PLLC
        8111 Preston Road, Suite 300
        Dallas, TX 75225
        Telephone: (214) 327-5000
        cort@brownfoxlaw.com

        *Counsel to Mark Okada, The Mark and Pamela Okada Family Trust – Exempt Trust #1, and The Mark and Pamela Okada Family Trust – Exempt Trust #2*

3