B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern District of Texas

In re HIGHLAND CAPITAL MANAGEMENT, L.P.,
                    Debtor

Case No. 19-34054-sgj

Chapter 11

*(Complete if issued in an adversary proceeding)*

Mark S. Kirschner, as Litigation Trustee of the Litigation Sub-Trust,
                    Plaintiff
                        v.
James D. Dondero, et al.,
                    Defendant

Adv. Proc. No. 21-03076-sgj

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Tim Cournoyer

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| * Baker & McKenzie LLP<br>1900 North Pearl St., Suite 1500<br>Dallas, TX 75201 | February 13, 2023 at 9:00 a.m. |

\* In lieu of delivery of hard-copy documents, you may electronically deliver the documents to counsel listed in Exhibit 1.

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 13, 2023

CLERK OF COURT

OR  /s/ Michelle Hartmann

_____          _____
Signature of Clerk or Deputy Clerk                    Attorney's signature
                                                                                Michelle Hartmann

The name, address, email address, and telephone number of the attorney representing *(name of party)* See Exhibit 1 attached hereto , who issues or requests this subpoena, are:
See Exhibit 1 attached hereto

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 21-03076-sgj    Doc 247    Filed 01/13/23    Entered 01/13/23 11:41:43    Desc Main
Document      Page 2 of 10

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

        I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Attachment A

## DEFINITIONS

The following definitions shall apply herein:

1. The terms "*all*," "*any*," and "*each*" shall each be construed as encompassing any and all. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The use of the singular form of any word includes the plural and vice versa.

2. The term "*document*" is defined to be synonymous in meaning and equal scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. "*Document*" shall be construed as a document and all attachments thereto.

3. The terms "*including*" and "*includes*" are used to provide examples of certain types of information and should not be construed as limiting a request in any way. The term "including" shall be construed as if followed by the phrase "but not limited to," irrespective of whether or not such phrase is explicitly stated.

4. "*Acis*" means Acis Capital Management, L.P., Acis Capital Management GP, LLC, and any of their predecessors, successors, parents, subsidiaries, affiliates, agents, and counsel, including, but not limited to, Joshua Terry, and any attorneys at Winstead PC (including attorney Rakhee Patel), Forshey Prostok LLP (including attorney Jeff Prostok), Rogge Dunn Group, PC (including attorney Brian Shaw), and Carrington, Coleman, Sloman & Blumenthal, L.L.P. (including attorney Brian Shaw).

5. "*Acis Transactional Documents*" means any transactional documents executed on behalf of Acis, including, but not limited to:

    a. Promissory Note from Highland Capital Management, L.P. to Acis Capital Management, L.P. in the amount of $12,666,446, dated October 7, 2016;

    b. Agreement for Assignment and Transfer of Promissory Note between Acis Capital Management, L.P., Highland Capital Management, L.P., and Highland CLO Management, Ltd., dated November 3, 2017;

    c. Assignment and Transfer Agreement, by and between Acis Capital Management, L.P., Highland Capital Management, L.P. and Highland CLO Management, Ltd., dated November 3, 2017;

    d. Agreement for Purchase and Sale of CLO Participation Interests by and between Acis Capital Management, L.P. and Highland Capital Management, L.P., dated October 7, 2016;

    e. Third Amended and Restated Sub-Advisory Agreement by and between Acis Capital Management, L.P. and Highland Capital Management, L.P., dated March 17, 2017;

    f. Fourth Amended and Restated Shared Services Agreement by and between Acis Capital Management, L.P. and Highland Capital Management, L.P., dated March 17, 2017;

    g. Portfolio Management Agreement, by and between Acis Loan Funding, Ltd. and Highland HCF Advisor, Ltd., dated October 27, 2017;

    h. Agreement for Assignment and Transfer of Interests by and between Acis Capital Management, L.P. and Highland CLO Holdings, Ltd., dated December 19, 2017;

    i. Agreement by and between Mizuho Securities USA, LLC and Debtor affiliates, dated November 15, 2017;

    j. Assignment, Transfer, and Amended Agreement, by and between Acis Capital Management, L.P., Highland CLO Holdings, Ltd., Acis CLO Management, LLC, Acis CLO Management, GP, LLC, Acis CLO Management Intermediate Holdings II, LLC, dated December 19, 2017;

    k. Acknowledgement and Waiver, by and between Highland Capital Management, L.P. and Highland CLO Management, Ltd., dated January 19, 2018;

    l. ACIS CLO 2014-3 LTD and ACIS CLO 2014-3 LLC Notice of Optional Redemption, dated January 31, 2018;

    m. Assignment, Transfer, and Amendment Agreement by and between the Dugaboy Investment Trust, Mark K. Okada, Neutra, Ltd., and Acis Capital Management, GP, LLC, dated as of December 19, 2017; and

    n. ACIS CLO 2014-3 LTD and ACIS CLO 2014-3 LLC Notice of Withdrawal of Proposed Supplemental Indenture and Optional Redemption, dated January 31, 2018.

6. "*Acis Transactions*" means any transactions related to, or reflected by, any of the Acis Transactional Documents.

7. "*Charitable Defendants*" means CLO Holdco. Ltd.; Charitable DAF HoldCo, Ltd.; Charitable DAF Fund, LP.' and Highland Dallas Foundation.

8. "*Complaint*" means the Amended Complaint and Objection to Claims filed by Plaintiff in *Marc S. Kirschner, as Litigation Trustee of the Litigation Sub-Trust v. Dondero et al.*,

2

Adversary Proc. No. 21-03076-sgi, pending in the United States Bankruptcy Court for the Northern District of Texas, Dkt. No. 158 (and as amended from time to time).

9. "*Crusader Funds*" means Highland Crusader Offshore Partners, Highland Crusader Fund, L.P., Highland Crusader Fund, Ltd., and Highland Crusader Fund II, Ltd.

10. "*Crusader Litigation*" means the arbitration between the Redeemer Committee and HCMLP, as well as litigation filed by the Redeemer Committee against HCMLP in Delaware, Bermuda, and/or the Cayman Islands to confirm the arbitration award and/or obtain related relief.

11. "*Dugaboy Note*" means that certain Promissory Note dated May 31, 2017 together with the note that it substituted and superseded dated December 28, 2016, in the original face amount of $23,817,639.58, from The Dugaboy Investment Trust, as Maker, and The Get Good Non-Exempt Trust as Payee

12. "*Get Good*" means The Get Good Non-Exempt Trust.

13. "*Get Good Assets*" means the: (1) $2,032,183.24 Series A Interests in Highland Capital Loan Fund, L.P.,; (2) a participation in call options of publicly-traded American Airlines Group, Inc.; and (3) a participation interest in Crusader Funds transferred from HCMLP to Get Good.

14. "*Get Good Transfer*" means the December 28, 2016 transfer of the Get Good Assets from HCMLP to Get Good.

15. "*HarbourVest*" means HarbourVest Partners L.P., individually and on behalf of its following managed accounts: HarbourVest 2017 Global AIF L.P.; HarbourVest 2017 Global Fund L.P.; HarbourVest Dover Street IX Investment L.P.; HarbourVest Skew Base AIF L.P.; HV International VIII Secondary L.P., as well as their parents, subsidiaries, predecessors, successors, directors, officers, managers, members, general partners, employees, agents, and counsel, including Debevoise & Plimpton LLP.

16. "*HarbourVest HCLOF Investment*" means HarbourVest's November 15, 2017 investment in HCLOF.

17. "*HCLOF*" means Highland CLO Funding, Ltd.

18. "*Investment Advisory Agreement*" means that certain Second Amended and Restated Investment Advisory Agreement dated January 1, 2017 between Charitable DAF Fund, L.P.; Charitable DAF GP, LLC; and HCMLP as well as the preceding Investment Advisory Agreement dated January 1, 2012 and Amended and Restated Investment Advisory Agreement dated July 1, 2014.

19. "*Redeemer Committee*" means the Redeemer Committee of the Crusader Fund.

20. "***Service Agreement***" means that certain Second Amended and Restated Service Agreement between HCMLP and the Charitable DAF Fund, L.P, and Charitable DAF GP, LLC; effective January 1, 2017, as well as the Shared Service Agreement dated January 1, 2012 and Amended and Restated Agreement effective as of July 1, 2014.

## REQUESTED DOCUMENTS

1. All documents and communications related to the drafting of any Acis Transactional Document.

2. All documents and communications related to any Acis Transaction.

3. All documents and communications related to the allegations in the Complaint regarding Acis, including in ¶¶ 67 – 72, 102, 208 – 212, and 423 – 424.

4. All documents and communications related to the Service Agreement.

5. All documents and communications related to the Investment Advisory Agreement.

6. All documents and communications related to legal or investment advice given to any of the Charitable Defendants pursuant to the Service Agreement or Investment Advisory Agreement.

7. All documents and communications related to the HarbourVest HCLOF Investment, including without limitation any communications of attorneys concerning or in any way relating to legal representation of HCMLP, Get Good, Dugaboy, or any of the Charitable Defendants in connection with the HarbourVest HCLOF Investment.

8. All documents and communications related to the value of the Get Good Assets.

9. All documents and communications related to the value of the Dugaboy Note.

10. All documents and communication related to the Crusader Litigation.

11. All documents and communications related to the Dugaboy Note and any payments received by HCMLP related to the Dugaboy Note.

12. All document and communications related to the Get Good Transfer, including without limitation any communications of attorneys concerning or in any way relating to legal representation of HCMLP, Get Good, Dugaboy, or any of the Charitable Defendants in connection with the Get Good Transfer.

**Exhibit 1**

The name, address, email address, and telephone number of the attorneys representing the parties who issue or request this subpoena are:

By: /s/ *Michelle Hartmann*
Michelle Hartmann
State Bar No. 24032402
BAKER & MCKENZIE LLP
1900 North Pearl, Suite 1500
Dallas, TX 75201
Telephone: 214-978-3000
michelle.hartmann@bakermckenzie.com

and

Debra A. Dandeneau (*Admitted pro hac vice*)
Blaire Cahn (*Admitted pro hac vice*)
BAKER & MCKENZIE LLP
452 Fifth Ave
New York, NY 10018
Telephone: 212-626-4875
debra.dandeneau@bakermckenzie.com
blaire.cahn@bakermckenzie.com

*Counsel to Scott Ellington and Isaac Leventon*

By: /s/ *Michael Aigen*
Deborah R. Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
Stinson LLP
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
Telephone: 214-560-2201
deborah.deitschperez@stinson.com
michael.aigen@stinson.com

*Counsel to NexPoint Advisors, L.P., and Highland Capital Management Fund Advisors, L.P.*

1

By: */s/ Amy L. Ruhland*
Amy L. Ruhland
State Bar No. 24043561
DLA Piper LLP
303 Colorado Street, Suite 3000
Austin, TX 78701
Telephone: 512-457-7000
Amy.Ruhland@us.dlapiper.com

and

Jason M. Hopkins
State Bar No. 24059969
1900 N. Pearl Street, Suite 2200
Dallas, TX 75201
Telephone: 214-743-4500
jason.hopkins@us.dlapiper.com

*Counsel to James D. Dondero, Strand Advisors, Inc., The Dugaboy Investment Trust, The Get Good Trust, Hunter Mountain Investment Trust, and Rand PE Fund I, LP, Series I*

By: */s/ Louis M. Phillips*
Louis M. Phillips
Kelly Hart Pitre
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801
Telephone: 225-381-9643
louisphillips@kellyhart.com

and

Amelia L. Hurt
(LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
amelia.hurt@kellyhart.com

and

2

        Hugh G. Connor II
        State Bar No. 00787272
        Michael D. Anderson
        State Bar No. 24031699
        Katherine T. Hopkins
        State Bar No. 24070737
        KELLY HART & HALLMAN
        201 Main Street, Suite 2500
        Fort Worth, TX 76102
        Telephone: (817) 332-2500
        hugh.connor@kellyhart.com
        michael.anderson@kellyhart.com
        katherine.hopkins@kellyhart.com

        *Counsel to CLO Holdco, Ltd., Highland Dallas Foundation, Charitable DAF Fund, LP, and Charitable DAF Holdco, Ltd*


By: */s/ Brian D. Glueckstein*
        Brian D. Glueckstein
        Sullivan & Cromwell LLP
        125 Broad Street
        New York, NY 10004
        Telephone: 212-558-4000
        gluecksteinb@sullcrom.com

        and

        Cortney C. Thomas
        State Bar No. 24075153
        BROWN FOX PLLC
        8111 Preston Road, Suite 300
        Dallas, TX 75225
        Telephone: (214) 327-5000
        cort@brownfoxlaw.com

        *Counsel to Mark Okada, The Mark and Pamela Okada Family Trust – Exempt Trust #1, and The Mark and Pamela Okada Family Trust – Exempt Trust #2*