Michelle Hartmann
State Bar No. 24032402
BAKER & MCKENZIE LLP
1900 North Pearl, Suite 1500
Dallas, Texas 75201
Telephone: 214-978-3000
michelle.hartmann@bakermckenzie.com

Debra A. Dandeneau (*Admitted pro hac vice*)
Blaire Cahn (*Admitted pro hac vice*)
BAKER & MCKENZIE LLP
452 Fifth Ave
New York, NY 10018
Telephone: 212-626-4875
debra.dandeneau@bakermckenzie.com
blaire.cahn@bakermckenzie.com

*Counsel for Scott Ellington and Isaac Leventon*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| MARC S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. DONDERO; MARK A. OKADA; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; FRANK WATERHOUSE; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP.; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; SAS ASSET RECOVERY, LTD.; AND CPCM, LLC,<br><br>Defendants. | Adv. Pro. No. 21-03076-sgj |

## NOTICE OF ISSUANCE OF SUBPOENA TO
## PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO
## <u>PERMIT INSPECTION OF PREMISES TO STINSON LLP</u>

**PLEASE TAKE NOTICE** that Defendants, Scott Ellington and Isaac Leventon, by and

through their attorneys of record, intend to serve the Subpoena attached hereto as Exhibit "A,"

pursuant to Rule 45 of the Federal Rules of Civil Procedure, as made applicable by Rule 9016 of

the Federal Rules of Bankruptcy Procedure, on third-party, Stinson LLP.

Dated: February 23, 2023

By: */s/ Michelle Hartmann*      Debra A. Dandeneau
Michelle Hartmann         Blaire Cahn
State Bar No. 24032402       **BAKER & MCKENZIE LLP**
**BAKER & MCKENZIE LLP**     452 Fifth Ave
1900 North Pearl, Suite 1500     New York, NY 10018
Dallas, Texas 75201        Telephone: 212-626-4875
Telephone: 214-978-3000      Email: debra.dandeneau@bakermckenzie.com
Facsimile: 214-978-3099       Email: blaire.cahn@bakermckenzie.com
Email: michelle.hartmann@bakermckenzie.com (*Admitted pro hac vice*)

                *Counsel for Scott Ellington and Isaac Leventon*

## CERTIFICATE OF SERVICE

I certify that on February 23, 2023, a true and correct copy of the above and foregoing document was served via electronic email through the Court's CM/ECF system to the parties that have requested or consented to such service.

*/s/ Michelle Hartmann*
Michelle Hartmann

**EXHIBIT "A"**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern **District of** Texas

In re HIGHLAND CAPITAL MANAGEMENT, L.P.,

_____
Debtor

*(Complete if issued in an adversary proceeding)*

Mark S. Kirschner, as Litigation Trustee of the Litigation Sub-Trust,

_____
Plaintiff

v.

James D. Dondero, et al.,

_____
Defendant

Case No. 19-34054-sgj

Chapter 11

Adv. Proc. No. 21-03076-sgj

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Stinson LLP
_____

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   **See Attachment A.**

| PLACE *Baker & McKenzie LLP<br>1900 N. Pearl Street, Suite 1500<br>Dallas, Texas 75201 | DATE AND TIME<br>March 27, 2023 at 9:00 a.m. |
|---|---|

* In lieu of delivery of hard-copy documents, you may electronically deliver the documents to counsel listed in Exhibit 1.

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 23, 2023
_____

CLERK OF COURT

OR

/s/ Michelle Hartmann

_____          _____
Signature of Clerk or Deputy Clerk                    *Attorney's signature*
                                              Michelle Hartmann

The name, address, email address, and telephone number of the attorney representing *(name of party)*
See Exhibit 1 attached hereto
_____ , who issues or requests this subpoena, are:
See Exhibit 1 attached hereto
_____

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Attachment A

## DEFINITIONS

The following definitions shall apply herein:

1. The terms "*all*," "*any*," and "*each*" shall each be construed as encompassing any and all. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The use of the singular form of any word includes the plural and vice versa.

2. The term "*document*" is defined to be synonymous in meaning and equal scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term. "*Document*" shall be construed as a document and all attachments thereto.

3. The terms "*including*" and "*includes*" are used to provide examples of certain types of information and should not be construed as limiting a request in any way.  The term "including" shall be construed as if followed by the phrase "but not limited to."

4. "*Adversary Proceeding*" means *Marc S. Kirschner, as Litigation Trustee of the Litigation Sub-trust v. James D. Dondero, et al.*, Adversary Proceeding No. 21-03076-sgj pending in the United States Bankruptcy Court for the Northern District of Texas.

5. "*Acis*" means Acis Capital Management, L.P., Acis Capital Management GP, LLC, and any of their predecessors, successors, parents, subsidiaries, affiliates, agents, and counsel, including, but not limited to, Joshua Terry, and any attorneys Winstead PC (including attorney Rakhee Patel), Forshey Prostok LLP (including attorney Jeff Prostok), Rogge Dunn Group, PC (including attorney Brian Shaw), and Carrington, Coleman, Sloman & Blumenthal, L.L.P. (including attorney Brian Shaw).

6. "*Acis Litigation*" means *Acis Capital Mgmt., L.P. v. Dondero.*, Adv. Proc. No. 20-03060-sgj (Bankr. N.D. Tex. Apr. 11, 2020); *Highland Capital Mgmt. L.P. v. Phelan*, Adv. Proc. No. 18-03078-sgj (Bankr. N.D. Tex. May 30, 2018); *Acis Capital Mgmt., L.P. v. Cruciani*, Case No. DC-20-05534 (Tex. Dist. Ct. Apr. 10, 2020), and any and all claims or causes of action filed by Acis against HCMLP or any of its affiliates.

7. "*Crusader Funds*" means Highland Offshore Partners L.P., Highland Crusader Fund, L.P., Highland Crusader Fund, Ltd., and Highland Crusader Fund II, Ltd., collectively.

8. "*Terry Arbitration*" means the arbitration filed by Joshua Terry against Acis Capital Management, L.P. and HCMLP in JAMS Ref. No. 310022713.

9. "*Terry Litigation*" means *In re Acis Capital Mgmt., L.P.*, Case No. 18-30264-sgj11 (Bankr. N.D. Tex. Jan. 30, 2018); *In re Acis Capital Mgmt. GP, LLC*, Case No. 18-30265-sgj11 (Bankr. N.D. Tex. Jan. 30, 2018); *Terry v. Acis Capital Mgmt., L.P.*, Case No. DC-16-

1

11396 (Tex. Dist. Ct. Sep. 8, 2016); and *Terry v. Acis Capital Mgmt., L.P.*, Case No. DC-17-15244 (Tex. Dist. Ct. Nov. 6, 2017).

10. "***UBS Litigation***" means Index No. 650097/2009 filed in the Supreme Court of the State of New York, County of New York.

## INSTRUCTIONS

1. This Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceedings) (the "***Subpoena***") is directed to Stinson LLP, as well as any of its predecessor firms by merger or otherwise, including Lackey Hershman LLP.

2. For any requested motions, pleadings, or exhibits, documents should be produced that (a) are not available through PACER (for Federal proceedings), SCROLL (for New York state court proceedings), or any Texas Courts Portal (for Texas state court proceedings,) or (b) only are publicly available with redactions or under seal. For all such documents, the respondent should produce unredacted copies.

## REQUESTED DOCUMENTS

1. All non-privileged documents and communications (except to the extent that any privilege has been waived in the Adversary Proceeding) relating to the Terry Litigation.

2. All hearing and trial exhibits admitted in the Terry Litigation.

3. All deposition and hearing transcripts from the Terry Litigation.

4. All pleadings and motions submitted in the Terry Litigation.

5. All documents produced in the *Terry v. Acis Capital Mgmt., L.P.*, Case No. DC-16-11396 (Tex. Dist. Ct. Sep. 8, 2016); and *Terry v. Acis Capital Mgmt., L.P.*, Case No. DC-17-15244 (Tex. Dist. Ct. Nov. 6, 2017) matters.

6. All correspondence to or from the court and/or any opposing party in the Terry Litigation.

7. All pleadings and motions submitted to the arbitrator(s) in the Terry Arbitration.

8. All hearing and trial exhibits admitted in the Terry Arbitration.

9. All hearing and deposition transcripts from the Terry Arbitration.

10. All correspondence to or from the arbitrator(s) and/or any opposing party in the Terry Arbitration.

2

11. All non-privileged communications relating to the Terry Arbitration.

12. All non-privileged documents and communications (except to the extent that any privilege has been waived in the Adversary Proceeding) relating to the Acis Litigation.

13. All hearing and trial exhibits admitted in the Acis Litigation.

14. All deposition and hearing transcripts from the Acis Litigation.

15. All pleadings and motions submitted in the Acis Litigation.

16. All correspondence to or from the court and/or any opposing party in the Acis Litigation.

17. All non-privileged documents and communications (except to the extent that any privilege has been waived in the Adversary Proceeding) relating to the UBS Litigation.

18. All hearing and trial exhibits admitted in the UBS Litigation.

19. All deposition and hearing transcripts from the UBS Litigation.

20. All documents produced in the UBS Litigation.

21. All pleadings and motions submitted in the UBS Litigation.

22. All correspondence to or from the court and/or any opposing party in the UBS Litigation.

23. All documents and communications relating to any of the Crusader Funds.

3

### Exhibit 1

The name, address, email address, and telephone number of the attorneys representing the parties who issue or request this subpoena are:

By: */s/ Michelle Hartmann* _____
     Michelle Hartmann
     State Bar No. 24032402
     BAKER & MCKENZIE LLP
     1900 North Pearl, Suite 1500
     Dallas, TX 75201
     Telephone: 214-978-3000
     michelle.hartmann@bakermckenzie.com

     and

     Debra A. Dandeneau (*Admitted pro hac vice*)
     Blaire Cahn (*Admitted pro hac vice*)
     BAKER & MCKENZIE LLP
     452 Fifth Ave
     New York, NY 10018
     Telephone: 212-626-4875
     debra.dandeneau@bakermckenzie.com
     blaire.cahn@bakermckenzie.com

     *Counsel to Scott Ellington and Isaac Leventon*

By:  */s/ Amy L. Ruhland* _____
     Amy L. Ruhland
     State Bar No. 24043561
     DLA Piper LLP
     303 Colorado Street, Suite 3000
     Austin, TX 78701
     Telephone: 512-457-7000
     Amy.Ruhland@us.dlapiper.com

     and

     Jason M. Hopkins
     State Bar No. 24059969
     1900 N. Pearl Street, Suite 2200
     Dallas, TX 75201
     Telephone: 214-743-4500
     jason.hopkins@us.dlapiper.com

*Counsel to James D. Dondero, Strand Advisors, Inc., The Dugaboy Investment Trust, The Get Good Trust, Hunter Mountain Investment Trust, and Rand PE Fund I, LP, Series I*

By: */s/ Louis M. Phillips*

Louis M. Phillips
Kelly Hart Pitre
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801
Telephone: 225-381-9643
louisphillips@kellyhart.com

and

Amelia L. Hurt
(LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
amelia.hurt@kellyhart.com

and

Hugh G. Connor II
State Bar No. 00787272
Michael D. Anderson
State Bar No. 24031699
Katherine T. Hopkins
State Bar No. 24070737
KELLY HART & HALLMAN
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: (817) 332-2500
hugh.connor@kellyhart.com
michael.anderson@kellyhart.com
katherine.hopkins@kellyhart.com

*Counsel to CLO Holdco, Ltd., Highland Dallas Foundation, Charitable DAF Fund, LP, and Charitable DAF Holdco, Ltd*

2