| | |
|---|---|
| Michelle Hartmann | Debra A. Dandeneau (*Admitted pro hac vice*) |
| State Bar No. 24032402 | Blaire Cahn (*Admitted pro hac vice*) |
| BAKER & MCKENZIE LLP | BAKER & MCKENZIE LLP |
| 1900 North Pearl, Suite 1500 | 452 Fifth Ave |
| Dallas, Texas 75201 | New York, NY 10018 |
| Telephone: 214-978-3000 | Telephone: 212-626-4875 |
| michelle.hartmann@bakermckenzie.com | debra.dandeneau@bakermckenzie.com |
| | blaire.cahn@bakermckenzie.com |

*Counsel for Scott Ellington and Isaac Leventon*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| MARC S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. DONDERO; MARK A. OKADA; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; FRANK WATERHOUSE; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP.; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; SAS ASSET RECOVERY, LTD.; AND CPCM, LLC,<br><br>Defendants. | Adv. Pro. No. 21-03076-sgj |

# NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES TO HIGHLAND CAPITAL MANAGEMENT, L.P.

**PLEASE TAKE NOTICE** that Defendants, Scott Ellington and Isaac Leventon, by and through their attorneys of record, intend to serve the Subpoena attached hereto as Exhibit "A," pursuant to Rule 45 of the Federal Rules of Civil Procedure, as made applicable by Rule 9016 of the Federal Rules of Bankruptcy Procedure, on third-party, Highland Capital Management, L.P.

Dated: February 24, 2023

By: */s/ Michelle Hartmann*
Michelle Hartmann
State Bar No. 24032402
**BAKER & MCKENZIE LLP**
1900 North Pearl, Suite 1500
Dallas, Texas 75201
Telephone: 214-978-3000
Facsimile: 214-978-3099
Email: michelle.hartmann@bakermckenzie.com

Debra A. Dandeneau
Blaire Cahn
**BAKER & MCKENZIE LLP**
452 Fifth Ave
New York, NY 10018
Telephone: 212-626-4875
Email: debra.dandeneau@bakermckenzie.com
Email: blaire.cahn@bakermckenzie.com
(*Admitted pro hac vice*)

*Counsel for Scott Ellington and Isaac Leventon*

## CERTIFICATE OF SERVICE

I certify that on February 24, 2023, a true and correct copy of the above and foregoing document was served via electronic email through the Court's CM/ECF system to the parties that have requested or consented to such service.

*/s/ Michelle Hartmann*
Michelle Hartmann

# EXHIBIT "A"

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern District of Texas

In re HIGHLAND CAPITAL MANAGEMENT, L.P.,
                                    Debtor

Case No. 19-34054-sgj

Chapter 11

*(Complete if issued in an adversary proceeding)*

Mark S. Kirschner, as Litigation Trustee of the Litigation Sub-Trust,
                            Plaintiff
                                v.
James D. Dondero, et al.,
                            Defendant

Adv. Proc. No. 21-03076-sgj

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Highland Capital Management, L.P.

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| *Baker & McKenzie LLP<br>1900 North Pearl Street, Suite 1500<br>Dallas, TX 75201 | March 27, 2023 at 9:00 a.m. |

* In lieu of delivery of hard-copy documents, you may electronically deliver the documents to counsel listed in Exhibit 1.

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 24, 2023

CLERK OF COURT

                                    OR

_____           /s/ Michelle Hartmann
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*
                                        Michelle Hartmann

The name, address, email address, and telephone number of the attorney representing *(name of party)* See Exhibit 1 attached hereto, who issues or requests this subpoena, are:
See Exhibit 1 attached hereto

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 21-03076-sgj    Doc 308    Filed 02/24/23    Entered 02/24/23 10:01:14    Desc Main
Document    Page 6 of 15

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

    I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                        _____
                                                        *Server's signature*

                                        _____
                                                      *Printed name and title*

                                        _____
                                                         *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Attachment A

### DEFINITIONS

The following definitions shall apply herein:

1. The terms "*all*," "*any*," and "*each*" shall each be construed as encompassing any and all. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The use of the singular form of any word includes the plural and vice versa.

2. The term "*document*" is defined to be synonymous in meaning and equal scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. "*Document*" shall be construed as a document and all attachments thereto.

3. The terms "*including*" and "*includes*" are used to provide examples of certain types of information and should not be construed as limiting a request in any way. The term "including" shall be construed as if followed by the phrase "but not limited to," irrespective of whether such phrase is explicitly stated or not.

4. "*Claimant Trust*" means the Claimant Trust as defined in and created pursuant to the Fifth Amended and Restated Plan of Distribution of Highland Capital Management, L.P. [Dkt. No. 1472 in the Highland Bankruptcy].

5. "*Complaint*" means the Amended Complaint and Objection to Claims filed by Plaintiff in Adversary No. 21-03076 pending in the United States Bankruptcy Court for the Northern District of Texas, Dkt. No. 158 (and as amended from time to time).

6. "*Confirmation Date*" means February 22, 2021.

7. "*Creditor*" means any creditor in the Highland Bankruptcy.

8. "*Defendant*" means any defendant to the adversary proceeding captioned *In re Kirschner v. Dondero, et al.*, Adv. Proc. No. 21-03076-sgj, pending in the Bankruptcy Court for the Northern District of Texas, including James D. Dondero; Mark A. Okada; Scott Ellington; Isaac Leventon; Grant James Scott III; Strand Advisors, Inc.; NexPoint Advisors, L.P.; Highland Capital Management Fund Advisors, L.P.; Dugaboy Investment Trust and Nancy Dondero, as Trustee of Dugaboy Investment Trust; Get Good Trust and Grant James Scott III, as Trustee of Get Good Trust; Hunter Mountain Investment Trust; Mark & Pamela Okada Family Trust – Exempt Trust #1 and Lawrence Tonomura as Trustee of Mark & Pamela Okada Family Trust – Exempt Trust #1; Mark & & Pamela Okada Family Trust – Exempt Trust #2 and Lawrence Tonomura as Trustee of Mark & Pamela Okada Family Trust – Exempt Trust #2; CLO HoldCo., Ltd.; Charitable DAF HoldCo., Ltd.; Charitable DAF Fund, L.P.; Highland Dallas Foundation; Rand PE Fund I, LP, Series 1; Massand Capital, LLC; Massand Capital, Inc.; and SAS Asset Recovery, Ltd.

9. "*Financial Statements*" means any and all consolidated or unconsolidated audited and unaudited financials, balance sheets, income statements, cash flow statements, trial balances and statements of shareholder or partner equity.

10. "*Funds*" means the Highland Multi-Strategy Credit Fund, L.P., Highland Multi-Strategy Credit Fund, Ltd., Highland Select Equity Fund, L.P., Highland Select Equity Fund, Ltd., Highland Restoration Capital Partners, L.P., Highland Restoration Capital Partners Offshore, L.P., Highland Restoration Capital Partners Master, L.P., Highland CLO Funding, Ltd., and any other private fund, unregistered investment vehicle, pooled investment vehicle, registered fund, mutual fund, retail fund, REIT, collateralized loan obligation, collateralized debt obligation, or other investment vehicle in which HCMLP owns a debt or equity interest, or against which HCMLP owns a right to a redemption payable.

11. "*Highland Bankruptcy*" means *In re Highland Capital Mgmt., L.P.*, Case No. 19-35054-sgj11 (Bankr. N.D. Tex. Feb. 13, 2020); *In re Highland Capital Mgmt., L.P.*, Case No. 19-12239 (CSS) (Bankr. D. Del. Dec. 4, 2019).

12. "*HCLOF*" means Highland CLO Funding, Ltd.

13. "*HCMLP*" means Highland Capital Management, L.P., and any entity in which Highland Capital Management, L.P. owned 20% or greater economic or voting interest.

14. "*Highland Party*" means Highland Capital Management, L.P., any of its partners, general partners, subsidiaries, affiliates, managed or advised funds or accounts, employees, or professionals, including, but not limited to, Pachulski Stang Ziehl & Jones LLP, Development Specialists Inc., James Seery, Russel Nelms, and John Dubel.

15. "*Legal Invoice Pivot Table*" means any spreadsheet listing any HCMLP legal matters, the law firms working on any such legal matters, and/or the party or parties responsible for payment of law firm invoices on such legal matters. This definition includes all prior, subsequent, updated, refreshed, filtered, unfiltered, modified, or updated versions of said spreadsheet.

16. "*Litigation Sub-Trust*" means the sub-trust established within the Claimant Trust or as a wholly–owned subsidiary of the Claimant Trust, as defined in the Fifth Amended and Restated Plan of Distribution of Highland Capital Management, L.P. [Dkt. No. 1472 in the Highland Bankruptcy].

17. "*Private Equity Companies*" means CCS Medical, Inc., Cornerstone Healthcare Group, Inc., MGM Holdings, Inc., Trussway Industries, Inc., and each of their respective subsidiaries, or parent companies.

18. "*Private Funds*" means Highland Multi-Strategy Credit Fund, L.P., Highland Multi-Strategy Credit Fund, Ltd., Highland Select Equity Fund, L.P., Highland Select Equity Fund, Ltd., Highland Restoration Capital Partners, L.P., Highland Restoration Capital Partners Offshore, L.P., Highland Restoration Capital Partners Master, L.P., and Highland CLO Funding, Ltd.

## REQUESTED DOCUMENTS

1. The Financial Statements of HCMLP from the Confirmation Date to present.

2. Documents sufficient to show the sources and uses of the proceeds from the sale of each of the Private Equity Companies, including documents sufficient to show the proceeds received directly or indirectly by HCMLP.

3. Documents sufficient to show, for the end of each calendar month from the Confirmation Date to present, the percentage of debt, equity, or other economic interest owned by HCMLP in each Fund.

4. Documents sufficient to show, for the end of each calendar month from the Confirmation Date to present, HCMLP's limited partnership balance, shareholder balance, shareholder value, redemption payable amount, or other economic interest in any Fund.

5. Documents sufficient to show, for the end of each calendar month from the Confirmation Date to present, for each Fund, the (i) net asset value or other measure of net value, and/or (ii) the value of assets classified as Level 1, 2, or 3 pursuant to the Financial Accounting Standards Board ASC 820, Fair Value Measurement.

6. Documents sufficient to show, for the end of each calendar month from the Confirmation Date to present, the Level 1, 2, or 3 classification pursuant to Financial Accounting Standards Board ASC 820, Fair Value Measurement, for each asset owned by HCMLP.

7. For each equity asset directly or indirectly owned by HCMLP on or after the Confirmation Date, documents sufficient to show (a) the number of shares, number of units, limited partnership balance, or other measure of equity owned by HCMLP, (b) the issuer of such asset, (c) the value of the asset on the Confirmation Date, (d) the change in value of such asset from the Confirmation Date to present, (e) the current value of such asset, or, if sold, the amount of proceeds from such sale, (f) the shareholders' agreement, limited partnership agreement, limited liability company agreement, or other governing documents of the issuer of such asset, (g) the contractual limitations on sale of such asset, and/or (h) any lien, pledge, or other encumbrance on such asset.

8. For each debt asset directly or indirectly owned by HCMLP on or after the Confirmation Date, documents sufficient to show (a) the par amount of such debt asset owned by HCMLP, (b) the issuer of such asset, (c) the value of the asset on the Confirmation Date, (d) the change in value of such asset from the Confirmation Date to present, (e) the current value of such asset, or, if sold, the amount of proceeds from such sale, (f) the indenture, credit agreement loan agreement, note, or other document governing the issuance and entitlement to payment for such asset, (g) the contractual limitations on sale of such asset, and/or (h) any lien, pledge, or other encumbrance on such asset.

9. For any other asset directly or indirectly owned by HCMLP which is not otherwise classified or labeled as a debt or equity asset, documents sufficient to show (a) the quantity,

percentage or other quantitative metric for the amount of such asset owned by HCMLP, (b) the issuer of such asset, (c) the value of the asset on the Confirmation Date, (d) the change in value of such asset from the Confirmation Date to present, (e) the current value of such asset, or, if sold, the amount of proceeds from such sale, (f) the document governing the issuance and economic rights or benefits for such asset, (g) the contractual limitations on sale of such asset, and/or (h) any lien, pledge, or other encumbrance on such asset.

10. Documents sufficient to show, for all cash received by HCMLP after the Confirmation Date, (a) the amount of such cash, (b) the payor or source of such cash, and/or (c) the dates such cash was received by HCMLP.

11. Documents sufficient to show, for every asset sold by any Fund, (a) the quantity of such asset sold, (b) the issuer, (c) the purchaser, (d) the contractual documents governing or evidencing such sale, (e) the date of sale, (f) the settlement date of the sale, (g) the amount of proceeds of such sale, (h) the payment of any such proceeds to HCMLP, (i) the payment of any such proceeds to any other Highland Party, (j) the amount of proceeds paid to non-Highland Parties, and/or (k) the amount of proceeds retained by the Fund.

12. Documents sufficient to show, for the end of each calendar month from the Confirmation Date to present, HCMLP's (a) cash and cash equivalents, (b) other current assets, (c) investment assets, (d) net fixed assets, (e) secured liabilities, and/or (f) unsecured liabilities. This should include identification of the value of assets subject to any secured lien, pledge and/or other encumbrance.

13. Documents sufficient to show the amount and date of HCMLP's payments or other transfers of value to (a) the Claimant Trust and/or (b) the Litigation Sub-Trust.

14. Documents sufficient to show HCMLP's assets and liabilities as of the Confirmation Date, including all asset and/or instrument-related data.

15. Documents sufficient to show HCMLP's assets and liabilities as of present, including all asset and/or instrument-related data.

16. The Legal Invoice Pivot Table refreshed with data updated as of the date of this subpoena and with all data displayed (no filters set) cumulative back to the original inception of the Legal Invoice Pivot Table. Cumulative data should include all legal invoices paid and unpaid for all projects or legal matters, both open and closed.

17. If a single version of the Legal Invoice Pivot Table is not able to cumulatively display all data from inception, all versions of the Legal Invoice Pivot Table (with data refreshed and no data filtered out).

18. All legal invoices from Ropes & Gray LLP.

19. All documents and data reflecting HCMLP's purchase of a limited partnership interest in HCLOF.

4

20. Documents sufficient to show all wire transfers to or from HCMLP from the Confirmation Date to present.

21. Documents sufficient to show all wire transfers to or from the Private Funds from the Confirmation Date to present.

22. Documents sufficient to show all wire transfers to (1) any Defendant, (2) Tall Pine LLC, (3) Prive or Prive Solutions LLC, (4) FHCT, (5) Sunshine Coast Development, LLC, (6) Clairmont Holdings LLC, (7) Dilip Massand, (8) Grey Royale, (9) SS Holdings, Ltd., or (10) Sentinel Holdings, Ltd., including the wire data and all supporting documents attached to the wire entries.

23. For any asset or instrument issued by an entity that includes the terms "HE 232" or "HE Capital 232" in the name, all position, trade, and transactional data for such asset or instrument.

24. Under the HOME tab for Backoff-Employee Services, all documents that were posted for review by HCMLP employees at any time.

**Exhibit 1**

The name, address, email address, and telephone number of the attorneys representing the parties who issue or request this subpoena are:

By: */s/ Michelle Hartmann*
Michelle Hartmann
State Bar No. 24032402
BAKER & MCKENZIE LLP
1900 North Pearl, Suite 1500
Dallas, TX 75201
Telephone: 214-978-3000
michelle.hartmann@bakermckenzie.com

and

Debra A. Dandeneau (*Admitted pro hac vice*)
Blaire Cahn (*Admitted pro hac vice*)
BAKER & MCKENZIE LLP
452 Fifth Ave
New York, NY 10018
Telephone: 212-626-4875
debra.dandeneau@bakermckenzie.com
blaire.cahn@bakermckenzie.com

*Counsel to Scott Ellington and Isaac Leventon*

By: */s/ Michael P. Aigen*
Deborah R. Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
Stinson LLP
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
Telephone: 214-560-2201
deborah.deitschperez@stinson.com
michael.aigen@stinson.com

*Counsel to NexPoint Advisors, L.P., and Highland Capital Management Fund Advisors, L.P.*

1

By: */s/ Louis M. Phillips*
    Louis M. Phillips
    Kelly Hart Pitre
    One American Place
    301 Main Street, Suite 1600
    Baton Rouge, LA 70801
    Telephone: 225-381-9643
    louisphillips@kellyhart.com

and

Amelia L. Hurt
(LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
amelia.hurt@kellyhart.com

and

Hugh G. Connor II
State Bar No. 00787272
Michael D. Anderson
State Bar No. 24031699
Katherine T. Hopkins
State Bar No. 24070737
KELLY HART & HALLMAN
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: (817) 332-2500
hugh.connor@kellyhart.com
michael.anderson@kellyhart.com
katherine.hopkins@kellyhart.com

*Counsel to CLO Holdco, Ltd., Highland Dallas Foundation, Charitable DAF Fund, LP, and Charitable DAF Holdco, Ltd*

By: */s/ Brian D. Glueckstein*
    Brian D. Glueckstein
    Sullivan & Cromwell LLP
    125 Broad Street
    New York, NY 10004
    Telephone: 212-558-4000
    gluecksteinb@sullcrom.com

2

and

Cortney C. Thomas
State Bar No. 24075153
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, TX 75225
Telephone: (214) 327-5000
cort@brownfoxlaw.com

*Counsel to Mark Okada, The Mark and Pamela Okada Family Trust – Exempt Trust #1, and The Mark and Pamela Okada Family Trust – Exempt Trust #2*