# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | Case No. 19-34054 (SGJ) |
| Reorganized Debtor. | |
| MARC S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST, | Adv. Pro. No. 21-03076-sgj |
| *Plaintiff* | |
| v. | |
| JAMES D. DONDERO; MARK A. OKADA; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP.; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; AND SAS ASSET | |

1

| |
|---|
| RECOVERY, LTD.,<br><br>        *Defendants.* |

### NOTICE OF ISSUANCE OF SUBPOENA TO PROCUDE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES TO WICK PHILLIPS GOULD & MARTIN

Defendants James Dondero, Scott Ellington, Isaac Leventon, Strand Advisors, Inc, Nexpoint Advisors, L.P., Highland Capital Management Fund Advisors, L.P., Dugaboy Investment Trust, Get Good Trust, Hunter Mountain Investment Trust, Rand PE Fund I, LP, Series 1, by and through their attorneys of record listed on Exhibit 1, intend to serve the Subpoena attached hereto as Attachment "A," pursuant to Rule 45 of the Federal Rules of Civil Procedure, as made applicable by Rule 9016 of the Federal Rules of Bankruptcy Procedure, on Wick Phillips Gould & Martin.

Dated: March 9, 2023                                   DLA PIPER LLP (US)

                                                       */s/ Amy. L. Ruhland*
                                                       Amy L. Ruhland (Rudd)
                                                       Texas Bar No. 24043561
                                                       amy.ruhland@us.dlapiper.com
                                                       303 Colorado Street, Suite 3000
                                                       Austin, TX 78701
                                                       Tele: 512.457.7000

                                                       Jason M. Hopkins
                                                       Texas Bar No.24059969
                                                       1900 N. Pearl Street, Suite 2200
                                                       Dallas, Texas 75201
                                                       Tel: 214-743-4500
                                                       Fax: 214-743-4545
                                                       Email: jason.hopkins@us.dlapiper.com

                                                       *Attorneys for Defendants James Dondero,*
                                                       *Dugaboy Investment Trust, Get Good Trust,*
                                                       *Hunter Mountain Investment Trust, Rand PE*

*Fund I, LP, and Strand Advisors, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 9, 2023, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

*/s/ Amy L. Ruhland*
Amy L. Ruhland (Rudd)

**Exhibit 1**

The name, address, email address, and telephone number of the attorneys representing the parties who issue or request this subpoena are:

> By: /s/ Michelle Hartmann
> Michelle Hartmann
> State Bar No. 24032402
> BAKER & MCKENZIE LLP
> 1900 North Pearl, Suite 1500
> Dallas, TX 75201
> Telephone: 214-978-3000
> michelle.hartmann@bakermckenzie.com
>
> and
>
> Debra A. Dandeneau (*Admitted pro hac vice*)
> Blaire Cahn (*Admitted pro hac vice*)
> BAKER & MCKENZIE LLP
> 452 Fifth Ave
> New York, NY 10018
> Telephone: 212-626-4875
> debra.dandeneau@bakermckenzie.com
> blaire.cahn@bakermckenzie.com
>
> *Counsel to Scott Ellington and Issac Leventon*

> By: /s/ Deborah R. Deitsch-Perez
> Deborah R. Deitsch-Perez
> State Bar No. 24036072
> Michael P. Aigen
> State Bar No. 24012196
> Stinson LLP
> 2200 Ross Avenue, Suite 2900
> Dallas, TX 75201
> Telephone: 214-560-2201
> deborah.deitschperez@stinson.com
> michael.aigen@stinson.com
>
> *Counsel to NexPoint Advisors, L.P., and Highland Capital Management Fund Advisors, L.P.*

1

By: /s/ Amy L. Ruhland
Amy L. Ruhland
State Bar No. 24043561
DLA Piper LLP
303 Colorado Street, Suite 3000
Austin, TX 78701
Telephone: 512-457-7000
Amy.Ruhland@us.dlapiper.com

and

Jason M. Hopkins
State Bar No. 24059969
1900 N. Pearl Street, Suite 2200
Dallas, TX 75201
Telephone: 214-743-4500
jason.hopkins@us.dlapiper.com

*Counsel to James D. Dondero, Strand Advisors, Inc., The Dugaboy Investment Trust, The Get Good Trust, Hunter Mountain Investment Trust, and Rand PE Fund I, LP, Series I*

2

# PROPOSED PRODUCTION SPECIFICATIONS FOR ELECTRONICALLY STORED INFORMATION ("ESI") AND HARD COPY DOCUMENTS

## A. DOCUMENT CATEGORIES

### 1. Email, Attachments, and Other Electronic Messages

Email and other electronic messages (*e.g.*, instant messages (IMs)) should be produced as image files with related searchable text, metadata and bibliographic information. Depending on how the company's systems represent names in email messages or IMs, we may require a table of names or contact lists from custodians. Electronic messages include, but are not limited to, messages sent via (a) Android/Google Messages, Blackberry Messenger, Discord, Facebook Messenger, GroupMe, iMessage, IMO, KIK, Samsung Messaging, Signal, Skype, Telegram Viber, WeChat, WhatsApp, and any other short messaging service (SMS) application, and (b) any business messaging platforms including Bloomberg IM, Chanty, Google Chat, MS Teams, Rocket, Slack, Yammer and any other comparable application.

Email repositories, also known as email databases (*e.g.*, Outlook .PST, Lotus .NSF), can contain a variety of items, including messages, calendars, contacts, tasks, etc. For purposes of production, responsive items should include the "Email" metadata/database fields outlined in the Metadata Table, including but not limited to all parent items (mail, calendar, contacts, tasks, notes, etc.) and child files (attachments of files to email or other items), with the parent/child relationship preserved. Similar items found and collected outside an email repository
(*e.g.*, .MSG, .EML, .HTM, .MHT) should be produced in the same manner.

### 2. Electronic Documents

Electronic documents include word-processing documents, spreadsheets, presentations, and all other electronic documents not specifically discussed elsewhere. Production of these items should include image files with related searchable text, metadata, and bibliographic information. All passwords and encryption must be removed from electronic documents prior to production. Please note the following:

    a. Presentations -- Presentations should be produced in full slide image format along with speaker notes (which should follow the full images of the slides) with related searchable text, metadata, and bibliographic information. Presentations should also be produced in native format (*e.g.*, as .PPT files). The linked native file name should match the BEGDOC#/DOCID with the appropriate file extension.

    b. Spreadsheet Files -- Spreadsheets should be produced in native format (*e.g.*, as .XLSX files), with searchable text for the entire document, metadata, and bibliographic information. **Provide a single placeholder image. The placeholder image must contain at a minimum the BEGDOC#, FILENAME, and FILEPATH.** The Bates range for a spreadsheet should be a single number (*e.g.*, ABC00000001 – ABC00000001). The linked native file name should match the BEGDOC#/DOCID with the appropriate file extension.

    c. Hidden Files -- All hidden text (*e.g.*, track changes, hidden columns, hidden slides, mark-ups, notes) shall be expanded and rendered in the extracted text file. For files that cannot be expanded linked native files shall be produced with the image files.

1

    d.   Embedded Files -- All embedded objects (*e.g.,* graphical files, Word documents, Excel spreadsheets, .wav files) that are found within a file shall be produced so as to maintain the integrity of the source document as a single document. For purposes of production the embedded files shall remain embedded as part of the original source document. Hyperlinked files must be produced as separate, attached documents. Any objects that cannot be rendered to images and extracted text (*e.g.,* .wav, .avi files) must be produced as separate extracted files treated as attachments to the original file.

    e.   Image-Only Files -- All image-only files (non-searchable .PDFs, multi-page TIFFs, Snipping Tool screenshots, etc., as well as all other images that contain text) shall be produced with associated OCR text, metadata, and bibliographic information.

    f.   Archive File Types -- Archive file types (*e.g.,* .zip, .rar) must be uncompressed for processing. Each file contained within an archive file should be produced as a child to the parent archive file. If the archive file is itself an attachment, that parent/child relationship must also be preserved.

    g.   Non-Standard Files -- Non-standard electronic files include, but are not limited to, system files, source code, transactional data, database files, audio and video files, and proprietary applications not publicly available. Database files should be produced both in native format, where possible, and also exported and produced in .xlsx format. Upon request and demonstration of need, productions of these types of files will be negotiated between the parties to determine a reasonable production format. Note that some non-standard files may be included in the production as part of a native container file, such as ZIP or MSG files.

### 3. Hard-Copy (or Paper) Documents

Hard-copy documents are to be produced as black-and-white image files, except where noted below, with related searchable OCR text and bibliographic information. Special attention should be paid to ensure that hard-copy documents are produced as they are kept, reflecting attachment relationships between documents and information about the file folders within which each document is found. In addition, a multi-page document must be produced as a single document (*i.e.*, properly unitized) and not multiple single-page documents. Where the original document is in color, that image should be produced in color. These color images are to be produced as .jpg format. Hard-copy photographs should be produced as color .jpg, if originally in color, or grayscale .tif files if originally in black-and-white.

### 4. Parent-Child Relationships

Ensure that the association of families (i.e., between emails and attachments are preserved.) Email attachments are consecutively produced with the parent email record.

## B. PRODUCTION FORMAT

### 5. Bates/Numbering Format

- files are named according to the Bates number of the TIFF image or native.
- consistent across the production;
- contains no special characters; and
- is numerically sequential within a given document.

2

- attachments to documents are assigned Bates numbers that directly follow the Bates numbers on the documents to which they were attached.

6. **Image/Native File Specifications**

   - Black-and-white Group IV Single-Page TIFFs (300 DPI). Color images should be provided in .JPG format for all native files containing color.
   - Image file names should match the page identifier for that specific image and end with the .tif (or .jpg if needed) extension.
   - File names cannot have embedded spaces, commas, underscores, ampersands, slashes, back slashes, hash marks, plus signs, percent signs, exclamation marks, any character used as a delimiter in the metadata load files, or any character not allowed in Windows file-naming convention. (, _ & \ / # + % ! : * ? " < > | ~ @ ^)
   - Images for a given document must reside together in the same folder.
   - The maximum number of image and native files should be limited to 5,000 per folder.
   - Native file names should match the BEGDOC#/DOCID entry for that specific record and end with the appropriate file extension.
   - Any encryption or password protection will be removed from all native format files produced.

7. **Searchable Text File Specifications**

   - Extracted text should be provided with all records, where available.
     - For hard copy documents, please provide OCR text.
     - For redacted documents, provide OCR text for the redacted version.
   - There should be a single extracted/OCR text file per document, in ASCII Text format only.
   - The name of the text file should be the same as the document's first page/Bates number, with a TXT extension: DOCID.TXT.
   - There must be a carriage return and line feed (CRLF) no later than the 250th character of the first line of every text file.
   - All soft and hard returns in the native electronic or image file should be replicated as a Carriage Return Line Feed (CRLF) in the text file (i.e. the lines of text in the file terminate with a CRLF in correlation with the appearance of the native electronic or rendered image file).
   - Text files should include page breaks that correspond to the "pagination" of the image files.
   - Place text files under a "FULLTEXT" folder and provide a Control List file for loading in the "LOADFILES" folder on the delivery media

8. **Metadata Load File Delimiters (.dat)**

   - Field Separator ¶ (ASCII 020)
   - Text Qualifier þ (ASCII 254)
   - Substitute Carriage Return or New Line in data ® (ASCII 174)
   - Multi-value separator **(Do Not Follow with Space)** ; (ASCII 059)
   - Date format MMDDYYY (date type fields only)
   - Time format HH:MM:SS in 24-hour format (*e.g.*, 04:32 pm formatted to

3

16:32:00 – Do not include AM, PM, or Timezone indicators). All times should be normalized to the UTC time standard.
- There should be one line for every record in the load file. A carriage return and line feed (CRLF) must appear at the end of each record and only at the end of each record.
- The first row of each metadata load file should be a header row containing the field names. Field names must match Division Metadata Table field names.
- All requested fields should be present in the metadata load file whether data exists or not. Field order must remain consistent in subsequent productions.

9. **Opticon Image Load File (.opt)**

- ImageFilePath – The path to the image from the root of the delivery media.
- DocumentBreak – The letter "Y" denotes the first page of a document. If this field is blank the page is not the first page of a document.
- PageCount – Optional
- Example - ABC00000001, ABC001,.\Images\001\ ABC00000001.tif,Y,,,

10. **Standard Field List**

| FieldName | Field Name Description |
|---|---|
| BEGBATES | Unique beginning document or production number |
| ENDBATES | Ending document or production number |
| BEGATTACH | Displays BEGBATES # of parent record. |
| ENDATTACH | ENDBATES # of last attached document in a family. |
| ATTACHRANGE | Stores BegBates # of parent record and EndDoc# of last attachment |
| Is Parent | Yes/No field; Identifies parent document (only need to populate yes for parent documents) |
| PARENT ID | The first document/bates number for each parent record; populated only for attachments |
| CHILD ID | First document/bates number of each attachment, separated by semicolons. |
| Attach | Populates parent records with original filenames of all attached records, separated by semi-colons |
| NUMATTACH | Total number of records attached to the document |
| CUSTODIAN | Source or Owner of Data |
| ALL CUSTODIAN | A list of all the owners of the documents (separated by semi-colons) |
| EMAILTO | Main recipient(s) of the email message |
| EMAILFROM | Author of email message |
| EMAILCC | Recipient(s) of "Carbon copies" of the email message |
| EMAILBCC | Recipient(s) of "Blind Carbon copies" of the email message |
| EMAILSUBJECT | Subject of email message |
| DATETIMESENT | Sent date and time of an email message using this format DD/MM/YYYY HH:MM (using 24 hour clock) |

| | |
|---|---|
| DATETIMERECEIVED | Received date and time of an email message using this format DD/MM/YYYY HH:MM (using 24 hour clock) |
| DATETIMECREATED | Creation date and time of the native file using this format DD/MM/YYYY HH:MM (using 24 hour clock) |
| DATECREATED | Creation date of the native file |
| TIMECREATED | Creation time of the native file |
| DATETIMEMODIFIED | Date and time of the native file was last modified using this format DD/MM/YYYY HH:MM (using 24 hour clock) |
| LASTAUTHOR | Last author who modified the document |
| DATESORT | Parent Date is populated for all family members (If e-mail "DATESENT," if loose "DATEMODIFIED" |
| FILENAME | Original filename of native file. Contains subject of email message for email records. |
| DOCEXT | File extension of native file. |
| AUTHOR | Author field value pulled from metadata of the native file |
| FILERECORDTYPE | I.E. "e-jail" or "E-mail attachment" or "Loose File" |
| File Size | size of the file (KB) |
| DocumentSubject | Loose Files: Subject field value extracted from metadata of native field. |
| PGCOUNT | Number of pages in a document (image records) |
| Comments | Comments field value pulled from the metadata of the native file |
| EntryID | Unique identifier of emails in mail stores |
| FileDescription | Description of native file types as listed in file type database |
| MD5HASH | MD5HASH |
| TIME ZONE | Time zone processed (note all times should be normalized to the UTC time standard) |
| ORIGINAL FOLDER PATH | Fully qualified original path to the source folder, files, and/or mail stores |
| ALLPATHS | A list of all the native file paths to the document as it was kept in the ordinary course of business (including documents removed through deduplication).  To the extent you are unable to provide native file paths for deduplicated documents, produce all versions of such document with unique metadata, including native file path. |
| TITLE | Title field value extracted from the metadata of the native file (includes document title and/or title of the file) |
| Conversation | Normalized subject of e-mails |
| Conversation Index | Email thread identification |
| DateAppStart | Appointment start date for calendar items |
| DateAppEnd | Appointment end date for calendar items |
| DelivReceipt | Delivery receipt request notification |
| HiddenText | Yes/No field; Identifies if the document contains hidden content |

5

| | |
|---|---|
| ISEMBEDDED | Yes/No field for identifying family members which are embedded |
| Importance | Importance field extracted from an email message |
| ReadReceipt | Read receipt request notification for email message |
| Revision | Revision number extracted from metadata of native file |
| Sensitivity | Sensitivity field extracted from email messages |
| SEARCH HITS | Multiple Choice filed, include all terms document hits |
| OCR PATH | Links text files |
| NATIVE PATH | Links native files |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____NORTHERN_____ District of _____TEXAS_____

In re  HIGHLAND CAPITAL MANAGEMENT, L.P
               Debtor

*(Complete if issued in an adversary proceeding)*

MARC S. KIRSCHNER
               Plaintiff
               v.
JAMES D. DONDERO, et al.
               Defendant

Case No. __19-34054(SGJ)__

Chapter __11__

Adv. Proc. No. __21-03076-sgj__

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Wick Phillips Gould & Martin LLP, 3131 McKinney Avenue, Suite 500, Dallas, Texas 75204
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| DLA Piper, 1900 N. Pearl St., Ste. 2200, Dallas, TX 75201 | 4/10/2023    10:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __3/9/2023__

CLERK OF COURT

OR

_____      /s/ Amy R. Ruhland_____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*
                                                                Amy R. Ruhland

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__James D. Dondero, et al.__ , who issues or requests this subpoena, are:
Amy R. Ruhland, 303 Colorado St., Ste. 3000, Austin TX 78701, 512-457-7000, amy.ruhland@us.dlapiper.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Attachment A

## DEFINITIONS

The following definitions shall apply herein:

1. The terms "*all*," "*any*," and "*each*" shall each be construed as encompassing any and all. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The use of the singular form of any word includes the plural and vice versa.

2. The term "*document*" is defined to be synonymous in meaning and equal scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. "Document" shall be construed as a document and all attachments thereto.

3. The terms "*including*" and "*includes*" are used to provide examples of certain types of information and should not be construed as limiting a request in any way. The term "including" shall be construed as if followed by the phrase "but not limited to," irrespective of whether such phrase is explicitly stated or not.

4. "*Complaint*" means the Amended Complaint and Objection to Claims filed by Plaintiff in Adversary Proceeding No. 21-03076 pending in the United States Bankruptcy Court for the Northern District of Texas, Dkt. No. 158 (and as amended from time to time).

5. "*Defendant*" means any defendant to the adversary proceeding captioned *In re Kirschner v. Dondero, et al.*, Adv. Proc. No. 21-03076-sgj, pending in the Bankruptcy Court for the Norther District of Texas, including James D. Dondero; Mark A. Okada; Scott Ellington; Isaac Leventon; Grant James Scott III; Strand Advisors, Inc.; NexPoint Advisors, L.P.; Highland Capital Management Fund Advisors, L.P.; Dugaboy Investment Trust and Nancy Dondero, as Trustee of Dugaboy Investment Trust; Get Good Trust and Grant James Scott III, as Trustee of Get Good Trust; Hunter Mountain Investment Trust; Mark & Pamela Okada Family Trust – Exempt Trust #1 and Lawrence Tonomura as Trustee of Mark & Pamela Okada Family Trust – Exempt Trust #1; Mark & & Pamela Okada Family Trust – Exempt Trust #2 and Lawrence Tonomura as Trustee of Mark & Pamela Okada Family Trust – Exempt Trust #2; CLO HoldCo., Ltd.; Charitable DAF HoldCo., Ltd.; Charitable DAF Fund, L.P.; Highland Dallas Foundation; Rand PE Fudn I, LP, Series 1; Massand Capital, LLC; Massand Capital, Inc.; and SAS Asset Recovery, Ltd.

6. "*HE 232*" means collectively HE Capital 232 Phase I, LLC and HE Capital 232 Phase I Property, LLC, and each of their respective parents, subsidiaries, owners, members, shareholder, partners, managers, directors, and officer.

7. "*HE 232 Transaction*" means the transactions described in Complaint ¶¶ 163 – 167.

1

8. "**Highland Party**" means Highland Capital Management, L.P., any of its partners, general partners, subsidiaries, affiliates, managed or advised funds or accounts (including Highland CLO Funding, Ltd.), employees, or professionals. After 10/15/2019, "Highland Party" includes, but is not limited to, Pachulski Stang Ziehl & Jones LLP, Development Specialists Inc., James Seery, Russell Nelms, and John Dubel.

9. "*You*" means Wick Phillips Gould & Martin LLP and its attorneys, partners, associate attorneys, and other employees.

## REQUESTED DOCUMENTS

1. All documents and communications related to HE 232.

2. All documents and communications related to the HE 232 Transaction.

3. All communications with any Defendant related to HE 232 or the HE 232 Transaction.

4. All communications with any Highland Party related to HE 232 or the HE 232 Transaction.

5. All actions and statements of You with respect to HE 232, the HE 232 Transaction, or any of the events or transactions described in Complaint ¶¶ 163 – 167.