Michael K. Hurst
State Bar No. 10316310
mhurst@lynnllp.com
Chris J. Akin
State Bar No. 00793237
Cakin@lynnllp.com
Hayden Hanson
State Bar No. 24110598
hhanson@lynnllp.com
LYNN PINKER HURST & SCHWEGMANN, LLP
2100 Ross Avenue, Suite 2700
Dallas, TX  75201

*Co-Counsel for Scott Ellington and Isaac Leventon*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| MARC S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. DONDERO; MARK A. OKADA; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; FRANK WATERHOUSE; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP.; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; SAS ASSET RECOVERY, LTD.; | Adv. Pro. No. 21-03076-sgj |

AND CPCM, LLC,

           Defendants.

# NOTICE OF ISSUANCE OF SUBPOENA TO
# PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
# OR TO PERMIT INSPECTION OF PREMISES TO
# <u>THOMAS SURGENT</u>

**PLEASE TAKE NOTICE** that Defendants, Scott Ellington and Isaac Leventon, by and through their attorneys of record, intend to serve the Subpoena attached hereto as Exhibit "A," pursuant to Rule 45 of the Federal Rules of Civil Procedure, as made applicable by Rule 9016 of the Federal Rules of Bankruptcy Procedure, on third-party, Thomas Surgent.

Dated: March 17, 2023

                                                By: */s/ Michael K. Hurst*
                                                Michael K. Hurst
                                                State Bar No. 10316310
                                                mhurst@lynnllp.com
                                                Chris J. Akin
                                                State Bar No. 00793237
                                                Cakin@lynnllp.com
                                                Hayden Hanson
                                                State Bar No. 24110598
                                                hhanson@lynnllp.com
                                                LYNN PINKER HURST & SCHWEGMANN,
                                                LLP
                                                2100 Ross Avenue, Suite 2700
                                                Dallas, TX  75201

## CERTIFICATE OF SERVICE

I certify that on March 17, 2023, a true and correct copy of the above and foregoing document was served via electronic email through the Court's CM/ECF system to the parties that have requested or consented to such service.

*/s/ Michael K. Hurst*
Michael K. Hurst

**EXHIBIT "A"**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Northern __ District of  Texas _____

In re HIGHLAND CAPITAL MANAGMENT, L.P.
      Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 19-34054-sgj

Mark S. Kirschner, as Litigation Trustee of the Litigation Sub-Trust
      Plaintiff

Chapter 11_____

v.

James D. Dondero, et al._____ _____
      Defendant

Adv. Proc. No.  21-03076-sgj

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:  __Thomas Surgent_____

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Attachment A**

| PLACE | Lynn Pinker Hurst and Schwegmann, LLP<br>2100 Ross Avenue, Suite 2700<br>Dallas, Texas 75201 | DATE AND TIME<br>April 7, 2023 |
|---|---|---|

\* In lieu of delivery of hard-copy documents, you may electronically deliver the documents to counsel listed in Exhibit 1.

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  March 17, 2023

           CLERK OF COURT

                                        OR

_____            /s/ Michael K. Hurst_____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*
                                        Michael K. Hurst

The name, address, email address, and telephone number of the attorney representing *(name of party)*
  See Exhibit 1 attached here to  , who issues or requests this subpoena, are:
  See Exhibit 1 attached hereto

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 21-03076-sgj    Doc 316    Filed 03/17/23    Entered 03/17/23 22:06:47    Desc Main
Document    Page 7 of 17

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Attachment A

## DEFINITIONS

The following definitions shall apply herein:

1. The terms "*all*," "*any*," and "*each*" shall each be construed as encompassing any and all. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The use of the singular form of any word includes the plural and vice versa.

2. The term "*document*" is defined to be synonymous in meaning and equal scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. "*Document*" shall be construed as a document and all attachments thereto.

3. The terms "*including*" and "*includes*" are used to provide examples of certain types of information and should not be construed as limiting a request in any way. The term "including" shall be construed as if followed by the phrase "but not limited to," irrespective of whether or not such phrase is explicitly stated.

4. "*Acis*" means Acis Capital Management, L.P., Acis Capital Management GP, LLC, and any of their predecessors, successors, parents, subsidiaries, affiliates, agents, and counsel, including, but not limited to, Joshua Terry, and any attorneys at Winstead PC (including attorney Rakhee Patel), Forshey Prostok LLP (including attorney Jeff Prostok), Rogge Dunn Group, PC (including attorney Brian Shaw), and Carrington, Coleman, Sloman & Blumenthal, L.L.P. (including attorney Brian Shaw).

5. "*Acis Litigation*" means *Acis Capital Mgmt., L.P. v. Dondero*, Adv. Proc. No. 20-03060-sgj (Bankr. N.D. Tex. Apr. 11, 2020); *Highland Capital Mgmt. L.P. v. Phelan*, Adv. Proc. No. 18-03078-sgj (Bankr. N.D. Tex. May 30, 2018); *Acis Capital Mgmt., L.P. v. Cruciani*, Case No. DC-20-05534 (Tex. Dist. Ct. Apr. 10, 2020); and any and all claims or causes of action filed by Acis against HCMLP or any of its affiliates.

6. "*Acis Transactional Documents*" means any transactional documents executed on behalf of Acis, including, but not limited to:

    a. Promissory Note from Highland Capital Management, L.P. to Acis Capital Management, L.P. in the amount of $12,666,446, dated October 7, 2016;

    b. Agreement for Assignment and Transfer of Promissory Note between Acis Capital Management, L.P., Highland Capital Management, L.P., and Highland CLO Management, Ltd., dated November 3, 2017;

    c. Assignment and Transfer Agreement, by and between Acis Capital Management, L.P., Highland Capital Management, L.P. and Highland CLO Management, Ltd., dated November 3, 2017;

    d. Agreement for Purchase and Sale of CLO Participation Interests by and between Acis Capital Management, L.P. and Highland Capital Management, L.P., dated October 7, 2016;

    e. Third Amended and Restated Sub-Advisory Agreement by and between Acis Capital Management, L.P. and Highland Capital Management, L.P., dated March 17, 2017;

    f. Fourth Amended and Restated Shared Services Agreement by and between Acis Capital Management, L.P. and Highland Capital Management, L.P., dated March 17, 2017;

    g. Portfolio Management Agreement, by and between Acis Loan Funding, Ltd. and Highland HCF Advisor, Ltd., dated October 27, 2017;

    h. Agreement for Assignment and Transfer of Interests by and between Acis Capital Management, L.P. and Highland CLO Holdings, Ltd., dated December 19, 2017;

    i. Agreement by and between Mizuho Securities USA, LLC and Debtor affiliates, dated November 15, 2017;

    j. Assignment, Transfer, and Amended Agreement, by and between Acis Capital Management, L.P., Highland CLO Holdings, Ltd., Acis CLO Management, LLC, Acis CLO Management, GP, LLC, Acis CLO Management Intermediate Holdings II, LLC, dated December 19, 2017;

    k. Acknowledgement and Waiver, by and between Highland Capital Management, L.P. and Highland CLO Management, Ltd., dated January 19, 2018;

    l. ACIS CLO 2014-3 LTD and ACIS CLO 2014-3 LLC Notice of Optional Redemption, dated January 31, 2018;

    m. Assignment, Transfer, and Amendment Agreement by and between the Dugaboy Investment Trust, Mark K. Okada, Neutra, Ltd., and Acis Capital Management, GP, LLC, dated as of December 19, 2017; and

    n. ACIS CLO 2014-3 LTD and ACIS CLO 2014-3 LLC Notice of Withdrawal of Proposed Supplemental Indenture and Optional Redemption, dated January 31, 2018.

7. "*Acis Transactions*" means any transactions related to, or reflected by, any of the Acis Transactional Documents.

8. "*CLO Holdco Transaction*" means the transactions described in Complaint ¶¶ 131 – 136.

9. "*Complaint*" means the Amended Complaint and Objection to Claims filed by Plaintiff in *Marc S. Kirschner, as Litigation Trustee of the Litigation Sub-Trust v. Dondero et al.,*

Adversary Proc. No. 21-03076-sgi, pending in the United States Bankruptcy Court for the Northern District of Texas, Dkt. No. 158 (and as amended from time to time).

10. "*Crusader Funds*" means Highland Crusader Offshore Partners, Highland Crusader Fund, L.P., Highland Crusader Fund, Ltd., and Highland Crusader Fund II, Ltd.

11. "*Crusader Litigation*" means the arbitration between the Redeemer Committee and HCMLP, as well as litigation filed by the Redeemer Committee against HCMLP in Delaware, Bermuda, and/or the Cayman Islands to confirm the arbitration award and/or obtain related relief.

12. *"Crusader Transactions"* means any of the transactions that formed the basis of any allegation in the Crusader Litigation, including, but not limited to, the transactions that formed the basis of the Deferred Fees Claim, the Distribution Fee Claim, the Taking of Plan Claims, the CLO Trades Claim, the Credit Suisse Claim, the UBS Claim, and the Barclays Claim (as those terms are used in the Complaint at ¶88), as well as all transactions related to the allegations in Complaint ¶¶ 87 – 93, 101, 214 – 215, 426 – 427, and 435 – 437.

13. *"Daugherty"* means Patrick H. Daugherty.

14. "*Defendant*" means any defendant to the adversary proceeding captioned *In re Kirschner v. Dondero, et al.*, Adv. Proc. No. 21-03076-sgj, pending in the Bankruptcy Court for the Northern District of Texas, including James D. Dondero; Mark A. Okada; Scott Ellington; Isaac Leventon; Grant James Scott III; Strand Advisors, Inc.; NexPoint Advisors, L.P.; Highland Capital Management Fund Advisors, L.P.; Dugaboy Investment Trust and Nancy Dondero, as Trustee of Dugaboy Investment Trust; Get Good Trust and Grant James Scott III, as Trustee of Get Good Trust; Hunter Mountain Investment Trust; Mark & Pamela Okada Family Trust – Exempt Trust #1 and Lawrence Tonomura as Trustee of Mark & Pamela Okada Family Trust – Exempt Trust #1; Mark & & Pamela Okada Family Trust – Exempt Trust #2 and Lawrence Tonomura as Trustee of Mark & Pamela Okada Family Trust – Exempt Trust #2; CLO HoldCo., Ltd.; Charitable DAF HoldCo., Ltd.; Charitable DAF Fund, L.P.; Highland Dallas Foundation; Rand PE Fund I, LP, Series 1; Massand Capital, LLC; Massand Capital, Inc.; and SAS Asset Recovery, Ltd.

15. *"Employee Stipulation"* means the Restated Stipulation (as that term is defined in Highland Bankruptcy Dkt. 2856 and/or Dkt. 2939), as well as the Original Stipulation (as that terms is dfined in Dkt. 2856 at Ex. B).

16. "*Get Good*" means The Get Good Non-Exempt Trust.

17. "*Get Good Assets*" means the: (1) $2,032,183.24 Series A Interests in Highland Capital Loan Fund, L.P.,; (2) a participation in call options of publicly-traded American Airlines Group, Inc.; and (3) a participation interest in Crusader Funds transferred from HCMLP to Get Good.

18. "*Get Good Transfer*" means the December 28, 2016 transfer of the Get Good Assets from HCMLP to Get Good.

19. "*HarbourVest*" means HarbourVest Partners L.P., individually and on behalf of its following managed accounts: HarbourVest 2017 Global AIF L.P.; HarbourVest 2017 Global Fund L.P.; HarbourVest Dover Street IX Investment L.P.; HarbourVest Skew Base AIF L.P.; HV International VIII Secondary L.P., as well as their parents, subsidiaries, predecessors, successors, directors, officers, managers, members, general partners, employees, agents, and counsel, including Debevoise & Plimpton LLP.

20. "*HarbourVest HCLOF Investment*" means HarbourVest's November 15, 2017 investment in HCLOF.

21. "*HCLOF*" means Highland CLO Funding, Ltd.

22. "*HCMLP*" means Highland Capital Management, L.P., and any entity in which Highland Capital Management, L.P. owned 20% or greater economic or voting interest.

23. *"HE 232 Transaction"* means the transactions described in Complaint ¶¶ 163 – 167.

24. "*Highland Bankruptcy*" means *In re Highland Capital Mgmt., L.P.*, Case No. 19-35054-sgj11 (Bankr. N.D. Tex. Feb. 13, 2020); *In re Highland Capital Mgmt., L.P.*, Case No. 19-12239 (CSS) (Bankr. D. Del. Dec. 4, 2019).

25. "*Highland Party*" means Highland Capital Management, L.P., any of its partners, general partners, subsidiaries, affiliates, managed or advised funds or accounts, employees, or professionals, including, but not limited to, Pachulski Stang Ziehl & Jones LLP, Development Specialists Inc., James Seery, Russel Nelms, and John Dubel, as well as the Claimant Trust of and Litigation Sub-Trust created pursuant to the Fifth Amended and Restated Plan of Distribution of Highland Capital Management, L.P.

26. *"Investigation"* means the "investigation" referenced in Highland Bankruptcy Dkt. 2856 at ¶¶ 6 and 37 and Dkt. 2939 at ¶¶ 6 and 37.

27. "*Personal Files*" are any documents or communications in your possession, custody, or control other than documents or communications you are able to access solely on the servers of HCMLP.  Personal files include, but not limited to, any data (a) on your personal phone, including text messages, (b) on any personal computer or digital storage media, (c) accessible by you via a non-HCMLP affiliated account, including personal email, iCloud, and bank and other account records, and (d) in physical documents in your possession, custody, or control, including any hand-written notes, mark-ups of documents, or comments.

28. *"Prive"* means Prive Solutions LLC.

29. "*Redeemer Committee*" means the Redeemer Committee of the Crusader Fund.

30. *"Retail Advisors"* means NexPoint Advisors, L.P., Highland Capital Management Fund Advisors, L.P., and each of their respective predecessors, relying advisors, and affiliated advisors that managed funds or entities governed by the Investment Advisors Act of 1940.

31. *"Sentinel Transfer"* means the alleged transfers to Sentinel referenced in Complaint ¶¶ 76 – 79 and 99 – 100.

32. *"Terry Arbitration"* means the arbitration filed by Joshua Terry against Acis Capital Management, L.P. and HCMLP in JAMS Ref. No. 310022713.

33. "*Terry Litigation*" means *In re Acis Capital Mgmt., L.P.*, Case No. 18-30264-sgj11 (Bankr. N.D. Tex. Jan. 30, 2018); *In re Acis Capital Mgmt. GP, LLC*, Case No. 18-30265-sgj11 (Bankr. N.D. Tex. Jan. 30, 2018); *Terry v. Acis Capital Mgmt., L.P.*, Case No. DC-16-11396 (Tex. Dist. Ct. Sep. 8, 2016); and *Terry v. Acis Capital Mgmt., L.P.*, Case No. DC-17-15244 (Tex. Dist. Ct. Nov. 6, 2017).

34. *"Tall Pine Transactions"* means the transactions referenced in Complaint ¶¶ 168 – 171, and 294 - 295.

35. "*UBS Litigation*" means Index No. 650097/2009 filed in the Supreme Court of the State of New York, County of New York.

36. *"UCC Party"* means the Official Committee of Unsecured Creditors in the Highland Bankruptcy including each of its agents, members, and their respective agents. This specifically includes, but is not limited to, Sidley Austin LLP, FTI Consulting, Inc., any representative of Acis Capital Management, L.P., including Winstead, P.C. (including attorney Rakhee Patel), Forshey Prostok LLP (including attorney Jeff Prostok), Rogge Dunn Group, PC (including attorney Brian Shaw), Carrington, Coleman, Sloman & Blumenthal, L.L.P. (including attorney Brian Shaw), The Redeemer Committee of the Highland Crusader Funds, Jenner & Block LLP (including attorney Terri Mascherin), GCM Grosvenor, Grosvenor Capital Management LP, Eric Felton, Burke Montgomery, Stuart Robertson, UBS AG London Branch and UBS Securities LLC, including its counsel Latham & Watkins LLP (including attorney Andrew Clubok), Meta-e Discovery, LLC, Paul McVoy, and Morrison Cohen LLP.

**REQUESTED DOCUMENTS**

1. All documents and communications in your Personal Files related to or reflecting any communications exchanged between You and James Dondero.

2. All documents and communications in your Personal Files related to or reflecting any communications exchanged between You and Mark Okada.

3. All documents and communications in your Personal Files related to or reflecting any communications exchanged between You and John Honis.

4. All documents and communications in your Personal Files related to or reflecting any communications exchanged between You and Scott Ellington.

5. All documents and communications in your Personal Files related to or reflecting any communications exchanged between You and Isaac Leventon.

6. All documents and communications in your Personal Files related to or reflecting any communications exchanged between You and Frank Waterhouse.

7. All documents and communications in your Personal Files related to or reflecting any communications exchanged between You and David Klos.

8. All documents and communications exchanged between any Highland Party and any UCC Party including, but not limited to, any documents and communications exchanged between You and any UCC Party.

9. All documents and communications exchanged between You and James Seery, John Dubel, or Russel Nelms, including, but not limited to, all documents and communications related to (a) the factual basis for any transaction or allegation contained the Complaint, (b) the factual basis for any alleged act or omission by any Defendant, (c) Your employment by HCMLP after February 28, 2021, and (d) the Investigation.

10. All documents and communications regarding the Investigation.

11. All documents and communications regarding the Employee Stipulation, including, but not limited to, the negotiation of the Employee Stipulation and any consideration to be provided by You to any party in exchange for the Employee Stipulation.

12. All documents and communications related to the negotiations of, or consideration exchanged for, any release, limitation or liability, indemnity, tolling agreement, or covenant not to sue provided to You by any Highland Party.

13. All documents and communications related to Prive.

14. All documents and communications related to the Tall Pine Transactions.

15. All documents and communications related to the payment by any Highland Party to you (or any company or entity in which you own an interest) of any compensation, salary, bonus or deferred compensation at any time from 10/16/19 – present.

16. All documents and communications related to the drafting of any Acis Transactional Document.

17. All documents and communications related to any Acis Transaction.

18. All documents and communications related to the allegations in Complaint regarding Acis, including in ¶¶ 67 – 72, 102, 208 – 212, and 423 – 424.

19. All documents and communications related to the Acis Litigation.

20. All documents and communications related to the Terry Litigation.

21. All documents and communications related to the Crusader Litigation.

22. All documents and communications related to the Crusader Transactions.

23. All documents and communications related to the Redeemer Committee.

24. All documents and communications related to the Sentinel Transfer.

25. All documents and communications related to the Get Good Transfer.

26. All documents and communications related to HarbourVest, the HarbourVest HCOF Investment, any proof of claim filed by HarbourVest in the Highland Bankruptcy, or negotiation or resolution of such claim.

27. All documents and communications related to Daugherty, any claims brought by Daugherty against any Highland Party, and any transaction related to any such claims.

28. All documents and communications related to the Retail Advisors, creation of the Retail Advisors, or maintenance of the Retail Advisors as separate entities from HCMLP.

29. All documents and communications related to the HE 232 Transaction, including any approval by You or the HCMLP Compliance team of such transaction.

30. All documents and communications related to the CLO Holdco Transaction, including any approval by You or the HCMLP Compliance team of such transaction.

31. Documents sufficient to identify any attorneys you personally have retained for any matter related to or arising out of the Highland Bankruptcy, including any executed retention letters.

32. Documents sufficient to identify any joint defense agreement, common interest agreement, or any other privilege you allegedly share with any other person or entity.

## Exhibit 1

The name, address, email address, and telephone number of the attorneys representing the parties who issue or request this subpoena are:

By: /s/ Michael K. Hurst
Michael K. Hurst
State Bar No. 10316310
Chris J. Akin
State Bar No. 00793237
Cakin@lynnllp.com
Hayden Hanson
State Bar No. 24110598
LYNN PINKER HURST &
  SCHWEGMANN, LLP
2100 Ross Avenue, Suite 2700
Dallas, TX  75201
*Counsel to Scott Ellington and Isaac Leventon*

By: /s/ Amy L. Ruhland
Amy L. Ruhland
State Bar No. 24043561
DLA Piper LLP
303 Colorado Street, Suite 3000
Austin, TX 78701
Telephone: 512-457-7000
amy.ruhland@us.dlapiper.com

and

Jason M. Hopkins
State Bar No. 24059969
DLA Piper LLP
1900 N. Pearl Street, Suite 2200
Dallas, TX 75201
Telephone: 214-743-4500
jason.hopkins@us.dlapiper.com
*Counsel to James D. Dondero, Strand Advisors, Inc., The Dugaboy Investment Trust, The Get Good Trust, Hunter Mountain Investment Trust, and Rand PE Fund I, LP, Series I*

By: /s/ Michael Aigen
Michael Aigen
State Bar No.
Deborah Deitschperez
State Bar No.
STINSON, LLP
2200 Ross Avenue

>Suite 2900
>Dallas, TX 75201
>Telephone: 214-560-2201
>michael.aigen@stinson.com
>deborah.deitschperez@stinson.com
>
>and
>
>Jeremy Root
>State Bar No.
>STINSON, LLP
>230 W. McCarty Street
>Jefferson City, MO 65101
>jeremy.root@stinson.com,
>*Counsel to NextPoint and Highland Funds*

By: */s/ Louis M. Phillips*
>Louis M. Phillips (#10505)
>KELLY HART PITRE
>One American Place
>301 Main Street, Suite 1600
>Baton Rouge, LA 70801
>Telephone: 225-381-9643
>louisphillips@kellyhart.com
>
>and
>
>Amelia L. Hurt
>(LA #36817, TX #24092553)
>400 Poydras Street, Suite 1812
>New Orleans, LA 70130
>Telephone: (504) 522-1812
>amelia.hurt@kellyhart.com
>
>and
>
>Hugh G. Connor II
>State Bar No. 00787272
>Michael D. Anderson
>State Bar No. 24031699
>Katherine T. Hopkins
>State Bar No. 24070737
>KELLY HART & HALLMAN
>201 Main Street, Suite 2500
>Fort Worth, TX 76102
>Telephone: (817) 332-2500
>hugh.connor@kellyhart.com
>michael.anderson@kellyhart.com
>katherine.hopkins@kellyhart.com

*Counsel to CLO Holdco, Ltd., Highland Dallas Foundation, Charitable DAF Fund, LP, and Charitable DAF Holdco, Ltd*