IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
|---|---|
| MARC S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. DONDERO; MARK A. OKADA; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & | Adv. Pro. No. 21-03076-sgj |

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are (8357). The Reorganized Debtor is a Delaware limited partnership. The Reorganized Debtor's headquarters and service address are 100 Crescent Court, Suite 1850, Dallas, TX 75201.

1

| |
|---|
| PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP.; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; AND SAS ASSET RECOVERY, LTD., |
| Defendants. |

**ORDER GRANTING THE LITIGATION TRUSTEE'S
MOTION TO STAY THE ADVERSARY PROCEEDING**

Having considered the *Motion to Stay the Adversary Proceeding* (the "Motion")[2] filed by Marc S. Kirschner (the "Litigation Trustee"), the Litigation Trustee of the Litigation Sub-Trust established pursuant to the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Bankr. Dkt. 1808][3] (as amended, the "Plan") and plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"), the Court finds and concludes (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) notice of the Motion was sufficient under the circumstances; and (c) good cause exists to grant the relief requested in the Motion. Accordingly, **IT IS THEREFORE ORDERED THAT**:

1.  The Motion is **GRANTED** as set forth herein.

2.  All proceedings in the Adversary Proceeding are hereby **STAYED** through and including September 30, 2023, which stay will continue thereafter until any party to the Action

---

[2] Capitalized terms not otherwise defined in this Order shall have the meanings given them in the Motion.

[3] "Bankr. Dkt." refers to the docket maintained in Case No. 19-34054-sgj11 (Bankr. N.D. Tex.).

2

provides 30 days' written notice to all other parties and the Court of their intent to resume the Action.

      3.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

### ### END OF ORDER ###