| | |
|---|---|
| **KELLY HART PITRE** | **KELLY HART & HALLMAN** |
| Louis M. Phillips (#10505) | Hugh G. Connor II |
| One American Place | State Bar No. 00787272 |
| 301 Main Street, Suite 1600 | hugh.connor@kellyhart.com |
| Baton Rouge, LA 70801-1916 | Michael D. Anderson |
| Telephone: (225) 381-9643 | State Bar No. 24031699 |
| Facsimile: (225) 336-9763 | michael.anderson@kellyhart.com |
| Email: louis.phillips@kellyhart.com | Katherine T. Hopkins |
| Amelia L. Hurt (LA #36817, TX #24092553) | Texas Bar No. 24070737 |
| 400 Poydras Street, Suite 1812 | katherine.hopkins@kellyhart.com |
| New Orleans, LA 70130 | 201 Main Street, Suite 2500 |
| Telephone: (504) 522-1812 | Fort Worth, Texas 76102 |
| Facsimile: (504) 522-1813 | Telephone: (817) 332-2500 |
| Email: amelia.hurt@kellyhart.com | |

**Counsel for the Charitable Defendants**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No. 19-34054-sgj11** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | **Chapter 11** |
| | § | |
| **Debtor** | § | |

| | | |
|---|---|---|
| **MARC S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST** | § § § | **Adversary No. 21-03076-sgj** |
| Plaintiff, | § § | |
| **vs.** | § § | |
| **JAMES D. DONDERO; MARK A. OKADA; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; FRANK WATERHOUSE; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST;** | § § § § § § § § § § § | |

| | |
|---|---|
| **GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP.; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; SAS ASSET RECOVERY, LTD.; AND CPCM, LLC,** | § § § § § § § § § § § § § § § § § § § § § § § |
| **Defendants.** | § § |

## RESPONSE TO THE LITIGATION TRUSTEE'S MOTION TO STAY THE ADVERSARY PROCEEDING

### **RELIEF SOUGHT FROM DISTRICT COURT**

CLO HoldCo, Ltd. ("**CLO HoldCo**"), Charitable DAF HoldCo, Ltd. ("**DAF HoldCo**"), Charitable DAF Fund, L.P. ("**DAF**"), and Highland Dallas Foundation ("**HDF**," together with CLO HoldCo, DAF HoldCo, DAF, and HDF, the "**Charitable Defendants**")[1] file this *Response* (the "**Response**") to the *Motion to Stay the Adversary Proceeding* [**Dkt. No. 324**] (the "**Motion to**

---

[1] The Charitable Defendants have filed a *Motion to Withdraw the Reference* [Dkt. No. 59] (the "**Motion to Withdraw the Reference**") which moves for immediate withdrawal of the reference to the District Court. All rights are reserved with respect thereto.

**Stay**") filed by Plaintiff Marc S. Kirschner (the "**Litigation Trustee**"), the Litigation Trustee of the Litigation Sub-Trust.

## PRELIMINARY STATEMENT

1. The Charitable Defendants do not oppose a stay of the above-captioned adversary proceeding (the "**Adversary Proceeding**"). Rather, the Charitable Defendants file this Response to insure that any stay imposed by the Bankruptcy Court in this Adversary Proceeding does not affect, nor purport to affect, the adjudication of the Report and Recommendation (defined herein) which has been pending before and fully submitted to the District Court since May 2022.

2. While this Limited Response primarily addresses the Report and Recommendation, the Charitable Defendants also submit a proposal for resolution of the Motion to Stay as well as other disputes amongst parties regarding a broader standstill, one that would create the situation of additional savings of litigation expenses, and information flow. The Charitable Defendants are aware that certain of the defendants in the Adversary Proceeding have filed a motion for leave to file a cross motion for an expanded stay, which includes a request for a Court imposed mediation during the standstill period—the *Motion to Stay and Response to Plaintiff's Motion to Stay* [**Dkt. No. 329**] (the "**Dondero Parties' Motion**"). The Charitable Defendants are also aware that the Litigation Trustee and as well counsel for the reorganized debtor ("**Highland**") and Claimant Trust do not agree to mediation at this time, and perhaps object to other components of the Dondero Parties' Motion (including not agreeing at this time to a stay of the Vexatious Litigant Motion (defined below)), but do not object to a hearing thereupon at the same time as the scheduled hearing upon the Motion to Stay.

3. Because a Court imposed mediation is a disputed issue, the Charitable Defendants submit a resolution that carves out the dispute over a Court ordered mediation, and would provide

3

the parties with an expanded standstill that would prejudice no party. Therefore the Charitable Defendants propose: **(A)** that the Motion to Stay be granted with an expanded scope, and the Dondero Parties' Motion be granted in part (consistent with the proposed standstill as set forth herein), and **(B)** that the Court resolve the request for Court-ordered mediation made within the Dondero Parties' Motion, and the anticipated objections thereto, at the hearing on March 31, 2023, at 9:30 a.m.[2]

4. The stay, or standstill requested or proposed by the Charitable Defendants ("**Proposed Standstill**") seeks for this Court to order that:

**(i)** this Adversary Proceeding be stayed as requested by the Litigation Trustee, with a carve out for the Report and Recommendation set forth herein;

**(ii)** the Highland Capital Management, L.P. ("**Highland**") *Objection to Scheduled Claims 3.65 and 3.66 of Highland CLO Management, Ltd.* filed by [Bankr. Dkt. No. 3657] (the "**HCLOM Claim Objection**") be stayed;[3] and

**(iii)** the *Motion for Leave to File Proceeding filed by The Dugaboy Investment Trust* [Bankr. Dkt. No. 3662] (the "**Valuation Proceeding**") be stayed, in exchange for certain information from Highland and the Claimant Trust being shared publically, including: (a) Unrestricted cash balances as of each calendar quarter ends (Q3 2021 – Q1 2023); (b) Cumulative paid amounts to allowed class 8 claimholders in aggregate through March 2023; (c) Remaining amounts owed to allowed class 8 claimholders in aggregate as of

---

[2] The Charitable Defendants do not oppose mediation, and submit that if the Proposed Standstill is granted, the cost of any mediation process would be immaterial compared to the savings occasioned by the Proposed Standstill. However, the Charitable Defendants understand that the issue of a compelled mediation is one for this Court to decide.

[3] This matter could be mooted, depending upon the value of the assets liquidated.

March 2023; (d) Remaining amounts owed to allowed class 9 claimholders in aggregate as of March 2023; (e) Remaining pending claims – detail of claimholder and face amount of claim as of March 2023; (f) Cumulative amounts funded to Indemnity Trust as of March 2023; (g) Total interest bearing debt outstanding as of March 2023; (h) Information and description of the audited quarterly and annual GAAP financials; (i) and for each of the following assets - Trussway, Targa, SSP, Cornerstone, HCLOF, MGM (directly held shares), Maple Avenue, PetroCap Partners III - the net proceeds to the Claimant Trust and/or HCMLP; and (j) a list of other material investments, notes, and other assets held by the Claimant Trust (the "**Information**").[4]

## RELEVANT BACKGROUND

5. On October 15, 2021, the Litigation Trustee commenced this Adversary Proceeding in the Bankruptcy Court by filing the *Complaint* [**Dkt. No. 1**] (the "**Complaint**").

6. In mid-January 2022, the Former Employee Defendants [**Dkt. No. 27**]; Okada Parties [**Dkt. No. 36**]; NexPoint and HCMFA [**Dkt. No. 39**]; Dondero Defendants [**Dkt. No. 45**]; Grant Scott [**Dkt. No. 50**]; Charitable Defendants [**Dkt. No. 59**] all filed *Motions to Withdraw the Reference*[5] to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d) (the "**Motions to Withdraw the Referenc**e").

---

[4] The information proposed to be made public does not prejudice any entity or the liquidation process, and could stand as a viable quid pro quo for the Valuation Proceeding as of the information content for the time periods proposed. As well, should the described information be provided, the Valuation Proceeding as confected presently might cease to be relevant (undersigned is not counsel for the movant in the Valuation Proceeding, so this perspective is that of undersigned counsel, alone).

[5] Each defendant or defendant(s) as defined in the respective Motion to Withdraw the Reference.

7. The Motions to Withdraw the Reference commenced various civil actions before the District Court: Case No. 3:22-cv-00203-S; Case No. 22-cv-229-C; Case No. 22-cv-253-E; Case No. 22-cv-367-B; Case No. 22-cv-269-L; and Case No. 22-cv-370-D (the "**District Court Actions**").

8. The Motions to Withdraw the Reference all were based, in part, on the Bankruptcy Court's lack of subject matter jurisdiction over the claims asserted in the Complaint.

9. The Motions to Withdraw the Reference were set for status conference pursuant to Local Bankruptcy Rule 5011-1(a) was held on March 17, 2022 before the Bankruptcy Court [**Dkt. No. 150**].

10. On April 6, 2022, the Bankruptcy Court issued its *Report and Recommendation to the District Court Proposing that it: (A) Grant Defendants' Motions to Withdraw the Reference at Such Time as the Bankruptcy Court Certifies that Action is Trial Ready; But (B) Defer Pre-Trial Matters to the Bankruptcy Court* [**Dkt. No. 151**] (the "**Report and Recommendation**").

11. In the Report and Recommendation, the Bankruptcy Court found that post-confirmation jurisdiction under 28 U.S.C. §1334 existed with respect to the claims in the Complaint. Report and Recommendation, p. 17. Ultimately, the Bankruptcy Court recommended that while the reference should be withdrawn, the District Court should nonetheless refer all pre-trial matters to the Bankruptcy Court and grant the Motions to Withdraw the Reference upon certification by the Bankruptcy Court that the parties are trial-ready. *Id*. at p. 20.

12. The Report and Recommendation was then transferred to the District Court and the parties filed that certain Motion to Consolidate Motions to Withdraw the Reference (the "**Motion to Consolidate**"), which was granted by the District Court under Case No. 22-cv-203-S (the "**District Court Case**"). District Court Case, Dkt. No. 13.

13. From April 15, 2022 to April 20, 2022, the Okada Parties [**District Court Case, Dkt. No. 17**]; Charitable Defendants [**District Court Case, Dkt. No. 19**]; NexPoint and HCMFA [**District Court Case, Dkt. No. 20**]; Dondero Defendants [**District Court Case, Dkt. No. 22**] each filed *Objections to the Report and Recommendation* (the "**Objections**"), again alleging a lack of post-confirmation subject matter jurisdiction.

14. On May 4, 2022, the Litigation Trustee filed his *Response in Support of the Report and Recommendation* [**District Court Case, Dkt. No. 25**]**.**

15. On May 18, 2022, the Okada Parties [**District Court Case, Dkt. No. 26];** NexPoint and HCMFA [**District Court Case, Dkt. No. 27**]; Dondero Defendants [**District Court Case, Dkt. No. 28];** Former Employee Defendants [**District Court Case, Dkt. No. 29**] each filed *Replies in Support of the Objections* (together, the "**Replies**").

16. Thus, the Report and Recommendation has been fully briefed with the District Court, and has been fully submitted to the District Court since May 18, 2022.

## RESPONSE

17. As the Litigation Trustee has briefed, the Bankruptcy Court has broad discretion to grant a stay, and the Charitable Defendants do not oppose a stay of this Adversary Proceeding, but submit that any stay **should not** affect or purport to affect the adjudication of the submitted Report and Recommendation.

18. Also, the Charitable Defendants submit that the Proposed Standstill, together with this Court's ruling upon the mediation component of the Dondero Parties' Motion (and any other matters contained therein that are objected to) should be included in the order to be issued by this Court after hearing.

19.  While this Court's order in this Adversary Proceeding should not affect the District Court Case, the Charitable Defendants raise the issue to insure that if a stay is ordered by the this Court, such order does not purport to stay or in any way affect the adjudication of the Report and Recommendation by the District Court.

## CONCLUSION

As set forth herein, the Charitable Defendants do not oppose a stay of the Adversary Proceeding, nor any additional relief the Bankruptcy Court may order as requested by the Dondero Parties' Motion, but given the disagreement related to the request for Court-ordered mediation and perhaps other pending proceedings, that and other issues will have to be litigated at the hearing. The Proposed Standstill should be considered by the parties and this Court, and included in any stay order. As well, any stay order should make certain by its language that it does not affect in any way the adjudication of the Report and Recommendation by the District Court.

[*signature block on following page*]

**Respectfully submitted:**

**KELLY HART PITRE**

*/s/ Louis M. Phillips*
**Louis M. Phillips (#10505)**
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com

Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

and

**KELLY HART & HALLMAN**
Hugh G. Connor II
State Bar No. 00787272
hugh.connor@kellyhart.com
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
Katherine T. Hopkins
Texas Bar No. 24070737
katherine.hopkins@kellyhart.com
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was served through this Court's CM/ECF Service on counsel for the Plaintiff and all Defendants on this March 30, 2023.

*/s/ Louis M. Phillips*