IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.<br><br>    Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054 (SGJ) |
| MARC S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST,<br><br>    *Plaintiff*<br><br>    v.<br><br>JAMES D. DONDERO; MARK A. OKADA; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; FRANK WATERHOUSE; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP.; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; | Adv. Pro. No. 21-03076-sgj<br><br>**THE DONDERO DEFENDANTS' MOTION TO STAY AND RESPONSE TO PLAINTIFF'S MOTION TO STAY** |

| |
|---|
| SAS ASSET RECOVERY, LTD.; AND CPCM, LLC, <br><br>      *Defendants.* |

**DEFENDANTS JAMES D. DONDERO, DUGABOY INVESTMENT TRUST, GET GOOD TRUST, AND STRAND ADVISORS, INC.'S MOTION TO STAY AND RESPONSE TO PLAINTIFF'S MOTION TO STAY**

**I.  INTRODUCTION**

Defendants James D. Dondero, Strand Advisors, Inc., Dugaboy Investment Trust, and Get Good Trust (collectively, the "Dondero Defendants") hereby file this Motion to Stay and Response to the Motion to Stay filed by Marc S. Kirschner, as Litigation Trustee of the Litigation Sub-Trust ("Litigation Trustee"). While the Dondero Defendants agree that a stay is appropriate, the terms of the Litigation Trustee's proposed stay are insufficient to conserve party and judicial resources or to facilitate a global resolution of the myriad of issues currently being litigated in connection with bankruptcy of Highland Capital Management, LP's ("HCMLP" or the "Debtor"). The Court should exercise its discretion to fashion a stay that will achieve more than just delay, which benefits no one. Instead, any stay entered by the Court should (1) pause several proceedings and issues being litigated in the context of the HCMLP bankruptcy, (2) require the parties to submit their remaining disputes to mediation, and (3) mandate disclosures by the Claimant Trustee and the Debtor that will allow the parties to meaningfully discuss resolution. If, as the Litigation Trustee claims, the goal of a stay is to "defer extensive litigation expenses during the Stay Period, and perhaps permanently," then the Dondero Defendants' Cross-Motion should be granted.

**II.  FACTUAL BACKGROUND**

The Bankruptcy Court confirmed the Debtor's Fifth Amended Plan of Reorganization (the "Plan") on February 22, 2021. *See* Plan Confirmation Order, Bankr. <mark>Dkt. 1943</mark>. The Plan became

2

effective on August 11, 2021.  *See* Bankr. Dkt. 2700.  The Litigation Trustee commenced an adversary proceeding against the Dondero Defendants and others two months later, on Ocober 15, 2021.  The Debtor has since disclosed that it has distributed in excess of $261 million to claims holders.  *See* Post-Confirmation Report, Bankr. Dkt. 3582 at 7.  The Debtor has not disclosed the total amount of claims left to be paid or the total assets the Debtor has available to pay such claims.

On March 24, 2023, the Litigation Trustee filed a Motion to Stay the Adversary Proceeding (the "Litigation Trustee's Motion"), along with a Motion for Expedited Hearing on Motion to Stay the Adversary Proceeding.[1]  *See Kirschner v. Dondero, et al.*, Adv. Proc. No. 21-03076-sgj ("*Kirschner* Adversary"), Dkts. 322, 323.  The Litigation Trustee's Motion proposes that the Court stay the *Kirschner* Adversary for six months, until September 30, 2023, "to allow assets to be monetized pursuant to the Plan while conserving resources for all parties and third parties." Litigation Trustee's Motion at ¶ 15.  According to the Litigation Trustee, a stay would "also promote judicial efficiency because pursuit of this litigation *may* prove unnecessary" depending on the "results of the monetization of HCMLP's remaining assets and the satisfaction of indemnification obligations.  *Id.* at ¶¶ 19-20.[2]

### III. LEGAL STANDARD

A federal court has the inherent power to control its own docket, including the power to stay proceedings before it.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power

---

[1] The Litigation Trustee filed the Motion as opposed.  The Dondero Defendants communicated that they were amenable to a stay, and the parties were in negotiations regarding this issue, but the Dondero Defendants were not able to agree to the Litigation Trustee's Motion as written within the short time frame presented.

[2] The Litigation Trustee's Motion also makes assertions about the breadth of discovery conducted in this Adversary Proceeding to date.  These issues have nothing to do with the relief sought, and so the Dondero Defendants do not address them at any length here.  Notably, however, the Dondero Defendants are conducting discovery in good faith in accordance with their obligations under applicable rules and dispute the Litigation Trustee's assertions to the contrary.  Moreover, as the Litigation Trustee is well aware, the vast majority of documents relevant to the Adversary Proceeding are in the possession of the Debtor, not in the possession of the defendants.

inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")). When considering motions to stay, courts "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254. It is likewise within the Court's inherent authority to refer contested matters to mediation. *See In re Sargeant Farms, Inc.*, 224 BR 842 (Bankr. M.D. Fla.) ("[I]t is quite apparent the bankruptcy court has the authority and power to promulgate rules associated with court-annexed mediation and, where necessary, to require the parties to participate in same. ").[3]

## IV. THE DONDERO DEFENDANTS' MOTION TO STAY SHOULD BE GRANTED

The Dondero Defendants agree that a stay of the *Kirschner* Adversary is necessary to preserve party and judicial resources, and to preserve what is left of the Debtor's estate. However, the terms of the Litigation Trustee's proposed stay are not sufficient to ensure that a stay would accomplish the parties' ultimate goal of finally bringing the HCMLP bankruptcy and related proceedings to a close. It is well within the Court's inherent powers to fashion a broader stay that will conserve both public and judicial resources. *See Landis*, 299 U.S. at 254-55 ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")). For the reasons set forth below, the Court should ensure that any stay ordered actually facilitates final resolution of the HCMLP bankruptcy and related litigation. The Dondero Defendants' Motion should be granted.

### A. A Broader Stay Is Warranted

A stay limited to the *Kirschner* Adversary makes no sense. The limited stay proposed by the Litigation Trustee will not stop professional spend on other litigation related to the HCMLP

---

[3] The Court previously invoked its inherent authority under 11 U.S.C. § 105 to order the parties in bankruptcy to mediation. *See* Bankr. Dkt. 912.

4

bankruptcy, will not encourage the parties to reach a global resolution of pending disputes, and will not facilitate the close of the HCMLP bankruptcy proceedings.

The Court should aim higher. If any stay is to be entered, it should apply broadly to those proceedings that also threaten an unnecessary expenditure of time and resources. Specifically, and at a minimum, any stay should apply to:[4]

- The *Kirschner* Adversary, with the exception of motions that are fully briefed and ready for decision (*i.e.*, defendants' objections to the Bankruptcy Court's Report and Recommendation regarding motions to withdraw the reference);

- The Objection to Scheduled Claims 3.65 and 3.66 of Highland CLO Management, Ltd. filed by the Debtor, Bankr. Dkt. 3657; and

- The Motion for Leave to File Proceeding filed by The Dugaboy Investment Trust, Bankr. Dkt. 3662.[5]

Ordering a stay of each of these proceedings is well within the Court's inherent power to manage its own docket for the purpose of conserving both party and judicial resources. *See Landis*, 299 U.S. at 254-55. If the *Kirschner* Adversary is put on hold while the parties continue to fight about numerous other issues, a stay will have little effect on stopping the bleed. For context, it appears that, by June 20, 2022, the estate had $550 million in cash and approximately $120 million in other assets. *See* Bankr. Dkt. 3662, ¶ 10 & Ex. A, ¶¶ 6-7. Yet between the Effective Date of the Plan and December 31, 2022, the Claimant Trust made non-distributed cash disbursements of approximately $34.9 million, and HCMLP made non-distribution cash disbursements totaling nearly $100 million. *Compare* Bankr. Dkt. 3653, p. 2 (listing total cash disbursements since Effective Date), *with id.*, p. 7 (listing disbursements to various claims holders); Bankr. Dkt. 3652, p. 2. And the Claimant Trustee has now paid distributions to allowed claims holders of

---

[4] Any matters that are fully briefed and *sub judice* need not be stayed.
[5] The Dondero Defendants would not seek to stay this proceeding if the Court is unwilling to fashion the relief set forth in Section IV.C, below.

5

approximately $261 million, or approximately 64% of the allowed claims. *See* Bankr. Dkt. 3653 at p. 7. If the estate continues to burn cash at this rate, professional fees and expenses will very quickly overwhelm what little is left in the estate for payment of remaining estate liabilities.

It goes without saying that there is substantial water under the bridge. It remains the Dondero Defendants' position that there is no reason HCMLP's highly solvent estate should have been liquidated, nor should estate professionals have facilitated sizeable claims trades to a handful of insiders for meager consideration, to the detriment of creditors and stakeholders. *See generally* Dkt. 3662 & Exs. A-1 – A-3. HCMLP and the Litigation Trustee likely have a different view. But despite years of litigation and acrimony, the HCMLP bankruptcy and related disputes continue. The parties can continue to fight and spend resources, or these issues can be mediated, resolved, and the acrimony put to rest. For this reason, the Dondero Defendants also request that in addition to staying the *Kirschner* Adversary, the Court order the parties to meet and confer to attempt to reach a stipulation to stay other, related matters pending before the District Court. The Court should enter a stay that is effective, not just a temporary band-aid.

### B. Any Stay Should Require The Appointment Of A Mutually-Agreed Upon Mediator

Notably absent from the terms of the Litigation Trustee's proposed stay is *any* mechanism aimed at achieving a global resolution of the remaining issues between the parties. As the Litigation Trustee is aware, even if the Claimant Trustee could pay all creditors in full tomorrow (rendering the *Kirschner* Adversary moot), significant disputes between the Dondero Defendants, other stakeholders, and the Debtor and its management would remain. Such disputes include but are not limited to: numerous pending adversary proceedings; counter claims and/or cross-claims that Mr. Dondero and other stakeholders may have against any "Protected Parties" (as that term is defined in the Plan) or other responsible third parties in relation to the HCMLP bankruptcy and

6

pending adversary proceedings; and the scope of any releases to be given pursuant to any global settlement. All of these disputes must be resolved to finally bring the bankruptcy to a close. It is for precisely that reason that Mr. Dondero sought a Court-ordered mediation and global resolution of the parties' disputes more than 22 months ago, when the estate spend could have been significantly curtailed for the benefit of creditors and other stakeholders. *See* Bankr. Dkt. 2641. HCMLP, the Claimant Trust, and the Litigation Sub-Trust opposed mediation at that time in the absence of a host of unilateral concessions from Mr. Dondero that are far more onerous than those being requested in the Dondero Parties' Motion. *See* Bankr. Dkt. 2756, ¶ 11.

Twenty-two months later, the disputes between the parties are no closer to resolution, and the estate continues to erode at an exponential pace. Given the complexity of these issues, the long history of litigation and mistrust that has developed between the parties, the Court's limited resources, and the quickly eroding estate, mediation presents the best opportunity to reach a global resolution. Accordingly, any order staying proceedings should require all relevant parties to notify the Court of an agreed-upon mediator tasked with facilitating global resolution within 30 days of entry of the stay.

    **C.**    **Any Stay Should Require The Disclosure Of Critical Financial Information By The Debtor And The Claimant Trust**

Finally, any stay order should require the Debtor to disclose the financial information required to permit the Dondero Defendants (and other stakeholders in interest) to assess the extent of the bankruptcy estate's assets and liabilities. The Litigation Trustee's Motion does not dispute that the Debtor's ability to satisfy creditors and its indemnification obligations in full would preclude recovery in this action. *See* Litigation Trustee's Motion at ¶ 19 ("pursuit of this litigation may prove unnecessary"); ¶ 20 ("Like the Claimant Trust, Defendants can defer extensive litigation expenses during the Stay Period, and perhaps permanently, depending on the results of

7

the monetization of HCMLP's remaining assets and the satisfaction of indemnification obligations."). Again, the Dondero Defendants agree that a stay presents a valuable opportunity to reach a global resolution of the parties' outstanding disputes—including the Litigation Trustee's claims against the defendants in the *Kirschner* Adversary and the claims that the Dondero Defendants and other stakeholders may have against third parties or the Debtor. But it would be very difficult if not impossible for the Dondero Defendants and other relevant stakeholders to engage meaningfully in mediation without basic information regarding the delta between estate assets and liabilities. In particular, disclosure of the following information is imperative:

- Quarterly financials prepared in accordance with Generally Accepted Accounting Principles (GAAP) including relevant supporting schedules and footnotes for the entire period the Claimant Trust has been operating and for the period immediately preceding the transfer of assets and liabilities to the Claimant Trust;

- Unrestricted cash balances as of the end of each calendar quarter from Q3 2021 through Q1 2023;

- Cumulative paid amounts to allowed class 8 claimholders in the aggregate through March 2023;

- Remaining amounts owed to allowed class 8 claimholders in the aggregate as of March 2023;

- Remaining amounts owed to allowed class 9 claimholders in the aggregate as of March 2023;

- Remaining pending claims, including the claimholder and face amount of the claim, as of March 2023;

- Cumulative amounts funded to the Indemnity Trust as of March 2023;

- Total interest-bearing debt outstanding as of March 2023;

- The net proceeds to the Claimant Trust and/or HCMLP of the following assets: Trussway, Targa, SSP, Cornerstone, HCLOF, MGM (directly held shares), Maple Avenue, and PetroCap Partners III; and

- A list of material investments, notes, and other assets held by the Claimant Trust.

The above information will reveal whether the estate has sufficient assets to pay its

8

creditors and what, if anything, might be necessary to close the gap. If the estate does have sufficient assets to pay creditors in full—and the Dondero Defendants have reason to believe that it does—then the *Kirschner* Adversary need not proceed. That is something the parties must understand in order to resolve their remaining disputes. Accordingly, any order staying proceedings should require disclosure of this information in the public record within 30 days of entry of the stay.

## V.    CONCLUSION

It is time to bring the HCMLP bankruptcy proceedings to a close. But the only meaningful way to do so is to enter a broad stay, order the parties to mediation, and require disclosure of information that is necessary to facilitate global resolution. The limited stay proposed by the Litigation Trustee does not accomplish any of this, and absent the additional protections suggested in the Dondero Defendants' Motion, the Dondero Defendants must oppose the relief sought. The Litigation Trustee's Motion should be denied, and the Dondero Defendants' Motion should be granted.

Dated: March 29, 2022

**DLA PIPER LLP (US)**

*/s/ Jason M. Hopkins*
Amy L. Ruhland (Rudd)
Texas Bar No. 24043561
Amy.Ruhland@us.dlapiper.com
303 Colorado Street, Suite 3000
Austin, TX 78701
Tele: 512.457.7000
Jason M. Hopkins
Texas Bar No.24059969
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Tel: 214-743-4500/Fax: 214-743-4545
Email: jason.hopkins@us.dlapiper.com
*Attorneys for Defendants James Dondero, Dugaboy Investment Trust, Get Good Trust , and Strand Advisors, Inc.*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on March 28-29, 2023, counsel for the Dondero Defendants spoke to and corresponded with counsel for the Litigation Trustee and counsel for the Debtor regarding the relief requested in the foregoing motion via email and telephone conference. The Litigation Trustee and the Debtor do not agree to the relief request, and so this motion is submitted as being OPPOSED.

/s/ Amy L. Ruhland
Amy L. Ruhland

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 29th day of March, 2023, true and correct copies of this document were electronically served by the court's ECF system on parties entitled to notice thereof, including on counsel Plaintiff.

/s/ Jason M. Hopkins
Jason M. Hopkins

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | Case No. 19-34054 (SGJ) |
| Reorganized Debtor. | |
| MARC S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST, | Adv. Pro. No. 21-03076-sgj |
| *Plaintiff* | **[PROPOSED] ORDER GRANTING THE DONDERO DEFENDANTS' MOTION TO STAY** |
| v. | |
| JAMES D. DONDERO; MARK A. OKADA; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; FRANK | |

WATERHOUSE; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP.; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; SAS ASSET RECOVERY, LTD.; AND CPCM, LLC,

*Defendants.*

## ORDER GRANTING THE DONDERO DEFENDANTS' MOTION TO STAY

Having considered the Motion to Stay (the "Motion to Stay") filed by Defendants James D. Dondero, Strand Advisors, Inc., Dugaboy Investment Trust, and Get Good Trust (collectively, the "Dondero Defendants"), the Court finds and concludes (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) notice of the Motion to Stay was sufficient under the circumstances; and (c) good cause exists to grant the relief requested in the Motion to Stay. Accordingly, **IT IS THEREFORE ORDERED THAT**:

1. The Motion to Stay is **GRANTED** as set forth herein.

2. The following proceedings are hereby **STAYED** through and including September 30, 2023, which stay will continue thereafter until any party to the action provides 30 days' written notice to all other parties and the Court of their intent to resume the action:

    a. *Kirschner v. Dondero, et al.*, Adv. Proc. No. 21-03076-sgj; PROVIDED, HOWEVER, that motions that are fully briefed and ready for decision (*i.e.*, objections to the Bankruptcy Court's Report and Recommendation regarding motions to withdraw the reference) may be decided;

    b. The Objection to Scheduled Claims 3.65 and 3.66 of Highland CLO Management, Ltd. filed by the Debtor [Bankr. Dkt. 3657]; and

    c. The Motion for Leave to File Proceeding filed by The Dugaboy Investment Trust [Bankr. Dkt. 3662].

3. Within 30 days of the entry of this Order, the parties shall notify the Court of an agreed-upon mediator tasked with facilitating resolution of the disputes remaining between the parties including, but not limited to, (a) all pending adversary proceedings; (b) counter claims and/or cross-claims that Mr. Dondero and other stakeholders may have against any "Protected Parties" (as that term is defined in Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (As Modified)) or other responsible third parties in relation to the HCMLP bankruptcy and pending adversary proceedings; (c) and the scope of any releases to be given pursuant to any such resolution.

4. Within 30 days of the entry of this Order, the Litigation Trustee and/or the Debtor shall facilitate the disclosure of the following information, to be filed in the public record in *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj11:

    a. Quarterly financials prepared in accordance with Generally Accepted Accounting Principles (GAAP) including relevant supporting schedules and footnotes for the entire period the Claimant Trust has been operating and

      for the period immediately preceding the transfer of assets and liabilities to the Claimant Trust;

   b. Unrestricted cash balances as of the end of each calendar quarter from Q3 2021 through Q1 2023;

   c. Cumulative paid amounts to allowed class 8 claimholders in the aggregate through March 2023;

   d. Remaining amounts owed to allowed class 8 claimholders in the aggregate as of March 2023;

   e. Remaining amounts owed to allowed class 9 claimholders in the aggregate as of March 2023;

   f. Remaining pending claims, including the claimholder and face amount of the claim, as of March 2023;

   g. Cumulative amounts funded to the Indemnity Trust as of March 2023;

   h. Total interest-bearing debt outstanding as of March 2023;

   i. The net proceeds to the Claimant Trust and/or HCMLP of the following assets: Trussway, Targa, SSP, Cornerstone, HCLOF, MGM (directly held shares), Maple Avenue, and PetroCap Partners III; and

   j. List of material investments, notes, and other assets held by the Claimant Trust.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

### END OF ORDER ###