UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>      Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| **MARK S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST**<br><br>      **Plaintiff,**<br><br>  v.<br><br>JAMES D. DONDERO; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; AND SAS ASSET RECOVERY, LTD.<br><br>      **Defendants.** | Adv. Pro. No. 21-03076-sgj |

## REPLY BRIEF IN SUPPORT OF MOTION TO SUBSTITUTE

Mark S. Kirschner, as Litigation Trustee of the Highland Litigation Sub-Trust ("Litigation Trustee"), and Hunter Mountain Investment Trust ("HMIT") ("collectively, Movants"), in further support of their joint Motion to Substitute HMIT as Plaintiff of

record in place of the Litigation Trustee pursuant to Federal Rule of Procedure 25(c) [Dkt. 357], respectfully submit this reply brief in response to the Objection of Defendants NexPoint Advisors, L.P. and Highland Capital Management Fund Advisors, L.P. [Dkt. 364] ("Objection"),[1] as follows:

1. Defendants' Objection to the Motion to Substitute should be rejected for at least two independent reasons. *First*, the Objection does not address what is at issue in the Motion, *i.e.*, whether HMIT should be substituted as Plaintiff in this Adversary Proceeding, when HMIT now owns all of the claims. The plain answer is that Rule 25(c) permits substitution in exactly the circumstances here, where HMIT obtained the claims through a valid, court-approved transfer. There is simply no basis, and Defendants state none, to prevent HMIT from stepping into the shoes of the named Plaintiff.

2. *Second*, Defendants attempt to use their Objection as an opportunity to challenge this Court's earlier decision on Defendants' Motions to Withdraw the Reference [Dkt. 151]. The renewed attack on bankruptcy jurisdiction, however, lacks both merit and relevance. Having already addressed jurisdiction based on the allegations of the complaint, it would be improper for this Court—under both Supreme Court and Fifth Circuit precedent—to revisit that decision based on later events. And even if the Court were to do so, there are no grounds for changing the approach adopted by the Court, *i.e.*,

---

[1] The Objection is joined by Defendants Dondero, The Dugaboy Investment Trust, Get Good Trust, and Strand Advisors, Inc. [Dkt. 363], and by Defendants Ellington and Leventon [Dkt. 362]. The term "Defendants" as used herein collectively refers to all these joining Defendants as well as the objecting Defendants NexPoint and HCMFA.

- 2 -

recommending that action be withdrawn only after it is certified by the Court as trial-ready. In all events, the jurisdiction question is irrelevant to the issue now before the Court, which is whether HMIT, given its ownership of the claims, is the proper Plaintiff going forward.

3. For each of these independent reasons, the Objection lacks merit and the Motion to Substitute should be granted.

**The Objection Does Not Address Whether HMIT Should Be Plaintiff**

4. Defendants' Objection is notable for what it lacks—an actual objection to the requested substitution. There is no dispute that the claims asserted in this action were assigned by the Litigation Trustee to HMIT as part of a Settlement Agreement approved by the Court on June 30, 2025 [Case No. 19-34054, Dkt. 4297]. Defendants do not contest that HMIT now owns the claims, and thus is the appropriate party to assert them.

5. As a result, there should be no question that substituting HMIT in place of the Litigation Trustee is both appropriate and permitted by Rule 25(c). Rule 25(c) is designed for situations just like this one, "to allow the action to continue unabated when an interest in the lawsuit changes hands." *In re Covington Grain Co.*, 638 F.2d 1362, 1364 (5th Cir. 1981). Indeed, Defendants do not even attempt to assert a rationale for refusing to allow HMIT to substitute in as Plaintiff and to continue the prosecution of the claims that are now in its possession. Defendants' failure to challenge HMIT's substitution for

the Litigation Trustee is both dispositive and telling: HMIT is now the appropriate plaintiff in this action, and should be recognized as such.

### There Is No Basis To Revisit or to Modify This Court's Earlier Report and Recommendation Addressing Jurisdiction

6. This Court need not address Defendants' contention that transfer of the claims to HMIT should change the result on the prior Motions to Withdraw the Reference because that argument does not speak to who is now the appropriate plaintiff, and thus is unrelated to the actual subject of the Motion to Substitute. Moreover, the argument is incorrect for at least two reasons. *First*, governing case law prohibits this Court from revisiting its earlier Report and Recommendation[2] based on events that have occurred after the filing of the action. *Second*, this case remains "related to" the bankruptcy in all events, as HMIT obtained the claims as part of a settlement with the Claimant Trust and Litigation Sub-Trust, and HMIT would, even absent transfer of the claims, be entitled to the bulk of proceeds in this action after satisfaction of creditor claims and other senior obligations.

---

[2] This Court determined that it will hear and decide pre-trial matters, with the Plaintiff's claims ultimately certified for trial in the District Court. On April 6, 2022, the Court recommended that the District Court "only withdraw the reference of this Adversary Proceeding at such time as the bankruptcy court certifies that the action is trial ready and defer to the bankruptcy court the handling of all pre-trial matters … ." *See* Dkt. 151, *Report and Recommendation to the District Court Proposing That It: (A) Grant Defendants' Motions to Withdraw the Reference at Such Time as the Bankruptcy Court Certifies That Action Is Trial Ready; but (B) Defer Pre-Trial Matters to the Bankruptcy Court*. No action has been taken on the Report and Recommendation in the District Court. On August 15, 2023, the District Court issued an order holding any further decision on the Report and Recommendation in abeyance [Case No. 22-cv-00203, Dkt. 30] following a stay of proceedings.

7. Taking these points in turn, *first*, it could not be clearer, especially in the Fifth Circuit, that assignment of the claims to HMIT, and the substitution of HMIT for the Litigation Trustee as plaintiff, has no impact on issues of subject matter jurisdiction. The United States Supreme Court's decision in *Freeport-McMoRan Inc. v. K N Energy, Inc.*, 498 U.S. 426 (1991), is directly on point. In *Freeport-McMoRan*, plaintiff transferred its interest in the underlying contract to a third-party and sought to amend the complaint to substitute that third-party as plaintiff under Rule 25(c), the same rule upon which the current Motion to Substitute is based. *Id*. at 427. The district court permitted the addition of the third-party as a plaintiff, even though that party was not diverse to the defendant. *Id*. at 427-28. The Eighth Circuit subsequently held that the addition of the new plaintiff destroyed federal jurisdiction, but the Supreme Court reversed, based on the "well-established rule that diversity of citizenship is assessed at the time the action is filed." *Id*. at 428. The Court emphasized that "[w]e have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Id*.[3]

---

[3] The Supreme Court's decision this past term in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), demonstrates that the holding of *Freeport McMoRan* is alive and well. In *Royal Canin*, the Supreme Court held that when a case alleging both state and federal claims is removed to federal court based on federal-question jurisdiction, and the plaintiff later amends its complaint to eliminate any federal claim, the federal court is divested of supplemental jurisdiction over the state law claims. *Id*. at 32-33. Citing directly to *Freeport McMoRan*, however, the Court expressly stated that the time-of-filing rule continues to apply in a situation, like the one here, where there has been an assignment of claims and a new party "steps into the … shoes" of one of the pre-existing parties. *Id*. at 37 n.6.

8. The holding in *Freeport-McMoRan* makes clear that the assignment of claims from the Litigation Trustee to HMIT has no effect on the Court's jurisdiction over the claims asserted. Pursuant to the assignment, HMIT merely steps into the shoes of the Litigation Trustee for the purpose of asserting claims over which the Court's jurisdiction already has been addressed.

9. The Fifth Circuit's later holding in *Double Eagle Energy Servs., L.L.C. v. Markwest Utica EMG, L.L.C.*, 936 F.3d 260 (5th Cir. 2019), demonstrates that the reasoning of *Freeport McMoran* applies with full force to determinations of bankruptcy jurisdiction. In *Double Eagle*, the district court dismissed a case for lack of subject matter jurisdiction after the debtor assigned its claim against defendants to a creditor. On appeal, the Fifth Circuit reversed, holding that an assignment, like the one at issue here, has no effect on subject matter jurisdiction because the "time-of-filing" rule, described by the Fifth Circuit as "hornbook law," provides that subject matter jurisdiction is determined when a federal court's jurisdiction is first invoked. *Id*. at 263 (citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004)). The Court noted that "[a]lthough courts have not often considered the time-of-filing rule for cases related to bankruptcy, it applies to bankruptcy jurisdiction no less than it applies to diversity or federal question jurisdiction." *Id*.

10. Defendants' attempted reliance on *Cadle Co. v. Pratt (In re Pratt)*, 2003 Bankr. LEXIS 1512 (Bankr. N.D. Tex. Nov. 19, 2003), and *Cataldi v. Olo Corp. (In re County Seat Stores, Inc.)*, 2007 Bankr. LEXIS 2163 (Bankr. N.D. Tex. Jun. 20, 2007), for the proposition

that a transfer of claims can deprive a court of bankruptcy jurisdiction is entirely misplaced. To the extent that *Cadle* and *Cataldi* stand for that proposition, both cases pre-date the Fifth Circuit's decision in *Double Eagle*, and thus cannot be reconciled with current law in this Circuit. Since the *Double Eagle* decision in 2019, it is well understood that an assignment of claims does not impact or destroy related-to-bankruptcy subject matter jurisdiction. *See, e.g., QuarterNorth Energy LLC and Certain of its Affiliates v. Atl. Mar. Serv. (In re Fieldwood Energy LLC)*, No. 20-33948, 2021 Bankr. LEXIS 2867, *13-14 (Bankr. S.D. Tex. Oct. 15, 2021) (holding that neither the confirmation of a reorganization plan nor the substitution of a third-party as plaintiff divests the court of "related to" subject matter jurisdiction); *Doe v. Roman Cath. Church of Archdiocese of New Orleans*, 588 F. Supp. 3d 698, 708 (E.D. La. 2022 ) (citing *Double Eagle* for its holding that "the time-of-filing rule applies to bankruptcy jurisdiction and that the related-to-bankruptcy jurisdiction that existed at the outset of this case never went away").[4]

11. ***Second***, even if the Court were to reassess its jurisdiction now—which, under *Freeport McMoRan* and *Double Eagle*, it should not do—the transfer of claims to HMIT has no impact on the Court's prior adjudication of the issue. As an initial matter,

---

[4] The principle that a bankruptcy court's subject matter jurisdiction is determined at the time of filing should be well known to Defendant Dondero. *See In re ACIS Capital Management L.P.*, No. 18-30264, 2024 Bankr. LEXIS 2534, *26-27 (Bankr. N.D. Tex. Oct. 15, 2024) (Jernigan, J.) ("[I]t bears mentioning that a court must look at the facts as they existed at the time an action was filed to determine whether bankruptcy subject matter jurisdiction exists. So, while this Current Acis Action is now quite 'long in the tooth,' and general unsecured creditors may have been paid fully by now, *one does not consider subsequent events as a limiter of subject matter jurisdiction*.") (emphasis added).

the identity of the Plaintiff impacts neither the substance of the claims asserted nor the Defendants' right to a trial in District Court.

12. Moreover, just as the claims were "related to bankruptcy" in the Litigation Trustee's hands, they remain so as HMIT's claims. Prior to bankruptcy, HMIT held 99.5% of the equity interests in Highland Capital. Now, as the result of that ownership position, HMIT holds $336,940,230.58 of Allowed Class 10 Interests under the Plan. *Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement Between the Highland Entities and the HMIT Entities and Authorizing Actions Consistent Therewith*, June 30, 2025 [Case No. 19-34054, Dkt. 4297] (the "HMIT Settlement Order"). Thus, once Class 8, Class 9, and other senior obligations, if any, are paid from assets of the Claimant Trust, HMIT would be the primary beneficiary of any proceeds obtained through prosecution of the claims in this adversary proceeding *even absent transfer of the claims to HMIT*. The now-completed transfer of claims to HMIT, accordingly, did not deprive the claims—and therefore does not deprive this action—of relation to Highland's bankruptcy.

13. In all events, if Defendants insist on arguing—contrary to governing Supreme Court and Fifth Circuit case law—that the transfer of claims to HMIT impacts this Court's earlier decision on the Motions to Withdraw the Reference, Defendants can raise those arguments after HMIT is substituted as Plaintiff in the action. HMIT can step in as Plaintiff, and Defendants can make their assertions regarding the effect of the claims transfer and plaintiff substitution thereafter. Defendants' contrary assertion that the

Court should hold this Motion "in abeyance" until Defendants re-open their challenge to the Court's earlier Report and Recommendation is not only legally unsupported, but calls for an inefficient procedure that would simply delay the natural consequence of the claims transfer that already has been completed.

*     *     *

14. For the foregoing reasons, the Motion to Substitute should be granted.

Respectfully submitted,

/s/ *Robert S. Loigman*
Penny P. Reid
Paige Holden Montgomery
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

Deborah J. Newman (admitted *pro hac vice*)
Robert S. Loigman (admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN LLP
295 5th Avenue
New York, NY 10016
Telephone: (212) 849-7000

**ATTORNEYS FOR MARK S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE HIGHLAND LITIGATION SUB-TRUST**

*/s/ Sawnie A. McEntire*
Sawnie A. McEntire
Texas Bar No. 13590100
smcentire@pmmlaw.com
Ian B. Salzer
Texas Bar No. 24110325
isalzer@pmmlaw.com
PARSONS MCENTIRE MCCLEARY PLLC
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Tel. (214) 237-4300
Fax (214) 237-4340

**ATTORNEYS FOR HUNTER MOUNTAIN INVESTMENT TRUST**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2025, a true and correct copy of the foregoing document was served on all parties of record via the Court's ECF system.

*/s/ Ian B. Salzer*
Ian B. Salzer

3202632