# EXHIBIT 3

| | |
|---|---|
| PACHULSKI STANG ZIEHL & JONES LLP<br>Jeffrey N. Pomerantz (admitted *pro hac vice*)<br>John A. Morris (admitted *pro hac vice*)<br>Gregory V. Demo (admitted *pro hac vice*)<br>Jordan A. Kroop (admitted *pro hac vice*)<br>Hayley R. Winograd (admitted *pro hac vice*)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Tel: (310) 277-6910 | QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>Deborah J. Newman (admitted *pro hac vice*)<br>Robert S. Loigman (admitted *pro hac vice*)<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000 |
| HAYWARD PLLC<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100 | SIDLEY AUSTIN LLP<br>Paige Holden Montgomery<br>Spencer M. Stephens<br>2021 McKinney Avenue<br>Suite 2000<br>Dallas, Texas 75201<br>Telephone: (214) 981-3300 |
| *Counsel for Highland Capital Management,<br>L.P. and the Highland Claimant Trust* | *Co-Counsel for Marc S. Kirschner, as<br>Litigation Trustee of The Highland Litigation<br>Sub-Trust* |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |

**MOTION FOR AN ORDER
FURTHER EXTENDING DURATION OF TRUSTS**

  The Highland Claimant Trust ("**Claimant Trust**") and the Highland Litigation Sub-Trust

(the "**Litigation Trust**," and together with the Claimant Trust, the "**Trusts**"), in each case formed

under the confirmed and effective *Fifth Amended Plan of Reorganization of Highland Capital*

4896-4277-2028.7 36027.003



*Management, L.P. (as Modified)* [Docket No. 1808] ("**Plan**"),[1] respectfully moves the Court for entry of an order, substantially in the form attached to this motion as **Exhibit A**, further extending the duration of the Trusts through and including August 11, 2026 (the "**Motion**"). In support of this Motion, the Trusts state:

### I.  PRELIMINARY STATEMENT

1. Since the Effective Date, the Trusts have successfully monetized most of the Claimant Trust's assets, made substantial distributions to beneficiaries with vested interests in the Claimant Trust, managed substantial litigation, funded the Indemnity Trust, and reduced staff and expenses commensurate with reduced operations. Yet, the Trusts' work is not complete.

2. Among other things, the Trusts must still monetize a limited number of assets, resolve one disputed claim, and settle or otherwise dispose of certain Estate Claims. These tasks will not be completed by August 11, 2025—the date the Trusts are currently scheduled to terminate.

3. Consequently, the Trusts seek to extend the life of the Trusts by one year (through August 11, 2026) so they can complete their mandate and begin the process of dissolving and winding up the Trusts and the Claimant Trust's wholly owned subsidiary, Highland Capital Management, L.P. For these reasons, and those set forth below, the Trusts respectfully request that the Motion be granted and the duration of the Trusts be extended to August 11, 2026.

---

[1] Capitalized terms used but not defined in this Motion are defined in the Plan or herein, as applicable.

## II. BACKGROUND

A. **Jurisdiction and Venue**

4. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334 and the retention of jurisdiction provisions of Article XI of the Plan. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. **The Plan**

5. On February 22, 2021, the Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Docket No. 1943] ("**Confirmation Order**") confirming the Plan. The Plan went effective on August 11, 2021 [Docket No. 2700] ("**Effective Date**").

C. **The Trusts**

6. The Plan created the Trusts as of the Effective Date.

7. The Claimant Trust was created to monetize and manage most of the Debtor's assets (which were vested in the Claimant Trust) and distribute the proceeds to Claimant Trust Beneficiaries *(i.e.*, holders of Claimant Trust interests in Classes 8 and 9). The Claimant Trust is managed by its designated Claimant Trustee, Mr. James P. Seery, Jr., and the Claimant Trust Oversight Board, and is governed by the Claimant Trust Agreement. The Claimant Trust Agreement generally provides for, among other things: (a) the payment of or reserve for Claimant Trust Expenses (including all indemnification obligations); (b) the investment of Claimant Trust Assets in certain "Permitted Investments;" (c) the orderly monetization of the Claimant Trust Assets; (d) litigation of any Causes of Action (including through the Litigation Trust); (e) resolution of all Claims, including administration of disputed claims reserves; and (f) the distribution of Cash, after reserves determined by the Claimant Trustee, in accordance with the payment priority set forth in the Claimant Trust Agreement.

8. The Litigation Trust was created to prosecute, settle, or otherwise resolve the "Estate Claims" and is managed by its designated Litigation Trustee, Marc Kirschner, and the Claimant Trust Oversight Board. The Litigation Trust is governed by the Litigation Sub-Trust Agreement which provides for, among other things, the prosecution, settlement or other resolution of the Estate Claims and the distribution of Cash to the Claimant Trust.

9. Section 9.1 of the Claimant Trust Agreement provides that the Claimant Trust will be dissolved when:

> (a) the Litigation Trustee determines that the pursuit of Estate Claims is not likely to yield sufficient additional proceeds to justify further pursuit of such Estate Claims, (b) the Claimant Trustee determines that the pursuit of Causes of Action (other than Estate Claims) is not likely to yield sufficient additional proceeds to justify further pursuit of such Causes of Action, (c) the Clamant Trustee determines that the pursuit of sales of other Claimant Trust Assets is not likely to yield sufficient additional proceeds to justify further pursuit of such sales of Claimant Trust Assets, (d) all objections to Disputed Claims and Equity Interests are fully resolved, (e) the Reorganized Debtor is dissolved, and (f) all Distributions required to be made by the Claimant Trustee to the Claimant Trust Beneficiaries under the Plan have been made, but in no event shall the Claimant Trust be dissolved later than three years from the Effective Date unless the Bankruptcy Court, upon motion made within the six-month period before such third anniversary (and, in the event of further extension, by order of the Bankruptcy Court, upon motion made at least six months before the end of the preceding extension), determines that a fixed period extension (not to exceed two years, together with any prior extensions) is necessary to facilitate or complete the recovery on, and liquidation of, the Claimant Trust Assets.

Section 9.1 of the Litigation Sub-Trust Agreement includes a similar provision providing for the dissolution of the Litigation Trust after three years unless its term is extended by this Court.

10. On July 1, 2024, the Claimant Trust and Litigation Trust filed the *Amended Motion for an Order Extending Duration of Trusts* [Docket No. 4109] in which they sought an extension of the three-year sunset in the foregoing provisions for one year—from August 11, 2024, through August 11, 2025 (the "**Motion for Extension**"). This Court granted the Motion for Extension on July 26, 2024 [Docket No. 4144] and extended the terms of the Trusts through and including

August 11, 2025 (the "**Extended Term**"). This Motion seeks an extension of the Extended Term through and including August 11, 2026, in accordance with the Plan.

11. To date, the Trusts have accomplished a great deal. Among many other things, the Claimant Trust has successfully monetized most of its assets, managed substantial litigation, and made distributions to the Claimant Trust Beneficiaries substantially exceeding expectations. The Claimant Trust, however, still has tasks to complete before it can be dissolved and wound down.

12. For example, a limited number of assets remain to be monetized. In addition, one disputed claim remains to be resolved—and Highland just commenced an adversary proceeding to achieve that objective.[2] Further, the Estate Claims that are the subject of an adversary proceeding commenced by the Litigation Trust must be litigated, settled, or otherwise resolved.[3] The Trusts and the Reorganized Debtor are working diligently to complete this work, but it is unlikely to be completed by August 11, 2025.

13. Further, as the Court is aware, a significant portion of the Claimant Trust's time has been devoted to addressing litigation initiated or caused by James Dondero and his affiliates. Focusing solely on pending matters, **Exhibit B** lists all *unresolved* litigation—all of which involved Mr. Dondero and/or certain of his affiliates, none of whom are Claimant Trust Beneficiaries—that the Claimant Trust must address (collectively, the "**Current Litigation**").

14. Ultimately, the Trusts cannot complete the forgoing tasks by August 11, 2025; an extension of the Trusts is therefore required.[4]

---

[2] *See Highland Cap. Mgmt., L.P. v. Daugherty*, Adv. Pro. No. 25-03055-sgj.

[3] *See generally Kirschner v. Dondero*, Adv. Pro. No. 21-03076-sgj (the "Kirschner Adversary"). Although the Kirschner Litigation has been stayed, it is not concluded and remains pending.

[4] If this Motion is granted, the Trusts will continue to work to satisfy the requirements in the Plan, the Claimant Trust Agreement, and the Litigation Sub-Trust Agreement, as applicable, and to dissolve the Trusts and commence winding up their affairs in accordance with the Plan, the Claimant Trust Agreement, the Litigation Sub-Trust Agreement and applicable Delaware law. The Trusts request that the Court set a status conference in six months so they can update the Court on the status of these matters.

## III. RELIEF REQUESTED

15. By this Motion, in accordance with Section IV.B.14 of the Plan, the Trusts seek to extend the Extended Term for an additional one year—through and including August 11, 2026.

16. As noted above, Section IV.B.14 of the Plan provides for the Trusts' dissolution three years from the Effective Date, "unless the Bankruptcy Court, upon motion made within the six-month period before such third anniversary … determines that a fixed period extension (not to exceed two years …) is necessary to facilitate or complete the recovery on, and liquidation of the Claimant Trust Assets …." This Court previously extended the date by which the Trusts were to be dissolved through and including August 11, 2025, and can, under the Plan and relevant agreements, further extend the duration of the Trusts for one year.

17. Bankruptcy Rule 9006(b) also empowers the Court to extend unexpired periods:

> when an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

In addition, Bankruptcy Code Section 105(a) provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Accordingly, because the Extended Term has not yet passed and this Motion is properly brought within the six-month period preceding the expiration of the Extended Term as required in the Plan, the Court is authorized to grant the relief requested in this Motion.

18. As described above, the Trusts and their professionals have diligently pursued the monetization of assets vested by the Plan in the Trusts and to otherwise fulfill their mandate. Despite the significant progress the Trusts have made to date, the Trusts need more time to achieve their ultimate goal of monetizing all assets, resolving all Claims, dissolving all entities, litigating,

settling, or otherwise resolving the Estate Claims, and completing distributions to Claimant Trust Beneficiaries as required under the Plan.

19. Accordingly, the Trusts respectfully request a further one-year extension of time through and including August 11, 2026. Such an extension is necessary, prudent, and in the best interests of all stakeholders, principal among them the Claimant Trust Beneficiaries, consistent with the terms of the Claimant Trust Agreement and Litigation Sub-Trust Agreement.

## IV. PRAYER

WHEREFORE, the Claimant Trust respectfully requests that the Court (i) enter the order attached as **Exhibit A** granting the relief requested in this Motion and (ii) grant any additional relief the Court deems appropriate.

May 8, 2025

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP** | **QUINN EMANUEL URQUHART & SULLIVAN LLP** |
| Jeffrey N. Pomerantz (admitted *pro hac vice*) | |
| John A. Morris (admitted *pro hac vice*) | */s/ Robert S. Loigman* |
| Gregory V. Demo (admitted *pro hac vice*) | Deborah J. Newman (admitted *pro hac vice*) |
| Jordan A. Kroop (admitted *pro hac vice*) | Robert S. Loigman (admitted *pro hac vice*) |
| Hayley R. Winograd (admitted *pro hac vice*) | 51 Madison Avenue, 22nd Floor |
| 10100 Santa Monica Boulevard, 13th Floor | New York, NY 10010 |
| Los Angeles, CA 90067 | Telephone: (212) 849-7000 |
| Tel: (310) 277-6910 | |
| Fax: (310) 201-0760 | -and- |
| Email: jpomerantz@pszjlaw.com | |
| jmorris@pszjlaw.com | **SIDLEY AUSTIN LLP** |
| gdemo@pszjlaw.com | Paige Holden Montgomery |
| jkroop@pszjlaw.com | Spencer M. Stephens |
| hwinograd@pszjlaw.com | 2021 McKinney Avenue |
| | Suite 2000 |
| -and- | Dallas, Texas 75201 |
| | Telephone: (214) 981-3300 |
| **HAYWARD PLLC** | |
| | |
| */s/ Zachery Z. Annable* | *Co-Counsel for Marc S. Kirschner, as Litigation Trustee of the Highland Litigation Sub-Trust* |
| Melissa S. Hayward | |
| Texas Bar No. 24044908 | |
| MHayward@HaywardFirm.com | |
| Zachery Z. Annable | |
| Texas Bar No. 24053075 | |
| ZAnnable@HaywardFirm.com | |
| 10501 N. Central Expy, Ste. 106 | |
| Dallas, Texas 75231 | |
| Tel: (972) 755-7100 | |
| Fax: (972) 755-7110 | |

*Counsel for Highland Capital Management, L.P., and the Highland Claimant Trust*

# EXHIBIT A

**Proposed Order**

Case 23-10831-mdc Doc 420-1 Filed 08/28/25 Entered 08/28/25 17:16:27 Desc Exhibit A Page 10 of 15

4896-4277-2028.7 36027.003

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>                          Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |

**ORDER EXTENDING DURATION OF THE TRUSTS**

The Court has considered the Trusts' Motion for the entry of an order extending the duration of the Claimant Trust and Litigation Trust through and including August 11, 2026 (the "**Motion**").[1] The Court finds and concludes that: (a) notice of the Motion was adequate and no additional notice of the Motion is required; (b) the Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334 and the retention of jurisdiction provisions of the Plan; (c) this is a core proceeding under 28 U.S.C. § 157(b)(2); (d) venue is proper under 28 U.S.C. §§ 1408 and 1409; and (e) the relief requested in the Motion is in the best interests of the Debtor, its creditors, the Trusts, and their beneficiaries, and all parties in interest, and is necessary for the Trusts to complete the monetization of their assets. Accordingly,

**IT IS ORDERED that**:

1. The Motion is GRANTED.

2. The duration of the Claimant Trust is extended from August 11, 2025, through and including August 11, 2026.

---

[1] Capitalized terms used but not defined in this Order are defined in the Motion.

4896-4277-2028.7 36027.003

3. The duration of the Litigation Trust is extended from August 11, 2025, through and including August 11, 2026.

4. This Order is without prejudice to the Trusts' right to seek further extensions of their duration under the Plan or otherwise.

5. This Court retains jurisdiction and power to hear and determine all matters arising from or related to the implementation of this Order.

### ###END OF ORDER###

Case 23-40709-elm11  Doc 3420-1 Filed 08/28/25  Entered 08/28/25 17:16:22  Desc
Exhibit A  Page 12 of 15

# EXHIBIT B: UNRESOLVED, PENDING LITIGATION

| FIFTH CIRCUIT | | |
|---|---|---|
| **Matter** | **Description** | **Status** |
| 1. *Dondero v. Jernigan*, Case No. 24-10287 | *Recusal Litigation*: Appeal of District Court decision denying Dondero's *Petition for a Writ of Mandamus* to recuse Judge Jernigan. *See* USDC No. 3:23-cv-00726-S, Dkt. No. 25. | District Court's decision was affirmed. Dondero's *Petition for Writ of Rehearing En Banc* pending. |
| 2. *HCMFA v. HCMLP*, Case No. 23-10534 | *Confirmation/Gatekeeper Appeal*: Direct appeal of Bankruptcy Court order conforming Confirmation Order to prior Fifth Circuit decision; challenge to scope of Plan's Gatekeeper provision. | Bankruptcy Court's order was reversed; Highland's motion to stay the issuance of the mandate (to pursue a petition for certiorari) is pending. |

| DISTRICT COURT | | |
|---|---|---|
| **Matter** | **Description** | **Status** |
| 1. *HMIT v. HCMLP*, Case No. 3:23-cv-02071-E | *HMIT "Claims Trading" Appeal*: Appeal of Bankruptcy Court order denying leave to commence action on behalf of HCMLP against Seery and Claims Traders alleging breach of fiduciary duty and related causes of action. *See* Bankr. Dkt No. 3903. | The matter was remanded to Bankruptcy Court following Fifth Circuit's decision on the gatekeeper appeal. |
| 2. *HCRE v. HCMLP*, Case No. 3:24-cv-1479-S | *Appeal of "Bad Faith" Decision:* HCRE's appeal of Bankruptcy Court orders (a) granting HCMLP's motion for "bad faith" finding and (b) denying HCRE's motion for reconsideration. *See* Bankr. Dkt. Nos. 4038, 4039, 4069. | The matter is fully briefed and remains *sub judice*. |

| DISTRICT COURT | | |
|---|---|---|
| **Matter** | **Description** | **Status** |
| 3. *Dugaboy v. HCMLP*, Case No. 3:24-cv-01531-X | *Appeal of "Valuation Information" Decision*: Appeal of order granting HCMLP's motion to dismiss Dugaboy's Complaint seeking "valuation information" from the Claimant Trust. *See* Adv. Pro. No. 23-03038-sgj, Dkt. No. 27. | The matter is fully briefed and remains *sub judice*. |
| 4. *HMIT v. Seery*, Case No. 3:24-cv-01786-BW | *HMIT "Removal" Motion*: The Bankruptcy Court stayed HMIT's motion for leave to commence an action to remove Seery as Claimant Trustee. *See* Bankr. Dkt. No. 4000. The District Court denied HMIT's motion for leave to appeal the interlocutory order in a separate action. *See* Case No. 3:24-cv-01787-BW, Dkt. No. 22. | HMIT's direct appeal of the stay order is fully briefed and remains *sub judice*. |

| BANKRUPTCY COURT | | |
|---|---|---|
| **Matter** | **Description** | **Status** |
| 1. *Kirschner v. Dondero*, AP No. 21-03076-sgj | *Kirschner Litigation*: Lawsuit commenced by Litigation Trustee against Dondero and certain related parties to recover damages for fraudulent transfers, breaches of duties, and related matters. | This adversary proceeding was stayed pursuant to Court order. Dkt. No. 338. |
| 2. Dugaboy Motion to Preserve Evidence and Compel Forensic Imaging of James P. Seery, Jr.'s iPhone, Bankr. Dkt. No. 3802. | *Dugaboy's "Imaging" Motion*: Dugaboy moved to compel Seery to preserve evidence and compel forensic imaging. | This matter was stayed pursuant to Court order. Bankr. Dkt. No. 3897. |
| 3. *Highland v. Daugherty*, AP No. 25-03055-sgj | Objection to Patrick Daugherty's remaining disputed claim. | Highland commenced the action on May 2, 2025. |