**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| MARK S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST<br><br>    Plaintiff,<br><br>v.<br><br>JAMES D. DONDERO; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; AND SAS ASSET RECOVERY, LTD.,<br><br>    Defendants. | Adv. Pro. No. 21-03076-sgj |

**PLAINTIFF HUNTER MOUNTAIN INVESTMENT TRUST'S
EMERGENCY VERIFIED MOTION FOR TEMPORARY RESTRAINING
ORDER, PRELIMINARY INJUNCTION, AND APPOINTMENT OF RECEIVER**

Plaintiff Hunter Mountain Investment Trust ("HMIT") files this Emergency Verified Motion ("Motion") seeking entry of a temporary restraining order and a preliminary injunction enjoining Defendants James Dondero, Scott Ellington, Isaac Leventon, Strand Advisors, Inc., The

Get Good Trust, NexPoint Advisors, L.P., Highland Capital Management Fund Advisors, L.P., The Dugaboy Investment Trust, Highland Dallas Foundation, Massand Capital LLC, Massand Capital, Inc., and SAS Asset Recovery, Ltd., (collectively, "Defendants") and those persons acting in concert or participation with them from secreting, concealing or otherwise transferring any funds or assets beyond the jurisdiction of this Court that would hinder or prevent the satisfaction of a potential recovery or judgment awarded to Plaintiff in this adversary proceeding. HMIT also seeks a mandatory injunction to require Defendants to periodically report to HMIT and the Court any and all asset transfers regardless of purpose to maintain full and complete transparency.

Defendants have engaged in underhanded conduct for years, as orchestrated by Defendants Dondero, Ellington and their affiliated entities, and Plaintiff has recently learned that they are doing so again, this time to deprive the Court of the ability to enforce a judgment in favor of Plaintiff. Defendants are asset managers, hedge funds, and their affiliates, whose business operations frequently involve financial transactions in the millions of dollars or more. Defendants have historically attempted to prop up sham transactions as otherwise legitimate, then used their intimate familiarity with the civil litigation system to evade judgments in the face of clear liability. Without question, HMIT is entitled to injunctive relief. A temporary restraining order and/or preliminary injunction are vitally necessary to preserve the Court's jurisdiction over the Defendants' assets by preventing their concealment or transfer beyond the Court's reach, thereby ensuring they remain available to satisfy any judgment herein.

This Motion further requests that the Court appoint a receiver over the assets and property of the Defendants and authorize the receiver to take control of such assets and property to the extent necessary to ensure the Defendants' compliance with the injunctive relief requested herein and to prevent the transfer of assets and property beyond the jurisdiction of the Court.

Unfortunately, given the Defendants' long history of avoiding liability through a complicated web of entities and fraudulent transfers, as well as recent evidence indicating that this pattern and practice of dissipating assets to avoid judgments remains ongoing, neither the Court nor HMIT can have any confidence that this conduct will not continue absent direct supervision.

In support of the Motion, HMIT respectfully incorporates herein, as if fully set forth verbatim, Plaintiff Hunter Mountain Investment Trust's Memorandum of Law in Support of its Emergency Verified Motion for Temporary Restraining Order, Preliminary Injunction and Appointment of Receiver ("Memorandum"), which is being filed contemporaneously with this Motion.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409.

3. The predicates for the relief requested in the Motion are 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 7065, and Federal Rule of Civil Procedure 65.

4. The requested receivership is authorized, additionally, by Tex. Bus. & Orgs. Code §§ 11.403(a)(3) and 11.410(a), Tex. Bus. & Com. Code § 24.008(a)(3)(B), and/or Tex. Civ. Prac. & Rem. Code §§ 64.001(a)(2) and (a)(7).

## RELIEF REQUESTED

5. HMIT requests that this Court issue the proposed form of restraining order attached hereto as **Exhibit A** ("Proposed Order") pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 7065.

6. For the reasons set forth more fully in HMIT's Memorandum, HMIT seeks injunctive relief enjoining Defendants from directly or indirectly, through their affiliated corporate entities or anyone else acting on their behalf or in concert with them, from concealing, secreting or dissipating any assets or otherwise transferring any assets out of the country or beyond the jurisdiction of this Court that would hinder or prevent the satisfaction of a potential recovery or judgment awarded to HMIT in this proceeding. The Court also should enjoin Defendants requiring periodic disclosure of all transfers or dispositions of assets.

7. HMIT further seeks the appointment of a receiver over the assets and property of the Defendants to ensure that the Defendants' conduct does not continue, as fully authorized by applicable law.

8. Absent injunctive relief, and the appointment of a receiver to ensure Defendants' compliance, HMIT's ability to obtain the relief requested in this proceeding, which includes equitable relief in the form of the avoidance, recovery and return of fraudulently transferred assets out of the Debtor's estate,[1] will be jeopardized, and the integrity of this lawsuit and the estate assets at issue will be severely threatened. Emergency relief is needed to avoid this immediate and irreparable harm that will be caused to HMIT.

9. In accordance with Rule 7.1 of the *Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas*, contemporaneously herewith and in support of this Motion, HMIT is submitting its: (a) *Memorandum of Law*, (b) *Proposed Order*, and (c) *Motion for Expedited Hearing on Emergency Motion for a Temporary Restraining Order and Preliminary Injunction* ("Motion to Expedite"). HMIT also provides the Court with the

---

[1] Amended Complaint and Objection to Claims [Doc. 158] ("Amended Complaint").

Verification of Mark Patrick ("Verification") as to the statements made in this Motion and the Memorandum concerning the facts at issue and the necessity of immediate relief.

10. As is demonstrated by this Motion, the Memorandum, the Verification, and the evidentiary materials referenced therein, HMIT is entitled to the relief requested herein as set forth in the Proposed Order.

11. Notice of this Motion has been provided to Defendants in compliance with Fed. R. Civ. P. 65, and HMIT submits that no other or further notice need be provided.

WHEREFORE, HMIT respectfully requests that the Court (i) enter the Proposed Order substantially in the form annexed hereto as **Exhibit A** granting the relief requested herein, and (ii) grant HMIT such other and further relief as the Court may deem proper.

Respectfully submitted,

/s/ *Sawnie A. McEntire*
Sawnie A. McEntire
Texas Bar No. 13590100
smcentire@pmmlaw.com
Ian B. Salzer
Texas Bar No. 24110325
isalzer@pmmlaw.com
**PARSONS MCENTIRE MCCLEARY PLLC**
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Tel. (214) 237-4300
Fax (214) 237-4340

**ATTORNEYS FOR HUNTER MOUNTAIN INVESTMENT TRUST**

## CERTIFICATE OF CONFERENCE

    The undersigned hereby certifies that, on September 15, 2025, counsel for HMIT emailed counsel for Defendants regarding the relief requested in this Emergency Motion for Temporary Restraining Order, Preliminary Injunction and Appointment of Receiver, and stating that if a response was not received by 2:00 p.m. HMIT would consider Defendants to be opposed. Counsel for HMIT then and conducted a telephone call with counsel for Defendants Dondero, Dugaboy, Nexpoint, and HCMFA, who advised that such Defendants are opposed to the relief requested this Motion, and further stated that they would attempt to coordinate with the other Defendants, but that HMIT should assume the remaining Defendants are also opposed. Accordingly, this Motion is being filed as opposed due to the need for immediate relief.

                                                        */s/ Ian B. Salzer*
                                                        Ian B. Salzer

## CERTIFICATE OF SERVICE

    I hereby certify that on September 15, 2025, a true and correct copy of the foregoing document was served on all parties of record via the Court's ECF system.

                                                        */s/ Ian B. Salzer*
                                                        Ian B. Salzer

3204169