# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | |
| **MARK S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST** | |
| Plaintiff, | |
| v. | Adv. Pro. No. 21-03076-sgj |
| JAMES D. DONDERO; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD | |

- 1 -

| | |
|---|---|
| TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; AND SAS ASSET RECOVERY, LTD., | |
| **Defendants.** | |

### ORDER GRANTING TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION AND APPOINTMENT OF RECEIVER

Having considered Plaintiff Hunter Mountain Investment Trust's ("HMIT") *Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Appointment of a Receiver and Memorandum in Support* ("Verified Motion") against Defendants James Dondero, Scott Ellington, Isaac Leventon, Strand Advisors, Inc., The Get Good Trust, NexPoint Advisors, L.P., Highland Capital Management Fund Advisors, L.P., The Dugaboy Investment Trust, Highland Dallas Foundation, Massand Capital LLC, Massand Capital, Inc., and SAS Asset Recovery, Ltd. (collectively, "Defendants"), and all persons acting in concert or participation with them, the Court finds the following:

HMIT's Verified Motion and accompanying Memorandum of Law in Support, the evidentiary materials referenced therein, the record in this adversary proceeding and in the underlying bankruptcy case of Highland Capital Management, L.P., establish sufficient grounds for issuance of a temporary restraining order as set forth in the Verified Motion. The Court specifically finds that:

- HMIT has established a likelihood that it will prevail on the merits of the claims asserted against Defendants in the Amended Complaint, which details the avoidable transactions and conduct at issue in explicit detail and with numerous references to competent evidence amassed throughout these bankruptcy proceedings;

- HMIT will be irreparably harmed absent immediate injunctive relief if Defendants' efforts to conceal assets, or transfer such assets outside the jurisdiction of this Court, are allowed to continue;

- The equities favor HMIT;

- Injunctive relief serves the public interest; and

- Defendants have no legal or equitable right to engage in conduct designed to avoid paying a judgment awarded against them.

Accordingly, pending the hearing and determination of HMIT's Motion for Preliminary Injunction and Appointment of a Receiver, and HMIT having established grounds for the issuance of a temporary restraining order, the Court hereby **ORDERS** that:

1. Defendants[1] shall be temporarily restrained and enjoined from transferring, selling, liquidating, dissipating, assigning, alienating, tampering with, withdrawing, concealing, mortgaging, encumbering, granting a lien or security interest or other interest in, or otherwise harming or reducing the value of, or disposing of, any funds or other assets under the Defendants' individual or joint control including, among other things, their subsidiaries, businesses, physical assets, real property, cash, and equity interests ("Assets").

2. Defendants shall be temporarily restrained and enjoined from transferring any Assets to other entities owned or controlled, directly or indirectly, by the Defendants, whether such entity is currently existing or newly created.

3. Defendants shall be temporarily restrained and enjoined from transferring any Assets owned or controlled by the Defendants, directly or indirectly, to any account, entity or individual located outside the United States of America or beyond the jurisdiction of this Court.

---

[1] Including Defendants' successors, assigns, officers, agents, employees, and attorneys, and all persons or entities in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or through any corporation, subsidiary, division, or other device,

4. Notwithstanding this Order, the Defendants are allowed to continue to engage in transactions in the ordinary course of business, but all transactions are subject to the disclosure requirements set forth in Paragraph 5. For purposes of this paragraph, "ordinary course of business" shall include transfers, assignments or sales to a bona fide third-party purchaser or assignee for equivalent value, as viewed by an objective observer with knowledge of the party's business, so long as such transactions are at arm's length, on commercially reasonable terms, and with unaffiliated third parties, without involving extraordinary commitments, unprecedented expenditures, or actions that would breach duties or dissipate assets outside the jurisdiction of this Court or in any manner that may frustrate collection of any judgment in this lawsuit.

5. The Defendants are ordered to identify and disclose on or before September \_\_\_, 2025, all past, current or planned transactions in which they have been involved or are currently involved relating to or involving the transfer, assignment, monetization or other disposition of any Assets since the commencement of this adversary proceeding through the date of the hearing on the Preliminary Injunction set forth below.

6. The Court shall hold a hearing on HMIT's request for preliminary injunctive relief and appointment of receiver(s) on _____, 2025 at _____.

7. Defendants may submit any opposition to the requested preliminary injunction and/or the appointment of a receiver on or before _____, 2025, to which HMIT may reply on or before _____, 2025.

8. This Order is effective immediately and the Court, in the exercise of its discretion, finds that no security is required.

9. The Court retains jurisdiction for such other pre-trial orders as shall be deemed just and necessary.

- 5 -

### ### END OF ORDER ###