**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| **MARK S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST**<br><br>    **Plaintiff,**<br><br>v.<br><br>**JAMES D. DONDERO; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; AND SAS ASSET RECOVERY, LTD.,**<br><br>    **Defendants.** | Adv. Pro. No. 21-03076-sgj |

**PLAINTIFF HUNTER MOUNTAIN INVESTMENT TRUST'S**
**EMERGENCY MOTION FOR EXPEDITED DISCOVERY**

Plaintiff Hunter Mountain Investment Trust ("HMIT") files this Emergency Motion for Expedited Discovery ("Motion") against Defendants James Dondero ("Dondero"), Scott Ellington ("Ellington"), Isaac Leventon ("Leventon"), Strand Advisors, Inc. ("Strand Advisors"), The Get

Good Trust ("Get Good"), NexPoint Advisors, L.P. ("NexPoint"), Highland Capital Management Fund Advisors, L.P. ("HCMFA"), The Dugaboy Investment Trust ("Dugaboy"), Highland Dallas Foundation ("HDF"), Massand Capital LLC, Massand Capital, Inc., and SAS Asset Recovery, Ltd. ("SAS") (collectively, "Defendants"), and respectfully shows as follows:

## I.
## Purpose of Motion

This Motion seeks leave to obtain expedited discovery related to Plaintiff's Emergency Verified Motion for Temporary Restraining Order, Preliminary Injunction, and Receivership ("Verified Motion"). This discovery is needed to prepare for and in anticipation of a hearing on a preliminary injunction and appointment of one or more receivers.

Although this case is in the process of being unstayed, the Court has authority to amend or revisit its stay order at any time. *See* Bankruptcy Rule 7054; Fed. R. Civ. P. 54(b) ("any order … however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment"); *see also Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981) (a court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient"); *Domain Protection, LLC v. Sea Wasp, LLC*, 2019 U.S. Dist. LEXIS 140683, *13 (E.D. Tex. Aug. 20, 2019) ("a district court may revisit an interlocutory order on any ground it sees fit"). Additionally, Bankruptcy Rule 9006(c)(1) grants the Court authority to shorten any deadline provided by rule or court order for good cause.[1] Given the exigencies at issue and the urgent need for relief, HMIT urges the Court to modify the stay order to shorten the stay-expiration period for the purposes of this expedited discovery.

---

[1] Aside from specific requests for relief provided for by the Bankruptcy Rules, which are not at issue.

## II.
## Discovery Requested

As addressed in HMIT's Verified Motion, credible evidence indicates that Defendants are or may be actively involved in asset transfers outside of the Court's jurisdiction consistent with historical practices in an effort to evade any adverse judgment. To uncover the extent of any such transactions, and to effectively mitigate the transfers that have taken place, HMIT seeks written discovery (documents and interrogatories) from each of the Defendants relating to the following general topics which are reflected in the more detailed requests attached as **Exhibit A**:

1. All shell or special-purpose entities formed by, at the direction of, or for the benefit of one or more of Defendants since the inception of this Adversary Proceeding to the present;

2. The purported business purpose for each shell or special-purpose entities formed by, at the direction of, or for the benefit of one or more of Defendants;

3. All actual or proposed transfers of funds or assets by, at the direction of, or for the benefit of one or more of Defendants since the inception of this Adversary Proceeding to the present;

4. The purported business justification for each actual or proposed transfer of funds or assets by, at the direction, or for the benefit of one or more of Defendants;

5. All internal or third-party valuations prepared for the assets involved in any transfers made by, at the direction of, or for the benefit of one or more of Defendants;

6. Defendants' attempts to interfere with the HMIT Settlement;[2] and

7. Defendants' attempts to interfere with the DAF HoldCo Liquidation proceedings.[3]

---

[2] "HMIT Settlement" refers to the Settlement Agreement entered into between HMIT and Highland confirmed by Order Pursuant To Bankruptcy Rule 9019 And 11 U.S.C. § 363 Approving Settlement Between The Highland Entities And The Hmit Entities And Authorizing Actions Consistent Therewith [HCM Bk. Doc. 4297].

[3] "DAF HoldCo Liquidation" refers to the Official Liquidation of Charitable DAF HoldCo, Ltd. in the Grand Court of the Cayman Islands, Financial Services Division, FSD No. 2025-116.

In connection with this discovery, HMIT also requests expedited oral depositions of the following individuals, which are also set forth in the individual deposition notices attached as **Exhibit B**:

1. James Dondero;
2. NexPoint Corporate Representative;
3. HCMFA Corporate Representative;
4. Frank Waterhouse (non-party);
5. James P. Seery (non-party);
6. Ashley Gunter (non-party);
7. Rick Swadley (non-party); and
8. Julie Diaz (non-party).

HMIT respectfully requests an order directing that all responsive documents, information, written responses, and witnesses be produced at the offices of Parsons McEntire McCleary PLLC, 1700 Pacific Avenue, Suite 4400, Dallas, Texas 75201, on or before September 26, 2025, or as otherwise agreed by the parties, and in any event no later than the preliminary injunction hearing.

HMIT also requests leave of Court to issue subpoenas to all non-party deponents listed above, requesting them to appear for an oral deposition no later than October 1, 2025.

### III.
### Good Cause

"Expedited discovery may be appropriate in cases involving applications for a preliminary injunction." *Kruse Energy & Equip. Auctioneers, LLC v. Long*, No. MO:19-CV-00031-DC-RG, 2019 U.S. Dist. LEXIS 236313, at *11 (W.D. Tex. 2019). District courts in the Fifth Circuit consider five factors when determining whether to good cause exists to order expedited discovery: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with

the request; and (5) how far in advance of the typical discovery process the request was made." *Id.* (quoting *Legacy of Life, Inc. v. Am. Donor Servs.*, Civil Action No. SA-06-CA-0802-XR, 2006 U.S. Dist. LEXIS 116572 (W.D. Tex. 2006)).

Good cause exists for expedited discovery because of the imminent injunction hearing that follows the issuance of the temporary restraining order. A preliminary injunction is necessary to prevent HMIT from suffering irreparable harm, as further alleged in the Motion, making it impossible for Plaintiff to conduct discovery on any basis other than on an expedited basis. Plaintiff requires this expedited discovery to further develop details of Defendants' conduct and related dissipation of assets so that evidence at the upcoming injunction hearing can be presented efficiently and effectively.

Additionally, the discovery requested is reasonably tailored to the subject matter of the injunctive relief requested. Defendants' scheme to dissipate assets is wide-ranging, and the discovery to be conducted by HMIT will likely lead to additional avenues for investigation. Discovery on the merits will inevitably move forward in this case once the current stay expires on October 3, 2025, or is lifted by the Court. Leave of Court in this instance is required only to obtain discovery required under the discovery rules due to the immediacy of the preliminary injunction hearing.

## IV.
## Prayer

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Hunter Mountain Investment Trust respectfully requests the Court grant this Emergency Motion for Expedited Discovery and order:

(1)   Defendants to produce documents and file written responses to Plaintiff's Expedited Interrogatories and Requests for Production set forth in **Exhibit A** at the offices of

Plaintiff's counsel, Parsons McEntire McCleary PLLC, 1700 Pacific Avenue, Suite 4400, Dallas, Texas 75201, no later than September 26, 2025;

(2) Defendants to produce the above-listed witnesses, or grant HMIT leave to subpoena the non-party witnesses, as applicable, for oral depositions pursuant to the deposition notices attached as **Exhibit B**; and

(3) Grant HMIT all such other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Sawnie A. McEntire*
Sawnie A. McEntire
Texas Bar No. 13590100
smcentire@pmmlaw.com
Ian B. Salzer
State Bar No. 24110325
isalzer@pmmlaw.com
**PARSONS MCENTIRE MCCLEARY PLLC**
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Tel. (214) 237-4300
Fax (214) 237-4340

**ATTORNEYS FOR HUNTER MOUNTAIN INVESTMENT TRUST**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that, on September 15, 2025, counsel for HMIT emailed counsel for Defendants regarding the relief requested in this Emergency Motion for Expedited Discovery, and stating that if a response was not received by 2:00 p.m. HMIT would consider Defendants to be opposed. Counsel for HMIT then and conducted a telephone call with counsel for Defendants Dondero, Dugaboy, Nexpoint, and HCMFA, who advised that such Defendants are opposed to the relief requested this Motion, and further stated that they would attempt to coordinate with the other Defendants, but that HMIT should assume the remaining Defendants are also opposed. Accordingly, this Motion is being filed as opposed due to the need for immediate relief.

*/s/ Ian B. Salzer*
Ian B. Salzer

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2025, a true and correct copy of the foregoing document was served on all parties of record via the Court's ECF system.

*/s/ Ian B. Salzer*
Ian B. Salzer

3204372