Sawnie A. McEntire
Ian B. Salzer
**PARSONS MCENTIRE MCCLEARY PLLC**
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Tel. (214) 237-4300
smcentire@pmmlaw.com
isalzer@pmmlaw.com
*Counsel for Plaintiff Hunter Mountain Investment Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| **MARK S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST**<br><br>**Plaintiff,**<br><br>v.<br><br>**JAMES D. DONDERO; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; AND SAS ASSET RECOVERY, LTD.**<br><br>**Defendants.** | Adv. Pro. No. 21-03076-sgj |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS**
**EMERGENCY MOTION FOR EXPEDITED DISCOVERY**

Hunter Mountain Investment Trust ("HMIT") files this Reply in Support ("Reply") of its Emergency Motion for Expedited Discovery ("Motion") and in response to Defendants' Opposition to Plaintiff Hunter Mountain Investment Trust's Emergency Motion For Expedited Discovery [Doc. 386] ("Response"), and would respectfully show:

**I.   Overview**

Defendants' Response does many things with little merit, and ultimately fails to present a meaningful basis why expedited discovery should not be allowed.[1] The Response is chock full of conclusory statements, boilerplate objections, previously rejected arguments and, unfortunately, a continued failure to fairly construe dispositive authorities contrary to their position. What is most compelling, however, is Defendants' failure to deny their involvement in secreting and fraudulently transferring assets out of the country and beyond this Court's jurisdiction. This silence alone screams volumes, and is strong evidence supporting the emergency relief HMIT is seeking. The Response is also noteworthy for other reasons:

- Defendants claim that HMIT's discovery seeks confidential or trade secret information, but they ignore that this Court already entered an Agreed Protective Order on August 30, 2022, which protects such information [Doc. 202].

- Defendants argue that no discovery should be allowed until the Court first determines its jurisdiction and addresses their prior motions to withdraw reference. But these matters were addressed in the Court's Report and Recommendation dated April 6, 2022 [Doc. 151] (the "Reference Order").

- Defendants argue that HMIT's discovery is untethered to the facts of this adversary proceeding. But this is another attempt to convert HMIT's motion

---

[1] Many of Defendants' arguments seeking to resist HMIT's discovery are lifted from their Response to HMIT's Motion for a TRO. Accordingly, HMIT incorporates its Reply In Support of Its Emergency Verified Motion For Temporary Restraining Order, filed concurrently with this Reply, as if set forth verbatim herein.

for injunctive relief into a new cause of action, and "new" facts are required to establish an emergency.

- Defendants claim that HMIT's discovery is overbroad, not narrowly tailored, and burdensome. But the requested discovery is appropriately narrow by focusing on transactions involving affiliated entities which Defendants control and that are members of the "byzantine" corporate framework they created. In essence, Defendants argue they should be insulated from discovery because of this maze of entities for which they were the architects. But in any event, Defendants present no evidence of any alleged burden and, therefore, their objections should be overruled as a matter of law. Furthermore, HMIT believes that each of the proposed depositions will yield further evidence of fraudulent transfers.

- Defendants also make the exaggerated and unfounded argument that HMIT's requested discovery is part of Mark Patrick's purported "separate, fraudulent (and potentially criminal) agenda with respect to the Charitable DAF." Response, at 9. Setting aside that this accusation is both unfounded and scurrilous, Defendants' citation to such other proceedings involving other entities is an obvious attempt to divert the Court's attention from the only issues before the Court—whether Defendants are engaged in fraudulent activities. This is similar to their strategy at the HMIT settlement hearing on June 25, 2025, which the Court properly rejected as irrelevant.[2]

For these reasons, and for the additional reasons set forth below, HMIT's request for expedited discovery should be granted, and Defendants' objections overruled.

## II. Jurisdiction and Withdrawal of Reference

Defendants once again ask the Court to revisit its Reference Order [Doc. 151], but there is no valid reason or basis to do so.[3] HMIT previously briefed this issue in its Reply Brief in Support

---

[2] *See* Order dated June 30, 2025 (Doc. 4297).

[3] The U.S. Supreme Court and the Fifth Circuit have made it abundantly clear that this Court does not lose jurisdiction because of the events that have occurred after the filing of this action and, thus, it is not necessary to address jurisdiction again. *See Freeport-McMoRan Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) ("[w]e have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."); *Double Eagle Energy Servs., L.L.C. v. Markwest Utica EMG, L.L.C.*, 936 F.3d 260, 263 (5th Cir. 2019). Defendants claim that *Double Eagle* does not apply "where the purported bases for an injunction are not in the original complaint but arise out of facts pertinent to the substituted party," but they make no effort to explain how the "new" facts are uniquely "pertinent to" HMIT, as opposed to any plaintiff who may attempt to collect a judgment against Defendants. As the assignee of the claims in this adversary proceeding, which this Court approved, HMIT stands in the shoes of the Litigation Trustee and owns the causes of action set forth in the Amended Complaint [Doc. 158], and the Court already determined it has jurisdiction to hear pre-trial matters [Doc. 151].

- 3 -

of Motion to Substitute [Doc. 369], which it incorporates by reference herein. The Court properly granted that Motion to Substitute [Doc. 377], and the Court can properly grant HMIT's current motions as well. In essence, Defendants' jurisdiction arguments are a regurgitation of arguments already rejected by the Court.

Even if the Court were inclined to consider whether the Amended Complaint's causes of action remain "related to" the Highland Capital bankruptcy in the hands of HMIT, they indisputably do. HMIT is not a late comer to this party. Rather, HMIT held 99.5% of the equity interests in Highland Capital prior to bankruptcy and, as a result, holds $336,940,230.58 of Allowed Class 10 Interests under the Plan [Case No. 19-34054, Doc. 4297]. Even absent a transfer of the claims, HMIT would be entitled to the bulk of proceeds in this action after satisfaction of creditor claims and other senior obligations. Had the Litigation Trustee continued the litigation, there would have been no dispute that bankruptcy jurisdiction continued to exist, and all that has happened since is that the ultimate beneficiary, HMIT, is now directly in charge of creating value for its equity interest. That is a core component of the Highland Capital bankruptcy administration process, which has not yet closed.

### III.    Emergency

Standing alone, Defendants' conspicuous failure to deny their ongoing conduct justifies the current emergency. Defendants should not be allowed to secrete assets and frustrate and impede collection of any prospective judgment in HMIT's favor. Such activities immediately threaten the integrity of these proceedings.

Indeed, as set forth in HMIT's Emergency Verified Motion for Temporary Restraining Order [Doc. 379], supporting memorandum [Doc. 380], and reply in support [Doc. 391], which are incorporated herein by reference, courts have determined repeatedly that a dissipation or

transfer of assets impairing the court's ability to grant an effective remedy constitutes irreparable harm, and injunctive relief is appropriate. *See, e.g., Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011) ("[W]e agree with the district court that the 'Receiver successfully show[ed] that the threatened harm—dissipation of the assets that are the subject of this suit—would impair the [district court's] ability to grant an effective remedy.'"); *Walker v. Doe*, No. 6:24-cv-00633-ADA, 2025 U.S. Dist. LEXIS 100396, at *10 (W.D. Tex. 2025) ("If these allegations are true, then the perpetrators of such a scheme will launder funds to bring them beyond the reach of the Court. … While monetary relief is a remedy, it is not an adequate legal remedy under these circumstances"); *Tujague v. Adkins*, No. 4:18-CV-631, 2018 U.S. Dist. LEXIS 171394, at *8-9 (E.D. Tex. 2018); *Prep Sols., Ltd v. Lecht*, 2022 U.S. Dist. LEXIS 98756 (E.D. Tex. June 2, 2022) ("[t]he Court can permissibly freeze assets to protect a plaintiff's equitable remedies—such as the equitable remedy of disgorgement"); *Amegy Bank N.A. v. Monarch Flight II, LLC*, No. 4:11-CV-3218, 2011 U.S. Dist. LEXIS 140874, at *17 (S.D. Tex. Dec. 7, 2011) (irreparable harm is established and injunctive relief is appropriate where there is "evidence showing that … the defendant intends to dissipate his assets to make a judgment awarding damages uncollectible").

Instead of addressing these authorities, Defendants advance the lame argument that discovery should be precluded because the Litigation Trustee never previously suggested the need for injunctive relief or that there was any emergency. Response, at 7. But this argument is nonsensical. Defendants provide no evidence that the Litigation Trustee was ever aware of the Defendants' more recent activities. Moreover, Defendants never challenge the integrity of HMIT's evidence that the fraudulent transfers are occurring as HMIT alleges. Therein lies the emergency and the risk of irreparable harm. Defendants' suggestion that they should be relieved from responding to discovery—so they can continue transferring assets outside the jurisdiction of the

Court undisturbed—simply because the Litigation Trustee was not aware of these activities underscores why discovery is required immediately.

IV. **Good Cause for expedited discovery exists.**

Defendants erroneously suggest that HMIT "does not even attempt to demonstrate" the good cause elements for expedited discovery. This is not true. *See* Motion, at 4-5 (*citing Kruse Energy & Equip. Auctioneers, LLC v. Long*, No. MO:19-CV-00031-DC-RG, 2019 U.S. Dist. LEXIS 236313, at *11 (W.D. Tex. 2019)). As demonstrated previously, and as set forth below, HMIT has satisfied each of the five elements.

a. **Pendency of a Preliminary Injunction and Purpose of Discovery.**

The expedited discovery HMIT seeks by its Motion is expressly in aid of HMIT's request for a preliminary injunction, which is predicated on Defendants surreptitious transfers of assets to frustrate a future judgment in this matter. By its nature, this is not ordinary course discovery, but is necessary to elucidate the extent of Defendants' more recent conduct. As demonstrated by HMIT's other briefing, a showing of insolvency is not required, and Defendants make no attempt to explain or support their accusation that this Discovery may be used for other purposes.[4] To the contrary, the basis for the discovery sought is clearly outlined (to prevent Defendants from continuing their pattern and practice of avoiding judgment liability through dissipation of assets), and simply because the Litigation Trustee did not raise the issues previously does not mean they are not at issue now. There is no legitimate dispute regarding these elements.[5]

---

[4] Defendants also attempt to suggest that simply seeking discovery is somehow an admission that Mr. Patrick's verification of HMIT's TRO memorandum [Doc. 379-1] is false. Once again, this conclusory accusation does not move the needle unless Defendants are suggesting they will stipulate to the facts at issue, or perhaps in light of Defendants' knowing failure to rebut any of the material factual allegations.

[5] Defendants also acknowledge that the fifth factor—timing of the discovery in relation to ordinary course discovery— "is not particularly relevant." Response, at 13. As Defendants note, discovery was already underway when the case was stayed, but Defendants once again discount the exigency brought about by their nefarious transactions.

**b. Overbreadth & Undue Burden.**

As parties objecting to discovery, Defendants bear the burden of showing the applicability of their objection. *Sierra v. De C.V.*, No. 5:24-CV-30, 2024 U.S. Dist. LEXIS 176632, at *4 (S.D. Tex. 2024) ("The party objecting to discovery bears the burden of 'show[ing] how ... each request is not relevant or how each request is overly broad, burdensome or oppressive.'"). But Defendants failed to do so here and, in fact, made no meaningful attempt to do so.

Satisfaction of the Defendants' burden requires "a specific, detailed showing of how a request is burdensome. A mere statement by a party that a request is 'overly broad and unduly burdensome' is not adequate to voice a successful objection." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (citations omitted). Additionally, "the 'party resisting discovery "must show specifically how … each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive."'" *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484-85 (5th Cir. 1990). This can be accomplished with "an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *Brady*, 238 F.R.D. at 437.

Federal courts have consistently held that a party objecting to discovery on the grounds of undue burden must support each objection with specific evidence. *See Merill v. Waffle House, Inc.*, 227 F.R.D. 475, 478 (N.D. Tex. 2005). "Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014). This principle is echoed in *Davis v. United States Marshals Serv.*, 2021 U.S. App. LEXIS 8751, at *16 (5th Cir. Mar. 25, 2021), where the court stated that the objecting party must show with specificity how each request is overly broad, burdensome, or oppressive. In *Brady*, the court explicitly rejected broad, non-specific objections as falling "woefully short" of the required burden of proof. 238 F.R.D. at 437. In *Ries v. Ardinger (In re*

*Adkins Supply, Inc.)*, 555 B.R. 579, 590 (Bankr. N.D. Tex. 2016) (Jones, J.), this Court held that a mere claim of burden is inadequate and reinforced the importance of the proportionality factors found in Rule 26(b)(1), which weighs the burden of discovery against its potential benefit.

If a party asserts an undue burden objection and fails to provide sufficient evidence to support the assertion, they are not given *carte blanche* to withhold all responses. *McLeod,* 894 F.2d at 1485. The relevant discovery rules require the objecting party to respond to the extent that the request is not burdensome, and to then explain or propose a narrower scope of discovery when possible. FED. R. CIV. P. 26 also imposes a proportionality standard, and the 2015 Advisory Committee Notes to Rule 26(b)(1) recognize that parties with more access to information may bear a heavier burden—but that burden must still be justified and cannot be used to avoid all production. In *Heller*, the court noted that even when an objection is made, the responding party must still reply to the non-objectionable portion and clarify what information is being withheld. 303 F.R.D. 466 at 485.

Here, the Defendants' Response incorporates boilerplate objections to written discovery without any factual or other evidentiary support. Conclusory, boilerplate objections are clearly improper. *See Tran v. GLG Truck Lines, Inc.*, No. 1:24-CV-94, 2025 U.S. Dist. LEXIS 131818, at *6 (E.D. Tex. 2025). Defendants' Response also provides no declaration or any affidavit to support the purported undue burden they claim. Rather, their objections are purely conjectural. Defendants have failed to carry their burden to set forth any justifiable objection to the discovery requested.

V. **Confidential Information**

Defendants' Response advances the argument that HMIT is seeking highly sensitive, confidential, or trade secret information. When doing so, however, Defendants failed to acknowledge that appropriate protections are already in place in the Court's Agreed Protective

Order. [Doc. 202] This fact, alone, renders their "confidentiality" arguments frivolous. *See, e.g., TNA Australia Pty Ltd. v. PPM Techs., LLC*, 2018 U.S. Dist. LEXIS 73933, *47 (N.D. Tex. Apr. 30, 2018) ("an 'Agreed Protective Order … provide[s] sufficient protections for [a party's] concerns regarding its confidential and proprietary [information]" (second alteration in original)). The Court's Agreed Protective Order provides for two-tiered protection, which includes a designation for "Attorneys' Eyes Only." Therefore, the confidential nature of responsive documents or testimony can be appropriately protected.

**VI.  Conclusion and Prayer**

HMIT is entitled to protect its right of recovery in the event it obtains a favorable judgment. This Court's jurisdiction and the integrity of any judgment that may be entered against Defendants also must be protected. The fact that the Defendants do not deny their current activities in hiding or fraudulently transferring assets is clear evidence of the immediacy of needed relief and relevance. *See, e.g.*, *Massimo Motor Sports LLC v. Shandong Odes Indus. Co.*, 2022 U.S. Dist. LEXIS 25705, at *10-11 (N.D. Tex. Feb. 14, 2022) (defendant's failure to deny conduct alleged confirmed likelihood of success on the merits).

For the foregoing reasons, Hunter Mountain Investment Trust ("HMIT") requests that the Plaintiff's objections to the Emergency Motion for Expedited Discovery be overruled, and the Court grant leave to HMIT to move forward with the requested discovery immediately. HMIT also requests such other and further relief, at law or in equity, to which it may be entitled.

Respectfully submitted,

*/s/ Sawnie A. McEntire*
Sawnie A. McEntire
Texas Bar No. 13590100
smcentire@pmmlaw.com
Ian B. Salzer
State Bar No. 24110325
isalzer@pmmlaw.com
**PARSONS MCENTIRE MCCLEARY PLLC**
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Tel. (214) 237-4300
Fax (214) 237-4340

**ATTORNEYS FOR HUNTER MOUNTAIN INVESTMENT TRUST**

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2025, a true and correct copy of the foregoing document was served on all parties of record via the Court's ECF system.

*/s/ Ian B. Salzer*
Ian B. Salzer

3207193