```
                    IN THE UNITED STATES BANKRUPTCY COURT
 1                   FOR THE NORTHERN DISTRICT OF TEXAS
                              DALLAS DIVISION
 2
                                    )    Case No. 19-34054-sgj-11
 3    In Re:                        )    Chapter 11
                                    )
 4    HIGHLAND CAPITAL              )    Dallas, Texas
      MANAGEMENT, L.P.,             )    June 25, 2025
 5                                  )    9:30 a.m. Docket
           Reorganized Debtor.      )
 6                                  )    - MOTION TO EXTEND DURATION OF
                                    )      TRUSTS (4213)
 7                                  )    - MOTION TO APPROVE SETTLEMENT
                                    )      (4216)
 8    _____)

 9                         TRANSCRIPT OF PROCEEDINGS
                   BEFORE THE HONORABLE STACEY G.C. JERNIGAN,
10                      UNITED STATES BANKRUPTCY JUDGE.

11    APPEARANCES:

12    For the Highland Capital      John A. Morris
      Management Claimant Trust:    PACHULSKI STANG ZIEHL & JONES, LLP
13                                  780 Third Avenue, 34th Floor
                                    New York, NY  10017-2024
14                                  (212) 561-7760

15    For the Highland Capital      Hayley R. Winograd
      Management Claimant Trust:    Gregory V. Demo
16                                  PACHULSKI STANG ZIEHL & JONES, LLP
                                    1700 Broadway, 36th Floor
17                                  New York, NY  10019
                                    (212) 561-7732
18
      For the Highland Capital      Jeffrey N. Pomerantz
19    Management Claimant Trust:    PACHULSKI STANG ZIEHL & JONES, LLP
                                    10100 Santa Monica Blvd.,
20                                   13th Floor
                                    Los Angeles, CA  90067
21                                  (310) 277-6910

22    For Marc S. Kirschner,        Robert Scott Loigman
      Litigation Trustee:          QUINN EMANUEL URQUHART & SULLIVAN,
23                                   LLP
                                    295 5th Avenue
24                                  New York, NY  10016
                                    (212) 849-7000

25
```

EXHIBIT
**D**

D-1

APPEARANCES, cont'd.:

For the Hunter Mountain          Louis M. Phillips
Entities:                        Amelia L. Hurt
                                 KELLY HART & PITRE
                                 301 Main Street, Suite 1600
                                 Baton Rouge, LA  70801
                                 (225) 381-9643

For the Dugaboy                  Deborah Rose Deitsch-Perez
Investment Trust:                STINSON, LLP
                                 2200 Ross Avenue, Suite 2900
                                 Dallas, TX  75201
                                 (214) 560-2201

For the Dugaboy                  Michael Justin Lang
Investment Trust:                CRAWFORD WISHNEW & LANG, PLLC
                                 1700 Pacific Avenue, Suite 2390
                                 Dallas, TX  75201
                                 (214) 817-4500

For Crown Global Life            David L. Curry, Jr.
Insurance, Ltd. and              OKIN ADAMS, LLP
The Dallas Foundation:           1113 Vine Street, Suite 240
                                 Houston, TX  77002
                                 (713) 228-4100

For Patrick Daugherty:           Andrew K. York
                                 Drake Rayshell
                                 Joshua Smeltzer
                                 GRAY REED & MCGRAW, LLP
                                 1601 Elm Street, Suite 4600
                                 Dallas, TX  75201
                                 (214) 954-4135

For the U.S. Trustee:            Erin Marie Schmidt
                                 OFFICE OF THE UNITED STATES
                                    TRUSTEE
                                 1100 Commerce Street, Room 976
                                 Dallas, TX  75242-1496
                                 (214) 767-1075

Recorded by:                     Michael F. Edmond, Sr.
                                 UNITED STATES BANKRUPTCY COURT
                                 1100 Commerce Street, 12th Floor
                                 Dallas, TX  75242
                                 (214) 753-2062

APP 00095

3

1    Transcribed by:              Kathy Rehling
2                                 311 Paradise Cove
                                  Shady Shores, TX  76208
3                                 (972) 786-3063

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25          Proceedings recorded by electronic sound recording;
            transcript produced by transcription service.

APP 00096

1          MR. LANG:  Yes.

2                    DIRECT EXAMINATION

3    BY MR. LANG:

4    Q    Mr. Patrick, does this Hunter Mountain Investment Trust

5    org chart that I just handed you accurately reflect the

6    structure of the Hunter Mountain Investment Trust ownership

7    today?

8    A    Just give me a few moments to review.

9    Q    Sure.

10          MR. LEWIS:  Your Honor, I had mentioned early on that

11   we object to this whole line of questioning because it's

12   outside the scope of the objection of Dugaboy.  And I don't

13   want to interrupt, but I want to make sure that my objection

14   is continuing, because this has nothing to do with the

15   objection presented by Dugaboy.

16          THE COURT:  All right.

17          MR. PHILLIPS:  So we object to the question.

18          THE COURT:  Okay.  So the record will reflect

19   basically a running objection from Hunter Mountain?

20          MR. PHILLIPS:  We would appreciate that, Your Honor.

21          THE COURT:  Okay.  In light of the failure of Dugaboy

22   to disclose Mark Patrick as a witness, as well as the failure

23   to challenge in a written objection his authority.  Okay.  So

24   I recognized that this was quite a persuasive objection, but

25   given the magnitude, I would say, of what is going on here,

Patrick - Direct                            173

1   potentially a settlement that could come very close to ending

2   this long-running plan implementation process, I'm erring, if

3   it's an error, I'm erring on the side of allowing this.  All

4   right.  But you have a running objection that the record will

5   reflect if one day there is an appeal.

6          MR. MORRIS:  And, Your Honor, the Highland Claimant

7   Trust and the Highland Litigation Subtrust and Highland

8   Capital Management, LP join Mr. Phillips' objection.

9          THE COURT:  Okay.  Understood.

10          MR. PHILLIPS:  Thank you very much, Your Honor.

11          THE COURT:  All right.

12   BY MR. LANG:

13   Q   Mr. Patrick, have you had time to study this Hunter

14   Mountain Investment Trust org chart?

15   A   Yes, I have.

16   Q   And does this accurately show the ownership structure for

17   Hunter Mountain Investment Trust today?

18   A   I'm not sure, without reviewing the underlying corporate

19   documents on some of these entities that you have listed here.

20   Q   Did you help prepare this chart?

21   A   No.

22   Q   No?  Okay.  So Hunter Mountain Investment Trust is owned

23   by Beacon Mountain, LLC, correct?

24   A   Yes.

25   Q   And Beacon Mountain, LLC is owned by CLO Holdco, LLC,

APP 00098

1   correct?

2   A    Correct.

3   Q    And CLO Holdco, LLC is owned by CLO Holdco, Limited?

4   A    That's correct.

5   Q    And CLO Holdco, Limited is owned by Charitable DAF Fund,

6   LP?

7   A    Correct.

8   Q    And Charitable DAF Fund 1, LP is owned by CDMC FAD, LLC?

9   A    The ultimate beneficial owner is DFW Charitable

10  Foundation.  To my -- to the best of my recollection, I would

11  say that appears accurate.  I'm just not a hundred percent.

12  Q    Okay.  And --

13  A    But I am a hundred percent that DFW Charitable Foundation

14  is the ultimate beneficial owner.  And I'm a hundred percent

15  that Dugaboy Investment Trust has no interest in it.  And I'm

16  also a hundred percent that The Dallas Foundation or any --

17          MR. LANG:  Judge, I haven't asked --

18          THE WITNESS:  -- or any other nonprofit has any --

19          MR. LANG:  -- any of these questions.

20          THE COURT:  Okay.  There's an objection,

21  nonresponsive.  I sustain.

22  BY MR. LANG:

23  Q    Mr. Patrick, before December of 2024, Charitable DAF Fund,

24  LP was owned by Charitable DAF Holdco, correct?

25  A    (Pause.)  I'm just waiting for a relevancy.  I don't

APP 00099

Patrick - Direct                        175

1   understand how that's relevant to my authority --

2              THE COURT:  Okay.  You're not allowed to make a

3   relevancy objection.  Okay.

4              MR. PHILLIPS:  Your Honor, I think the problem is

5   that, if I could, we have made an objection.  And our

6   objection, our running objection is founded on relevancy and

7   founded on improper process.  So I would like to just tell the

8   Court, and so my client representative can hear it, that the

9   fact that I'm not standing up every time there's a problematic

10  question, --

11             THE COURT:  Okay.

12             MR. PHILLIPS:  -- because every question is

13  problematic, my objection is being maintained to every

14  question that's being asked.

15             THE COURT:  Okay.  You understand that, right?

16             THE WITNESS:  I --

17             THE COURT:  There's a running relevancy objection.

18  You're the witness.  You can't make the objection.  But it's

19  on the record for whatever use it might have down the road.

20             MR. PHILLIPS:  I have objected to every question

21  that's coming in connection with this line of questioning on

22  the basis of relevance.

23             THE COURT:  I got it.  I think we all have it.

24             MR. PHILLIPS:  I'm just --

25             MR. LANG:  Understood.