Case 19-34054-sgj11 Doc 3497 Filed 07/09/21 Entered 07/09/21 14:54:58 Page 4 of 58
Case 23-03037-sgj Doc 25-7 Filed 07/14/25 Entered 07/14/25 21:24:52 Page 4 of 8
Exhibit J    Page 1 of 8

Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375

COUNSEL FOR NEXPOINT ADVISORS, L.P. AND
HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| In re: | § | |
|---|---|---|
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, | § | Chapter 11 |
| L.P., | § | |
| | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |

## RESPONSE OF THE ADVISORS TO ORDER REQUIRING DISCLOSURES

COME NOW NexPoint Advisors, L.P. ("NexPoint") and Highland Capital Management Fund Advisors, L.P. ("HCMFA," with NexPoint, the "Advisors"), and file this their *Response to Order Requiring Disclosures* (the "Order"), entered by the Court *sua sponte* in the above styled and numbered Chapter 11 bankruptcy case (the "Bankruptcy Case") of Highland Capital Management, L.P. (the "Debtor"), respectfully stating as follows:

### I.    THE ADVISORS HAVE CLEAR STANDING

1.    The Court appears to question the standing of the Advisors with respect to past, present, and potentially future actions. The Court also appears to believe that the Advisors "frequently file lengthy and contentious pleadings," while the mere fact of the Order implies that the Advisors have been opaque regarding their ownership and control. Respectfully, any concerns along these lines are not warranted.



EXHIBIT J

RESPONSE OF THE ADVISORS TO ORDER REQUIRING DISCLOSURES—Page 1

**APP 00169**

J-1

Case 19-34054-sgj11 Doc 3497-11 Filed 06/09/21 Entered 06/09/21 14:25:58 Page 2 of 8
Case 23-03147-sgj Doc 25 Filed 07/14/25 Entered 07/14/25 15:04:53 Page 2 of 8
Exhibit J    Page 2 of 8

2.      First, the Advisors are expressly named as parties enjoined by the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (As Modified)* (the "Plan"). "Enjoined Parties" under the Plan is defined as including any "Related Entity." Plan at p. 8. "Related Entity" includes "affiliates" of the Debtor and any entity on the "Related Entity List." Plan at p. 14. This list is filed as a Plan Supplement, *see* Plan at p. 14, and it includes both Advisors. *See* Docket No. 1811-9 at pp. 9 and 12.

3.      As the Advisors are both subject to the Plan's injunctions, the Advisors have unquestionable standing to seek relief from the Plan, including objecting to the Plan, appealing the Plan, and seeking to stay the Plan. *See, e.g., Samnorwood Indep. Sch. Dist. v. Tex. Educ. Agency*, 533 F.3d 258, 265 (5th Cir. 2008) ("a third party ha[s] standing to appeal an injunction which adversely affects its interest, even when it was not a party to the litigation"). Thus, even if the Advisors did not have a direct economic interest under the Plan—a point on which the Court focused—the fact that the Plan enjoined them and took from them the rights they otherwise had conferred standing. As the Advisors informed the Court, if they were not being enjoined under the Plan from advising their clients to take certain actions, or causing their clients to take certain actions, which they believed to be necessary and proper pursuant to their own fiduciary duties, and if the Plan was not exculpating various persons, including of their fiduciary duties to the Advisors and their clients, then the Advisors would not have contested the Plan. The Plan need not have enjoined the Advisors or provided broad exculpations, but it did, and the Advisors should not be faulted for contesting and continuing to contest the Plan.

4.      Next, the Debtor has filed four adversary proceedings against the Advisors. It was the Debtor who filed these, and sought preliminary injunctive relief and mandatory final injunctions. The Advisors have reasonably and lawfully *defended* themselves against the Debtor's claims and causes of action. That is not vexatiousness of any kind.

5.      On January 6, 2021, the Debtor filed a complaint against the Advisors and others, thereby initiating Adversary Proceeding No. 21-03000.  The Debtor alleged that the Advisors and others tortiously interfered with contracts and violated the automatic stay, and the Debtor sought a preliminary injunction preventing the Advisors and others from seeking to remove the Debtor as the manager of various third-party CLOs.  The Advisors agreed to a continuing temporary restraining order and the matter has been settled, subject to an imminent 9019, with the Debtor dismissing with prejudice all of its claims against the Advisors and the Advisors agreeing that they are controlled by Mr. Dondero—something they have always admitted.  That the Debtor is dismissing these claims without any settlement payment demonstrates that these claims were always baseless.  The Advisors had the right and standing to defend themselves and the interests of their clients, and they acted reasonably throughout.

6.      Next, the Debtor filed separate adversary proceedings against each of the Advisors, seeking monetary damages for amounts allegedly owing under promissory notes.  On January 22, 2021, the Debtor filed its complaint against HCMFA, thereby initiating Adversary Proceeding No. 21-03004, seeking damages of at least $7,687,653.07 under alleged promissory notes.  Also on January 22, 2021, the Debtor filed its complaint against NexPoint, thereby initiating Adversary Proceeding No. 21-03005, seeking damages of at least $23,071,195.03.  The Advisors deny any liability and have asserted various affirmative defenses.  The Advisors have the right and standing to defend themselves, and have been so doing.  The Court recently agreed that the reference for these adversary proceedings will have to be withdrawn, over the Debtor's objection.  The Advisors will note that the Debtor argued that this Court could try these promissory note suits under section 542 of the Bankruptcy Code, a proposition rejected by this Court on multiple occasions before and by most of the case law.  It was the Debtor that forced a contested hearing on what should have been, respectfully, an obvious issue and an obvious conclusion.

RESPONSE OF THE ADVISORS TO ORDER REQUIRING DISCLOSURES—Page 3

J-3

**APP 00171**

7. Next, the Debtor filed a fourth adversary proceeding against the Advisors, seeking unspecified contract damages but, more importantly, seeking an exotic, if not unprecedented, mandatory injunction. The Debtor filed this Complaint on February 17, 2021, thereby initiating Adversary Proceeding No. 21-03010. The Debtor convinced the Court of an emergency, and an emergency, all-day trial was held on the mandatory injunction action on six days' notice. Even though it was reasonably clear to the Debtor that there was no issue and any issue was moot, the Debtor proceeded with its case, at the conclusion of which the Court denied the injunction as moot. The Advisors had every right and standing to contest this action, and they were proven right. It was the Debtor that chose to force an all-day hearing on an issue that never existed, never was an emergency, and was moot even under the Debtor's allegations.

8. Separately, as the Court noted in the Order, the Advisors have filed an application for allowance of administrative claims of approximately $14 million, resulting from postpetition overpayments under shared service agreements between the Advisors and the Debtor. *See* Docket No. 1826. The Advisors' points and arguments are simple: the Debtor billed the Advisors for many employees under shared services agreements, who were actually no longer employed by the Debtor and could not have been providing the Advisors with any services, while the Advisors paid for these services without return value and in violation of the contracts. The Debtor contests the allowance of these claims and the Court will decide the claims in due course. The Advisors have the right and standing to prosecute these administrative claims, which claims are neither absurd, baseless, nor without *prima facie* evidence.

9. Finally, NexPoint has acquired the prepetition (and potentially postpetition) claims of various former employees of the Debtor, who are now employed by NexPoint or by a staffing company engaged by NexPoint. These employees are: Bhawika Jain, Michael Beispiel, Sang Kook (Michael) Jeong, Phoebe Stewart, and Sahan Abayaratha. *See* Docket Nos. 2044, 2045,

2046, 2047, and 2266. The amount of these employees' claims is not yet known, and remains subject to ongoing discovery. While the Debtor has objected to these employee claims, *see* Docket No. 2059, that objection has yet to be sustained. And, while the details are not clear to NexPoint, at least for Plan voting purposes the Court estimated the claims of these employees at $1 each. In any event, as the holder of prepetition claims, which have yet to be disallowed, NexPoint has full standing in the Bankruptcy Case the same as any creditor. And, since even the Court estimated these claims at *some* amount, the claims are neither absurd, baseless, nor without *prima facie* evidence.

10.    As defendants in four lawsuits, it cannot be suggested that the Advisors lacked standing to defend themselves. As parties subject to this Court's permanent injunctions, they have the standing to contest those injunctions. As counterparties to executory contracts with the Debtor, which were only terminated at the end of February, 2021, the Advisors were also "parties-in-interest" in the Bankruptcy Case, separate and apart from being creditors. *See, e.g., In re Suffolk Reg'l Off-Track Betting Corp.*, 426 B.R. 397 (Bankr. E.D.N.Y. 2011). As a "party-in-interest," the Advisors "may raise and may appear and be heard on any issue in a case under this chapter," at least until the rejection of the shared services agreements. 11 U.S.C. § 1109(b). As unsecured and as postpetition administrative creditors—with claims that have not been disallowed or paid—the Advisors have full standing for all matters in the Bankruptcy Case due to their unsatisfied pecuniary interests. *See, e.g., In re Mandel*, 2016 U.S. App. LEXIS 4274 (5th Cir. 2016) (holding that pecuniary interest confers bankruptcy standing); *In re Gulley*, 436 B.R. 878, 892 (Bankr. N.D. Tex. 2010) ("a mortgage servicer has standing to participate in a debtor's bankruptcy case by virtue of its pecuniary interest in collecting payments under the terms of a note").

11.    The Court was correct in previously holding that the Advisors had standing, and there is no legal or factual ground to reconsider that ruling. Furthermore, the interests of the

Advisors are different from various of the other entities affiliated with Mr. Dondero. As the Court knows, the Advisors are fiduciaries to many third-party clients. The injunctions on the Advisors place the Advisors in a difficult position that other entities affiliated with Mr. Dondero do not have. The Advisors' postpetition claims are based on executory contracts under which they paid tens of millions of dollars to the Debtor—something that other entities affiliated with Mr. Dondero did not do. The Advisors' prepetition claims are based on claims acquired from former employees, something that is categorically different from the claims of other entitles affiliated with Mr. Dondero. Other than on plan related matters, the Advisors do not believe that there are at present, or are likely to be in the future, contested matters and motion practice that would be suitable for combined pleadings with other entities affiliated with Mr. Dondero, and the Advisors would object to any such proposal or requirement.[1]

## II.    DISCLOSURES

HCMFA is owned by the following:

(i)  Strand Advisors XVI, Inc., general partner with a 1% interest;
(ii)  Highland Capital Management Services, Inc., limited partner with a 89.6667% interest; and
(iii) Okada Family Revocable Trust, limited partner with a 9.3333% interest.

HCMFA is managed by its general partner, Strand Advisors XVI, Inc., which is managed by the following:

(i)  James Dondero, Director
(ii)  Dustin Norris, Executive Vice President
(iii) Frank Waterhouse, Treasurer
(iv)  Will Mabry, Assistant Treasurer
(v)  Stephanie Vitiello, Secretary
(vi) Jason Post, Chief Compliance Officer/Anti-Money Laundering Officer

---

[1] Finally, and respectfully, the Advisors would note the seeming inequity in requiring detailed disclosures from the Advisors, implying that the Advisors had acted inappropriately, while apparently relieving the Debtor of its obligations (or not enforcing those obligations) under Bankruptcy Rule 2015.3 regarding tens or hundreds of millions of dollars of indirect value in the estate at the same hearing. Just as the Debtor forced contested hearings against the Advisors (losing several), yet labeled the Advisors "vexatious" and "Dondero Tentacles," so too the Court appears to be applying a different standard of disclosure to the Advisors than to the Debtor

RESPONSE OF THE ADVISORS TO ORDER REQUIRING DISCLOSURES—Page 6

Strand Advisors XVI, Inc. is owned 100% by James Dondero.

Highland Capital Management Services, Inc. is owned 75% by James Dondero and 25% by Mark Okada.

Highland Capital Management Services, Inc. is managed by the following:

(i)  James Dondero, Director
(ii) James Dondero, President
(iii) Scott Ellington, Secretary
(iv) Frank Waterhouse, Treasurer

It is not known who is interested in the Okada Family Revocable Trust, but it is not believed to be James Dondero or any of his family and is believed instead to me Mr. Mark Okada and his family members.

HCMFA is a postpetition creditor of the Debtor, holding an administrative claim together with NexPoint in the combined amount of approximately $14 million, which amount has not been broken down between HCHFA and NexPoint, pending discovery.  The claim has been objected to and neither allowed nor disallowed as of this filing.

HCMFA is not a prepetition creditor of the Debtor.

NexPoint is owned by the following:

(i) NexPoint Advisors GP, LLC, general partner with 1% ownership; and
(ii) The Dugaboy Investment Trust, limited partner with 99% ownership.

NexPoint is managed by its general partner, NexPoint Advisors GP, LLC, which is managed by the following:

(i)  James Dondero, Member
(ii) James Dondero, President
(iii) Dustin Norris, Executive Vice President
(iv) Frank Waterhouse, Treasurer
(v) Will Mabry, Assistant Treasurer
(vi) Stephanie Vitello, Secretary
(vii) D.C. Sauter, General Counsel
(viii) Jason Post, Chief Compliance Officer/Anti-Money Laundering Officer

NexPoint Advisors GP, LLC is owned 100% by James Dondero.

The Dugaboy Investment Trust is affiliated with Mr. Dondero and, as it will be filing its own disclosure pursuant to the Order, the Advisors would respectfully refer the Court to said disclosure.

NexPoint is a postpetition creditor of the Debtor, holding an administrative claim together with HCMFA in the combined amount of approximately $14 million, which amount has not been

Case 19-34054-sgj11 Doc 2547 Filed 07/09/21 Entered 07/09/21 14:54:58 Page 8 of 8
Case 23-03067-sgj Doc 25-10 Filed 07/14/25 Entered 07/14/25 21:24:53 Page 8 of 8
Exhibit J    Page 8 of 8

broken down between HCHFA and NexPoint, pending discovery.  The claim has been objected to and neither allowed nor disallowed as of this filing.

NexPoint is a prepetition creditor of the Debtor by virtue of having acquired five (5) former employee claims, as identified above.  The amount of these claims is not known, as this depends, in part, on certain "award letters" issued by the Debtor that have not been produced in discovery yet, pending confirmation from the employees that the same may be released to NexPoint.  The claims have been objected to and neither allowed nor disallowed as of this filing.

    RESPECTFULLY SUBMITTED this 9th day of July, 2021.

                               **MUNSCH HARDT KOPF & HARR, P.C.**

                               By: /s/  Davor Rukavina
                                  Davor Rukavina, Esq.
                                  Texas Bar No. 24030781
                                  Julian P. Vasek, Esq.
                                  Texas Bar No. 24070790
                                  3800 Ross Tower
                                  500 N. Akard Street
                                  Dallas, Texas  75201-6659
                                  Telephone: (214) 855-7500
                                  Facsimile: (214) 855-7584
                                  Email: drukavina@munsch.com

                               **COUNSEL FOR HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. AND NEXPOINT ADVISORS, L.P.**