

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed December 18, 2025

_____
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 19-34054-SGJ-11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | (CHAPTER 11) |
| | § | |
| REORGANIZED DEBTOR. | § | |
| | § | |
| HUNTER MOUNTAIN INVESTMENT TRUST, *in substitution for* MARC S. KIRSCHNER, AS TRUSTEE OF THE LITIGATION SUB-TRUST, | § | |
| | § | CIVIL ACTION NO. 3:22-CV-203-S |
| PLAINTIFF, | § | |
| v. | § | ADVERSARY NO. 21-03076 |
| JAMES D. DONDERO, *et al.* | § | |
| DEFENDANTS. | § | |

1

# STATUS REPORT TO DISTRICT COURT

## (UPDATE SINCE THE BANKRUPTCY COURT'S REPORT AND RECOMMENDATION DATED APRIL 6, 2022)

On April 6, 2022, the bankruptcy court submitted a 21-page Report and Recommendation to the District Court in the above-referenced action ("Action"). That Report and Recommendation pertained to six motions to withdraw the reference of the Action, from the bankruptcy court to the District Court, which motions were filed by several defendants. The Action was filed on October 15, 2021, by plaintiff Marc S. Kirschner, who is a post-confirmation plan trustee ("Plan Trustee") appointed under the confirmed Chapter 11 plan for Highland Capital Management, L.P. ("Highland").[1] The Plan Trustee stated in his more than 140-page complaint initiating the Action that he had brought this Action to recover hundreds of millions of dollars in damages that Highland "suffered at the hands of its founder, James Dondero, acting in concert with other entities that he owned and/or controlled (collectively, the 'Dondero Entities'), and with the aid of other [Highland] officers and attorneys who disregarded their fiduciary duties to [Highland] in favor of Dondero and their own self-interests." There were initially 23 defendants in the Action and 36 causes of action. Almost all (22 out of 23) of the defendants were entitled to a jury trial and desired to have the reference withdrawn from the bankruptcy court, so that a jury trial may ultimately occur in the District Court. All parties agreed (even the plaintiff) that the reference *must* ultimately be withdrawn for final adjudication to occur in the District Court since: (a) jury trial rights undoubtedly exist, and (b) the defendants have not consented to a jury trial occurring in the

---

[1] A Chapter 11 plan was confirmed in the Highland bankruptcy case in February 2021 and went effective in August 2021.

2

bankruptcy court.[2] The only question (back on April 6, 2022) was what was the appropriate timing for withdrawal of the reference. The bankruptcy court recommended in its April 6, 2022 Report and Recommendation that the District Court withdraw the reference of this Action ***at such time as the bankruptcy court certifies that the Action is trial-ready and defer to the bankruptcy court the handling of all pre-trial matters (as is most often the custom in this District—i.e., using the bankruptcy court as a magistrate)***. The bankruptcy court described the Action at the time as a "typical post-confirmation lawsuit being waged by a Liquidating Trustee, who was appointed pursuant to a Chapter 11 bankruptcy plan to pursue pre-confirmation causes of action that were owned by the bankruptcy estate, for the benefit of creditors." All claims pertained to pre-confirmation conduct. The bankruptcy court further stated, that despite the "post-confirmation" timing of the ***filing*** of the lawsuit, there was still "related to" bankruptcy subject matter jurisdiction since it was part of implementation and execution of the confirmed Highland plan.

Certain material things have happened since the submission of the April 6, 2022 Report and Recommendation that this bankruptcy court now reports.

A. First, the Plan Trustee requested, on March 24, 2023, that the bankruptcy court stay this Action, since it appeared that it would be very costly, and there appeared to be the possibility that creditors of Highland would be paid in full without pursuit of the Action. The bankruptcy court, on April 4, 2023, granted this motion (which was ultimately unopposed by the defendants), with language stating that such stay would remain in effect until any party to the Action provided 30 days' written notice to all

---

[2] Of the 23 defendants, only one had a pending, unresolved proof of claim on file in the bankruptcy case at the time the Action was filed: CLO Holdco. The rest of the defendants either never filed proofs of claim, or later withdrew their proofs of claim, or had them disallowed during the pendency of the bankruptcy case. Thus, 22 of the 23 defendants clearly had jury trial rights. Further, none of the defendants consented to the bankruptcy court presiding over a jury trial or issuing final orders for that matter.

other parties and the court of their intent to resume the Action (the "Stay Period"). Thereafter, upon receiving notice of this Stay Period, on August 15, 2023, the District Court abated and administratively closed its file in the Action (without prejudice to reopening it)—never having ruled on the bankruptcy court's Report and Recommendation of April 6, 2022.

B. In the months that followed, dismissals or settlements with certain defendants occurred.

C. Then, in the summer of 2025, the Plan Trustee, having resolved and paid all the prepetition creditor claims in the Highland case (except for one belonging to Mr. Patrick Daugherty, for which a reserve fund had been established pursuant to a March 8, 2022 settlement agreement between Daugherty and Highland), entered into a compromise with the 99.5% equity owner of Highland—a party named Hunter Mountain Investment Trust ("Hunter Mountain"). As part of that settlement, the Reorganized Highland and Plan Trustee assigned the claims in this Action to Hunter Mountain (who had previously been a defendant in this Action), such that Hunter Mountain would substitute in as plaintiff in this Action to pursue the claims for its own benefit—as the 99.5% equity owner who is now essentially the fulcrum stakeholder in this Action. ***In other words, any recovery in the Action will now go to Hunter Mountain as 99.5% equity holder of Highland since all the creditors have been paid in full or reserved for under the Highland Plan***.

Hunter Mountain thereafter on July 25, 2025, moved to substitute in as plaintiff in this Action (which was granted by the bankruptcy court in an order entered on September 5, 2025) and gave notice on September 3, 2025 of its intent to end the Stay Period in accordance with the

bankruptcy court's April 2023 Stay Order.  Thus, the Stay Period as to this Action expired on October 3, 2025.  Therefore, this Action is no longer abated.

The bankruptcy court held a status conference on October 17, 2025.  The parties had different views about the impact of Hunter Mountain (again, Highland's former 99.5% equity owner) now being plaintiff and the impact that might have on bankruptcy subject matter jurisdiction, pursuant to 28 U.S.C. § 1334.  Did it destroy bankruptcy subject matter jurisdiction since there will be no impact on creditor recovery?  Does the time-of-filing rule govern (in other words, since there was bankruptcy subject matter jurisdiction at the time the Action was filed in October 2021, will there be subject matter jurisdiction in the Action forever (although merely "related to jurisdiction"))?  Are there other issues impacting jurisdiction?

The bankruptcy court gave the parties until November 18, 2025 to submit post-hearing briefing on this matter.  That briefing has now been filed.  The District Court should review that briefing in conjunction with the bankruptcy court's April 6, 2022 Report and Recommendation, which the bankruptcy court now incorporates herein by reference.

The bankruptcy court believes one thing is clear.  There is no good reason for this bankruptcy court to be involved even in handling pre-trial matters in this Action (essentially as a magistrate), with there being no impact on creditor recovery from the Action.  The prepetition creditors of Highland have been paid, in accordance with the confirmed Chapter 11 plan, notwithstanding whatever happens in this Action.  ***While equity is certainly a stakeholder with rights that may be adjudicated in a bankruptcy case (and the Highland plan does, indeed, contemplate a scenario where former equity holders may be entitled to the residual portion of the Highland bankruptcy estate)***, there would seem to be no real utility in bankruptcy court

involvement at this juncture. ***The Action involves pre-petition conduct—not activity during the bankruptcy case***.

In any event, the bankruptcy judge is recusing herself in this Action. The Bankruptcy Clerk of Court can reassign a bankruptcy judge to it, in coordination with the District Clerk, should the District Court chooses to have a bankruptcy judge act as a magistrate to handle pre-trial matters in the Action.

**\*\*\*END OF STATUS REPORT \*\*\***